UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PERSONALWEB TECHNOLOGIES, LLC, AND LEVEL 3
COMMUNICATIONS, LLC, PATENT LITIGATION               MDL No. 2834


TRANSFER ORDER


**Before the Panel:** Patentholders Personalweb Technologies, LLC, and Level 3 Communications, LLC (collectively PersonalWeb) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the Northern District of California. This litigation currently consists of 48 actions pending in five districts, as listed on Schedule A.[1]

All responding defendants[2] oppose centralization based on arguments that the 47 infringement suits, which are brought against Amazon cloud computing customers, should be stayed pending the outcome of Amazon's Northern District of California declaratory judgment action. Most responding defendants alternatively prefer centralization in the Northern District of California. Northern District of California defendant Heroku, Inc. suggests that the Panel defer its decision on centralization until Amazon's declaratory judgment action is resolved.

On the basis of the papers filed and hearing session held, we find that these 48 actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions contain similar allegations regarding the infringement, validity and

---

[1] The motion for centralization initially included 55 actions, but seven actions were dismissed during the pendency of the motion.

[2] Amazon Web Services, Inc., and Amazon.com, Inc.; Airbnb, Inc.; Atlas Obscura, Inc.; Atlassian, Inc.; BDG Media, Inc.; Bitly, Inc.; Blue Apron, LLC; Capterra, Inc.; Centaur Media USA, Inc.; Cloud 66, Inc.; Cloud Warmer, Inc.; Curebit, Inc.; Doximity, Inc.; E-consultancy.com Limited; Fandor, Inc.; FanDuel, Inc., and FanDuel Limited; Fiverr International Ltd.; Food52, Inc.; Goldbelly, Inc.; GoPro, Inc.; Group Nine Media, Inc.; Heroku, Inc.; Karma Mobility, Inc.; Kickstarter, PBC; Leap Motion, Inc.; Livechat Software SA and LiveChat, Inc.; Match Group, Inc., and Match Group, LLC; Melian Labs, Inc.; Merkle, Inc.; Panjiva, Inc.; Quotient Technology, Inc.; Reddit, Inc.; Roblox Corp.; Spokeo, Inc.; Spngecell, Inc.; Square, Inc.; Stitchfix, Inc.; StumbleUpon, Inc.; Teespring, Inc.; Thrillist Media Group, Inc.; Tophatter, Inc.; Vend Inc., Vend Limited; WebFlow, Inc.; WeddingWire, Inc.; and Yotpo Ltd.

enforceability of five now-expired PersonalWeb patents[3] that, broadly, concern cloud computing concepts that ensure that internet browsers do not use outdated and no longer authorized content when rendering the defendants' business webpages for viewing. Defendants in 47 actions are a variety of disparate companies that do business on the internet. Amazon later filed suit against the patentholders, seeking an injunction against further litigation against its customers – most of which reportedly use Amazon's S3 service (S3 stands for Simple Storage Service) – and declarations that PersonalWeb's claims against its customers are barred and that, if not barred, Amazon's technology does not infringe the asserted patents. As the litigation stands now, the actions are pending in five different districts. Centralization will create significant judicial efficiencies by allowing a single judge to preside over all pretrial proceedings, including *inter alia* requests to stay the customer suits, claim construction hearings (if necessary) and determination of the preclusive effect of a prior action between Amazon and PersonalWeb in *PersonalWeb Techs. LLC v. Amazon.com, Inc.*, No. 6:11-cv-00658 (E.D. Tex.).

Amazon and the customer defendants argue that it is preferable for the customer suits to be stayed pending resolution of Amazon's declaratory judgment action, pursuant to the customer suit exception to the first-to-file rule.[4] In other circumstances, stays pursuant to the customer suit exception may be an appropriate alternative to centralization, but we are not persuaded that centralization should be denied on that basis here. In the cases before us, no judge with a pending action has granted a stay pursuant to the customer suit exception, and we express no opinion on the appropriateness of such stays here. Recent developments such as PersonalWeb's amendments to several customer action complaints, combined with some customers' alleged use of Amazon cloud services other than S3, add further doubt as to whether Amazon and its customers' motions to stay can be promptly resolved and, thus, stand as an adequate alternative to centralization.

The Northern District of California is the most appropriate transferee district for pretrial proceedings in this litigation. The majority of the cases are pending in this district, and numerous defendants are based there. We are confident that Judge Beth Labson Freeman, who already presides over the Amazon declaratory judgment action, will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Beth Labson Freeman for coordinated or consolidated pretrial proceedings.

---

[3] U.S. Patent Nos. 5,978,791, 6,928,442, 7,802,310, 7,945,544, and 8,099,420. PersonalWeb seeks damages only for the time period in which the patents were not expired.

[4] *See, e.g., Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463–64 (Fed. Cir. 1990) (upholding order granting injunction against patentholder from proceeding in two customer actions in another district, noting that "litigation ... brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.").

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: PERSONALWEB TECHNOLOGIES, LLC, AND LEVEL 3
COMMUNICATIONS, LLC, PATENT LITIGATION       MDL No. 2834

## SCHEDULE A

Northern District of California

PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. AIRBNB, INC.,
    C.A. No. 5:18‒00149
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. AMICUS FTW, INC.,
    C.A. No. 5:18‒00150
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. ATLASSIAN, INC.,
    C.A. No. 5:18‒00154
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. CLOUD 66, INC.,
    C.A. No. 5:18‒00155
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. CUREBIT, INC.,
    C.A. No. 5:18‒00156
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. DOXIMITY, INC.,
    C.A. No. 5:18‒00157
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. FANDOR, INC.,
    C.A. No. 5:18‒00159
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. GOLDBELY, INC.,
    C.A. No. 5:18‒00160
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. GOPRO, INC.,
    C.A. No. 5:18‒00161
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. HEROKU, INC.,
    C.A. No. 5:18‒00162
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. LEAP MOTION, INC.,
    C.A. No. 5:18‒00163
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. MELIAN LABS, INC.,
    C.A. No. 5:18‒00165
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. MYFITNESSPAL, INC.,
    C.A. No. 5:18‒00166
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. QUOTIENT TECHNOLOGY,
    INC., C.A. No. 5:18‒00169
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. REDDIT, INC.,
    C.A. No. 5:18‒00170
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. ROBLOX CORPORATION,
    C.A. No. 5:18‒00171
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. STITCHFIX, INC.,
    C.A. No. 5:18‒00173
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. TEESPRING, INC.,
    C.A. No. 5:18‒00175
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. TOPHATTER, INC.,
    C.A. No. 5:18‒00176

- A2 -

PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. VENMO, INC.,
   C.A. No. 5:18−00177
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. WEBFLOW, INC.,
   C.A. No. 5:18−00178
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. SQUARE, INC.,
   C.A. No. 5:18−00183
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. VEND, INC., ET AL.,
   C.A. No. 5:18−00196
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. MERKLE, INC.,
   C.A. No. 5:18−00409
AMAZON.COM, INC., ET AL. v. PERSONAL WEB TECHNOLOGIES, LLC,
   ET AL., C.A. No. 5:18−00767

   District of Delaware

PERSONAL WEB TECHNOLOGIES, LLC, ET AL. v. CAPTERRA, INC.,
   C.A. No. 1:18−00133
PERSONAL WEB TECHNOLOGIES, LLC, ET AL. v. KARMA MOBILITY INC.,
   C.A. No. 1:18−00134
PERSONAL WEB TECHNOLOGIES, LLC, ET AL. v. LIVECHAT SOFTWARE SA,
   ET AL., C.A. No. 1:18−00135
PERSONAL WEB TECHNOLOGIES, LLC, ET AL. v. MATCH GROUP, LLC,
   ET AL., C.A. No. 1:18−00136
PERSONAL WEB TECHNOLOGIES, LLC, ET AL. v. WEDDINGWIRE, INC.,
   C.A. No. 1:18−00137

   Eastern District of New York

PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. ATLAS OBSCURA, INC.,
   C.A. No. 1:18−00164
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. KICKSTARTER, PBC,
   C.A. No. 1:18−00206
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. CLOUD WARMER INC.,
   C.A. No. 2:18−00205

   Southern District of New York

PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. BDG MEDIA, INC.,
   ET AL., C.A. No. 1:18−00212
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. BITLY, INC.,
   C.A. No. 1:18−00216
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. BLUE APRON, LLC,
   C.A. No. 1:18−00217
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. CENTAUR MEDIA USA, INC., ET
   AL., C.A. No. 1:18−00219

- A3 -

PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. FAB COMMERCE & DESIGN,
    INC., C.A. No. 1:18-00220
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. FOOD52, INC.,
    C.A. No. 1:18-00222
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. PANJIVA, INC.,
    C.A. No. 1:18-00223
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. GROUP NINE MEDIA, INC.,
    ET AL., C.A. No. 1:18-00268
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. FANDUEL, INC., ET AL.,
    C.A. No. 1:18-00269
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. ROCKETHUB, INC., ET AL., C.A.
    No. 1:18-00271
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. SPONGECELL, INC.,
    C.A. No. 1:18-00272

Eastern District of Texas

PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. YOTPO LTD,
    C.A. No. 4:18-00045
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. LESSON NINE GMBH,
    C.A. No. 4:18-00046
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. FIVERR INTERNATIONAL
    LTD., C.A. No. 4:18-00047
PERSONALWEB TECHNOLOGIES, LLC, ET AL. v. MWM MY WEDDING MATCH
    LTD., C.A. No. 4:18-00049