Michael A. Sherman (SBN 94783)
masherman@stubbsalderton.com
Jeffrey F. Gersh (SBN 87124)
jgersh@stubbsalderton.com
Sandeep Seth (SBN 195914)
sseth@stubbsalderton.com
Wesley W. Monroe (SBN 149211)
wmonroe@stubbsalderton.com
Stanley H. Thompson, Jr. (SBN 198825)
sthompson@stubbsalderton.com
Viviana Boero Hedrick (SBN 239359)
vhedrick@stubbsalderton.com
STUBBS, ALDERTON & MARKILES, LLP
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403
Telephone:     (818) 444-4500
Facsimile:      (818) 444-4520

**Attorneys for Plaintiffs**
[Additional Attorneys listed below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PERSONALWEB TECHNOLOGIES, LLC, ET AL., PATENT LITIGATION | **Case No.: 5:18-md-02834-BLF**<br><br>**Judge Hon. Beth L. Freeman** |
| Related Cases:<br><br>*PersonalWeb Technologies, LLC, et al., v. LESSON NINE GMBH*, a Germany Limited Liability Company, Case No.: 5:18-CV-03453-BLF<br><br>*PersonalWeb Technologies, LLC, et al., v. MWM MY WEDDING MATCH LTD.*, a Canada limited company, Case No.: 5:18-CV-03457-BLF<br><br>*PersonalWeb Technologies, LLC, et al., v. OUR FILM FESTIVAL, INC.*, a Delaware corporation, doing business as FANDOR, INC., *Case No., 5:18-CV-00159-BLF*<br><br>*PersonalWeb Technologies, LLC, et al., v. PAYPAL, INC.* a Delaware Corporation, Case No.: 5:18-Cv-00177-BLF | **PLAINTIFFS PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC OMNIBUS REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO EXTEND PERIOD OF SERVICE TO DEFENDANTS *NUNC PRO TUNC*__<br><br>DATE:   March 7, 2019<br>TIME:    9:00 AM<br>PLACE: Courtroom 3, 5TH Floor<br>              280 South First Street<br>              San Jose, CA 95113 |

1
2
*PersonalWeb Technologies, LLC, et al., v. UNDER ARMOUR, INC. A Maryland Corporation: Case No.: 5:18-Cv-00166-BLF*

3
4
*PersonalWeb Technologies, LLC, et al., v. YOTPO LTD., An Israel Corporation Case No.: 5:18-Cv-03452-BLF*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

PersonalWeb acknowledges it was unable to accomplish service within 90 days as required under the Federal Rules, but it was not because of inadvertent error or ignorance of the rules as Defendants suggest. The facts belie Defendants' narrative. The record demonstrates that, as to foreign defendant Yotpo, PersonalWeb has attempted but not completed service, and PersonalWeb has successfully served Lesson Nine, facts which squarely constitutes good cause warranting an extension of time to effect service. Fed. R. Civ. P. 4(m); *AF Holdings LLC v. Does 1-135,* No. 11-CV-03336, 2012 WL 1038671, at *3 (N.D. Cal. Mar. 27, 2012). And, while PersonalWeb was prevented from serving Our Film Festival, Under Armour and PayPal because they were inadvertently misnamed in the original complaints, PersonalWeb successfully served these three entities on October 16, 2018, a factor warranting this Court's grant of an extension for service *nunc pro tunc*. *Efaw v. Williams,* 473 F.3d 1038, 1040 (9th Cir.2007).

The Court should grant PersonalWeb's Motion because, in addition to demonstrating good cause, none of the Defendants are prejudiced if the Court grants PersonalWeb's Motion; indeed, none of the Defendants argue in their oppositions that they would suffer any prejudice. To the contrary, each Defendant has had actual notice of the lawsuits against each of them since at least February 2018, when PersonalWeb filed its MDL motion with the Judicial Panel on Multidistrict Litigation. Moreover, because Fenwick & West, counsel for Our Film Festival, Under Armour, Lesson Nine and Yotpo, and Kirkland & Ellis, counsel for PayPal, were both active participants in the meet and confer conferences held before the Preliminary CMC and appeared at and participated in the Preliminary CMC, the defendants are privy to all rulings and hearing and motion practice that has occurred thus far. (*See* Sept. 20, 2018 Tr. at 5:1-3; 6:20-24.)

PersonalWeb's diligent efforts meet the Ninth Circuit's characterization of good cause, warranting this Court exercising its broad discretion to extend PersonalWeb's time to serve all six defendants *nunc pro tunc*[1]. The Court should thus grant PersonalWeb's Motion.

---

[1] This Reply brief is filed in response to both Response/Oppositions filed to the Motion. Defendant My Wedding Match did not oppose or respond to PersonalWeb's Motion. As such, that Defendant is not addressed in detail herein.

1

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO EXTEND PERIOD OF SERVICE TO
DEFENDANTS *NUNC PRO TUNC*

5:18-MD-02834-BLF
RELATED CASES

## II. GOOD CAUSE EXISTS TO EXTEND THE TIME TO SERVE OUR FILM FESTIVAL, UNDER ARMOUR AND PAYPAL

The Ninth Circuit has ruled that "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)." *AF Holdings LLC,* 2012 WL 1038671, at *3 *citing Efaw,* 473 F.3d at 1041. Indeed, "[r]ule 4(m) *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay. Good cause means "service has been attempted but not completed" or that plaintiff was "prevented from serving defendants by factors beyond his control", among other things. *AF Holdings LLC,* 2012 WL 1038671, at *3. Additionally, the rule *permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams, 473 F.3d* at 1040 (internal citations omitted) (emphasis in original). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* at 1041 (internal quotation marks and citation omitted).

### A. Good Cause Exists for the Delay in Serving Our Film Festival Because PersonalWeb Previously Attempted Service and Has Now Accomplished Service.

As stated in its Motion at p. 2, PersonalWeb attempted to serve Our Film Festival under F.R.C.P. 4 via a Request for Waiver of Service of Process sent to its then counsel Ryan Hubbard of Kirkland & Ellis, who refused and stated he would "not accept service of process naming an incorrect entity." *See* Hedrick Reply Decl. ¶ 2, Ex. A; Response to Motion for Leave, at 3:14-16.) However, it bears note that the incorrect entity, Fandor, Inc., is a d/b/a of Our Film Festival, Inc. As such, PersonalWeb's unsuccessful service attempt constitutes good cause requiring an extension of time as to Our Film Festival. *AF Holdings LLC,* 2012 WL 1038671, at *3 (holding attempted but not completed service constitutes good cause); *see also* Fed. R. Civ. P 4(m) ("But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.")

Moreover, since the filing of its Motion, PersonalWeb successfully served Our Film Festival on October 16, 2018, a factor that weighs in favor of granting an extension of time. *Efaw, 473 F.3d* at 1041; Case No. 18-cv-159 (Our Film Festival) Dkt. No. 34 (Summons Returned Executed, served on 10/16/18). The Court should therefore grant PersonalWeb's Motion for an extension of time to

serve Our Film Festival, *nunc pro tunc*, to October 16, 2018, the date on which PersonalWeb completed service on this defendant.

   **B.**  **The Court's Permissive Authority Warrants An Extension of Time as to Under Armour and PayPal because Neither Contends it Has or Will Suffer Prejudice; Both Had Actual Notice of the Lawsuits since February 2018, and PersonalWeb Has Now Served Both Defendants.**

  As the Court is aware, PersonalWeb has amended its original complaints to clarify its infringement positions. This constitutes good cause warranting an extension of time *nunc pro tunc* as to Under Armour and PayPal.

  Alternatively, should the Court not find good cause as to these two defendants, the Court should still grant an extension under its permissive authority because the majority of the factors outlined in *AF Holdings LLC* weigh in favor of such an extension as (1) neither Under Armour nor PayPal contend they have suffered or will suffer any prejudice as a result of the extension; (2) both defendants had actual notice of the lawsuit against them since at least February 27, 2018 when PersonalWeb filed its Motion for Transfer and Consolidation of Pretrial Proceedings with the Judicial Panel on Multidistrict Litigation, which listed the actions against Under Armour (then MyFitnessPal) and PayPal (then Venmo) in its accompanying Schedule of Actions (Case MDL No. 2834 Dkt. No 1 (Motion) and Dkt. No. 1-2 (Schedule of Actions), at p. 4 and 7, respectively); (3) both defendants have counsel who have meaningfully participated in the Preliminary CMC, the preparation of the Preliminary Joint CMC Statement, and the meet and confer conferences leading up to the Preliminary CMC; and (4) since the filing of its Motion, PersonalWeb has successfully served Under Armour and PayPal on October 16, 2018. *Efaw*, 473 F.3d at 1041; (*See* Case No. 18-cv-166 (Under Armour), Dkt. No. 32 (Summons Returned Executed, served on 10/16/18); Case No. 18-cv-177 (PayPal) Dkt. No. 33 (Summons Returned Executed, served on 10/16/18).)

  Further, while Defendants would not suffer any prejudice by a *nunc pro tunc* extension, PersonalWeb would be prejudiced greatly if no extension is granted, as it would forfeit 10 months of damages. Defendants reliance on the unpublished case, *Bender v. LG Elecs. USA, Inc.,* No. C 09-

3

02114 WL 4730900, at *3 (N.D. Cal. Dec. 7, 2009), to contend that a district court was "unsympathetic" to such harm is inapplicable here, because unlike the plaintiff in *Bender* who had still not served the defendant at the time that court ruled on a motion to dismiss, here, PersonalWeb has served Our Film Festival, Under Armour and PayPal. *Id.* at *2.

The Court should therefore grant PersonalWeb's Motion for an extension of time to serve Under Armour and PayPal, *nunc pro tunc*, to October 16, 2018, the date on which PersonalWeb completed service on each of these defendants.

### C. PersonalWeb Acted Diligently By Repeatedly Attempting Service on Foreign Defendants Lesson Nine and Yotpo, Has Successfully Served Lesson Nine and Compiled With All Valid Court Orders.

PersonalWeb diligently attempted service numerous times on Lesson Nine, a German Corporation, and Yotpo, an Israeli corporation, since February 2018. Yet, Defendants misstate the record as to PersonalWeb's service efforts. Defendants claim PersonalWeb did not attempt service on either Lesson Nine or Yotpo until April 2018. In reality, on February 12, 2018, PersonalWeb sent a Request for Waiver of Service of Process to both Lesson Nine and Yotpo. (Hedrick Decl., Ex. 1-2, 9-10, 12-14.) PersonalWeb acted diligently by attempting service on both of these foreign defendants in a manner that would be both cost effective and ensure timely service before proceeding to effect service via the Hague Convention, a costly and lengthy process. Importantly, defendants do not, because they cannot, refute all of the service attempts PersonalWeb has undertaken to serve Yotpo since February of this year via the Hague Convention, including the successful request for service on Yotpo on May 2, 2018. (Response, 6:7-8; Hedrick Decl., Ex. 1-18.) And significantly, PersonalWeb *completed service* on Lesson Nine of the First Amended Complaint on September 28, 2018. (Response, p. 6, Fn. 3; Case No. 18-cv-3453 (Lesson Nine), Dkt. No. 23 (Certificate of Service on 9/28/18; Hedrick Reply Decl., Ex. B.) The attempts as to Yotpo and successful service on Lesson Nine alone warrants grant of PersonalWeb's Motion.

Further, defendants contend PersonalWeb failed to comply with Judge Mazzant's order in the Eastern District of Texas setting June 11, 2018 as the service deadline for Lesson Nine and Yotpo

*before* the JPML transferred the cases out of the Eastern District of Texas and to this district. (Response, 6:19-20.) But Judge Mazzant ordered service on Lesson Nine and Yotpo by June 11, 2018 and the JPML issued its Transfer Order on June 6, 2018. (Case MDL No. 2834, Dkt. No. 134 (Transfer Order); 18-cv-46 (Lesson Nine) Dkt. No. 12 (Transfer Order); 18-cv-45 (Yotpo) Dkt. No. 12 (Transfer Order).) Thus, the JPML transferred both cases *before* the June 11, 2018 deadline.

Once the JPML issued its Transfer Order, any motions or other matters pending in the transferor court, the Eastern District of Texas, were transferred for consideration by the transferee court. The transferor court is without jurisdiction to enter rulings once transfer is ordered. *See, e.g., In re Aircrash Near Duarte, California, On June 6, 1971*, 357 F. Supp. 1013, 1015 (C.D. Cal. 1973) ("It is settled that when an action is transferred by the Panel, until the time it is remanded, the transferor court is without authority to issue any orders or to entertain ... any other motion.") The June 6, 2018 Transfer Order therefore divested the Eastern District of Texas of jurisdiction over this case, preventing PersonalWeb from seeking additional time past the June 11, 2018 deadline to effect service. And, shortly after the Eastern District of Texas was divested of jurisdiction, this Court issued its Order Setting Case Management Conference which vacated all prior orders of the transferor courts. (Case MDL No. 2834 Dkt. No. 19.) Since that time, PersonalWeb has not been dilatory, but rather has continued its efforts to serve Lesson Nine and Yotpo via the Hague Convention, and has indeed successfully served Lesson Nine. (Hedrick Decl., Ex 5-8, 18-19; Hedrick Reply Decl. Ex. B.)

The Court should therefore grant PersonalWeb's Motion for an extension of time to serve Lesson Nine and Yotpo.

Respectfully submitted,

Dated:   November 1, 2018            STUBBS, ALDERTON & MARKILES, LLP


By: */s/ Viviana Boero Hedrick*
      Viviana Boero Hedrick
      Attorneys for Plaintiffs

5

Dated:   November 1, 2018            MACEIKO IP

By: */s/ Theodore S. Maceiko*
    Theodore S. Maceiko (SBN 150211)
    ted@maceikoip.com
    MACEIKO IP
    420 2nd Street
    Manhattan Beach, California 90266
    Telephone:    (310) 545-3311
    Facsimile:    (310) 545-3344
    Attorneys for Plaintiff
    PERSONALWEB TECHNOLOGIES, LLC,

Dated:   November 1, 2018            DAVID D. WIER

By: */s/ David D. Wier*
    David D. Wier
    david.wier@level3.com
    Vice President and Assistant General Counsel
    Level 3 Communications, LLC
    1025 Eldorado Boulevard
    Broomfield, CO 80021
    Telephone: (720) 888-3539
    Attorneys for Plaintiff
    LEVEL 3 COMMUNICATIONS, LLC