United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

IN RE PERSONALWEB
TECHNOLOGIES, LLC, ET AL., PATENT
LITIGATION

Case No.  18-md-02834-BLF

**ORDER GRANTING MOTION FOR
LEAVE TO EXTEND DEADLINE TO
EFFECT SERVICE OF PROCESS**

On October 11, 2018, Plaintiffs PersonalWeb Technologies, LLC and Level 3
Communications, LLC (collectively "PersonalWeb") filed a motion to extend, *nunc pro tunc*, the
deadline to effect service of process on Defendants Our Film Festival, Inc. ("Our Film Festival"),
PayPal, Inc. ("PayPal"), Under Armour, Inc. ("Under Armour"), Lesson Nine GmbH ("Lesson
Nine"), Yotpo, Inc. ("Yotpo"), and MWM My Wedding Match, Inc. ("My Wedding Match")
(collectively "unserved defendants").  ECF No. 260.  Our Film Festival, Under Armour, Lesson
Nine, and Yotpo filed an opposition on October 25, 2018, and PayPal filed an opposition on
October 25, 2018.  ECF Nos. 267, 268.  PersonalWeb filed a Reply on November 1, 2018.  ECF
No. 287.  For the reasons stated below, the Court GRANTS PersonalWeb's motion.

Under Fed. R. Civ. Proc. 4(m), the Court must extend the time for service on a showing of
good cause.[1]  *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  At a minimum, good cause
means excusable neglect.  *See id.*  "[G]ood cause generally means that service has been attempted

---

[1] As noted by PersonalWeb, ECF No. 287 at 4-5, and Our Film Festival, Under Armour, Lesson
Nine, and Yotpo, ECF No. 267 at 3, the Court has discretion to extend the time for service even
absent a showing of good cause.  *See Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th
Cir. 2003) (Rule 4(m) "requires a district court to grant an extension of time if good cause is
shown and permits the district court to grant such an extension even absent good cause.")  The
Court need not exercise its discretion here because PersonalWeb has shown good cause to extend
the service deadline.

but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *AF Holdings LLC v. Does 1-135*, No. 11-CV-03336, 2012 WL 1038671, at *3 (N.D. Cal. March 27, 2012) (quoting *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998)).

As to Defendants Our Film Festival, PayPal, and Under Armour, PersonalWeb originally identified the incorrect entities in its complaint.  On March 1, 2018, PersonalWeb attempted service against Fandor Inc., a dba for Our Film Festival, but counsel refused to accept service until the entity name was corrected on the summons and complaint.  *See* ECF No. 287-1.  During this time, PersonalWeb learned that it had incorrectly identified Venmo, which was owned by PayPal, and MyFitnessPal, which had merged into Under Armour.  ECF No. 260 at 5.  On September 26, 2018, the Court gave PersonalWeb leave to amend the complaints and to request an extension of time to serve defendants that it had not yet served.  ECF No. 157.  PersonalWeb filed an amended complaint against Our Film Festival on October 3, 2018, ECF No. 180, and against Under Armour and PayPal on October 4, 2018, ECF Nos. 240, 242.  PersonalWeb successfully served these defendants on October 16, 2018.  No. 18-CV-00159, ECF No. 34; No. 18-CV-00166, ECF No. 32; 18-CV-00177, ECF No. 33.

As to Defendants Lesson Nine, Yotpo, and My Wedding Match, PersonalWeb attempted service but was unable to successfully complete service in accordance with the Hague Convention.  On or about February 12, PersonalWeb delivered or attempted to deliver a notice of lawsuit and request to waive service to these defendants.  *See* ECF No. 261.  Because these defendants did not execute the waivers, PersonalWeb attempted to serve them abroad in accordance with the Hague Convention.  *See id.*  PersonalWeb completed service on LessonNine on November 1, 2018.  *See* No. 18-CV-3453, ECF No. 23.  PersonalWeb represents that it continues to attempt service against Yotpo and My Wedding Match in accordance with the Hague Convention.  *See* ECF No. 261.

Based on this record, the Court finds that good cause exists.  As to Our Film Festival, PayPal, and Under Armour, PersonalWeb originally attempted service based on subsidiary or related entity names and has since identified and served the correct entities.  As to Lesson Nine, Yotpo, and My Wedding Match, PersonalWeb requested waivers of service and has attempted

United States District Court
Northern District of California

2

service in compliance with the Hague Convention.  Moreover, the Court may extend the time for service retroactively after the time for service has elapsed.  *See Mann*, 324 F.3d at 1090.

For the foregoing reasons, the Court GRANTS PersonalWeb's motion to extend the time for service of process retroactively for an additional 90 days from the date PersonalWeb filed its amended complaints.  PersonalWeb shall complete service by January 2, 2019.  PersonalWeb shall request any necessary extension of time to serve the foreign defendants in accordance with the Hague Convention before the 90-day period elapses.

**IT IS SO ORDERED.**

Dated:  November 9, 2018

BETH LABSON FREEMAN
United States District Judge