Michael A. Sherman (SBN 94783)
masherman@stubbsalderton.com
Jeffrey F. Gersh (SBN 87124)
jgersh@stubbsalderton.com
Sandeep Seth (SBN 195914)
sseth@stubbsalderton.com
Wesley W. Monroe (SBN 149211)
wmonroe@stubbsalderton.com
Stanley H. Thompson, Jr. (SBN 198825)
sthompson@stubbsalderton.com
Viviana Boero Hedrick (SBN 239359)
vhedrick@stubbsalderton.com
STUBBS, ALDERTON & MARKILES, LLP
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403
Telephone:    (818) 444-4500
Facsimile:    (818) 444-4520

Attorneys for PERSONALWEB
TECHNOLOGIES, LLC and
LEVEL 3 COMMUNICATIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE PERSONAL WEB TECHNOLOGIES, LLC, ET., AL., PATENT LITIGATION | CASE NO.: 5:18-md-02834-BLF<br><br>**PERSONALWEB TECHNOLOGIES, LLC & LEVEL 3 COMMUNICATIONS, LLC'S STATEMENT OF DISAGREEMENT RE: DESIGNATION OF A REPRESENTATIVE WEBSITE OPERATOR CASE** |
|---|---|

Not discussed at last week's CMC is that Twitch is a wholly-owned subsidiary of Amazon and is likely fully indemnified by Amazon. Utilizing Centaur (a UK-domiciled company with the transferor court being the Southern District of New York) as an alternative presents challenges of distance and place of trial.

Presumably the Court (1) remains interested in whether a loss by Amazon would "bind all the other defendants;" (2) would be interested in a direct answer to the Court's inquiry on that issue; and, (3) remains mindful of Amazon's representation on November 2 that "Amazon is indemnifying all of the customer defendants" (*see generally,* TR of 11/2/18 hearing p. 7). Said representation by counsel differs from Amazon discovery responses served the night before the recent CMC--that Amazon is presently only indemnifying 61 website operators, not all website operators. In discussions this week Amazon refused to clarify or harmonize "all" versus "61".

Reasons for a test case or cases include ensuring that all of PersonalWeb's infringement theories are litigated, and also that those website operators not directly participating believe that interests of the widest spectrum of all website operator defendants are represented, and to the extent feasible, their interests fully aligned and advocated (the Court's observation on April 27 about the benefits of even "a fairly middling mediator …" is on point). A website operator that is not fully indemnified by Amazon for all potential categories of infringement (categories 1, 2 and 4) may find itself in a position where Amazon protects its own interests over that website operator. It bears emphasis that the parties *agree* that the case against Twitch should proceed, regardless. (Dkt 303.)

For all these reasons, in addition to Twitch, website operator Kongregate, Inc. (filed originally in the Northern District of California, 5:18-cv-04625-BLF) and alleged to be infringing in categories 1, 2 and 4 (not identified in discovery by Amazon as indemnified, along with at least 20 others), should be added as one additional test case. While Kongregate is lacking a category 3 presence, the working assumption remains that minimally Amazon is most incentivized to vigorously defend that category.

Dated:   November 9, 2018                    STUBBS, ALDERTON & MARKILES, LLP


                                             By: */s/ Michael A. Sherman*
                                                  Michael A. Sherman

1