UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC, ET AL., PATENT LITIGATION | Case No. 18-md-02834-BLF<br><br>**ORDER RE REPRESENTATIVE CUSTOMER CASE** |

Currently before the Court are statements from PersonalWeb Technologies, LLC and Level 3 Communications, LLC (collectively, "PersonalWeb") and Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon") regarding designation of representative cases. ECF Nos. 303, 309, 310. As discussed below, the Court concludes that only the case against Twitch Interactive, Inc. ("Twitch") should be designated as a representative case.

At the first Case Management Conference, held on September 20, 2018, the Court ordered that it would proceed with *Amazon v. PersonalWeb*, 18-cv-00767-BLF ("Amazon DJ Action") first. ECF No. 157. The Court initially rejected Plaintiffs' proposal to designate one "customer case" (any case comprising this MDL other than the Amazon DJ Action) as representative of each of the four categories described by Plaintiffs. The Court stayed the proceedings against defendants in the customer cases. However, at Plaintiffs' request, the Court agreed that it would reevaluate whether to designate any representative customer cases to proceed along with the Amazon DJ Action at the November 2, 2018 tutorial and Case Management Conference.

During the November 2, 2018 Case Management Conference, the Court raised the concern that a verdict against Amazon in the Amazon DJ Action may leave unresolved issues as to the liability of the defendants in the customer cases and thus not produce the efficiencies desired by all

1 parties and the Court.  ECF No. 300 at 4.  The Court suggested designating a representative

2 customer case that involved all four categories of infringement identified by PersonalWeb.

3 Counsel for PersonalWeb and Amazon agreed that a verdict in such a customer case would have

4 the broadest possible application and likely resolve all the potential legal theories.  *See id.* at 6-8.

5 The Court stated that it would consider designating a single representative customer case and

6 identified Centaur Media and Twitch as cases that involved all four categories of infringement

7 identified by PersonalWeb.  *See id.* at 8-10.  The Court ordered the parties to submit a joint

8 statement regarding designation of a representative customer case by November 6, 2018.  ECF No.

9 306.  If the parties did not agree on designation of a single representative customer case, the Court

10 ordered them to file one-page statements with their positions by November 9, 2018.  *Id.*

11 On November 6, 2018, and November 9, 2018, the parties submitted their statements as

12 required by the Court.  ECF Nos. 303, 309, 310.  The parties agree to designate PersonalWeb's

13 case against Twitch (No. 18-cv-05619-BLF) for the reasons discussed at the Case Management

14 Conference.  *Id.*  In addition, PersonalWeb requests that the Court designate its case against

15 Kongregate, Inc. ("Kongregate") (No. 18-cv-04625-BLF) as an additional representative customer

16 case because Amazon is not indemnifying Kongregate and thus a wider spectrum of interests

17 would be represented.  ECF No. 310.  PersonalWeb explains Twitch is a fully-owned subsidiary of

18 Amazon and is likely fully indemnified by Amazon.  PersonalWeb argues that Amazon may not

19 adequately represent the interests of any defendant which it does not indemnify, and therefore

20 PersonalWeb argues that the Court should designate its case against Kongregate to ensure the

21 interests of all the customer defendants are represented.

22 Amazon argues that PersonalWeb's concerns are not valid because, (1) no defendant in a

23 customer case has raised this concern, (2) Kongregate used Amazon S3 during the relevant period

24 and is therefore no different from any other customer defendant, (3) Twitch did not become an

25 Amazon subsidiary until 2014 and even then retained full control of its website and design, and (4)

26 Twitch and Amazon both have a significant interest in defeating all of PersonalWeb's claims

27 under any theory.  ECF No. 309.  Kongregate submitted a statement opposing PersonalWeb's

28 proposal to designate its case as a representative case.  ECF No. 307.  Kongregate stated that the

2

1  case against Twitch would "fully encompass[]" the claims in the customer cases and that adding
2  Kongregate would "only serve to complicate matters, and waste the Court's and Kongregate's
3  resources." *Id*.

4      The Court does not find PersonalWeb's argument persuasive. As agreed to by the parties,
5  Twitch seems to be an ideal exemplar. Twitch involves all four categories of infringement
6  identified by PersonalWeb, whereas Kongregate only involves three categories. PersonalWeb
7  fails to make any persuasive argument as to why Amazon would not be fully incentivized to
8  litigate every potential theory, especially because Amazon is obligated to indemnify most of the
9  customer defendants.

10      For the foregoing reasons, the Court ORDERS that the stay shall be lifted as to Twitch.
11  Twitch shall respond to the pleadings and shall participate in all proceedings. The existing case
12  schedule shall apply to Twitch.

13      **IT IS SO ORDERED.**

15  Dated: November 27, 2018

                                                                               _____
BETH LABSON FREEMAN
United States District Judge