J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
PHILLIP J. HAACK (CSB No. 262060)
phaack@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Counsel for Twitch Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONAL WEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION | Case No. 5:18-md-02834-BLF |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TWITCH INTERACTIVE, INC.,<br><br>Defendant. | Case No.: 5:18-cv-05619-BLF<br><br>**ANSWER OF TWITCH INTERACTIVE, INC. TO FIRST AMENDED COMPLAINT** |

Twitch Interactive, Inc. ("Twitch") hereby answers the first amended complaint (the "complaint") of PersonalWeb Technologies, LLC and Level 3 Communications, LLC ("PersonalWeb") as follows:

## PRELIMINARY STATEMENT

1. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1 of the complaint, and, on that basis, denies them.

2. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 2 of the complaint, and, on that basis, denies them.

3. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 3 of the complaint, and, on that basis, denies them.

## THE PARTIES

4. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 4 of the complaint, and, on that basis, denies them.

5. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 5 of the complaint, and, on that basis, denies them.

6. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 6 of the complaint, and, on that basis, denies them.

7. Twitch admits that Twitch is a Delaware corporation with its principal place of business in San Francisco, California. Twitch denies the remaining allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. Twitch admits that PersonalWeb purports to allege an action for patent infringement arising out of the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. The statements set forth in paragraph 9 constitute legal conclusions. To the extent a response is required, Twitch admits that it is incorporated in the State of Delaware and has an established place of business in this district. Twitch admits for purposes of this case only that venue is proper in this district. Twitch denies the remaining allegations of Paragraph 9.

10. The statements set forth in paragraph 10 constitute legal conclusions. To the extent

a response is required, Twitch admits that it has a principal place of business in this district and admits for purposes of this case only that the Court has personal jurisdiction over Twitch. Twitch denies the remaining allegations of paragraph 10.

## PERSONALWEB BACKGROUND

11. Twitch denies the allegations of paragraph 11 of the complaint.

12. Twitch admits that the ability to identify specific data is a useful feature in computer systems and networks. Twitch further admits that in some systems, data can be identified using file names and information about the file's location on a hard drive or network. It is not clear what PersonalWeb means by an "early operating system," "standardized naming conventions," or "storage identifiers." Twitch therefore denies the remaining allegations of paragraph 12 of the complaint.

13. Twitch denies that prior to the filing of the patents-in-suit "[n]o solution existed to ensure that identical file names referred to the same data, and conversely, that different file names referred to different data." Indeed, solutions to this problem existed in the prior art. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 13 of the complaint, and, on that basis, denies them.

14. Twitch admits that the specification of the patents-in-suit describes "substantially unique identifiers" and states that "data items" may be "the contents of a file, a portion of a file, a page in memory, an object in an object-oriented program, a digital message, a digital scanned image, a part of a video or audio signal, or any other entity which can be represented by a sequence of bits." Twitch denies the remaining allegations of paragraph 14 of the complaint.

15. Twitch admits that the patents-in-suit refer to a "data item" as a "sequence of bits" and purport to describe a function that, when applied to a data block, is "virtually guaranteed to produce a different value" and "computationally difficult" to reproduce with a different data block. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 15 of the complaint, and, on that basis, denies them.

16. Twitch admits that the patents-in-suit refer to the assignment of a content-based identifier, which the specification refers to as a "True Name." Twitch further admits that the

specification of the patents-in-suit provides that the "probability of collision"—the likelihood of different data items being assigned the same True Name—would be "approximately 1 in $2^{29}$." Twitch lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 16 of the complaint, and, on that basis, denies them.

17. Twitch denies the allegations of paragraph 17 of the complaint to the extent they suggest that the claimed subject matter constituted an improvement over prior art systems and methods. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 17 of the complaint, and, on that basis, denies them.

18. Twitch admits that the patents-in-suit purport to claim priority to an abandoned application filed on April 11, 1995. Twitch further admits that U.S. Patent No. 5,978,791, the first of the patents-in-suit, provides on its face that it was issued on November 2, 1999. Twitch further admits that all of the patents-in-suit at issue in this case have expired, and that PersonalWeb purports to assert claims for infringement against Twitch for the time period prior to the expiration of the patents. Twitch denies that any of the patents-in-suit "elevated data-processing systems over conventional file naming systems."

19. Twitch lacks knowledge or information about PersonalWeb's intellectual property enforcement efforts and license agreements, and, on that basis, denies the allegations of paragraph 19 of the complaint.

**GENERAL BACKGROUND**

20. Twitch admits that webpages may be retrieved over the World Wide Web and may be rendered by a web browser to be displayed electronically. Twitch further admits that the term "webpage" may colloquially refer to what is viewable in the browser or to a computer file written in the Hypertext Markup Language ("HTML"). Twitch further admits that an HTML file may include text, formatting instructions, and references to other web content. Twitch denies that a "webpage" as displayed by a browser consists of a single document. Twitch admits that PersonalWeb purports to define a "webpage base file" as an HTML file. Twitch admits that that PersonalWeb purports to define "asset files" as "Web content referenced in an HTML or similar file." Twitch admits that a web browser can retrieve web content specified in an HTML file or in

other web content as part of the process of displaying a webpage. Twitch denies the remaining allegations of paragraph 20 of the complaint.

21. Twitch admits that web hyperlinks generally include Uniform Resource Identifiers ("URIs") which may include an address of a server or host and a path to the location of a file or other web resource. Twitch admits that the path component of a URI may include a filename. Twitch denies the remaining allegations of paragraph 21 of the complaint.

22. Twitch admits that a web browser may retrieve an HTML file from a remote web server. Twitch further admits that a web browser may make a GET request to a server using the Hypertext Transfer Protocol ("HTTP") and that a server may respond to an HTTP request with a response which may include web content or other information. Twitch denies the remaining allegations of paragraph 22 of the complaint.

23. Twitch admits that the term "dynamic webpage" often describes an HTML file that is generated by software in response to an HTTP request. Twitch admits that a "static webpage" typically describes an HTML file that is delivered by a web server without being generated in response to an HTTP request. Twitch admits that web server applications may generate HTML files. Twitch denies the remaining allegations of paragraph 23 of the complaint.

24. Twitch admits that many web browsers are capable of storing web content in a cache and, when a cache is available and enabled, that a web browser can use cached content rather than downloading the same file repeatedly over the Internet. Twitch further admits that using cached content can increase the speed at which a browser displays web content. Twitch denies the remaining allegations of paragraph 24 of the complaint.

25. Twitch admits that two computers communicating with one another over the Internet are not typically directly connected. Twitch admits that web content may be served via web servers that in turn retrieve content from upstream or "origin" servers. Twitch further admits that web servers may cache content and serve requested web content from a cache under certain circumstances. Twitch denies the remaining allegations of paragraph 25 of the complaint.

26. Twitch admits that HTTP responses can include a header and a body. Twitch further admits that HTTP response headers can contain a header called "cache-control" that can override

the default caching behavior of a browser or other web cache, including by specifying directives that can limit whether and how long an HTTP response may be cached.  Twitch denies the remaining allegations of paragraph 26 of the complaint.

27.  Twitch admits that webpage content can change.  Twitch denies the remaining allegations of paragraph 27 of the complaint.

28.  It is unclear to which entities the phrase "website owners" is intended to identify.  Twitch thus lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 28 of the complaint, and, on that basis, denies them.

**DEFENDANT'S BACKGROUND**

29.  Twitch admits it operated the twitch.tv website and provided website content to its users before the latest expiration date of the patents-in-suit.  Twitch denies the remaining allegations of paragraph 29 of the complaint.

30.  Twitch denies that its web host servers utilized a system that either "authorized" or denied "authorization" to use or render objects or cached content.  Twitch denies the remaining allegations of paragraph 30 of the complaint.

31.  Twitch admits that its web servers support the use of conditional GET requests including If-None-Match header fields and entity tags as described in the HTTP specification for content for which Twitch's web servers served an ETag header field.  Twitch denies the remaining allegations of paragraph 31 of the complaint.

32.  Twitch denies the allegations of paragraph 32 of the complaint.

33.  Twitch denies the allegations of paragraph 33 of the complaint.

34.  Twitch admits that using conditional GET requests with If-None-Match header fields was one method of reducing the total bandwidth needed to serve web pages when some of the content was previously cached and expired but was still valid at the time of the request.  Twitch denies the remaining allegations of paragraph 34 of the complaint.

35.  Twitch admits that at least some of the webpages served from the twitch.tv domain before the expiration date of the patents-in-suit were comprised of an HTML file and at least one additional file referenced in the HTML file by a uniform resource identifier ("URI").  Twitch admits

that a URI typically included a host name and a path to a resource. Twitch denies the remaining allegations of paragraph 35 of the complaint.

36. Twitch admits that at least some of the webpages served from the twitch.tv domain before the expiration date of the patents-in-suit were generated in part via a web application framework. Twitch denies that it created fingerprints as that term is apparently defined by PersonalWeb. Twitch denies the remaining allegations of paragraph 36 of the complaint.

37. Twitch admits that at least some of the webpages served from the twitch.tv domain before the expiration date of the patents-in-suit were comprised of an HTML file and at least one additional file referenced in the HTML file by a uniform resource identifier ("URI"). Twitch admits that before the expiration date of the patents-in-suit, it was possible for certain non-HTML files to include the URI of another non-HTML file that would also be used to render a webpage. Twitch denies the remaining allegations of paragraph 37 of the complaint.

38. Twitch admits that it is possible for a dynamically-generated HTML file served from the twitch.tv domain before the expiration date of the patents-in-suit to be unchanged from one request to another. Twitch admits that if a subsequent version of a dynamically-generated HTML file included one or more different URLs in the text of the HTML content than the prior version, then the two versions of the HTML would be different. Twitch denies the remaining allegations of paragraph 38 of the complaint.

39. Twitch denies that it created fingerprints as that term is apparently defined by PersonalWeb. Twitch admits that at least one file referenced by HTML files served by the twitch.tv domain prior to the expiration of the patents-in-suit included portions of their filenames that were, in part, related to the content of the files. Twitch admits that, if a HTTP response had an ETag that was based on its content, that a change in the content would lead to a changed ETag if and when the ETag was recalculated. Twitch denies the remaining allegations of paragraph 39 of the complaint.

40. Twitch admits that files are comprised of a sequence of bits. Twitch admits that, for at least one file referenced by HTML served by the twitch.tv domain prior to the expiration of the patents-in-suit, that file was served with an ETag header field with a value that was the output of a

hash function applied to the sequence of the bits of the file. Twitch denies the remaining allegations of paragraph 40 of the complaint.

41. Twitch admits that it stored data on Amazon Web Services' Simple Storage Service or "S3" prior to the expiration of the patents-in-suit, and that such use was governed by an agreement. Twitch admits that it uploaded data to S3 as objects. Twitch admits that the objects it stored on Amazon S3 comprised a sequence of bits. Twitch admits that the documentation for Amazon S3 stated during the relevant time that S3 would generate ETag values for the objects Twitch uploaded to S3. Twitch admits the documentation for Amazon S3 stated during the relevant time that the ETag value for some objects uploaded to S3 would be based on an MD5 hash of the object. Twitch denies the remaining allegations of paragraph 41 of the complaint.

42. Twitch admits that prior to the expiration of the patents-in-suit, the ETag value set for some HTTP responses sent from the twitch.tv website was generated by applying a hash function to the body of the HTTP response. Twitch denies the remaining allegations of paragraph 42 of the complaint.

43. Twitch admits that that web clients such as caches and web browsers typically request web content with HTTP GET requests, and that Twitch's webservers before the expiration of the patents-in-suit typically sent HTTP 200 responses in response to a successful request. Twitch admits that after retrieving and loading an HTML file, web browsers will typically make further HTTP GET requests to some URIs referenced in the HTML, such as those which will be used in rendering the content of the HTML file. Twitch admits that web browsers and caches typically cache successful HTTP responses. Twitch lacks information regarding the internal structure of the unnamed "origin servers, intermediate cache servers, and browser caches" referenced in paragraph 43 of the complaint and on that basis denies those allegations. Twitch denies the remaining allegations of paragraph 43 of the complaint.

44. Twitch denies the allegations of paragraph 44 of the complaint.

45. Twitch admits that it served HTTP responses that included cache-control headers for at least some web content before the expiration of the patents-in-suit. Twitch denies the remaining allegations of paragraph 45 of the complaint.

46. Twitch admits that many web browsers can be configured to cache and re-use web content. Twitch admits that the HTTP specification defines cache-control headers that can limit what content is designated as cacheable. Twitch admits that web browsers will typically request web content that is not cached. Twitch denies the remaining allegations of paragraph 46 of the complaint.

47. Twitch admits that many web browsers can be configured to cache web content. Twitch admits that some web browsers can send a GET request for a URI with If-None-Match headers and an ETag value for cached content after content is stale, where the original response included an ETag value. Twitch denies the remaining allegations of paragraph 47 of the complaint.

48. Twitch admits that web caches may respond to HTTP requests for content that has been cached. Twitch admits that some conditional GET requests described in the HTTP specification can use ETag values. Twitch lacks information regarding the internal structure of the unnamed intermediate cache servers and origin servers referenced in paragraph 48 of the complaint and on that basis denies those allegations. Twitch denies the remaining allegations of paragraph 48 of the complaint.

49. Twitch admits that the HTTP specification describes that a web server should send an HTTP 304 response when the current ETag for a resource matches an ETag listed in an If-None-Match header field in an HTTP GET request. Twitch admits that some web caches will request content that is not cached from another web server which may have the content. Twitch lacks information regarding the internal structure of the unnamed intermediate cache servers and origin servers referenced in paragraph 49 of the complaint and on that basis denies those allegations. Twitch denies the remaining allegations of paragraph 49 of the complaint.

50. Twitch admits that the HTTP specification describes that a web server may send an HTTP 200 response in response to any GET request if all preconditions in the request are met. Twitch admits that web browsers, if configured and able to do so, will typically cache the latest version of a web resource which they have received. Twitch lacks information regarding the internal structure of the unnamed intermediate cache servers and web browsers referenced in paragraph 50 of the complaint and on that basis denies those allegations. Twitch denies the

remaining allegations of paragraph 50 of the complaint.

51. Twitch admits that Exhibit 1 purports to identify files served on behalf of Twitch. Twitch denies the remaining allegations of paragraph 51 of the complaint.

52. Twitch denies the allegations of paragraph 52.

## **FIRST CLAIM FOR RELIEF**
## **INFRINGEMENT OF U.S. PATENT NO. 6,928,442**

53. Twitch incorporates by reference its responses to the allegations contained in paragraphs 1-52 of the complaint.

54. Twitch admits that U.S. Patent No. 6,928,442 (the "'442 patent") lists August 9, 2005 as its issue date and "Enforcement and Policing of Licensed Content Using Content-Based Identifiers" as its title. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 54 of the complaint, and, on that basis, denies them.

55. Twitch denies the allegations of paragraph 55 of the complaint.

56. Twitch admits that claim 10 of the '442 patent requires "[a] method, in a system in which a plurality of files are distributed across a plurality of computers." Twitch denies the remaining allegations of paragraph 56 of the complaint.

57. Twitch admits that claim 10 of the '442 patent requires "obtaining a name for a data file, the name being based at least in part on a given function of the data, wherein the data used by the function comprises the contents of the particular file." Twitch denies the remaining allegations of paragraph 57 of the complaint.

58. Twitch admits that claim 10 of the '442 patent requires "determining, using at least the name, whether a copy of the data file is present on at least one of said computers." Twitch denies the remaining allegations of paragraph 58 of the complaint.

59. Twitch admits that claim 10 of the '442 patent requires "determining whether a copy of the data file that is present on a at least one of said computers is an unauthorized copy or an unlicensed copy of the data file." Twitch denies the remaining allegations of paragraph 59 of the complaint.

60. Twitch denies the allegations of paragraph 60 of the complaint.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,802,310

61. Twitch incorporates by reference its responses to the allegations contained in paragraphs 1-52 of the complaint.

62. Twitch admits that U.S. Patent No. 7,802,310 (the "'310 patent") lists September 21, 2010 as its issue date and "Controlling Access to Data in a Data Processing System" as its title. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 62 of the complaint, and, on that basis, denies them.

63. Twitch denies the allegations of paragraph 63 of the complaint.

64. Twitch admits that claim 20 of the '310 patent requires "[a] computer-implemented method operable in a system which includes a plurality of computers." Twitch denies the remaining allegations of paragraph 64 of the complaint.

65. Twitch admits that claim 20 of the '310 patent requires "controlling distribution of content from a first computer to at least one other computer, in response to a request obtained by a first device in the system from a second device in the system, the first device comprising hardware including at least one processor, the request including at least a content-dependent name of a particular data item, the content-dependent name being based at least in part on a function of at least some of the data comprising the particular data item, wherein the function comprises a message digest function or a hash function, and wherein two identical data items will have the same content-dependent name." Twitch denies the remaining allegations of paragraph 65 of the complaint.

66. Twitch admits that claim 20 of the '310 patent requires "based at least in part on said content-dependent name of said particular data item, the first device (A) permitting the content to be provided to or accessed by the at least one other computer if it is not determined that the content is unauthorized or unlicensed, otherwise, (B) if it is determined that the content is unauthorized or unlicensed, not permitting the content to be provided to or accessed by the at least one other computer." Twitch denies the remaining allegations of paragraph 66 of the complaint.

67. Twitch admits that claim 69 of the '310 patent requires "[a] system operable in a network of computers, the system comprising hardware including at least a processor, and software, in combination with said hardware." Twitch denies the remaining allegations of paragraph 67 of the complaint.

68. Twitch admits that claim 69 of the '310 patent requires "(a) to receive at a first computer, from a second computer, a request regarding a data item, said request including at least a content-dependent name for the data item, the content-dependent name being based at least in part on a function of the data in the data item, wherein the data used by the function to determine the content-dependent name comprises at least some of the contents of the data item, wherein the function that was used is a message digest function or a hash function, and wherein two identical data items will have the same content-dependent name." Twitch denies the remaining allegations of paragraph 68 of the complaint.

69. Twitch admits that claim 69 of the '310 patent requires "(b) in response to said request: (i) to cause the content-dependent name of the data item to be compared to a plurality of values; and (ii) to determine if access to the data item is authorized or unauthorized based on whether or not the content-dependent name corresponds to at least one of said plurality of values, and (iii) based on whether or not it is determined that access to the data item is authorized or unauthorized, to allow the data item to be provided to or accessed by the second computer if it is not determined that access to the data item is unauthorized." Twitch denies the remaining allegations of paragraph 69 of the complaint.

70. Twitch denies the allegations of paragraph 70 of the complaint.

### THIRD CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 7,945,544

71. Twitch incorporates by reference its responses to the allegations contained in paragraphs 1-52 of the complaint.

72. Twitch admits that U.S. Patent No. 7,945,544 lists May 17, 2011 as its issue date and "Similarity-Based Access Control of Data in a Data Processing System" as its title. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations

of paragraph 72 of the complaint, and, on that basis, denies them.

73. Twitch denies the allegations of paragraph 73 of the complaint.

74. Twitch admits that claim 46 of the '544 patent requires "[a] computer-implemented method." Twitch denies the remaining allegations of paragraph 74 of the complaint.

75. Twitch admits that claim 46 of the '544 patent requires "(A) for each particular file of a plurality of files: (a2) determining a particular digital key for the particular file, wherein the particular file comprises a first one or more parts." Twitch denies the remaining allegations of paragraph 75 of the complaint.

76. Twitch admits that claim 46 of the '544 patent requires "each part of said first one or more parts having a corresponding part value, the part value of each specific part of said first one or more parts being based on a first function of the contents of the specific part, wherein two identical parts will have the same part value as determined by the first function, and wherein the particular digital key for the particular file is determined using a second function of the one or more of part values of said first one or more parts." Twitch denies the remaining allegations of paragraph 76 of the complaint.

77. Twitch admits that claim 46 of the '544 patent requires "(a2) adding the particular digital key of the particular file to a database, the database including a mapping from digital keys of files to information about the corresponding files." Twitch denies the remaining allegations of paragraph 77 of the complaint.

78. Twitch admits that claim 46 of the '544 patent requires "(B) determining a search key based on search criteria, wherein the search criteria comprise a second one or more parts, each of said second one or more parts of said search criteria having a corresponding part value, the part value of each specific part of said second one or more parts being based on the first function of the contents of the specific part, and wherein the search key is determined using the second function of the one or more of part values of said second one or more parts." Twitch denies the remaining allegations of paragraph 78 of the complaint.

79. Twitch admits that claim 46 of the '544 patent requires "(C) attempting to match the search key with a digital key in the database." Twitch denies the remaining allegations of paragraph

79 of the complaint.

80. Twitch admits that claim 46 of the '544 patent requires "(D) if the search key matches a particular digital key in the database, providing information about the file corresponding to the particular digital key." Twitch denies the remaining allegations of paragraph 80 of the complaint.

81. Twitch denies the allegations of paragraph 81 of the complaint.

## FOURTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 8,099,420

82. Twitch incorporates by reference its responses to the allegations contained in paragraphs 1-52 of the complaint.

83. Twitch admits that U.S. Patent No. 8,099,420 lists January 17, 2012 as its issue date and "Accessing Data in a Data Processing System" as its title. Twitch lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 83 of the complaint, and, on that basis, denies them.

84. Twitch denies the allegations of paragraph 84 of the complaint.

85. Twitch admits that claim 166 of the '420 patent requires "[a] system comprising hardware, including at least a processor, and software, in combination with said hardware." Twitch denies the remaining allegations of paragraph 85 of the complaint.

86. Twitch admits that claim 166 of the '420 patent requires "(A) for a particular data item in a set of data items, said particular data item comprising a corresponding particular sequence of bits." Twitch denies the remaining allegations of paragraph 86 of the complaint.

87. Twitch admits that claim 166 of the '420 patent requires "(a1) determine one or more content-dependent digital identifiers for said particular data item, each said content-dependent digital identifier being based at least in part on a given function of at least some of the bits in the particular sequence of bits of the particular data item, wherein two identical data items will have the same digital identifiers as determined using said given function." Twitch denies the remaining allegations of paragraph 87 of the complaint.

88. Twitch admits that claim 166 of the '420 patent requires "(a2) selectively permit[s]

TWITCH'S ANSWER TO FIRST AMENDED COMPLAINT   13   CASE NO.: 5:18-cv-05619-BLF
CASE NO. 5:18-md-02834-BLF

the particular data item to be made available for access and to be provided to or accessed by or from at least some of the computers in a network of computers, wherein the data item is not to be made available for access or provided without authorization, as resolved based, at least in part, on whether or not at least one of said one or more content-dependent digital identifiers for said particular data item corresponds to an entry in one or more databases, each of said one or more databases comprising a plurality of identifiers, each of said identifiers in each said database corresponding to at least one data item of a plurality of data items, and each of said identifiers in each said database being based, at least in part, on at least some of the data in a corresponding data item."

89. Twitch denies the allegations of paragraph 89 of the complaint.

90. Twitch denies the allegations of paragraph 90 of the complaint.

### PRAYER FOR RELIEF

Twitch denies that PersonalWeb is entitled to the requested relief or to any relief whatsoever. Twitch denies all averments in the complaint that have not been specifically admitted in paragraphs 1 through 90 above.

### AFFIRMATIVE AND OTHER DEFENSES

Twitch asserts the following defenses. In doing so, Twitch does not assume any burden of proof on any issue that is PersonalWeb's burden as a matter of law. Twitch reserves the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

The complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

### SECOND DEFENSE: INVALIDITY

One or more of the asserted claims of the '442 patent, the '310 patent, the '544 patent, or the '420 patent, (collectively, the "asserted patents") is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD DEFENSE: NON-INFRINGEMENT

Twitch has not infringed any valid or enforceable claim of the asserted patents and Twitch is not liable for any infringement.

### FOURTH DEFENSE: CLAIM PRECLUSION

The doctrine of claim preclusion bars PersonalWeb from asserting claims against Twitch for infringement of the asserted patents.

The doctrine of claim preclusion bars a party from bringing a claim when a court of competent jurisdiction has rendered final judgment on the merits of the claim in a previous action on the same claims. Any claims or defenses that were raised or could have been raised in that action are extinguished. *See Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001); *see also In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994). These extinguished claims include all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008).

In 2011, PersonalWeb sued Amazon in the Eastern District of Texas for infringement of eight patents, three of which it now asserts against Twitch: the '442 patent, the '544 patent, and the '310 patent. *PersonalWeb Techs., LLC v. Amazon.com Inc.*, No. 6:11-cv-00658 (E.D. Tex. Filed Dec. 8, 2011). PersonalWeb could not prove that Amazon's S3 infringed the patents that were asserted against Amazon and after the Texas court issued its claim construction order, PersonalWeb dismissed its claims with prejudice, constituting final judgment on the merits.

The claim in the previous litigation and the claims asserted by PersonalWeb here are the same. Both then and now PersonalWeb accused Amazon's S3. Both then and now PersonalWeb asserted the same patents. Twitch is an Amazon S3 customer and used the accused S3 service, meaning that Twitch is in privity with Amazon. *Adaptix, Inc. v. Amazon.com, Inc.*, No. 5:14-cv-01379-PSG, 2015 WL 4999944, at *6 (N.D. Cal. Aug. 21, 2015); *Schnitger v. Canoga Elecs. Corp.*, 462 F.2d 628, 628 (9th Cir. 1972). Because the same patents and the same accused technology are involved in all suits, claim preclusion bars PersonalWeb's claims against Twitch.

The '420 patent, which PersonalWeb did not assert (but could have asserted) in the prior

suit, is a continuation of the '442 patent that issued after the initial complaint was filed in *PersonalWeb Technologies, LLC v. Amazon.com, Inc.*, but before PersonalWeb filed its amended complaint in that case. In response to a double-patenting rejection of the claims of the '420 patent in light of U.S. Patent No. 6,415,280 (the "'280 patent"), the applicants filed a terminal disclaimer limiting the term of the '420 patent to that of the asserted '280 patent. The '420 patent addresses the same subject matter as the '442 and '310 patents, and the infringement claims based on it are directed at the same accused product and are based on the same underlying facts. The '420 patent is a continuation of the '442 patent, is patentably indistinct from the '442 patent and the scope of its claims is essentially the same as the '442 patent. The '420 patent is also patentably indistinct from the '280 patent with which it shares its term, and the '420 patent claims are essentially the same as those of the '280 patent. PersonalWeb's infringement claims as to the '420 patent are based on transactional facts that substantially overlap with its prior claims. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018). PersonalWeb also could have included claims based on the '420 patent in its amended complaint against Amazon in the prior case, and had a duty to do so. Accordingly, claim preclusion bars claims based on the '420 patent as well.

## FIFTH DEFENSE:  *KESSLER* DOCTRINE

The *Kessler* doctrine bars PersonalWeb from asserting claims against Twitch for infringement of the asserted patents.

The *Kessler* doctrine "allow[s] an adjudged non-infringer to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action . . . ." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014). It also "bars a patent infringement action against a customer of a seller who has previously prevailed against the patentee because of invalidity or noninfringement of the patent." *SpeedTrack, Inc. v. Office Depot, Inc.*, 791 F.3d 1317, 1322 (Fed. Cir. 2015) (citing *MGA, Inc. v. Gen. Motors Corp.*, 827 F.2d 729, 734 (Fed. Cir. 1987)).

In the prior Texas suit, Amazon prevailed against PersonalWeb's claims that S3 infringed the asserted patents. Under the *Kessler* doctrine, S3 carries with it a "limited trade license" for use in commerce by Amazon and its customers, including Twitch, free and clear of additional claims of infringement based on the same patents. While the '420 patent was not asserted in the prior suit,

it is a continuation of the '442 patent, is patentably indistinct from the '442 patent and the scope of its claims is essentially the same as the '442 patent. Further, in response to a double-patenting rejection of the claims of the '420 patent in light of the '280 patent, the applicants filed a terminal disclaimer limiting the term of the '420 patent to that of the asserted '280 patent. The '420 patent is patentably indistinct from the '280 patent with which it shares its term, and the '420 patent claims are essentially the same as those of the '280 patent. PersonalWeb's infringement claims as to the '420 patent are based on transactional facts that substantially overlap with its prior claims. *SimpleAir, Inc.*, 884 F.3d at 1165. Thus, the *Kessler* doctrine applies to the '420 patent with equal force.

### SIXTH DEFENSE:  GOOD FAITH

Twitch has engaged in all relevant activities in good faith, thereby precluding PersonalWeb, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, Twitch prays for relief with respect as follows:

A.   A judgment in favor of Twitch denying PersonalWeb all relief requested in the complaint and dismissing the complaint with prejudice;

B.   A judgment against PersonalWeb finding that Twitch has not infringed any valid and enforceable claim of the asserted patents and that Twitch is not liable for any infringement of the asserted patents;

C.   A judgment against PersonalWeb finding that one or more claims of the asserted patents is invalid;

D.   A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Twitch its reasonable attorneys' fees;

E.   For an award of costs to Twitch; and

F.   Such other relief as the Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Twitch hereby requests a trial by jury on all issues so triable.

Dated: December 11, 2018         Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Todd R. Gregorian*
    Todd R. Gregorian
    Counsel for TWITCH INTERACTIVE, INC.