1  Michael A. Sherman (SBN 94783)
   masherman@stubbsalderton.com
2  Jeffrey F. Gersh (SBN 87124)
   jgersh@stubbsalderton.com
3  Sandeep Seth (SBN 195914)
   sseth@stubbsalderton.com
4  Wesley W. Monroe (SBN 149211)
   wmonroe@stubbsalderton.com
5  Stanley H. Thompson, Jr. (SBN 198825)
   sthompson@stubbsalderton.com
6  Viviana Boero Hedrick (SBN 239359)
   vhedrick@stubbsalderton.com
7  STUBBS, ALDERTON & MARKILES, LLP
   15260 Ventura Blvd., 20th Floor
8  Sherman Oaks, CA 91403
   Telephone:    (818) 444-4500
9  Facsimile:    (818) 444-4520

10 **Attorneys for PersonalWeb Technologies, LLC**
   **and Level 3 Communications, LLC**
11 [Additional Attorneys listed below]

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

| | |
|---|---|
| 15 IN RE PERSONAL WEB TECHNOLOGIES,<br>LLC, ET AL., PATENT LITIGATION<br>16 | **CASE NO.: 5:18-md-02834-BLF** |
| 17 AMAZON.COM, INC., et al., | **Case No.: 5:18-cv-00767-BLF** |
| 18           Plaintiffs, | **JOINT STATEMENT REGARDING**<br>**DISCOVERY DISPUTE RELATING TO**<br>**MOTION FOR SUMMARY JUDGMENT**<br>**(DKT. NO. 315)** |
| 19 v.<br>20 PERSONALWEB TECHNOLOGIES, LLC, et<br>al.,<br>21<br>           Defendants.<br>22 | |
| 23 PERSONALWEB TECHNOLOGIES, LLC<br>and LEVEL 3 COMMUNICATIONS, LLC,<br>24<br>           Counterclaimants,<br>25 v.<br>26 AMAZON.COM, INC. and AMAZON WEB<br>SERVICES, INC.,<br>27<br>           Counterdefendants.<br>28 | |

JOINT STATEMENT RE DISCOVERY DISPUTE          CASE NO: 5:18-md-02834-BLF
RELATING TO MOTION FOR SUMMARY                CASE NO: 5:18-cv-00767-BLF
JUDGMENT (DKT. NO. 315)

4851-3132-3010, V. 1

## I.    PERSONALWEB'S STATEMENT

At issue is whether the current causes of action against the Website Operators (and counter-claim pleaded in the alternative against Amazon) involving CloudFront and certain specific subsystems of S3 are barred by a prior action brought by PersonalWeb against Amazon and Dropbox in the EDTX. involving other subsystems of S3.  More specifically for purposes of the current discovery dispute, PersonalWeb seeks discovery confirming that a predicate for claims preclusion is lacking, *i.e.*, that during the period of infringement of January 8, 2012 to December 26, 2016 ("Infringement Period"), Amazon was **not** "contractually obligated to indemnify defendants [website operators who were customers of Amazon S3] for any losses stemming from a finding of infringement," *SpeedTrack v. Office Depot*, 2014 WL 1813292 at *6,  May 6, 2014.  Amazon's summary judgment motion set for hearing on February 7, 2019 recognizes the foundational nature of this issue, with its circular argument, the *ipse dixit* in its moving papers that "Amazon is in privity with its customers …[because] Amazon is indemnifying its customers in this case." [*In re PersonalWeb Technologies*, Dkt. 315, Amazon Mot. at 9:1-2.]

From publicly available (on-line) Amazon records, the earliest time that Amazon *ever* had any contractual obligation to indemnify S3 customers for patent infringement claims asserted against Amazon customers, is June 28, 2017.  That date is *after* the Infringement Period.  Emphasizing the point, Amazon's consistent objection position to all of PersonalWeb's propounded discovery is that Amazon *only* recognizes the time period January 8, 2012 through December 26, 2016 as triggering a disclosure/discovery obligation.  For example, Amazon's response to document requests propounded on it, seeking indemnification-related documents and information is, *inter alia,* that:

> "Amazon objects to the definition of "Indemnified" or "Indemnification" as vague and ambiguous, overly broad, unduly burdensome, and failing to describe the information sought with reasonable particularity.  Amazon will interpret this term to refer to the legal concept of indemnification.  Amazon will interpret this term to refer to the time period of January 8, 2012 to December 26, 2016." [Amazon's Resp. to RFPs Set One 3:16-20.]

Amazon has uniformly applied this January 8, 2012-December 26, 2016 time period as a limitation to nearly every written discovery request that PersonalWeb has propounded. *See e.g.* Suppl. Resp. to

JOINT STATEMENT RE DISCOVERY DISPUTE          CASE NO: 5:18-md-02834-BLF
RELATING TO MOTION FOR SUMMARY              CASE NO: 5:18-cv-00767-BLF
JUDGMENT (DKT. NO. 315)

4851-3132-3010, V. 1

1   RFA 2 and S.R. 1; Resp. to RFP 3; Obj. to 30(b)(6) Notice, Topic 1(a). Clearly June 28, 2017 post-

2   dates the Infringement Period.

3        PersonalWeb had sought to take a representative (30(b)(6) deposition on indemnification-re-

4   lated topics, among other topics.  Amazon had insisted that this deposition occur last Wednesday,

5   December 5, 2018.  During the representative's deposition he indicated no knowledge on any level

6   with any indemnification-related issues.

7        In meet and confers leading to this submission PersonalWeb had suggested as a compromise

8   to a continued 30(b)(6) deposition on indemnification obligation matters, that instead, Amazon simply

9   stipulate that (a) not until June 28, 2017 was Amazon contractually obligated to indemnify website

10  operator customers of S3 for claims of patent infringement, and (b) prior to that time no such contrac-

11  tual obligation existed between Amazon and its S3 customers requiring Amazon to indemnify its S3

12  customers.  Amazon refuses.

13       That Amazon has just yesterday served additional supplemental interrogatory responses indi-

14  cating that there exists an Amazon Customer Agreement of June 28, 2017 which adds a section to the

15  effect that Amazon is purportedly "improving the terms of the AWS Customer Agreement related to

16  intellectual property rights" including "offering uncapped IP infringement protection" is not respon-

17  sive to the reason for the dispute, *i.e.,* that PersonalWeb ought to be permitted to take a 30(b)(6) rep-

18  resentative's deposition that sought information on the circumstances under which Amazon agreed to

19  indemnify and the facts underlying Amazon's agreement to provide said indemnifications, *see,* Notice

20  of Taking Deposition and *in particular,* Responses and Objections of Amazon.Com, Inc. and Amazon

21  Web Services, Inc. to Notice of Taking Deposition, topics and responses to Indemnification, Topic 4,

22  at 26-33, attached hereto as Exhibit 1 (said discovery is specifically at issue).  PersonalWeb never

23  agreed that by Amazon acknowledging what its public documents already demonstrate, *i.e.,* that there

24  were material changes to Amazon indemnification policies in June, 2017, that would moot the discov-

25  ery issues.

26       Amazon argues that the stipulation PersonalWeb seeks is legally impermissible.  But Amazon

27  overlooks that the proposed stipulation represents an effort to avoid another deposition session, where

28  inquiry would be made of a corporate representative, *inter alia,* (1) What do you mean by "uncapped

2

JOINT STATEMENT RE DISCOVERY DISPUTE          CASE NO: 5:18-md-02834-BLF
RELATING TO MOTION FOR SUMMARY               CASE NO: 5:18-cv-00767-BLF
JUDGMENT (DKT. NO. 315)

4851-3132-3010, V. 1

1   IP infringement protection"? (2) Prior to June 28, 2017 did Amazon offer "capped" IP infringement

2   protection, and if so, what did "capped" IP infringement protection mean? (3) Prior to June 28, 2017

3   did Amazon offer any contractual infringement protection for patent infringement claims, to website

4   operator customers of S3? (4) In non-privileged communications between Amazon and website oper-

5   ators sued, what specific interpretations did the parties convey to one another on the scope of Amazon

6   obligations during the period of alleged infringement, namely January 8, 2012 through December 26,

7   2016, including indemnification extending to claims of infringement outside of Amazon systems?

8        The parties have met and conferred, telephonically and by e-mail, concerning the indemnifi-

9   cation issue, on numerous instances beginning in the third week of November, 2018.  The proposed

10   order filed concurrently (a) addresses the deposition issue, (b) further extends the deadline for re-

11   solving discovery disputes if the deposition is ordered and also given sub-(c) below, and (c) ad-

12   vances the date of discovery responses (RFA's and Interrogatories served on December 7, 2018), at-

13   tached as Exhibit 2, given the present compressed time period.  Amazon wrongly claims no tele-

14   phone meet and confers, despite knowing to the contrary and refusing to return multiple, recent calls.

15   **II.     AMAZON'S STATEMENT**

16        This discovery dispute is related to Amazon's motion for summary judgment that Personal-

17   Web's claims are barred by claim preclusion and the *Kessler* doctrine.  (Dkt. No. 306 at 1; Dkt. No.

18   315.)  Amazon has already provided all the non-privileged indemnification-related information that

19   PersonalWeb could possibly need in responding to Amazon's motion:  (1) it produced the AWS cus-

20   tomer agreement, (2) identified the produced agreement as the one pursuant to which it is indemnifying

21   its customers, (3) identified the customers it is indemnifying and detailed the terms of that indemnifi-

22   cation, (4) specified when the first indemnification demand was made in connection with Personal-

23   Web's claims, and (5) identified the date, June 28, 2017, when the indemnification provision was

24   added to the customer agreement.  (Exs. 3-4.)  PersonalWeb claims it needs additional discovery to

25   confirm that "Amazon was not contractually obligated to indemnify" its customers during "January 8,

26   2012 to December 26, 2016."  But it does not explain why the identification of the agreement pursuant

27   to which Amazon is indemnifying its customers, the date when the indemnification provision was

28   added to that agreement, and all the terms of Amazon's indemnification, are insufficient.  Nor does it

**JOINT STATEMENT RE DISCOVERY DISPUTE**                                    **CASE NO: 5:18-md-02834-BLF**
**RELATING TO MOTION FOR SUMMARY**                                   **CASE NO: 5:18-cv-00767-BLF**
**JUDGMENT (DKT. NO. 315)**

4851-3132-3010, V. 1

1   explain why information such as whether indemnification is capped or uncapped is relevant to the

2   claim preclusion motion or to any issue in the case.  It is not.  And in any event, the AWS agreement

3   does not specify any indemnification caps.

4         It is clear from the language of PersonalWeb's proposed stipulation that what PersonalWeb

5   actually wants is an admission from Amazon that PersonalWeb's position on a disputed *legal* issue is

6   correct—it wants Amazon "to admit [PersonalWeb's] interpretation of a disputed provision of the

7   [AWS customer] contract."  *Gem Acquisitionco, LLC v. Sorenson Group Holdings, LLC*, C 09-01484

8   SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010).  The RFAs PersonalWeb just served on De-

9   cember 7, the responses to which it wants to expedite, confirm that.  (Ex. 5.)  Such requests, and similar

10  deposition topics, are not the proper subject of discovery.  *See id.* ("legal conclusions are not a proper

11  subject of a request for admission"); *see also Franklin v. Ryko Corp.*, No. CV 07-2921-VBF (JTL),

12  2008 WL 11334493, at *4 (C.D. Cal. Oct. 22, 2008) ("The topic that plaintiff has identified in his Rule

13  30(b)(6) notice sets forth, in essence, plaintiff's legal theory.  Therefore, plaintiff appears to be seeking

14  from defendant a witness who will merely affirm the theory underlying plaintiff's claims.  As such,

15  the request is improper.").

16        Even setting aside PersonalWeb's incorrect characterization of what it is accusing in its current

17  cases and what it accused in its prior lawsuit against Amazon and Dropbox, PersonalWeb's position

18  above includes several other mischaracterizations of the law and relevant facts.  PersonalWeb incor-

19  rectly argues that a "predicate" for Amazon's claim preclusion defense is that Amazon was contrac-

20  tually obligated to indemnify its customers during the period of alleged infringement.  As explained

21  in Amazon's motion, the customer defendants, as users of the accused S3 technology, are in privity

22  with Amazon—regardless of whether they are being indemnified.  (*See* Dkt. No. 315 at pp. 8-9.)  Am-

23  azon's indemnification of its customers is a separate and *independent* basis for privity; it is not a nec-

24  essary predicate for the relief sought by the motion.  (*See id.*)  Moreover, contrary to PersonalWeb's

25  assertion, whether Amazon became "contractually obligated" to indemnify its customers before or

26  after the expiration of PersonalWeb's patents is legally irrelevant.  Indemnification must, by its nature,

27  be tied to a particular claim.  The AWS agreement does not provide any temporal limitation on the

28  indemnification obligation; it merely states that Amazon "will defend [its customers] against any third-

JOINT STATEMENT RE DISCOVERY DISPUTE          CASE NO: 5:18-md-02834-BLF
RELATING TO MOTION FOR SUMMARY              CASE NO: 5:18-cv-00767-BLF
JUDGMENT (DKT. NO. 315)

4851-3132-3010, V. 1

1   party claim alleging that the Services infringe or misappropriate that third party's intellectual property

2   rights"—the very claims PersonalWeb makes in its lawsuits against Amazon customers.  Both Ama-

3   zon and the customers, the parties to the agreement, interpreted the provision that way with respect to

4   PersonalWeb's claims, as the customers requested indemnification under the agreement and Amazon

5   agreed to provide it in response.  And, in any event, for purposes of claim preclusion, the indemnifi-

6   cation obligation need only exist at the time of the second case, and not necessarily during the period

7   of alleged infringement.  Indeed, in *Speedtrack*, the court found that a supplier was in privity with its

8   customers for purposes of claim preclusion because it "*is* contractually obligated to indemnify [cus-

9   tomer] defendants for any losses stemming from a finding of infringement," *i.e.* it was contractually

10  obligated to indemnify the customers at the time of the second lawsuit.  *SpeedTrack*, 2014 WL

11  1813292 at *6 (emphasis added).  And, finally, contrary to PersonalWeb's contention, it has never

12  requested in any of the parties' prior conferences that Amazon agree to the stipulation it proposes

13  above.  Instead, during the parties' last conference on the subject, the parties agreed that in lieu of a

14  deposition, Amazon would supplement its interrogatory response to identify the date of the first de-

15  mand for indemnity by any customer defendant and the date when the indemnification provision was

16  added to the AWS customer agreement (Amazon had already provided the other indemnification in-

17  formation by this time).  Amazon served that supplemental response on December 10 as it agreed to

18  do.  PersonalWeb went back on its agreement and decided to file this motion, in which for the first

19  time, and without any telephonic conference, it identified the specific additional facts it purportedly

20  needs, requested the extension of the discovery deadline, demanded expedited responses to the dis-

21  covery served last Friday, and requested a continued deposition to take place before December 21.

22      The Court should deny PersonalWeb's motion in light of the compromise agreement the parties

23  already reached and with which Amazon abided, PersonalWeb's failure to comply with the procedures

24  of the Court for raising discovery disputes (*see* July 16, 2018 Civil Scheduling and Discovery Standing

25  Order), and PersonalWeb's inability to explain the relevance of the information it seeks.

26

27

28

**JOINT STATEMENT RE DISCOVERY DISPUTE**
**RELATING TO MOTION FOR SUMMARY**
**JUDGMENT (DKT. NO. 315)**

**CASE NO: 5:18-md-02834-BLF**
**CASE NO: 5:18-cv-00767-BLF**

4851-3132-3010, v. 1

1    Respectfully submitted,

2    Dated:    December 11, 2018                STUBBS, ALDERTON & MARKILES, LLP

3

4                                              By: /s/ Michael A. Sherman
5                                                  Michael A. Sherman
                                                   Jeffrey F. Gersh
                                                   Sandeep Seth
6                                                  Wesley W. Monroe
                                                   Stanley H. Thompson, Jr.
7                                                  Viviana Boero Hedrick
                                                   Attorneys for PersonalWeb Technologies, LLC
8                                                  and Level 3 Communications, LLC

9

10   Dated: December 11, 2018                  MACEIKO IP

11                                             By: /s/ Theodore S. Maceiko
                                                   Theodore S. Maceiko (SBN 150211)
12                                                 ted@maceikoip.com
                                                   MACEIKO IP
13                                                 420 2nd Street
                                                   Manhattan Beach, California 90266
14                                                 Telephone:    (310) 545-3311
                                                   Facsimile:    (310) 545-3344
15                                                 Attorneys for Defendant
                                                   PERSONALWEB TECHNOLOGIES, LLC,
16

17   Dated:    December 11, 2018                DAVID D. WIER

18                                             By: /s/ David D. Wier
19                                                 David D. Wier
                                                   david.wier@level3.com
20                                                 Vice President and Assistant General Counsel
                                                   Level 3 Communications, LLC
21                                                 1025 Eldorado Boulevard
                                                   Broomfield, CO 80021
22                                                 Telephone: (720) 888-3539
                                                   Attorneys for Plaintiff
23                                                 LEVEL 3 COMMUNICATIONS, LLC

24   Dated:  December 11, 2018                  FENWICK & WEST LLP

25

26                                             By: /s/ Saina S. Shamilov
                                                   J. DAVID HADDEN (CSB No. 176148)
27                                                 dhadden@fenwick.com
                                                   SAINA S. SHAMILOV (CSB No. 215636)
28                                                 sshamilov@fenwick.com
                                                   TODD R. GREGORIAN (CSB No. 236096)
                                                   tgregorian@fenwick.com

                                               6

JOINT STATEMENT RE DISCOVERY DISPUTE                    CASE NO: 5:18-md-02834-BLF
RELATING TO MOTION FOR SUMMARY                          CASE NO: 5:18-cv-00767-BLF
JUDGMENT (DKT. NO. 315)

4851-3132-3010, V. 1

1
PHILLIP J. HAACK (CSB No. 262060)
phaack@fenwick.com
2
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
3
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
4
FENWICK & WEST LLP
Silicon Valley Center
5
801 California Street
Mountain View, CA  94041
6
Telephone:      650.988.8500
Facsimile:      650.938.5200
7

8
Attorneys for AMAZON.COM, INC. and AMA-
ZON WEB SERVICES, INC.

9

10
**ATTESTATION**

11
    The undersigned attests that concurrence in the filing of the foregoing document was ob-

12
tained from all of its signatories.

13
  Dated: December 11, 2018

14
STUBBS, ALDERTON & MARKILES, LLP

15

16
By: */s/ Michael A. Sherman*

17
Michael A. Sherman
Attorney for PersonalWeb Technologies, LLC
and Level 3 Communications, LLC
18

19

20

21

22

23

24

25

26

27

28

7

## PROOF OF SERVICE

I declare as follows:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15260 Ventura Blvd., 20th Floor, Sherman Oaks, California 91403.  On **December 11, 2018**, I served the documents described as: **JOINT STATEMENT REGARDING DISCOVERY DISPUTE RELATING TO MOTION FOR SUMMARY JUDGMENT (DKT. NO. 315)** on the interested parties in this action as follows:

☒      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") pursuant to FRCP, Rule 5(b)(2)(E) and JPML Rule 4.1** (Pursuant to controlling General Order(s) and Local Rule(s) ("LR"), the foregoing document will be served by the court via NEF and hyperlink to the document to counsel at the email address(s) listed on Case Docket 5:18-md-02834-BLF).

☒      **BY U.S. MAIL: (SEE ATTACHED SERVICE LIST)** By depositing for collection and mailing in the ordinary course of business.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on **December 11, 2018**, at Sherman Oaks, California.

/s/ *Elizabeth Saal de Casas*
ELIZABETH SAAL DE CASAS

4851-3132-3010, V. 1

1

2

**SERVICE LIST**
*In Re: PersonalWeb Technologies, LLC Case No.: 5:18-md-02834-BLF*
*AMAZON.COM, INC. et al., v. PERSONALWEB TECHNOLOGIES, LLC, et al., Case No.: 5:18-cv-00767-BLF*

3

4

5

6

AMICUS FTW, INC.
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE  19801

**NDCA Case No. 5:18-cv-00150-BLF**
*Agent for Service of Process for Amicus FTW, Inc.*
**By U.S. Mail**

7

8

9

BUZZFEED, INC.
c/o CSC
80 State Street
Albany, NY 12207

**NDCA Case No. 5:18-cv-06046-BLF**
*Agent for Service of Process on behalf of BuzzFeed, Inc.*
**Via U.S. Mail**

10

11

12

13

INTUIT, INC.
c/o Becky DeGeorge
CSC LAWYERS INCORPORATING SERVICE
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

**NDCA Case No. 5:18-cv-05611-BLF**
*Agent for Service of Process on behalf of Intuit, Inc.*
**Via U.S. Mail**

14

15

16

17

18

MWM MY WEDDING MATCH LTD.
c/o Angel Pui, CEO
609 Hastings St. W 11th Floor
Vancouver
British Columbia
V6B4W4

**NDCA Case No. 5:18-cv-03457-BLF**
*Unrepresented Party*
*Last known address*
**Via U.S. Mail**

19

20

OATH, INC.
c/o CT CORPORATION SYSTEM
111 Eighth Avenue, 13th Fl
New York, NY 10011

**NDCA Case No. 5:18-cv-06044-BLF**
*Agent for Service of Process on behalf of Oath, Inc.*
**Via U.S. Mail**

21

22

23

24

RETAILMENOT, INC.
c/o Amy McLaren, Authorized Agent
Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**NDCA Case No. 5:18-cv-05966**
*Agent for Service of Process on behalf of RetailMeNot, Inc.*
**Via U.S. Mail**

25

26

27

28

ROCKETHUB, INC.
c/o Secretary of State, Authorized Agent
99 Washington Avenue
Albany, NY 12207

**NDCA Case No. 5:18-cv-03583-BLF**
*Authorized Agent for Service of Process on behalf of Rockethub, Inc.*
**Via U.S. Mail**

4851-3132-3010, V. 1

| | |
|---|---|
| 1 | ELEQT GROUP LTD. |
| 2 | 142 Cromwell Road<br>London, SW7 4EF |
| 3 | United Kingdom |

ELEQT GROUP LTD.
142 Cromwell Road
London, SW7 4EF
United Kingdom

**NDCA Case No. 5:18-cv-03583-BLF**
*Unrepresented Party Last known address*
***Via U.S. Mail***

STACK EXCHANGE, INC.
c/o CSC
80 State Street
Albany, NY 12207

**NDCA Case No. 5:18-cv-06045-BLF**
*Agent for Service of Process on behalf of Stack Exchange, Inc.*
***Via U.S. Mail***

UPWORK GLOBAL, INC.
c/o Trisha Rosano
REGISTERED AGENT SOLUTIONS, INC.
1220 S. Street, Suite 150
Sacramento, CA 95811

**NDCA Case No. 5:18-cv-05624-BLF**
*Authorized Agent to Accept Service on behalf of UpWork Global, Inc.*
***Via U.S. Mail***

ZIFF DAVIS, LLC
c/o Corporation Service Company
80 State Street
Albany, NY  12207-2543

**SDNY Case No. 1:18-cv-10027-DLC-SDA**
*Agent for Service of Process for Ziff Davis, LLC*
***Via U.S. Mail***

ZOOM VIDEO COMMUNICATIONS, INC.
c/o Mason Tse
Authorized Agent to Accept Service
55 S. Almaden Boulevard, Suite 600
San Jose, CA 95113

**NDCA Case No. 5:18-cv-05625-BLF**
*Agent authorized to accept service on behalf of Zoom Video Communications, Inc.*
***Via U.S. Mail***

**JOINT STATEMENT RE DISCOVERY DISPUTE RELATING TO MOTION FOR SUMMARY JUDGMENT (DKT. NO. 315)**   **CASE NO: 5:18-md-02834-BLF**<br>**CASE NO: 5:18-cv-00767-BLF**

4851-3132-3010, V. 1