```
 1  Michael A. Sherman (SBN 94783)
    masherman@stubbsalderton.com
 2  Jeffrey F. Gersh (SBN 87124)
    jgersh@stubbsalderton.com
 3  Sandeep Seth (SBN 195914)
    sseth@stubbsalderton.com
 4  Wesley W. Monroe (SBN 149211)
    wmonroe@stubbsalderton.com
 5  Stanley H. Thompson, Jr. (SBN 198825)
    sthompson@stubbsalderton.com
 6  Viviana Boero Hedrick (SBN 239359)
    vhedrick@stubbsalderton.com
 7  STUBBS, ALDERTON & MARKILES, LLP
    15260 Ventura Blvd., 20th Floor
 8  Sherman Oaks, CA 91403
    Telephone:    (818) 444-4500
 9  Facsimile:    (818) 444-4520

10  Attorneys for PersonalWeb Technologies, LLC
    and Level 3 Communications, LLC
11  [Additional Attorneys listed below]
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PERSONALWEB TECHNOLOGIES, LLC, ET AL., PATENT LITIGATION | CASE NO.: 5:18-md-02834-BLF |
| | Case No.: 5:18-cv-00767-BLF |
| AMAZON.COM, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PERSONALWEB TECHNOLOGIES, LLC, et al.,<br><br>Defendants. | **DECLARATION OF KEVIN BERMEISTER IN SUPPORT OF PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC'S OPPOSITION TO AMAZON.COM, INC. AND AMAZON WEB SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT ON DECLARATORY JUDGMENT CLAIMS AND DEFENSES UNDER THE CLAIM PRECLUSION AND KESSLER DOCTRINE** |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Counterclaimants,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,<br><br>Counterdefendants. | Date:   February 7, 2019<br>Time:   2:00 PM<br>Dept.:  Courtroom 3, 5th Floor<br>Judge:  Hon. Beth L. Freeman<br><br>Trial Date:   March 16, 2020 |

DECLARATION OF KEVIN BERMEISTER
ISO PWEB'S OPPOSITION TO AMAZON'S
MSJ UNDER CP AND KESSLER DOCTRINE

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF

4817-9268-4420, V. 1

I, Kevin Bermeister, declare as follows:

1. My name is Kevin Bermeister. I am over the age of 18 and competent to make this declaration. I reside in Sydney, Australia, and have personal knowledge of the matters set forth below. If called as a witness I would and could competently testify thereto.

2. I am the Non-Executive Chairman of PersonalWeb Technologies, LLC ("PersonalWeb") and was so during litigation of *PersonalWeb Technologies LLC and Level 3 Communications v. Amazon.com, Inc, et al.*, Case No. 6:11-cv-00658, in the Eastern District of Texas ("the Texas Action"). In that capacity I had the authority to make decisions for PersonalWeb in connection with the Texas Action.

3. In an earlier declaration I gave in this case (Docket number 37-1, dated March 23, 2018), I provided some background on the transactions and business activities associated with and relating to the "True-Names" patent family for how data could be more efficiently transmitted over the Internet, as well as PersonalWeb's acquisition of the "True-Names" patent family in 2011.

4. In initiating the Texas Action in late 2011 and throughout its prosecution, I understood that it only accused the Multipart Upload functionality of Amazon Web Service's Simple Storage Service ("S3") system. I also had understood from publicly available materials that a content-based value called an ETag could be used during the Multipart Upload process to verify that a part did not get corrupted during the upload process and could be used to finalize the assembly of the uploaded parts into an object for storage and retrieval on S3. I was not aware at the time of the Texas Action that there were S3 website operator customers who were using ETags for an entirely different purpose of controlling browser caches by directing browsers to use conditional HTTP GET requests containing content-based ETags in order to instruct the browsers when they were authorized to reuse previously cached content or when they must get newly authorized content in rendering the website operator's webpages.

5. The Texas Action ended with a stipulation of dismissal in June, 2014. During the Texas Action PersonalWeb had accused Amazon of infringement through its Multipart Upload system. As the Texas Action progressed I learned that the economic activity associated with the Multipart Upload meant that the potential damages that could be obtained for patent infringement

1 | did not warrant the expense of trial. I made the business decision to agree to dismiss the existing
2 | infringement claims for Multipart Upload. In making that business decision in no way did I concede
3 | that PersonalWeb was agreeing to or acknowledging (a) non-infringement of the Amazon Multipart
4 | Upload feature or non-infringement of any other aspect of any other feature associated with S3, or
5 | (b) invalidity of the subject patents.

6 |     6.    I also made the business decision to dismiss Dropbox, Inc., originally named as a co-
7 | defendant with Amazon in the Texas Action, when I learned that Dropbox did not use Multipart
8 | Upload.

9 |     I declare under penalty of perjury under the laws of the United States of America that the
10 | foregoing is true and correct.

11 |     Executed on January 9, 2019 in Sydney, Australia.

_____
Kevin Bermeister