MICHAEL A. SHERMAN (SBN 94783)
masherman@stubbsalderton.com
JEFFREY F. GERSH (SBN 87124)
jgersh@stubbsalderton.com
SANDEEP SETH (SBN 195914)
sseth@ stubbsalderton.com
WESLEY W. MONROE (SBN 149211)
wmonroe@stubbsalderton.com
STANLEY H. THOMPSON, JR. (SBN 198825)
sthompson@stubbsalderton.com
VIVIANA B. HEDRICK (SBN 239359)
vhedrick@stubbsalderton.com
STUBBS ALDERTON MARKILES, LLP
15260 Ventura Boulevard, 20TH Floor
Sherman Oaks, CA  91403
Telephone:    (818) 444-4500
Facsimile:     (818) 444-4520

Attorneys for PERSONALWEB
TECHNOLOGIES, LLC

DAVID D. WIER
david.wier@level3.com
Assistant General Counsel
1025 Eldorado Boulevard
Broomfield, CO  80021
Telephone:     (720) 888-3539

Attorney for LEVEL 3
COMMUNICATIONS, LLC

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
PHILLIP J. HAACK (CSB No. 262060)
phaack@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:     650.938.5200

Counsel for AMAZON.COM, INC. and
AMAZON WEB SERVICES, INC.

TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:     650.938.5200

Counsel for TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION, | **Case No.: 5:18-md-02834-BLF** |
| | Case No.: 5:18-cv-00767-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | Case No.: 5:18-cv-05619-BLF |
| Plaintiffs, | **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |
| v. | |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | Judge:        Hon. Beth Labson Freeman |
| | Courtroom:  3, 5th Floor |
| Defendants. | |
| | Tutorial:  May 2, 2019 (1:30 PM) |
| PERSONALWEB TECHNOLOGIES, LLC and | Hearing:  May 24, 2019 (9:00 AM) |

1  LEVEL 3 COMMUNICATIONS, LLC,
2               Plaintiffs,
       v.
3  TWITCH INTERACTIVE, INC.,
4               Defendant.
5
6      Pursuant to Patent L.R. 4-3, PersonalWeb Technologies, LLC; Amazon.com, Inc. and
7  Amazon Web Services, Inc. (collectively, "Amazon"); and Twitch Interactive, Inc. ("Twitch"),
8  hereby submit this Joint Claim Construction and Prehearing Statement concerning the following
9  patents:
10     •   U.S. Patent No. 6,928,442 (hereinafter, the "'442 patent")
11     •   U.S. Patent No. 7,802,310 (hereinafter, the "'310 patent")
12     •   U.S. Patent No. 7,945,544 (hereinafter, the "'544 patent")
13     •   U.S. Patent No. 8,099,420 (hereinafter, the "'420 patent")
14 **I.**     **PATENT L.R. 4-3(a): AGREED CONSTRUCTIONS**
15     Constructions of terms on which the parties agree are provided in Appendix A.
16 **II.**     **PATENT L.R. 4-3(b): PROPOSED CONSTRUCTIONS OF DISPUTED TERMS**
17     Each party's proposed constructions of disputed terms, together with an identification of
18 intrinsic and extrinsic evidence, are provided in Appendix B.
19
20 **III.**     **PATENT L.R. 4-3(c): MOST SIGNIFICANT DISPUTED CLAIM TERMS FOR CONSTRUCTION**
21     The parties identify the following claim terms, or groups of claim terms, as the most
22 significant at this time to resolution of the case. Where the parties have listed groups of claim
23 terms, the parties believe there is a single dispute that will resolve construction of the grouped
24 claim terms.
25
26
27
28

The parties jointly identify the following claim terms, or groups of claim terms, as most significant to resolution of the case:

1. "Authorization" terms:
   - "unauthorized or unlicensed" ('310 patent, claim 20)
   - "authorized" / "unauthorized" / "authorization" ('310 patent, claims 20, 69; '442 patent, claims 10, 11; '420 patent, claims 25, 66)
   - "authorized or unauthorized" ('310 patent, claim 69)
   - "unauthorized copy or an unlicensed copy" ('442 patent, claim 10)

2. "License" terms:
   - "licensed" / "unlicensed" ('310 patent, claim 20; '442 patent, claim 10)
   - "unauthorized or unlicensed" ('310 patent, claim 20)
   - "unauthorized copy or an unlicensed copy" ('442 patent, claim 10)

3. "Selectively…" permitting or accessing terms:
   - "selectively permit" ('420 patent, claim 166)
   - "selectively allowing a copy of the particular sequence of bits to be provided to or accessed by or from at least one of the computers in a network of computers" ('420 patent, claim 25)

4. "Permitting"/ "Allowing" content to be provided or accessed terms:
   - "the first device (A) permitting the content to be provided to or accessed by the at least one other computer if it is not determined that the content is unauthorized or unlicensed, otherwise, (B) if it is determined that the content is unauthorized or unlicensed, not permitting the content to be provided to or accessed by the at least one other computer" ('310 patent, claim 20)
   - "based on whether or not it is determined that access to the data item is authorized or unauthorized, to allow the data item to be provided to or accessed by the second computer if it is not determined that access to the data item is unauthorized" ('310 patent, claim 69)

5. "Request including a…content dependent name"
   - "the request including at least a content dependent name of a particular data item" / "the request including at least a content-dependent name for the data item" ('310 patent, claims 20, 69)

6. Names for data items:
   - "content-dependent name of a particular data item" / "content-dependent name for the data item" ('310 patent, claims 20, 69)

- "name for a data file" ('442 patent, claim 10)
- "content-dependent name for a particular sequence of bits" ('420 patent, claim 25)
- "content-dependent digital identifier" ('420 patent, claim 166)
- "content-dependent digital identifiers for said particular data item" ('420 patent, claim 166)
- "digital key for the particular file" / "file key for each particular file" ('544 patent, claims 46, 52)

7. "Based on a function" terms:

- "based at least in part on a function of at least some of the data comprising the particular data item" ('310 patent, claim 20)
- "based at least in part on a function of the data in the data item, wherein the data used by the function to determine the content-dependent name comprises at least some of the contents of the data item" ('310 patent, claim 69)
- "based at least in part on a given function of the data, wherein the data used by the function comprises the contents of the particular file" ('442 patent, claim 10)
- "at least in part by applying a particular function to at least some of the particular sequence of bits" ('420 patent, claim 25)
- "based at least in part on a given function of at least some of the bits in the particular sequence of bits" ('420 patent, claim 166)
- "being based on a first function of the contents of the specific part" ('544 patent, claim 46)
- "wherein the particular digital key for the particular file is determined using a second function of the one or more of part values of said first one or more parts" ('544 patent, claim 46)
- "the file key for each particular file being based on a second hash function of the part values of the one or more parts of that file" ('544 patent, claim 52)

8. "database" ('544 patent, claims 46, 52, 55)

9. "part" ('544 patent claims 46, 52)

## IV.   PATENT L.R. 4-3(d): ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING

The parties anticipate, given the number of patents, claims, and claim terms currently at issue, that three (3) hours will be needed for the claim construction hearing.

## V.   PATENT L.R. 4-3(e): WITNESSES

The parties do not intend to call witnesses during the claim construction hearing.

## VI.    PATENT L.R.4-3(f): FACTUAL FINDINGS REQUESTED

At this time, the parties do not request any factual findings from the Court related to claim construction.

Dated: March 12, 2019                    STUBBS ALDERTON & MARKILES, LLP

By: /s/ Stanley H. Thompson, Jr.
Michael A. Sherman (SBN 94783)
Jeffrey F. Gersh (SBN 87124)
Sandeep Seth (SBN 195914)
Wesley W. Monroe (SBN 195914)
Viviana Boero Hedrick (SBN 149211)
Stanley H. Thompson, Jr. (SBN 198825)

Attorneys for PERSONALWEB
TECHNOLOGIES, LLC

Dated: March 12, 2019                    FENWICK & WEST LLP

By: /s/Phillip J. Haack
PHILLIP J. HAACK (CSB No. 262060)

Counsel for AMAZON.COM, INC. and
AMAZON WEB SERVICES, INC.

Dated: March 12, 2019                    FENWICK & WEST LLP

By: /s/ Todd R. Gregorian
TODD R. GREGORIAN (CSB No. 236096)

Counsel for TWITCH INTERACTIVE, INC.

1

**ATTESTATION**

2          Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Stanley H. Thompson, Jr., attest

3    that concurrence in the filing of this document has been obtained from each of the other

4    signatories.  I declare under penalty of perjury under the laws of the United States of America that

5    the foregoing is true and correct.  Executed this 12th day of March, 2019, in Los Angeles,

6    California.

7

8                                        By: */s/ Stanley H. Thompson, Jr.*
9                                            Stanley H. Thompson, Jr.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX A**

| Claim Term | Agreed-Upon Construction |
|---|---|
| "data item" ('310 patent, claim 20; '420 patent, claims 25, 166) | sequence of bits |
| "data file(s)" ('442 patent, claim 10) | a named data item |
| "wherein the particular file comprises a first one or more parts" ('544 patent, claim 46) | wherein the particular file is made up of a first one or more separate sequences of bits |
| "wherein each file of the plurality of files comprises a corresponding one or more parts" ('544 patent, claim 52) | wherein each file of the plurality of files is made up of one or more corresponding separate sequences of bits

"plurality" means "two or more" |

# APPENDIX B

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| "unauthorized or unlicensed" ('310 patent, claim 20) | Plain and ordinary meaning.<br><br>Alternative construction: not permitted or not legally permitted<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 4:13-16; 4:46-48; 8:60-62; 9:30-31; 10:1-63; 11:33-44; 14:39-45; 18:45-53; 20:23-27; 24:32-37; 24:52-25:9; 26:1-11; 31:4-32; 35:26-67; 37:5-16; 37:28-35; Figs. 1(b), 3, 5, 6, 8, 12, 21, 22, 26(a)-(b)<br><br>**Extrinsic Evidence**<br><br>"authorization: The process of verifying that a user or process has permission to use a resource in the manner requested. To assure security, the user or process would also need to be authenticated before granting access.(C/PA) 1003.2d-1994" STD-IEEE 100- ENGL (1996)<br><br><br>"authorize: …<br>1. To grant authority or power to. 2. To give permission for (something); sanction: the city agency that authorizes." The American Heritage Dictionary of the English Language, Fifth Edition (2019), Houghton Mifflin Harcourt Publishing | not compliant with a valid license<br><br>**Intrinsic Evidence**<br><br>Patent Owner Response to IPR2013-00596 (Paper 15):<br><br>Because the local computer 20 already has the most recent (current) version of the large database file at issue, there is no logical reason to have modified Woodhill to implement a system for checking whether that same local computer 20 is authorized to access a previous version of that same file (*i.e.,* petitioner's alleged modification makes no sense). (Dewar Decl., 136 [Ex. 2020].) One would have assumed that the local computer 20 is permitted to access a prior version of a file if that computer already has the current version of that file. The alleged modification is illogical and would not have been made by one of ordinary skill in the art. *Id.* Given that the local computer 20 already has the most recent version of the file, as a matter of common sense there would have been no logical reason to have checked whether that same computer is authorized to access the previous version of that same file. (*Id.* at 19-20.) |

---

[1] For all claim terms, the parties reserve the right to rely on sections of evidence cited by the other party.

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | Company. (https://www.ahdictionary.com/) | Patent Owner Response to IPR2014-00058 (Paper 19: Accordingly, Francisco compares the program identifier with a *single* value for making sure that the file is *authentic (i.e.,* that it has not changed), and if the file is found to be authentic then Francisco later compares user information in another comparator 40 to determine if access by a particular user is authorized. Thus, Francisco's program identifier: (i) is only compared to a single value for determining whether the program has changed, and (ii) is not compared to anything for determining whether access is authorized. (*Id.* at 3.) Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15: The Board never explains how an "unauthorized" user—one without access to the file—could calculate the Binary Object Identifiers that are necessary for Woodhill's backup system to work. For good reason: it cannot be done. (*Id.* at 47.) '420 patent at 8:32-34: "The license table (LT) 136 is a table identifying files, which may only be used by licensed users, in a manner independent of their name or location, and the users licensed to use them." |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | '420 patent at 10:66-11:12: <br><br> "Each record 150 of the license table 136 records a relationship between a licensable data item and the user licensed to have access to it.  Each license table record 150 includes the information summarized in the following table, with reference to FIG 9 . . . True name  -- True Name of a data item subject to license validation … licensee -- identity of a user authorized to have access to this object." <br><br> '420 patent at 31:1-31: <br><br> "Track for Licensing Purposes <br><br> This mechanism ensures that licensed files are not used by unauthorized parties. . . . Enforcing use of valid licenses can be active (for example by refusing to provide access to a file without authorization) or passive (for example by creating a report of users who do not have proper authorization). . . . Also record the identity of each system that is authorized to have a copy of the file. . . .[etc]" <br><br> *See also* '310 File History, December 11, 2009 Response to Office Action at 10-12; '442 File History, May 28, 2004 Response to Office Action at 25-26; '420 patent at FIG. 9;'442 File History at June 7, 2004 Amendment at 23-24; '420 File |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | History, May 19, 2009 Response to Office Action at 18; Patent Owner Response to IPR2013-00596 (Paper 15) at 19-20; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15 at 10; Brief of PersonalWeb, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 28-29; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 23 at 13.<br><br>**Extrinsic Evidence**<br><br>*Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 57 at 22-24:<br><br>The specification discloses the use of the patented inventions to determine if particular data items are licensed (authorized) and/or if particular users are licensed (authorized) to have certain data items. The purpose, as noted in the title of the '442 Patent, is to enforce and police the licensing of content. The specification notes that the purpose of licenses is to determine if a user or entity has permission to do something. . . . In sum, while the terms imply that an entity or user has been given the attribute "licensed (authorized)", they more specifically denote a state, namely whether a user or entity has permission (or not) to do something. Accordingly, Plaintiffs' proposed construction should be adopted.<br><br>*See also PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | *Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 66 at 10-11. |
| "authorized" / "unauthorized" / "authorization" ('310 patent, claims 20, 69; '442 patent, claims 10, 11; '420 patent, claims 25, 66)<br><br>("authorization" and "unauthorized" are previously construed terms) | "unauthorized:" plain and ordinary meaning "authorization:" plain and ordinary meaning.<br><br>Alternative constructions:<br><br>"authorized": permitted "authorization": permission "unauthorized": not permitted<br><br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 4:13-16; 4:46-48; 8:60-62; 9:30-31; 10:1-63; 11:33-44; 14:39-45; 18:45-53; 20:23-27; 24:32-37; 24:52-25:9; 26:1-11; 31:4-32; 35:26-67; 37:5-16; 37:28-35; Figs. 1(b), 3, 5, 6, 8, 12, 21, 22, 26(a)-(b)<br><br>**Extrinsic Evidence**<br><br>"authorization: The process of verifying that a user or process has permission to use a resource in the manner requested. To assure security, the user or process would also need to be authenticated before granting access.(C/PA) 1003.2d-1994" STD-IEEE 100- ENGL (1996)<br><br><br>"authorize: …<br>1. To grant authority or power to. 2. To give permission for (something); sanction: the city agency that authorizes." The American Heritage | compliant / not compliant with a valid license / a valid license<br><br>**Intrinsic Evidence**<br><br>Patent Owner Response to IPR2013-00596 (Paper 15):<br><br>Because the local computer 20 already has the most recent (current) version of the large database file at issue, there is no logical reason to have modified Woodhill to implement a system for checking whether that same local computer 20 is authorized to access a previous version of that same file *(i.e.,* petitioner's alleged modification makes no sense). (Dewar Decl., 136 [Ex. 2020].) One would have assumed that the local computer 20 is permitted to access a prior version of a file if that computer already has the current version of that file. The alleged modification is illogical and would not have been made by one of ordinary skill in the art. *Id.* Given that the local computer 20 already has the most recent version of the file, as a matter of common sense there would have been no logical reason to have checked whether that same computer is authorized to access the previous version of that same file. (*Id.* at 19-20.)<br><br>Patent Owner Response to IPR2014-00058 (Paper |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | Dictionary of the English Language, Fifth Edition (2019), Houghton Mifflin Harcourt Publishing Company. (https://www.ahdictionary.com/) | 19:<br><br>Accordingly, Francisco compares the program identifier with a *single* value for making sure that the file is *authentic* (*i.e.*, that it has not changed), and if the file is found to be authentic then Francisco later compares user information in another comparator 40 to determine if access by a particular user is authorized. Thus, Francisco's program identifier: (i) is only compared to a single value for determining whether the program has changed, and (ii) is not compared to anything for determining whether access is authorized. (*Id.* at 3.)<br><br>Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15:<br><br>The Board never explains how an "unauthorized" user—one without access to the file—could calculate the Binary Object Identifiers that are necessary for Woodhill's backup system to work. For good reason: it cannot be done. (*Id.* at 47.)<br><br>'420 patent at 8:32-34:<br><br>"The license table (LT) 136 is a table identifying files, which may only be used by licensed users, in a manner independent of their name or location, and the users licensed to use them."<br><br>'420 patent at 10:66-11:12: |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | "Each record 150 of the license table 136 records a relationship between a licensable data item and the user licensed to have access to it.  Each license table record 150 includes the information summarized in the following table, with reference to FIG 9 . . . True name  -- True Name of a data item subject to license validation … licensee -- identity of a user authorized to have access to this object."<br><br>'420 patent at 31:1-31:<br><br>"Track for Licensing Purposes<br><br>This mechanism ensures that licensed files are not used by unauthorized parties. . . . Enforcing use of valid licenses can be active (for example by refusing to provide access to a file without authorization) or passive (for example by creating a report of users who do not have proper authorization). . . . Also record the identity of each system that is authorized to have a copy of the file. . . .[etc]"<br><br>*See also* '310 File History, December 11, 2009 Response to Office Action at 10-12; '442 File History, May 28, 2004 Response to Office Action at 25-26; '420 patent at FIG. 9; '442 File History at June 7, 2004 Amendment at 23-24; '420 File History, May 19, 2009 Response to Office Action at 18; Patent Owner Response to IPR2013-00596 |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | (Paper 15) at 19-20; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15 at 10; Brief of PersonalWeb, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 28-29; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 23 at 13.<br><br>**Extrinsic Evidence**<br><br>*Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 57 at 22-24:<br><br>The specification discloses the use of the patented inventions to determine if particular data items are licensed (authorized) and/or if particular users are licensed (authorized) to have certain data items. The purpose, as noted in the title of the '442 Patent, is to enforce and police the licensing of content. The specification notes that the purpose of licenses is to determine if a user or entity has permission to do something. . . . In sum, while the terms imply that an entity or user has been given the attribute "licensed (authorized)", they more specifically denote a state, namely whether a user or entity has permission (or not) to do something. Accordingly, Plaintiffs' proposed construction should be adopted.<br><br>*See also PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 66 at 10-11. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| "unauthorized copy or an unlicensed copy" ('442 patent, claim 10) | Plain and ordinary meaning.<br><br>Alternative construction: a copy that is not permitted or not legally permitted<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 4:13-16; 4:46-48; 8:60-62; 9:30-31; 10:1-63; 11:33-44; 14:39-45; 18:45-53; 20:23-27; 24:32-37; 24:52-25:9; 26:1-11; 31:4-32; 35:26-67; 37:5-16; 37:28-35; Figs. 1(b), 3, 5, 6, 8, 12, 21, 22, 26(a)-(b)<br><br>**Extrinsic Evidence**<br><br>"authorization: The process of verifying that a user or process has permission to use a resource in the manner requested. To assure security, the user or process would also need to be authenticated before granting access.(C/PA) 1003.2d-1994" STD-IEEE 100- ENGL (1996)<br><br>"authorize: …<br>1. To grant authority or power to. 2. To give permission for (something); sanction: the city agency that authorizes." The American Heritage Dictionary of the English Language, Fifth Edition (2019), Houghton Mifflin Harcourt Publishing Company. (https://www.ahdictionary.com/) | a copy that is not compliant with a valid license<br><br>**Intrinsic Evidence**<br><br>Patent Owner Response to IPR2013-00596 (Paper 15):<br><br>Because the local computer 20 already has the most recent (current) version of the large database file at issue, there is no logical reason to have modified Woodhill to implement a system for checking whether that same local computer 20 is authorized to access a previous version of that same file (*i.e.,* petitioner's alleged modification makes no sense). (Dewar Decl., 136 [Ex. 2020].) One would have assumed that the local computer 20 is permitted to access a prior version of a file if that computer already has the current version of that file. The alleged modification is illogical and would not have been made by one of ordinary skill in the art. *Id.* Given that the local computer 20 already has the most recent version of the file, as a matter of common sense there would have been no logical reason to have checked whether that same computer is authorized to access the previous version of that same file. (*Id.* at 19-20.)<br><br>Patent Owner Response to IPR2014-00058 (Paper 19:<br><br>Accordingly, Francisco compares the program identifier with a *single* value for making sure that |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | the file is *authentic (i.e.*, that it has not changed), and if the file is found to be authentic then Francisco later compares user information in another comparator 40 to determine if access by a particular user is authorized. Thus, Francisco's program identifier: (i) is only compared to a single value for determining whether the program has changed, and (ii) is not compared to anything for determining whether access is authorized. (*Id.* at 3.)<br><br>Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15:<br><br>The Board never explains how an "unauthorized" user—one without access to the file—could calculate the Binary Object Identifiers that are necessary for Woodhill's backup system to work. For good reason: it cannot be done. (*Id.* at 47.)<br><br>'420 patent at 8:32-34:<br><br>"The license table (LT) 136 is a table identifying files, which may only be used by licensed users, in a manner independent of their name or location, and the users licensed to use them."<br><br>'420 patent at 10:66-11:12:<br><br>"Each record 150 of the license table 136 records a relationship between a licensable data item and the user licensed to have access to it.  Each license |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | table record 150 includes the information summarized in the following table, with reference to FIG 9 . . . True name  -- True Name of a data item subject to license validation … licensee  -- identity of a user authorized to have access to this object."<br><br>'420 patent at 31:1-31:<br><br>"Track for Licensing Purposes<br><br>This mechanism ensures that licensed files are not used by unauthorized parties. . . . Enforcing use of valid licenses can be active (for example by refusing to provide access to a file without authorization) or passive (for example by creating a report of users who do not have proper authorization). . . . Also record the identity of each system that is authorized to have a copy of the file. . . .[etc]"<br><br>*See also* '310 File History, December 11, 2009 Response to Office Action at 10-12; '442 File History, May 28, 2004 Response to Office Action at 25-26; '420 patent at FIG. 9; '442 File History at June 7, 2004 Amendment at 23-24; '420 File History, May 19, 2009 Response to Office Action at 18; Patent Owner Response to IPR2013-00596 (Paper 15) at 19-20; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15 at 10; Brief of PersonalWeb, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 28-29; Brief of PersonalWeb, Case No. 18- |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 1599 (Fed. Cir.) Dkt. 23 at 13.<br><br>**Extrinsic Evidence**<br><br>*Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 57 at 22-24:<br><br>The specification discloses the use of the patented inventions to determine if particular data items are licensed (authorized) and/or if particular users are licensed (authorized) to have certain data items. The purpose, as noted in the title of the '442 Patent, is to enforce and police the licensing of content. The specification notes that the purpose of licenses is to determine if a user or entity has permission to do something. . . . In sum, while the terms imply that an entity or user has been given the attribute "licensed (authorized)", they more specifically denote a state, namely whether a user or entity has permission (or not) to do something. Accordingly, Plaintiffs' proposed construction should be adopted.<br><br>*See also PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 66 at 10-11. |
| "licensed" / "unlicensed" | "unlicensed:" plain and ordinary meaning | valid / invalid right to content |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| ('310 patent, claim 20; '442 patent, claim 10)<br><br>(previously construed term - "unlicensed") | Alternative Construction: "unlicensed:" not legally permitted<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 4:13-16; 4:46-48; 8:60-62; 9:30-31; 10:1-63; 11:33-44; 14:39-45; 18:45-53; 20:23-27; 24:32-37; 24:52-25:9; 26:1-11; 31:4-32; 35:26-67; 37:5-16; 37:28-35; Figs. 1(b), 3, 5, 6, 8, 12, 21, 22, 26(a)-(b)<br><br>**Extrinsic Evidence**<br><br>"authorization: The process of verifying that a user or process has permission to use a resource in the manner requested. To assure security, the user or process would also need to be authenticated before granting access.(C/PA) 1003.2d-1994" STD-IEEE 100- ENGL (1996)<br><br><br>"authorize: …<br>1. To grant authority or power to. 2. To give permission for (something); sanction: the city agency that authorizes." The American Heritage Dictionary of the English Language, Fifth Edition (2019), Houghton Mifflin Harcourt Publishing Company. (https://www.ahdictionary.com/) | **Intrinsic Evidence**<br><br>Patent Owner Response to IPR2013-00596 (Paper 15):<br><br>Because the local computer 20 already has the most recent (current) version of the large database file at issue, there is no logical reason to have modified Woodhill to implement a system for checking whether that same local computer 20 is authorized to access a previous version of that same file *(i.e.,* petitioner's alleged modification makes no sense). (Dewar Decl., 136 [Ex. 2020].) One would have assumed that the local computer 20 is permitted to access a prior version of a file if that computer already has the current version of that file. The alleged modification is illogical and would not have been made by one of ordinary skill in the art. *Id.* Given that the local computer 20 already has the most recent version of the file, as a matter of common sense there would have been no logical reason to have checked whether that same computer is authorized to access the previous version of that same file. (*Id.* at 19-20.)<br><br>Patent Owner Response to IPR2014-00058 (Paper 19:<br><br>Accordingly, Francisco compares the program identifier with a *single* value for making sure that the file is *authentic (i.e.,* that it has not changed), |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | and if the file is found to be authentic then Francisco later compares user information in another comparator 40 to determine if access by a particular user is authorized. Thus, Francisco's program identifier: (i) is only compared to a single value for determining whether the program has changed, and (ii) is not compared to anything for determining whether access is authorized. (*Id.* at 3.)<br><br>Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15:<br><br>The Board never explains how an "unauthorized" user—one without access to the file—could calculate the Binary Object Identifiers that are necessary for Woodhill's backup system to work. For good reason: it cannot be done. (*Id.* at 47.)<br><br>'420 patent at 8:32-34:<br><br>"The license table (LT) 136 is a table identifying files, which may only be used by licensed users, in a manner independent of their name or location, and the users licensed to use them."<br><br>'420 patent at 10:66-11:12:<br><br>"Each record 150 of the license table 136 records a relationship between a licensable data item and the user licensed to have access to it. Each license table record 150 includes the information |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | summarized in the following table, with reference to FIG 9 . . . True name  -- True Name of a data item subject to license validation … licensee  -- identity of a user authorized to have access to this object." <br><br> '420 patent at 31:1-31: <br><br> "Track for Licensing Purposes <br><br> This mechanism ensures that licensed files are not used by unauthorized parties. . . . Enforcing use of valid licenses can be active (for example by refusing to provide access to a file without authorization) or passive (for example by creating a report of users who do not have proper authorization). . . . Also record the identity of each system that is authorized to have a copy of the file. . . .[etc]" <br><br> *See also* '310 File History, December 11, 2009 Response to Office Action at 10-12; '442 File History, May 28, 2004 Response to Office Action at 25-26; '420 patent at FIG. 9; '442 File History at June 7, 2004 Amendment at 23-24; '420 File History, May 19, 2009 Response to Office Action at 18; Patent Owner Response to IPR2013-00596 (Paper 15) at 19-20; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15 at 10. <br><br> **Extrinsic Evidence** |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | *PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims). |
| "selectively permit" ('420 patent, claim 166) | Plain and ordinary meaning.  Alternative construction: to permit based upon a given criteria  **Intrinsic Evidence**  '310 Patent: Abstract; 3:52-4:59; 8:60-62; 9:30-31; 11:33-44; 14:1-27; 15:12-33; 16:1-63; 17:40-18:35; 20:43-21:9; 21:38-60; 22:62-24:51; 24:65-25:10; 28:3-29:9; 30:11-39; 31:4-32; 32:21-31; 32:54- 37:35; Figs. 11, 14, 16(a), 16(b), 17(a), 17(b), 19(a), 19(b), 20, 21, 27(a), 27(b), 28 | permitting the particular sequence of bits to be provided to and accessed by or from at least some of the computers in a network of computers only if it is first determined to be **authorized** and denying access if it is first determined to be **unauthorized**[2]  **Intrinsic Evidence**  Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):  Thus, the file history makes clear that a file access system that accesses data items is not the same as a system that determines whether such access is "authorized" / "not authorized." This also emphasizes that the mere inability of a file system to locate a given file cannot be a determination that access to that file is "not authorized." Contrary to petitioner's apparent position, the mere ability to locate a file does not mean that a determination has been made that access to that file is "authorized", and an inability to locate a file does not mean that a determination has been made that access to that file is "not authorized." (*Id.* at 18.) |

[2] For the convenience of the Court, the parties have identified terms that have been proposed for construction or have an agreed construction with underlined and bolded text.

23

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | **Preliminary Opposition to IPR2013-00596 (Paper 8):**<br><br>Because the "contents identifiers" calculated in step 444 are for granules in the current version that *the local computer already has,* it would be virtually impossible and illogical for those contents identifiers to be used in any comparison for determining whether the local computer is "unauthorized" to access those granules - because it already has those granules. (*Id.* at 31.)<br><br>**'420 patent at 31:7-9:**<br><br>"Enforcing use of valid licenses can be active (for example, by refusing to provide access to a file without proper authorization) . . ."<br><br>**'310 patent at Abstract:**<br><br>"Access to and delivery of licensed content is controlled using content names that were determined based on the content. A name for a data item is obtained, the name having been determined based at least in part on the data which comprise the contents of the data item. Access to the data item is authorized based at least in part on the name. Once authorized, access may be granted from more than one computer. The name may have been determined using a hash or message digest function such as MD4, MD5 or SHA. The |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | data item may comprise a file, a portion of a file, a page in memory, a digital message, a digital image, a video signal or an audio signal."<br><br>Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15 at 10:<br><br>"Unlike the '310 patent, Woodhill does not use the Binary Object Identifiers to locate or control access to any data item within a network—as the Board agreed. Appx0022. Rather, Woodhill uses the Binary Object Identifiers for an entirely different purpose. When backing up a file from a local computer to the backup server, Woodhill determines whether the file has been backed-up previously. If so, Woodhill uses the Binary Object Identifiers to make a series of one-to-one comparisons of each Binary Object for the file on the local computer with the corresponding Binary Object for the same file on the back-up server— starting sequentially with the file's first Binary Object. If the Binary Object Identifier has changed, then the Binary Object on the backup server is replaced with the latest version from the local computer. Appx1678 (9:14-28). If not, the Binary Object in the previously backed-up file is left in place. *Id*. (9:22-25)."<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8) at 5:<br><br>Petitioner's construction improperly attempts to |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | read the above-underlined language of claim 70 out of the claim. Petitioner would have the Board construe claim 70 so that the "permitting" is performed based on whether any condition is met Contrary to petitioner's construction, the plain language of claim 70 requires that the "selectively permitting ... " is performed based at least on whether a very particular condition is met- namely, whether in step (A) it was determined that the content-based identifier for the data item (i) did correspond to an entry in a database comprising a plurality of content-based identifiers, or (ii) did not correspond to an entry in the database. In other words, the plain language of the claim requires permitting the data item to be accessed when one of conditions (i) and (ii) is determined in step (A), and not permitting the data item to be accessed when the other of conditions (i) and (ii) is determined in step (A).<br><br>'420 File History, February 14, 2010 Response to Office Action at 13, 16:<br><br>"The claims have been amended (as discussed above) to clarify various features, notably: 1. Requested files are selectively provided (or caused to be provided), wherein copies of files are not provided without authorization. For example, a computer may have an unauthorized copy of a file, in which case it should not provide a copy of that file to another. Or, as another example, a requesting party may not be authorized to request |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | or obtain a file, in which case no copy should be provided to that party. Or, as another example, a computer may have an authorized copy of a file but may not be authorized to provide that copy to others, in which case no copy should be provided. See, e.g., Application as filed ¶¶ 00327 to 00333. (These examples are not intended to limit the scope of the claims in any way.)" (*Id.* at 13.) "Hellman differs fundamentally in operation from the presently claimed invention. In Hellman there is no control of distribution of files. Anyone can get a file (e.g., software), and then a system of authorization codes is used to control (and allow) use of those files. This means that the users' systems have to enforce authorization. The presently claimed invention, on the other hand, tries to prevent distribution without authorization. In Hellman the user is given the file unconditionally and then uses special hardware to enforce restrictions on that file's use. In the presently claimed invention a requested file is not provided without authorization." (*Id.* at 16.) *See also* Patent Owner Response to '420 patent at 15:9-36; '420 patent at 23:38-52; '791 File History, July 11, 1996 Response and Preliminary Amendment; April 3, 1997; '791 File History, August 29, 1997 Amendment; '442 File History at June 7, 2004 Amendment at 23-24; IPR2013-00596 (Paper 15) at 6-8; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 28-29; |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 23 at 13. |
| "selectively allowing a copy of the particular sequence of bits to be provided to or accessed by or from at least one of the computers in a network of computers" ('420 patent, claim 25) | Plain and ordinary meaning.

Alternative construction: to permit based upon a given criteria

**I Intrinsic Evidence**

'310 Patent: Abstract; 3:52-4:59; 8:60-62; 9:30-31; 11:33-44; 14:1-27; 15:12-33; 16:1-63; 17:40-18:35; 20:43-21:9; 21:38-60; 22:62-24:51; 24:65-25:10; 28:3-29:9; 30:11-39; 31:4-32; 32:21-31; 32:54- 37:35; Figs. 11, 14, 16(a), 16(b), 17(a), 17(b), 19(a), 19(b), 20, 21, 27(a), 27(b), 28 | allowing a copy of the particular sequence of bits to be provided to or accessed by or from at least one of the computers in a network of computers only if it is first determined to be **authorized** and denying access if it is first determined to be **unauthorized**

**Intrinsic Evidence**

Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):

Thus, the file history makes clear that a file access system that accesses data items is not the same as a system that determines whether such access is "authorized" / "not authorized." This also emphasizes that the mere inability of a file system to locate a given file cannot be a determination that access to that file is "not authorized." Contrary to petitioner's apparent position, the mere ability to locate a file does not mean that a determination has been made that access to that file is "authorized", and an inability to locate a file does not mean that a determination has been made that access to that file is "not authorized." (*Id.* at 18.)

Preliminary Opposition to IPR2013-00596 (Paper 8):

Because the "contents identifiers" calculated in |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | step 444 are for granules in the current version that *the local computer already has,* it would be virtually impossible and illogical for those contents identifiers to be used in any comparison for determining whether the local computer is "unauthorized" to access those granules - because it already has those granules. (*Id.* at 31.)

'420 patent at 31:7-9:

"Enforcing use of valid licenses can be active (for example, by refusing to provide access to a file without proper authorization) . . ."

'310 patent at Abstract:

"Access to and delivery of licensed content is controlled using content names that were determined based on the content. A name for a data item is obtained, the name having been determined based at least in part on the data which comprise the contents of the data item. Access to the data item is authorized based at least in part on the name. Once authorized, access may be granted from more than one computer. The name may have been determined using a hash or message digest function such as MD4, MD5 or SHA. The data item may comprise a file, a portion of a file, a page in memory, a digital message, a digital image, a video signal or an audio signal."

Brief of PersonalWeb, Case No. 18-1599 (Fed. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Cir.) Dkt. 15 at 10:

"Unlike the '310 patent, Woodhill does not use the Binary Object Identifiers to locate or control access to any data item within a network—as the Board agreed. Appx0022. Rather, Woodhill uses the Binary Object Identifiers for an entirely different purpose. When backing up a file from a local computer to the backup server, Woodhill determines whether the file has been backed-up previously. If so, Woodhill uses the Binary Object Identifiers to make a series of one-to-one comparisons of each Binary Object for the file on the local computer with the corresponding Binary Object for the same file on the back-up server— starting sequentially with the file's first Binary Object. If the Binary Object Identifier has changed, then the Binary Object on the backup server is replaced with the latest version from the local computer. Appx1678 (9:14-28). If not, the Binary Object in the previously backed-up file is left in place. *Id*. (9:22-25)."

Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8) at 5:

Petitioner's construction improperly attempts to read the above-underlined language of claim 70 out of the claim. Petitioner would have the Board construe claim 70 so that the "permitting" is performed based on whether any condition is met Contrary to petitioner's construction, the plain |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | language of claim 70 requires that the "selectively permitting ... " is performed based at least on whether a very particular condition is met- namely, whether in step (A) it was determined that the content-based identifier for the data item (i) did correspond to an entry in a database comprising a plurality of content-based identifiers, or (ii) did not correspond to an entry in the database. In other words, the plain language of the claim requires permitting the data item to be accessed when one of conditions (i) and (ii) is determined in step (A), and not permitting the data item to be accessed when the other of conditions (i) and (ii) is determined in step (A). <br><br> '420 File History, February 14, 2010 Response to Office Action at 13, 16: <br><br> "The claims have been amended (as discussed above) to clarify various features, notably: 1. Requested files are selectively provided (or caused to be provided), wherein copies of files are not provided without authorization. For example, a computer may have an unauthorized copy of a file, in which case it should not provide a copy of that file to another. Or, as another example, a requesting party may not be authorized to request or obtain a file, in which case no copy should be provided to that party. Or, as another example, a computer may have an authorized copy of a file but may not be authorized to provide that copy to others, in which case no copy should be provided. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | See, e.g., Application as filed ¶¶ 00327 to 00333. (These examples are not intended to limit the scope of the claims in any way.)" (*Id.* at 13.)<br><br>"Hellman differs fundamentally in operation from the presently claimed invention. In Hellman there is no control of distribution of files. Anyone can get a file (e.g., software), and then a system of authorization codes is used to control (and allow) use of those files. This means that the users' systems have to enforce authorization. The presently claimed invention, on the other hand, tries to prevent distribution without authorization. In Hellman the user is given the file unconditionally and then uses special hardware to enforce restrictions on that file's use. In the presently claimed invention a requested file is not provided without authorization." (*Id.* at 16.)<br><br>*See also* Patent Owner Response to '420 patent at 15:9-36; '420 patent at 23:38-52; '791 File History, July 11, 1996 Response and Preliminary Amendment; April 3, 1997; '791 File History, August 29, 1997 Amendment; '442 File History at June 7, 2004 Amendment at 23-24; IPR2013-00596 (Paper 15) at 6-8. |
| "the first device (A) permitting the content to be provided to or accessed by the at least one other computer if | Plain and ordinary meaning.<br><br>**Intrinsic Evidence** | (A) if it is determined that the at least one other computer is **authorized** or **licensed** to receive the content, allowing the at least one other computer to receive the content, otherwise (B) if it is |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| it is not determined that the content is unauthorized or unlicensed, otherwise, (B) if it is determined that the content is unauthorized or unlicensed, not permitting the content to be provided to or accessed by the at least one other computer" ('310 patent, claim 20) | '310 Patent: Abstract; 3:52-4:59; 8:60-62; 9:30-31; 11:33-44; 14:1-27; 15:12-33; 16:1-63; 17:40-18:35; 20:43-21:9; 21:38-60; 22:62-24:51; 24:65-25:10; 28:3-29:9; 30:11-39; 31:4- 32; 32:21-31; 32:54-37:35; Figs. 11, 14, 16(a), 16(b), 17(a), 17(b), 19(a), 19(b), 20, 21, 27(a), 27(b), 28 | determined that the at least one other computer is **unauthorized** or **unlicensed** to receive the content, preventing the at least one other computer from receiving the content<br><br>**Intrinsic Evidence**<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, the file history makes clear that a file access system that accesses data items is not the same as a system that determines whether such access is "authorized" / "not authorized." This also emphasizes that the mere inability of a file system to locate a given file cannot be a determination that access to that file is "not authorized." Contrary to petitioner's apparent position, the mere ability to locate a file does not mean that a determination has been made that access to that file is "authorized", and an inability to locate a file does not mean that a determination has been made that access to that file is "not authorized." (*Id.* at 18.)<br><br>Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Because the "contents identifiers" calculated in step 444 are for granules in the current version that *the local computer already has,* it would be virtually impossible and illogical for those |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | contents identifiers to be used in any comparison for determining whether the local computer is "unauthorized" to access those granules - because it already has those granules. (*Id.* at 31.)<br><br>'420 patent at 31:7-9:<br><br>"Enforcing use of valid licenses can be active (for example, by refusing to provide access to a file without proper authorization) . . ."<br><br>'310 patent at Abstract:<br><br>"Access to and delivery of licensed content is controlled using content names that were determined based on the content. A name for a data item is obtained, the name having been determined based at least in part on the data which comprise the contents of the data item. Access to the data item is authorized based at least in part on the name. Once authorized, access may be granted from more than one computer. The name may have been determined using a hash or message digest function such as MD4, MD5 or SHA. The data item may comprise a file, a portion of a file, a page in memory, a digital message, a digital image, a video signal or an audio signal."<br><br>Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15 at 10:<br><br>"Unlike the '310 patent, Woodhill does not use the |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Binary Object Identifiers to locate or control access to any data item within a network—as the Board agreed. Appx0022. Rather, Woodhill uses the Binary Object Identifiers for an entirely different purpose. When backing up a file from a local computer to the backup server, Woodhill determines whether the file has been backed-up previously. If so, Woodhill uses the Binary Object Identifiers to make a series of one-to-one comparisons of each Binary Object for the file on the local computer with the corresponding Binary Object for the same file on the back-up server—starting sequentially with the file's first Binary Object. If the Binary Object Identifier has changed, then the Binary Object on the backup server is replaced with the latest version from the local computer. Appx1678 (9:14-28). If not, the Binary Object in the previously backed-up file is left in place. *Id.* (9:22-25)." <br><br> Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8) at 5: <br><br> Petitioner's construction improperly attempts to read the above-underlined language of claim 70 out of the claim. Petitioner would have the Board construe claim 70 so that the "permitting" is performed based on whether any condition is met Contrary to petitioner's construction, the plain language of claim 70 requires that the "selectively permitting ... " is performed based at least on whether a very particular condition is met- |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | namely, whether in step (A) it was determined that the content-based identifier for the data item (i) did correspond to an entry in a database comprising a plurality of content-based identifiers, or (ii) did not correspond to an entry in the database. In other words, the plain language of the claim requires permitting the data item to be accessed when one of conditions (i) and (ii) is determined in step (A), and not permitting the data item to be accessed when the other of conditions (i) and (ii) is determined in step (A). |

'420 File History, February 14, 2010 Response to Office Action at 13, 16:

"The claims have been amended (as discussed above) to clarify various features, notably: 1. Requested files are selectively provided (or caused to be provided), wherein copies of files are not provided without authorization. For example, a computer may have an unauthorized copy of a file, in which case it should not provide a copy of that file to another. Or, as another example, a requesting party may not be authorized to request or obtain a file, in which case no copy should be provided to that party. Or, as another example, a computer may have an authorized copy of a file but may not be authorized to provide that copy to others, in which case no copy should be provided. See, e.g., Application as filed ¶¶ 00327 to 00333. (These examples are not intended to limit the scope of the claims in any way.)" (*Id.* at 13.)

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | "Hellman differs fundamentally in operation from the presently claimed invention. In Hellman there is no control of distribution of files. Anyone can get a file (e.g., software), and then a system of authorization codes is used to control (and allow) use of those files. This means that the users' systems have to enforce authorization. The presently claimed invention, on the other hand, tries to prevent distribution without authorization. In Hellman the user is given the file unconditionally and then uses special hardware to enforce restrictions on that file's use. In the presently claimed invention a requested file is not provided without authorization." (*Id.* at 16.)<br><br>*See also* Patent Owner Response to '420 patent at 15:9-36; '420 patent at 23:38-52; '791 File History, July 11, 1996 Response and Preliminary Amendment; April 3, 1997; '791 File History, August 29, 1997 Amendment; '442 File History at June 7, 2004 Amendment at 23-24; IPR2013-00596 (Paper 15) at 6-8. |
| "based on whether or not it is determined that access to the data item is authorized or unauthorized, to allow the data item to be provided to or accessed by the second computer if it is not determined that access to the | Plain and ordinary meaning.<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 3:52-4:59; 8:60-62; 9:30-31; 11:33-44; 14:1-27; 15:12-33; 16:1-63; 17:40-18:35; 20:43-21:9; 21:38-60; 22:62-24:51; 24:65- | based on whether or not it is determined that access to the sequence of bits is **authorized** or **unauthorized**, allowing the second computer to receive the content if access is **authorized** and not allowing the second computer to receive the content if it is **unauthorized** |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| data item is unauthorized" ('310 patent, claim 69) | 25:10; 28:3-29:9; 30:11-39; 31:4- 32; 32:21-31; 32:54-37:35; Figs. 11, 14, 16(a), 16(b), 17(a), 17(b), 19(a), 19(b), 20, 21, 27(a), 27(b), 28 | **Intrinsic Evidence**<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, the file history makes clear that a file access system that accesses data items is not the same as a system that determines whether such access is "authorized" / "not authorized." This also emphasizes that the mere inability of a file system to locate a given file cannot be a determination that access to that file is "not authorized." Contrary to petitioner's apparent position, the mere ability to locate a file does not mean that a determination has been made that access to that file is "authorized", and an inability to locate a file does not mean that a determination has been made that access to that file is "not authorized." (*Id.* at 18.)<br><br>Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Because the "contents identifiers" calculated in step 444 are for granules in the current version that *the local computer already has*, it would be virtually impossible and illogical for those contents identifiers to be used in any comparison for determining whether the local computer is "unauthorized" to access those granules - because it already has those granules. (*Id.* at 31.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | '420 patent at 31:7-9:<br><br>"Enforcing use of valid licenses can be active (for example, by refusing to provide access to a file without proper authorization) . . ."<br><br>'310 patent at Abstract:<br><br>"Access to and delivery of licensed content is controlled using content names that were determined based on the content. A name for a data item is obtained, the name having been determined based at least in part on the data which comprise the contents of the data item. Access to the data item is authorized based at least in part on the name. Once authorized, access may be granted from more than one computer. The name may have been determined using a hash or message digest function such as MD4, MD5 or SHA. The data item may comprise a file, a portion of a file, a page in memory, a digital message, a digital image, a video signal or an audio signal."<br><br>Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15 at 10:<br><br>"Unlike the '310 patent, Woodhill does not use the Binary Object Identifiers to locate or control access to any data item within a network—as the Board agreed. Appx0022. Rather, Woodhill uses the Binary Object Identifiers for an entirely |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | different purpose. When backing up a file from a local computer to the backup server, Woodhill determines whether the file has been backed-up previously. If so, Woodhill uses the Binary Object Identifiers to make a series of one-to-one comparisons of each Binary Object for the file on the local computer with the corresponding Binary Object for the same file on the back-up server— starting sequentially with the file's first Binary Object. If the Binary Object Identifier has changed, then the Binary Object on the backup server is replaced with the latest version from the local computer. Appx1678 (9:14-28). If not, the Binary Object in the previously backed-up file is left in place. *Id*. (9:22-25)."<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8) at 5:<br><br>Petitioner's construction improperly attempts to read the above-underlined language of claim 70 out of the claim. Petitioner would have the Board construe claim 70 so that the "permitting" is performed based on whether any condition is met Contrary to petitioner's construction, the plain language of claim 70 requires that the "selectively permitting ... " is performed based at least on whether a very particular condition is met- namely, whether in step (A) it was determined that the content-based identifier for the data item (i) did correspond to an entry in a database comprising a plurality of content-based identifiers, |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | or (ii) did not correspond to an entry in the database. In other words, the plain language of the claim requires permitting the data item to be accessed when one of conditions (i) and (ii) is determined in step (A), and not permitting the data item to be accessed when the other of conditions (i) and (ii) is determined in step (A).<br><br>'420 File History, February 14, 2010 Response to Office Action at 13, 16:<br><br>"The claims have been amended (as discussed above) to clarify various features, notably: 1. Requested files are selectively provided (or caused to be provided), wherein copies of files are not provided without authorization. For example, a computer may have an unauthorized copy of a file, in which case it should not provide a copy of that file to another. Or, as another example, a requesting party may not be authorized to request or obtain a file, in which case no copy should be provided to that party. Or, as another example, a computer may have an authorized copy of a file but may not be authorized to provide that copy to others, in which case no copy should be provided. See, e.g., Application as filed ¶¶ 00327 to 00333. (These examples are not intended to limit the scope of the claims in any way.)" (*Id.* at 13.)<br><br>"Hellman differs fundamentally in operation from the presently claimed invention. In Hellman there is no control of distribution of files. Anyone can |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | get a file (e.g., software), and then a system of authorization codes is used to control (and allow) use of those files. This means that the users' systems have to enforce authorization. The presently claimed invention, on the other hand, tries to prevent distribution without authorization. In Hellman the user is given the file unconditionally and then uses special hardware to enforce restrictions on that file's use. In the presently claimed invention a requested file is not provided without authorization." (*Id.* at 16.)<br><br>*See also* Patent Owner Response to '420 patent at 15:9-36; '420 patent at 23:38-52; '791 File History, July 11, 1996 Response and Preliminary Amendment; April 3, 1997; '791 File History, August 29, 1997 Amendment; '442 File History at June 7, 2004 Amendment at 23-24; IPR2013-00596 (Paper 15) at 6-8. |
| "the request including at least a content dependent name of a particular data item" / "the request including at least a content-dependent name for the data item" ('310 patent, claims 20, 69) | the request including at least a content dependent name of a particular **data item** / the request including at least a content dependent name for the **data item**<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 3:52-4:59; 14:1-27; 15:12-33; 16:1-63; 17:40-18:35; 20:43-21:9; 21:38-60; 22:62-24:51; 24:65-25:10; 28:3-29:9; 30:11-39; 31:4-32; 32:21-31; 32:54-37:35; Figs. 11, 14, 16(a), 16(b), 17(a), 17(b), 19(a), 19(b), 20, 21, | the request including at least a content dependent name of a particular requested **data item**<br><br>**Intrinsic Evidence**<br><br>'420 patent at 23:38-42:<br><br>"3. Request for True File -- This mechanism allows a remote processor to request a True File from the local processor.  It requires a True Name and responds positively by sending a True File |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | 27(a), 27(b), 28 | back to the requesting processor." <br><br> '280 File History, August 22, 2001 Response to Office Action at 23-24: <br><br> "Thus, the application teaches accessing data items using their True Names (e.g., hashes of their contents). And it further teaches accessing data items (using their True Names) from any location and independent of the location of the data items. Further, using a data item's True Name, the data item may be obtained from one or more locations, e.g., as specified in a True File registry table. As discussed above, the True File Registry table may contain 'source ID(s) of ... sources from which this file or data item may be retrieved.' *Specification*, pg. 17, liens (sic) 10-12." (*Id.* at 23.) <br><br> The *Request True File* 'mechanism allows a remote processor to request a copy of a True File from the local processor. It requires a True Name and responds. positively by sending a True File back to the requesting processor.'" (*Id.* at 24.) <br><br> '310 File History, May 27, 2010 Notice of Allowance : <br><br> "… the current application is focused on sending/getting/transmitting a hash value of the content with the request from the first computer at the first location to the second remote computer at the second computer in the network; for the |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | purpose of accessing the stored content at the remote location." (*Id.* at 3-4.) <br><br> Patent Owner Response to IPR2013-00596 (Paper 15): <br><br> One of ordinary skill in the art at the time of the invention would have understood that there is a significant difference between a "name" and a mere "identifier." "Name" should not be removed from the construction, and should not be replaced with "identifier." One of ordinary skill in the art at the time of the invention would have recognized that a "name" for a data item is used not only to identify that data item, but is also used to refer to that data item, to access that data item, search for that data item, and address that data item, both in this art in general and according to the instant specification. (*Id.* at 5.) <br><br> "Claims 24 and 70 require a "request" that includes a content-dependent name (claim 24) or identifier (claim 70) for a corresponding data item. These claims then require that the data item corresponding to the name (claim 24) or identifier (claim 70) is accessed by other computer(s) based on the claimed comparison….Thus, independent claim 70 requires that the particular data item corresponding to the content-based identifier in the request is accessed, or permitted to be accessed, by other computer(s) in the network based on the comparison in step (A). Similarly, |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | independent claim 24 requires that *the particular data item corresponding to the content-dependent name in the request is provided to or accessed by the second computer when it is determined that access to that data item is authorized based on the comparison.* And independent claims 81 and 86 also require that the particular sequence of bits corresponding to the identifier received from the another device is provided to or accessed by other devices depending on the comparison. This is important because both parties *agree* that in the alleged Woodhill/Stefik combination granules corresponding to contents identifiers in the alleged request ("update request") are NEVER provided to the requesting computer in response to the request("update request") are NEVER provided to the requesting computer in response to the request. (*Id.* at 8-10).<br><br>Because the "contents identifiers" calculated in step 444 are for granules in the current version that *the local computer already has,* it would be virtually impossible and illogical for those contents identifiers to be used in any comparison for determining whether the local computer is "unauthorized" to access those granules - because it already has those granules. (*Id.* at 31.)<br><br>In the alleged Woodhill/Stefik combination, granules corresponding to contents identifiers in the alleged request ("update request") are NEVER provided to the requesting computer in response to |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | the request. (Goldberg Dep. 65-67, 80- 82 [Ex. 2015]; Woodhill at Fig. SI and col. 17:18-67; and Dewar Decl., ¶ 50 [Ex. 2020].) In the relied upon restore procedure, no granule having an identifier in the "update request" is ever provided to the requesting computer. *Id.* The contents identifiers in the alleged "request" were calculated in step 444 and thus are NOT for granules that are being requested - the requesting local computer already has the granules corresponding to the contents identifiers calculated in step 444 and therefore they are never provided to the local computer even in the allegedly modified system. *Id.* And because granules identified in the request are never sent to the local computer in the restore procedure (the local computer already has them), it would be non-sensical and illogical to use identifiers for such granules to determine whether the system is authorized to provide such granules to the local computer. (*Id.* at 31-32.)<br><br>One of ordinary skill in the art at the time of the invention would have understood that there is a significant difference between a "name" and a mere "identifier", and would have understood that a "name" for a data item is used not only to identify that data item but is also used to refer to that data item, to access that data item, search for that data item, and address that data item, both in this art and according to the instant specification. (*Id.* at 33-34.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Patent Owner Response to IPR2013-00084 (Paper 9) at 13:<br><br>There is a fundamental difference between the '544 patent and Woodhill.  While Woodhill uses a hash algorithm, it is not used as a file name or as a substitute for the file name. Instead, Woodhill employs the hash algorithm to compare the same file components to determine whether there has been a change thereto. Such verification uses of hash algorithms were known in the art and were considered by the Examiner during prosecution of the '544 patent.<br><br>*See also* '420 File History, May 19, 2009 Response to Office Action at 16-17; February 14, 2010 Response to Office Action at 18; '310 File History, Dec. 11, 2009 Response; *id.,* March 17, 2010 Interview Summary; *id.,* April 19, 2010 RCE and Response; *id.,* April 22, 2010 Interview Summary and March 15, 2010 Fax for Discussion Purposes Only; Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8) at 31. |
| "content-dependent name of a particular data item" / "content-dependent name for the data item" ('310 patent, claims 20, 69) | a data item identifier that changes with the content of the **data item**<br><br>**Intrinsic Evidence** | an identifier used to locate and access a particular sequence of bits that is generated by processing the sequence of bits<br><br>**Intrinsic Evidence** |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | '310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-51; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14 | Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit. (*Id.* at 14.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location.<br><br>Woodhill's backup process is also limited to one-to-one comparisons: it compares, once, a single Binary Object Identifier with another single Binary Object Identifier. A2842. Unlike True |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Names, Woodhill never compares a Binary Object Identifier—for a Binary Object at a particular location in a particular file— against multiple Binary Object Identifiers for *other* Binary Objects at *all* locations in *all* files. (*Id.* at 15.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>This proposed method is unlike the True Name invention, in which data items are accessed by comparing the True Name against a list of stored True Names, thus *eliminating* the need for directory path and filename information. (*Id.* at 19.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object identifiers or contents identifiers as names. Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | '420 patent:<br><br>The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item.  (*Id.* at 1:19-23.)<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 13:6-12; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of Personal-Web, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26.<br><br>**Extrinsic Evidence**<br><br>*PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "name for a data file" ('442 patent, claim 10) | a **data file** identifier<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-51; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14 | an identifier used to locate and access a **data file**<br><br>**Intrinsic Evidence**<br><br><u>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:</u><br><br>Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | perform a conventional checksum audit. (*Id.* at 14.) |

Amazon and Twitch's Proposed Construction and Evidence (continued):

Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:

The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location.

Woodhill's backup process is also limited to one-to-one comparisons: it compares, once, a single Binary Object Identifier with another single Binary Object Identifier. A2842. Unlike True Names, Woodhill never compares a Binary Object Identifier—for a Binary Object at a particular location in a particular file— against multiple Binary Object Identifiers for *other* Binary Objects at *all* locations in *all* files. (*Id.* at 15.)

Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:

This proposed method is unlike the True Name invention, in which data items are accessed by comparing the True Name against a list of stored True Names, thus *eliminating* the need for directory path and filename information. (*Id.* at 19.)

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8): Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object identifiers or contents identifiers as names. Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.) ___ '420 patent: ___ The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item.  (*Id.* at 1:19-23.) *See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 13:6-12; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of Personal-Web, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26. **Extrinsic Evidence** *PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| "content-dependent name for a particular sequence of bits" ('420 patent, claim 25) | a data item identifier that changes with the content of the particular sequence of bits of the particular **data item**<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-51; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14 | an identifier used to locate and access a particular sequence of bits that is generated by processing the data in the particular sequence of bits<br><br>**Intrinsic Evidence**<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit. (*Id.* at 14.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Woodhill's backup process is also limited to one-to-one comparisons: it compares, once, a single Binary Object Identifier with another single Binary Object Identifier. A2842. Unlike True Names, Woodhill never compares a Binary Object Identifier—for a Binary Object at a particular location in a particular file— against multiple Binary Object Identifiers for *other* Binary Objects at *all* locations in *all* files. (*Id.* at 15.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>This proposed method is unlike the True Name invention, in which data items are accessed by comparing the True Name against a list of stored True Names, thus *eliminating* the need for directory path and filename information. (*Id.* at 19.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object identifiers or contents identifiers as names. Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.)<br><br>'420 patent:<br><br>The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item. (*Id.* at 1:19-23.)<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 13:6-12; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of Personal-Web, Case No. 14-1602 (Fed. Cir.) Dkt. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 29 at 14, 15-16; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26.<br><br>**Extrinsic Evidence**<br><br>*PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "content-dependent digital identifier" ('420 patent, claim 166)<br><br>("digital identifier" is a previously construed term) | a data item identifier that changes with the content of the **data item**<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-51; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14 | an identifier used to locate and access a sequence of bits that is generated by processing the sequence of bits<br><br>**Intrinsic Evidence**<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit. (*Id.* at 14.) <br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: <br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location. <br><br>Woodhill's backup process is also limited to one-to-one comparisons: it compares, once, a single Binary Object Identifier with another single Binary Object Identifier. A2842. Unlike True Names, Woodhill never compares a Binary Object Identifier—for a Binary Object at a particular location in a particular file— against multiple Binary Object Identifiers for *other* Binary Objects at *all* locations in *all* files. (*Id.* at 15.) <br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: <br><br>This proposed method is unlike the True Name |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | invention, in which data items are accessed by comparing the True Name against a list of stored True Names, thus *eliminating* the need for directory path and filename information. (*Id.* at 19.)

Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):

Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object identifiers or contents identifiers as names. Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.)

'420 patent:

The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item.  (*Id.* at 1:19-23.)

*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 7:66-8:4; 8:8-12; 8:40-57; 9:10; 13:6-12; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of Personal-Web, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26. **Extrinsic Evidence** *PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | claims). |
| "content-dependent digital identifiers for said particular data item" ('420 patent, claim 166) | a data item identifier that changes with the content of the particular sequence of bits of the particular **data item**<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-51; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14 | identifiers used to locate and access a particular sequence of bits that are generated by processing the sequence of bits<br><br>**Intrinsic Evidence**<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit. (*Id.* at 14.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | exists at a storage location and whether it matches another file stored at a different location.<br><br>Woodhill's backup process is also limited to one-to-one comparisons: it compares, once, a single Binary Object Identifier with another single Binary Object Identifier. A2842. Unlike True Names, Woodhill never compares a Binary Object Identifier—for a Binary Object at a particular location in a particular file— against multiple Binary Object Identifiers for *other* Binary Objects at *all* locations in *all* files. (*Id.* at 15.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>This proposed method is unlike the True Name invention, in which data items are accessed by comparing the True Name against a list of stored True Names, thus *eliminating* the need for directory path and filename information. (*Id.* at 19.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object identifiers or contents identifiers as names. Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.)<br><br>'420 patent:<br><br>The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item.  (*Id.* at 1:19-23.)<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 13:6-12; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 2010 Supplemental Amendment; Brief of Personal-Web, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26.<br><br>**Extrinsic Evidence**<br><br>*PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "digital key for the particular file" / "file key for each particular file" ('544 patent, claims 46, 52) | a content-based identifier for [the/each] particular file<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-51; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14 | unique identifier used to locate [the/each] particular file<br><br>**Intrinsic Evidence**<br><br>'544 File History, December 30, 2010 Response to Office Action:<br><br>Claim 10 has been amended to clarify its meaning, i.e., that the data item identifier is based on a function of the segment identifiers. For example, a data item may consist of *N* segments, thereby having *N* segment identifiers. The data item |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | identifier would, in this case, be a function of the *N* segment identifiers. One example of this is a hash function of a block formed by the *N* segment identifiers. (*Id.* at 17.)<br><br>'544 File History, December 30, 2010 Response to Office Action:<br><br>In the presently claimed invention, on the other hand, the identifiers of the segments of a data item are compared to a plurality of identifiers corresponding to a plurality of data items. This is used to determine whether or not said first data item corresponds to any of the plurality of data items. Nothing in Squibb teaches or in any way suggests using segment identifiers to determine whether or not said first data item corresponds to any of the plurality of data items. (*Id.* at 18.)<br><br>(Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>…respect to claim 1 of the '544 patent. A199-201; A207. That claim recites another version of the specific kind of "hash of hashes" discussed above: for a first data item comprising a plurality of parts, … applying a first [hash] function to each part of said first plurality of parts to obtain a corresponding part value for each part of said first plurality of parts, … and … obtaining a first value for the first data item, said first value obtained by applying a second [hash] function to the part |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | values of said first plurality of parts of said first data item. A11157; A199. As the elements are arranged, therefore, this claim requires (among other things) applying a first hash function to obtain part values, and then applying a second hash function to those part values to obtain a first value—in short, as the PTAB summarized, it requires a "hash of hashes." A199. (*Id.* at 59.) <br><br> Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: <br><br> The PTAB committed the same error yet again in holding that Kantor anticipated claim 1 of the '544 patent. That claim requires: (a) separating a 'data item' into a 'plurality of parts'; (b) applying a hash function to each part to obtain a 'value' for each part; and (c) applying a second hash function to the 'value' of each part to obtain a value for the 'data item' as a whole. A11157. (*Id.* at 72.) <br><br> Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: <br><br> Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit. (*Id.* at 14.)

*See also* '420 patent at 5:24-25, 5:39-43, FIG. 10(b), 13:13-31;'791 File History, August 29, 1997 Response to Office Action at 18.

**Extrinsic Evidence**

Newton's Telecom Dictionary (1994):

key. 1. One or more characters or perhaps a field within a data record used to identify the data and perhaps control its use. (*Id.*)

Microsoft Computer Dictionary (2nd ed. 1994):

key.  In database management, an identifier for a record or group of records in a data file. Most often, the key is defined as the contents of a single field, called the key field in some database management programs and the index field in others. In most database management systems, the keys (meaning the contents of a single key field or the composite key) are maintained in key tables and are specially indexed to speed record retrieval. In many database management systems, these key |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | tables are called index files. (*Id.*)<br><br>IBM Dictionary of Computing (10th ed. 1994):<br><br>key (1) An identifier within a set of data elements.; (2) One or more characters used to identify the record and establish the order of the record within an indexed file.;… (8) The value used to identify a record in a keyed sequence file. (9) In SQL, a column or an ordered collection of columns identified in the description of an index…(*Id.*) |
| "based at least in part on a function of at least some of the data comprising the particular data item" ('310 patent, claim 20) | Plain and ordinary meaning.<br><br>Alternative construction: being based at least in part on a computation using at least some of the bits of the particular sequence of bits<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-51; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14<br><br>"an identifier for a data item being based, at least in part, on a given function of at least some of the bits in the particular sequence of bits of the particular data item" (construction of "content-dependent name", Final Written Decision, No. IPR2013-00596 ('310 Patent) (Mar. 25, 2015), at 8 | being based at least in part on a computation where the input is at least some of the bits in the particular sequence of bits<br><br>**Intrinsic Evidence**<br><br>'442 patent:<br><br>Data files may represent may represent [sic] digital messages, images, videos or audio signals. For content – data items or files in the system – a name is obtained (or determined), where the name is based, at least in part, on a given function of the data in a data item or file. (*Id.* at Abstract.)<br><br>'420 patent:<br><br>To determine the True Name of a simple data item, with reference to FIG. 10(a), first compute |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | the MD function (described above) on the given simple data item (Step S212). Then append to the resulting 128 bits, the byte length modulo 32 of the data item (Step S214). The resulting 160-bit value is the True Name of the simple data item. (*Id.* at 13:6-12.)<br><br>'420 patent:<br><br>The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item.  (*Id.* at 1:19-23.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location. (*Id.* at 15.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | identifiers or contents identifiers as names. Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.)

*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16, 19; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26.<br><br>**Extrinsic Evidence**<br><br>*PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "based at least in part on a function of the data in the data item, wherein the data used by the function to determine the content-dependent name comprises at least some of the contents of the data item" ('310 patent, claim 69) | Plain and ordinary meaning.<br><br>Alternative construction: based at least in part on a computation using at least some of the bits of the particular sequence of bits<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 12:21-51; 13:17-41; 35:48-63; 37:23-27; Figs. 10(a), 10(b)<br><br>"an identifier for a data item being based, at least in part, on a given function of at least some of the bits in the particular sequence of bits of the particular data item" (construction of "content-dependent name", Final Written Decision, No. IPR2013-00596 ('310 Patent) (Mar. 25, 2015), at 8 | being based at least in part on a computation where the input is at least some of the bits in the sequence of bits<br><br>**Intrinsic Evidence**<br><br>'442 patent:<br><br>Data files may represent may represent [sic] digital messages, images, videos or audio signals. For content – data items or files in the system – a name is obtained (or determined), where the name is based, at least in part, on a given function of the data in a data item or file. (*Id.* at Abstract.)<br><br>'420 patent:<br><br>To determine the True Name of a simple data item, with reference to FIG. 10(a), first compute |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | the MD function (described above) on the given simple data item (Step S212). Then append to the resulting 128 bits, the byte length modulo 32 of the data item (Step S214). The resulting 160-bit value is the True Name of the simple data item. (*Id.* at 13:6-12.)<br><br>'420 patent:<br><br>The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item.  (*Id.* at 1:19-23.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location. (*Id.* at 15.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | identifiers or contents identifiers as names. Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.)<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16, 19; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26.<br><br>**Extrinsic Evidence**<br><br>*PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "based at least in part on a given function of the data, wherein the data used by the function comprises the contents of the particular file" ('442 patent, claim 10) | Plain and ordinary meaning.<br><br>Alternative construction: being based at least in part on a computation using at least the data in the particular file<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 12:21-51; 13:17-41; 35:48-63; 37:23-27; Figs. 10(a), 10(b)<br><br>"an identifier for a data item being based, at least in part, on a given function of at least some of the bits in the particular sequence of bits of the particular data item" (construction of "content-dependent name", Final Written Decision, No. IPR2013-00596 ('310 Patent) (Mar. 25, 2015), at 8<br><br>**Extrinsic Evidence** | being based at least in part on a computation where the input is all of the data in the file<br><br>**Intrinsic Evidence**<br><br>'442 patent:<br><br>Data files may represent may represent [sic] digital messages, images, videos or audio signals. For content – data items or files in the system – a name is obtained (or determined), where the name is based, at least in part, on a given function of the data in a data item or file. (*Id.* at Abstract.)<br><br>'420 patent:<br><br>To determine the True Name of a simple data item, with reference to FIG. 10(a), first compute the MD function (described above) on the given |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | "The transitional term 'comprising', which is synonymous with 'including,' 'containing,' or 'characterized by,' is inclusive or open-ended and does not exclude additional, unrecited elements or method steps." 2111.03 Transitional Phrases (R-08.2017), Manual of Patent Examining Procedure § 2111.03<br><br>"'Comprising' is a term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim." *Regeneron Pharm., Inc. v. Merus N.V.*, 864 F.3d 1343, 1352 (Fed. Cir. 2017), cert. denied, 139 S. Ct. 122, 202 L. Ed. 2d 197 (2018), quoting *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997). | simple data item (Step S212). Then append to the resulting 128 bits, the byte length modulo 32 of the data item (Step S214). The resulting 160-bit value is the True Name of the simple data item. (*Id.* at 13:6-12.)<br><br>'420 patent:<br><br>The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item. (*Id.* at 1:19-23.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location. (*Id.* at 15.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object identifiers or contents identifiers as names. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.)<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, *inter alia*, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16, 19; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. |

77

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26.<br><br>**Extrinsic Evidence**<br><br>*PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "at least in part by applying a particular function to at least some of the particular sequence of bits" ('420 patent, claim 25) | at least in part by performing a particular computation using at least some of the bits in the particular sequence of bits<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 12:21-51; 13:17-41; 35:48-63; 37:23-27; Figs. 10(a), 10(b) | at least in part by performing a computation where the input is some of the bits in the particular sequence of bits<br><br>**Intrinsic Evidence**<br><br>'442 patent:<br><br>Data files may represent may represent [sic] digital messages, images, videos or audio signals. For content – data items or files in the system – a name is obtained (or determined), where the name is based, at least in part, on a given function of the data in a data item or file. (*Id.* at Abstract.)<br><br>'420 patent:<br><br>To determine the True Name of a simple data item, with reference to FIG. 10(a), first compute the MD function (described above) on the given |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | simple data item (Step S212). Then append to the resulting 128 bits, the byte length modulo 32 of the data item (Step S214). The resulting 160-bit value is the True Name of the simple data item. (*Id.* at 13:6-12.)<br><br>'420 patent:<br><br>The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item.  (*Id.* at 1:19-23.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location. (*Id.* at 15.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object identifiers or contents identifiers as names. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.)<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16, 19; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26.<br><br>**Extrinsic Evidence**<br><br>*PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "based at least in part on a given function of at least some of the bits in the particular sequence of bits" ('420 patent, claim 166) | Plain and ordinary meaning.<br><br>Alternative construction: based at least in part on a given computation using at least some of the bits in the particular sequence of bits<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 12:21-51; 13:17-41; 35:48-63; 37:23-27; Figs. 10(a), 10(b) | based at least in part by performing a computation where the input is at least some of the bits in the particular sequence of bits<br><br>**Intrinsic Evidence**<br><br>'442 patent:<br><br>Data files may represent may represent [sic] digital messages, images, videos or audio signals. For content – data items or files in the system – a name is obtained (or determined), where the name is based, at least in part, on a given function of the data in a data item or file. (*Id.* at Abstract.)<br><br>'420 patent:<br><br>To determine the True Name of a simple data item, with reference to FIG. 10(a), first compute the MD function (described above) on the given |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | simple data item (Step S212). Then append to the resulting 128 bits, the byte length modulo 32 of the data item (Step S214). The resulting 160-bit value is the True Name of the simple data item. (*Id.* at 13:6-12.)<br><br>'420 patent:<br><br>The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item.  (*Id.* at 1:19-23.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location. (*Id.* at 15.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object identifiers or contents identifiers as names. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Woodhill uses "names" for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.)<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16, 19; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26. **Extrinsic Evidence** *PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "being based on a first function of the contents of the specific part" ('544 patent, claim 46) | Plain and ordinary meaning. Alternative construction: being based upon a first computation using the data of the specific part **Intrinsic Evidence** '310 Patent: Abstract; 12:21-51; 13:17-41; 35:48-63; 37:23-27; Figs. 10(a), 10(b) | being based on a computation where the input is all of the data in the specific part **Intrinsic Evidence** '442 patent: Data files may represent may represent [sic] digital messages, images, videos or audio signals. For content – data items or files in the system – a name is obtained (or determined), where the name is based, at least in part, on a given function of the data in a data item or file. (*Id.* at Abstract.) '420 patent: To determine the True Name of a simple data item, with reference to FIG. 10(a), first compute the MD function (described above) on the given simple data item (Step S212). Then append to the |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | resulting 128 bits, the byte length modulo 32 of the data item (Step S214). The resulting 160-bit value is the True Name of the simple data item. (*Id.* at 13:6-12.)<br><br>'420 patent:<br><br>The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item. (*Id.* at 1:19-23.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location. (*Id.* at 15.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):<br><br>Thus, contrary to petitioner's suggestion, something is not a "name" simply because it is an "identifier." Woodhill does not use binary object identifiers or contents identifiers as names. Woodhill uses "names" for files (see name 40 in |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
|  |  | Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network. (*Id.* at 33-34.)<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16, 19; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16- |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 1174 (Fed. Cir.) Dkt. 46 at 25-26.<br><br>**Extrinsic Evidence**<br><br>*PersonalWeb v. International Business Machines*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "wherein the particular digital key for the particular file is determined using a second function of the one or more of part values of said first one or more parts" ('544 patent, claim 46) | Plain and ordinary meaning.<br><br>Part value: "a value created by a computation using the sequence of bits that makes up the part"<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 12:21-51; 13:17-41; 35:48-63; 37:23-27; Figs. 10(a), 10(b) | wherein **the digital key for the particular file** is determined based on a computation where the input is the part values of each of the distinct sequences of bits in the file<br><br>Part value: "a value created by a computation on the sequence of bits that makes up the part"<br><br>**Intrinsic Evidence**<br><br>'544 File History, December 30, 2010 Response to Office Action:<br><br>Claim 10 has been amended to clarify its meaning, i.e., that the data item identifier is based on a function of the segment identifiers. For example, a data item may consist of *N* segments, thereby having *N* segment identifiers. The data item identifier would, in this case, be a function of the *N* segment identifiers. One example of this is a hash function of a block formed by the *N* segment identifiers. (*Id.* at 17.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | <u>'544 File History, December 30, 2010 Response to Office Action:</u><br><br>In the presently claimed invention, on the other hand, the identifiers of the segments of a data item are compared to a plurality of identifiers corresponding to a plurality of data items. This is used to determine whether or not said first data item corresponds to any of the plurality of data items. Nothing in Squibb teaches or in any way suggests using segment identifiers to determine whether or not said first data item corresponds to any of the plurality of data items. (*Id.* at 18.)<br><br>(Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>…respect to claim 1 of the '544 patent. A199-201; A207. That claim recites another version of the specific kind of "hash of hashes" discussed above: for a first data item comprising a plurality of parts, … applying a first [hash] function to each part of said first plurality of parts to obtain a corresponding part value for each part of said first plurality of parts, … and … obtaining a first value for the first data item, said first value obtained by applying a second [hash] function to the part values of said first plurality of parts of said first data item. A11157; A199. As the elements are arranged, therefore, this claim requires (among other things) applying a first hash function to |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | obtain part values, and then applying a second hash function to those part values to obtain a first value—in short, as the PTAB summarized, it requires a "hash of hashes." A199. (*Id.* at 59.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The PTAB committed the same error yet again in holding that Kantor anticipated claim 1 of the '544 patent. That claim requires: (a) separating a 'data item' into a 'plurality of parts'; (b) applying a hash function to each part to obtain a 'value' for each part; and (c) applying a second hash function to the 'value' of each part to obtain a value for the 'data item' as a whole. A11157. (*Id.* at 72.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | perform a conventional checksum audit. (*Id.* at 14.) |
| | | *See also* '420 patent at 5:24-25, 5:39-43, FIG. 10(b), 13:13-31;'791 File History, August 29, 1997 Response to Office Action at 18. |
| | | **Extrinsic Evidence** |
| | | Newton's Telecom Dictionary (1994): |
| | | key. 1. One or more characters or perhaps a field within a data record used to identify the data and perhaps control its use. (*Id.*) |
| | | Microsoft Computer Dictionary (2nd ed. 1994): |
| | | key.  In database management, an identifier for a record or group of records in a data file. Most often, the key is defined as the contents of a single field, called the key field in some database management programs and the index field in others. In most database management systems, the keys (meaning the contents of a single key field or the composite key) are maintained in key tables and are specially indexed to speed record retrieval. In many database management systems, these key tables are called index files. (*Id.*) |
| | | IBM Dictionary of Computing (10th ed. 1994): |
| | | key (1) An identifier within a set of data |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | elements.; (2) One or more characters used to identify the record and establish the order of the record within an indexed file.;… (8) The value used to identify a record in a keyed sequence file. (9) In SQL, a column or an ordered collection of columns identified in the description of an index…(*Id.*) |
| "the file key for each particular file being based on a second hash function of the part values of the one or more parts of that file" ('544 patent, claim 52) | Plain and ordinary meaning. Part value: "a value created by a computation using the sequence of bits that makes up the part" **Intrinsic Evidence** '310 Patent: Abstract; 12:21-51; 13:17-41; 35:48-63; 37:23-27; Figs. 10(a), 10(b) | wherein **the file key for each particular file** is determined based on a computation where the input is the part values of each of the **parts** Part value: "a value created by a computation on the sequence of bits that makes up the part" **Intrinsic Evidence** '544 File History, December 30, 2010 Response to Office Action: Claim 10 has been amended to clarify its meaning, i.e., that the data item identifier is based on a function of the segment identifiers. For example, a data item may consist of *N* segments, thereby having *N* segment identifiers. The data item identifier would, in this case, be a function of the *N* segment identifiers. One example of this is a hash function of a block formed by the *N* segment identifiers. (*Id.* at 17.) '544 File History, December 30, 2010 Response to Office Action: |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | In the presently claimed invention, on the other hand, the identifiers of the segments of a data item are compared to a plurality of identifiers corresponding to a plurality of data items. This is used to determine whether or not said first data item corresponds to any of the plurality of data items. Nothing in Squibb teaches or in any way suggests using segment identifiers to determine whether or not said first data item corresponds to any of the plurality of data items. (*Id.* at 18.)<br><br>(Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>…respect to claim 1 of the '544 patent. A199-201; A207. That claim recites another version of the specific kind of "hash of hashes" discussed above: for a first data item comprising a plurality of parts, … applying a first [hash] function to each part of said first plurality of parts to obtain a corresponding part value for each part of said first plurality of parts, … and … obtaining a first value for the first data item, said first value obtained by applying a second [hash] function to the part values of said first plurality of parts of said first data item. A11157; A199. As the elements are arranged, therefore, this claim requires (among other things) applying a first hash function to obtain part values, and then applying a second hash function to those part values to obtain a first value—in short, as the PTAB summarized, it |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | requires a "hash of hashes." A199. (*Id.* at 59.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>The PTAB committed the same error yet again in holding that Kantor anticipated claim 1 of the '544 patent. That claim requires: (a) separating a 'data item' into a 'plurality of parts'; (b) applying a hash function to each part to obtain a 'value' for each part; and (c) applying a second hash function to the 'value' of each part to obtain a value for the 'data item' as a whole. A11157. (*Id.* at 72.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit. (*Id.* at 14.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | *See also* '420 patent at 5:24-25, 5:39-43, FIG. 10(b), 13:13-31;'791 File History, August 29, 1997 Response to Office Action at 18.<br><br>**Extrinsic Evidence**<br><br>Newton's Telecom Dictionary (1994):<br><br>key. 1. One or more characters or perhaps a field within a data record used to identify the data and perhaps control its use. (*Id.*)<br><br>Microsoft Computer Dictionary (2nd ed. 1994):<br><br>key.  In database management, an identifier for a record or group of records in a data file. Most often, the key is defined as the contents of a single field, called the key field in some database management programs and the index field in others. In most database management systems, the keys (meaning the contents of a single key field or the composite key) are maintained in key tables and are specially indexed to speed record retrieval. In many database management systems, these key tables are called index files. (*Id.*)<br><br>IBM Dictionary of Computing (10th ed. 1994):<br><br>key (1) An identifier within a set of data elements.; (2) One or more characters used to identify the record and establish the order of the |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | record within an indexed file.;… (8) The value used to identify a record in a keyed sequence file. (9) In SQL, a column or an ordered collection of columns identified in the description of an index…(*Id.*) |
| "database" ('544 patent, claims 46, 52, 55) | an organized electronic collection of data<br><br>**Intrinsic Evidence**<br><br>'310 Patent: 2:6-38; 3:63-4:3; 8:7-17; 9:1-11:44; 14:1-15:33; 15:60-16:63; 17:9-39; 18:12-67; 19:11-26; 19:50-26:27; 27:15-34; 28:4-38; 29:11-31:33; 31:49-67; 32-54- 33:28; 34:36-36:31; 36:48-37:42; Figs. 4, 11-14, 16(a)-(b),17(a)-(b), 18(a)-(b), 20, 22, 24, 26(a)-(b), 27(a)-(b), 28<br><br>**Extrinsic Evidence**<br>"database (1) (A) (data management) (software) A collection of logically related data stored together in one or more computerized files. Note: Each data item is identified by one or more keys. See also: database management system, (B) (data management) (software)I n CODASYL, the collection of all the record occurrences, set occurrences, and areas controlled by (2) A collection of data fundamental to a system. (C/SE) 1074-1995 (3) A collection of related data stored in one or more computerized files in a manner that can be accessed by users or computer programs via a database management system." | a data store that organizes data in a table<br><br>**Intrinsic Evidence**<br><br>'420 patent at Fig. 4, 7:50-56, 9:1-5:<br><br>"In order to accommodate sharing data structures, it is necessary that the processors accessing the shared database use the appropriate locking techniques to ensure that changes to the shared database do not interfere with one another but are appropriately serialized. These locking techniques are well understood by ordinarily skilled programmers of distributed applications." (*Id.* at 7:50-56.)<br><br>"Each record of the True File registry 126 has the fields shown in the True File registry record 140 in FIG. 4. The True File registry 126 consists of the database described in the table below as well as the actual True Files identified by the True File IDs below." (*Id.* at 9:1-5.)<br><br>**Extrinsic Evidence**<br><br>Microsoft Computer Dictionary (2nd ed. 1994) at |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 105 ("database"): <br><br> "**database** Loosely, any aggregation of data; a file consisting of a number of records (or tables), each of which is constructed of fields (columns) of a particular type, together with a collection of operations that facilitate searching, sorting, recombination, and similar activities." |
| "part" ('544 patent claims 46, 52) | a "part" is a separate sequence of bits <br><br> **Intrinsic Evidence** <br><br> '310 Patent: 5:61-6:2; 13:42-67; 18:30-32; 18:54-58; 20:57-21:9; 32:21-28; 32:39-54; 36:18-23; Figs. 2, 10(a)-(b), 19(a)-(b), 22 <br><br> **Extrinsic Evidence** <br><br> "part … <br> 1. A portion, division, piece, or segment of a whole. <br> 2. Any of several equal portions or fractions that can constitute a whole or into which a whole can be divided: a mixture of two parts flour to one part sugar. <br> 3. A division of a book or artistic work such as a film: a novel in three parts. <br> 4. <br> a. An organ, member, or other division of an organism: A tail is not a part of a guinea pig. <br> b. parts The external genitals. <br> 5. A component that can be separated from or attached to a system; a detachable piece: spare parts for cars. <br> 6. often parts A region, area, land, or territory: | a "part" is a sequence of bits within a file <br><br> **Intrinsic Evidence** <br><br> Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: <br><br> The PTAB committed the same error yet again in holding that Kantor anticipated claim 1 of the '544 patent. That claim requires: (a) separating a 'data item' into a 'plurality of parts'; (b) applying a hash function to each part to obtain a 'value' for each part; and (c) applying a second hash function to the 'value' of each part to obtain a value for the 'data item' as a whole. A11157. (*Id.* at 72.) <br><br> '420 patent <br><br> Each file 120 being made up of one or more data segments 122. (*Id.* at 5: 24-25.) <br><br> '420 patent: <br><br> "A simple file 120 consists of a single data segment 122. A compound file 120 consists of a sequence of data segments 122. A data segment 122 is a fixed sequence of bytes. An important |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | "Minding your own business is second nature in these parts" (Boston). <br> 7. <br> a. A role: He has the main part in the play. <br> b. One's responsibility, duty, or obligation; share: We each do our part to keep the house clean. <br> c. parts Abilities or talents: a person of many parts. <br> 8. Music <br> a. The music or score for a particular instrument, as in an orchestra. <br> b. One of the melodic divisions or voices of a contrapuntal composition. <br> 9. The line where the hair on the head is parted." <br> The American Heritage® Dictionary of the English Language, Fifth Edition | property of any data segment is its size, the number of bytes in the sequence." (*Id.* at 5:39-43.) <br><br> '420 patent: <br><br> "If the data item is a simple data item, then compute its True Name . . . otherwise partition the data item into segments . . ." (*Id.* at 13:17-20.) <br> *See also* '420 patent at FIG. 10(b), 13:13-31 |

APPENDIX C

| Claim Term | PersonalWeb's Proposed Construction | Amazon and Twitch's Proposed Construction |
|---|---|---|
| "unauthorized or unlicensed" ('310 patent, claim 20) | Plain and ordinary meaning.<br><br>Alternative construction: not permitted or not legally permitted | not compliant with a valid license |
| "authorized" / "unauthorized" / "authorization" ('310 patent, claims 20, 69; '442 patent, claims 10, 11; '420 patent, claims 25, 66)<br><br>("authorization" and "unauthorized" are previously construed terms) | "unauthorized:" plain and ordinary meaning<br>"authorization:" plain and ordinary meaning.<br><br>Alternative constructions:<br><br>"authorized": permitted<br>"authorization": permission<br>"unauthorized": not permitted | compliant / not compliant with a valid license / a valid license |
| "unauthorized copy or an unlicensed copy" ('442 patent, claim 10) | Plain and ordinary meaning.<br><br>Alternative construction: a copy that is not permitted or not legally permitted | a copy that is not compliant with a valid license |
| "licensed" / "unlicensed" ('310 patent, claim 20; '442 patent, claim 10)<br><br>(previously construed term - "unlicensed") | "unlicensed:" plain and ordinary meaning<br><br>Alternative Construction: "unlicensed:" not legally permitted | valid / invalid right to content |

| **Claim Term** | **PersonalWeb's Proposed Construction** | **Amazon and Twitch's Proposed Construction** |
|---|---|---|
| "selectively permit" ('420 patent, claim 166) | Plain and ordinary meaning.<br><br>Alternative construction: to permit based upon a given criteria | permitting the particular sequence of bits to be provided to and accessed by or from at least some of the computers in a network of computers only if it is first determined to be **authorized** and denying access if it is first determined to be **unauthorized**[3] |
| "selectively allowing a copy of the particular sequence of bits to be provided to or accessed by or from at least one of the computers in a network of computers" ('420 patent, claim 25) | Plain and ordinary meaning.<br><br>Alternative construction: to permit based upon a given criteria | allowing a copy of the particular sequence of bits to be provided to or accessed by or from at least one of the computers in a network of computers only if it is first determined to be **authorized** and denying access if it is first determined to be **unauthorized** |
| "the first device (A) permitting the content to be provided to or accessed by the at least one other computer if it is not determined that the content is unauthorized or unlicensed, otherwise, (B) if it is determined that the content is unauthorized or unlicensed, not permitting the content to be provided to or accessed by the at least one other computer" ('310 patent, claim 20) | Plain and ordinary meaning. | (A) if it is determined that the at least one other computer is **authorized** or **licensed** to receive the content, allowing the at least one other computer to receive the content, otherwise (B) if it is determined that the at least one other computer is **unauthorized** or **unlicensed** to receive the content, preventing the at least one other computer from receiving the content |

---

[3] For the convenience of the Court, the parties have identified terms that have been proposed for construction or have an agreed construction with underlined and bolded text.

| **Claim Term** | **PersonalWeb's Proposed Construction** | **Amazon and Twitch's Proposed Construction** |
|---|---|---|
| "based on whether or not it is determined that access to the data item is authorized or unauthorized, to allow the data item to be provided to or accessed by the second computer if it is not determined that access to the data item is unauthorized" ('310 patent, claim 69) | Plain and ordinary meaning. | based on whether or not it is determined that access to the sequence of bits is **authorized** or **unauthorized**, allowing the second computer to receive the content if access is **authorized** and not allowing the second computer to receive the content if it is **unauthorized** |
| "the request including at least a content dependent name of a particular data item" / "the request including at least a content-dependent name for the data item" ('310 patent, claims 20, 69) | the request including at least a content dependent name of a particular **data item** / the request including at least a content dependent name for the **data item** | the request including at least a content dependent name of a particular requested **data item** |
| "content-dependent name of a particular data item" / "content-dependent name for the data item" ('310 patent, claims 20, 69) | a data item identifier that changes with the content of the **data item** | an identifier used to locate and access a particular sequence of bits that is generated by processing the sequence of bits |
| "name for a data file" ('442 patent, claim 10) | a **data file** identifier | an identifier used to locate and access a **data file** |
| "content-dependent name for a particular sequence of bits" ('420 patent, claim 25) | a data item identifier that changes with the content of the particular sequence of bits of the particular **data item** | an identifier used to locate and access a particular sequence of bits that is generated by processing the data in the particular sequence of bits |

| **Claim Term** | **PersonalWeb's Proposed Construction** | **Amazon and Twitch's Proposed Construction** |
|---|---|---|
| "content-dependent digital identifier" ('420 patent, claim 166)<br><br>("digital identifier" is a previously construed term) | a data item identifier that changes with the content of the **data item** | an identifier used to locate and access a sequence of bits that is generated by processing the sequence of bits |
| "content-dependent digital identifiers for said particular data item" ('420 patent, claim 166) | a data item identifier that changes with the content of the particular sequence of bits of the particular **data item** | identifiers used to locate and access a particular sequence of bits that are generated by processing the sequence of bits |
| "digital key for the particular file" / "file key for each particular file" ('544 patent, claims 46, 52) | a content-based identifier for [the/each] particular file | unique identifier used to locate [the/each] particular file |
| "based at least in part on a function of at least some of the data comprising the particular data item" ('310 patent, claim 20) | Plain and ordinary meaning.<br><br>Alternative construction: being based at least in part on a computation using at least some of the bits of the particular sequence of bits | being based at least in part on a computation where the input is at least some of the bits in the particular sequence of bits |
| "based at least in part on a function of the data in the data item, wherein the data used by the function to determine the content-dependent name comprises at least some of the contents of the data item" ('310 patent, claim 69) | Plain and ordinary meaning.<br><br>Alternative construction: based at least in part on a computation using at least some of the bits of the particular sequence of bits | being based at least in part on a computation where the input is at least some of the bits in the sequence of bits |

JOINT CLAIM CONSTRUCTION AND PREHEARING
STATEMENT

101

Case No.: 5:18-md-02834-BLF
Case No.: 5:18-cv-00767-BLF
Case No.: 5:18-cv-05619-BLF

| Claim Term | PersonalWeb's Proposed Construction | Amazon and Twitch's Proposed Construction |
|---|---|---|
| "based at least in part on a given function of the data, wherein the data used by the function comprises the contents of the particular file" ('442 patent, claim 10) | Plain and ordinary meaning.<br><br>Alternative construction: being based at least in part on a computation using at least the data in the particular file | being based at least in part on a computation where the input is all of the data in the file |
| "at least in part by applying a particular function to at least some of the particular sequence of bits" ('420 patent, claim 25) | at least in part by performing a particular computation using at least some of the bits in the particular sequence of bits | at least in part by performing a computation where the input is some of the bits in the particular sequence of bits |
| "based at least in part on a given function of at least some of the bits in the particular sequence of bits" ('420 patent, claim 166) | Plain and ordinary meaning.<br><br>Alternative construction: based at least in part on a given computation using at least some of the bits in the particular sequence of bits | based at least in part by performing a computation where the input is at least some of the bits in the particular sequence of bits |
| "being based on a first function of the contents of the specific part" ('544 patent, claim 46) | Plain and ordinary meaning.<br><br>Alternative construction: being based upon a first computation using the data of the specific part | being based on a computation where the input is all of the data in the specific part |

JOINT CLAIM CONSTRUCTION AND PREHEARING
STATEMENT

102

Case No.: 5:18-md-02834-BLF
Case No.: 5:18-cv-00767-BLF
Case No.: 5:18-cv-05619-BLF

| Claim Term | PersonalWeb's Proposed Construction | Amazon and Twitch's Proposed Construction |
|---|---|---|
| "wherein the particular digital key for the particular file is determined using a second function of the one or more of part values of said first one or more parts" ('544 patent, claim 46) | Plain and ordinary meaning.<br><br>Part value: "a value created by a computation using the sequence of bits that makes up the part" | wherein **the digital key for the particular file** is determined based on a computation where the input is the part values of each of the distinct sequences of bits in the file<br><br>Part value: "a value created by a computation on the sequence of bits that makes up the part" |
| "the file key for each particular file being based on a second hash function of the part values of the one or more parts of that file" ('544 patent, claim 52) | Plain and ordinary meaning.<br><br>Part value: "a value created by a computation using the sequence of bits that makes up the part" | wherein **the file key for each particular file** is determined based on a computation where the input is the part values of each of the **parts**<br><br>Part value: "a value created by a computation on the sequence of bits that makes up the part" |
| "database" ('544 patent, claims 46, 52, 55) | an organized electronic collection of data | a data store that organizes data in a table |
| "part" ('544 patent claims 46, 52) | a "part" is a separate sequence of bits | a "part" is a sequence of bits within a file |