# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC, ET AL. PATENT LITIGATION | Case No. 18-md-02834-BLF<br><br>**ORDER RE: JOINT STATEMENT ON RESOLUTION OF CUSTOMER CASES PER SUMMARY JUDGMENT ORDER**<br><br>[Re: ECF 405] |

Before the Court is the parties' Joint Statement re Resolution of Customer Cases per Summary Judgment Order ("Joint Statement"). Joint Statement, ECF 405. The parties agree that eight customer cases are fully adjudicated. *See id.* at 1. The parties shall file a written stipulation and proposed order dismissing these eight cases, as well as a proposed judgment, **no later than April 19, 2019**.

The parties dispute whether two additional cases[1] are fully adjudicated by the Court's summary judgment order:

*PersonalWeb Tech., LLC et al. v. Fab Commerce & Design, Inc.* (No. 5:18-cv-03578); and

*PersonalWeb Tech., LLC et al. v. Zoom Video Commc'n Inc.* (No. 5:18-cv-05625).

Amazon argues that PersonalWeb repeatedly told the Court that these two cases involve "only S3 Related Activity" and would be "out" of the MDL if the Court granted Amazon's claim preclusion/*Kessler* motion. *See* Joint Statement at 1. PersonalWeb counters that Amazon's claim preclusion/*Kessler* motion was denied without prejudice with respect to CloudFront and argues that it "explicitly alleged infringement involving CloudFront in its First Amended Complaints" in *Fab Commerce* and *Zoom Video*. *See* Joint Statement at 5–6, 10–11.

---

[1] The parties incorrectly list the case numbers for these two cases. *See* Joint Statement at 1, 10.

The Court has reviewed the operative complaints in *Fab Commerce* and *Zoom Video* and finds any allegations with respect to CloudFront far from explicit. However, the respective complaints each make vague reference to CloudFront via exhibit. At this stage it is unclear whether PersonalWeb is requesting leave to further amend the complaints in *Fab Commerce* and *Zoom Video* to make clear that Amazon's CloudFront product is accused in these two cases. The parties are hereby ordered to meet and confer regarding whether a stipulation to file amended complaints is in order and advise the Court of how they wish to proceed **no later than April 19, 2019**.

Finally, with respect to the remaining cases in which the parties agree the Court's summary judgment order only partially resolves the infringement allegations, the parties shall file a stipulation identifying the specific paragraph(s) or claim(s) of the respective complaints that are fully adjudicated by the Court's summary judgment order. This stipulation shall be due **no later than April 26, 2019**.

**IT IS SO ORDERED.**

Dated: April 16, 2019

BETH LABSON FREEMAN
United States District Judge