MICHAEL A. SHERMAN (SBN 94783)
masherman@stubbsalderton.com
JEFFREY F. GERSH (SBN 87124)
jgersh@stubbsalderton.com
SANDEEP SETH (SBN 195914)
sseth@stubbsalderton.com
WESLEY W. MONROE (SBN 149211)
wmonroe@stubbsalderton.com
STANLEY H. THOMPSON, JR. (SBN 198825)
sthompson@stubbsalderton.com
VIVIANA BOERO HEDRICK (SBN 239359)
vhedrick@stubbsalderton.com
STUBBS, ALDERTON & MARKILES, LLP
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403
Telephone:     (818) 444-4500
Facsimile:      (818) 444-4520

Attorneys for PERSONALWEB
TECHNOLOGIES, LLC

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted *pro hac vice*)
mmayer@fenwick.com
PHILLIP J. HAACK (CSB No. 262060)
phaack@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:      650.988.8500
Facsimile:       650.938.5200

Attorneys for AMAZON.COM, INC. and
AMAZON WEB SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION | Case No. 5:18-md-02834-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC.,<br>Plaintiffs,<br>v.<br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br>Defendants. | Case No.: 5:18-cv-00767-BLF<br><br>**JOINT STATEMENT RE *ZOOM VIDEO* AND *FAB COMMERCE* CUSTOMER CASES** |

1    In accordance with the Court's order (Dkt. 408), Amazon.com, Inc. and Amazon Web Ser-

2    vices, Inc. (collectively, "Amazon") and PersonalWeb Technologies, LLC ("PersonalWeb") hereby

3    submit their positions regarding the *Zoom* (Case No. 5:18-cv-05625) and *Fab Commerce* (No. 5:18-

4    cv-03578) cases. PersonalWeb has proposed that the parties stipulate to the filing of the amended

5    complaints attached (in redline form to show proposed changes) as Exhibits 1 and 2 to this state-

6    ment for the *Fab* and *Zoom* cases. Amazon does not agree to stipulate to the filing of the proposed

7    amended complaints.

8    **I.    AMAZON'S STATEMENT**

9    After PersonalWeb repeatedly changed its infringement theories, this Court set a deadline

10    of October 4, 2018 for PersonalWeb to amend its complaints in the customer cases, including the

11    cases against Zoom and Fab Commerce, so that the pleadings would finally be settled. Dkt. No.

12    157 at 2. PersonalWeb's operative complaints against Zoom and Fab Commerce as of that date

13    allege infringement by Amazon's S3. *See* Case No. 5:18-cv-05625-BLF, Dkt. No. 11 at 8 ("De-

14    fendant contracted with Amazon to use Amazon's S3 system to store and serve at least some of

15    Defendant's CBI ETag files ("S3 asset files") on its behalf."); Case No. 5:18-cv-03578-BLF, Dkt.

16    No. 54 at 9. The Court's order on Amazon's claim preclusion/*Kessler* motion fully adjudicated

17    those claims. Dkt. No. 394. But instead of agreeing to entry of judgment, PersonalWeb now asks

18    the Court for leave to amend its complaints so it can change its infringement theory yet again, this

19    time to target CloudFront, a completely different product.

20    PersonalWeb cannot show good cause, as required under Rule 16, to file an amended com-

21    plaint after the deadline in the scheduling order. PersonalWeb's request for leave to amend is also

22    barred under Rule 15, including by bad faith, undue delay, prejudice, futility of the amendment,

23    and previous amendments to the complaints. PersonalWeb's request should be denied.

24    **A.    <u>PersonalWeb has already repeatedly changed its infringement theories to the</u>**

25    **<u>detriment of the Court and parties.</u>**

26    PersonalWeb has already changed its infringement theories numerous times over the last 17

27    months:

28

- In January 2018, PersonalWeb sued Amazon's customers because they use Amazon's S3. Not only did PersonalWeb admit that its cases all involved the same theory of infringement by S3, it expressly relied on that fact to encourage the JPML to transfer its scores of cases into a single MDL proceeding before this Court.

- When Amazon moved for a preliminary injunction, PersonalWeb changed its position and claimed that it accused the use of Ruby on Rails. *See* Case No. Case No.: 5:18-cv-00767-BLF, Dkt. No. 37 at 1 ("PersonalWeb's current actions are based on the defendant website owner/operator's use of the Ruby on Rails system architecture. . . .").

- A few months later, in September 2018, PersonalWeb changed its position yet again, claiming it accused "four categories" of infringement. *See* Dkt. 96-1. PersonalWeb continued to allege infringement by Amazon S3 as one category and Ruby on Rails became part of a new "fingerprinting" theory, while two other categories involved "non-S3" theories. *Id*.

The Court then set a deadline of October 4, 2018 for PersonalWeb to amend the pleadings in the customer cases and Amazon's declaratory judgment action (Dkt. No. 157 at 2), with the expectation that this would settle the pleadings for the MDL. *See* Dkt. No. 121 at p. 27, lines 10-12 (Court explaining to PersonalWeb that it does not "know what the case it about now because you have asked me to allow you to amend everything"); p. 17, line 1 (PersonalWeb's counsel acknowledging that "it's obviously critical that the pleadings be settled"). Now that it has lost on summary judgment, PersonalWeb is attempting to change it infringement theories yet again – this time targeting Amazon's CloudFront product.

### B.     PersonalWeb cannot show good cause to amend its complaints under Rule 16.

PersonalWeb can no longer amend its complaints as a matter of right and the October 4, 2018 deadline for doing so under the scheduling order has long since passed.

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). And even if good cause is established under Rule 16, the moving party must also demonstrate that amendment of a pleading is appropriate under Rule 15(a).

4831-6061-9156, v. 2

*See Finjan, Inc. v. Check Point Software Technologies, Inc*., No. 18-cv-02621-WHO, 2019 WL 1455333, at *2 (N.D. Cal. Apr. 2, 2019) (Rule 16 applies once a court has entered a scheduling order; "Only if the moving party establishes good cause to modify the scheduling order under Rule 16 should the court consider whether the moving party has also demonstrated that amendment is appropriate under Rule 15(a)"); *see also Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992); *EEOC v. Peter's Bakery*, No. 13-cv-04507-BLF, 2016 U.S. Dist. LEXIS 45519, at *5-*6 (N.D. Cal. April 4, 2016).

PersonalWeb cannot show good cause for filing an amended complaint almost seven months after the October 4, 2018 deadline in the scheduling order.  Under Rule 16, "[g]ood cause requires diligence by the moving party."  *Lancaster v. Cty. of Pleasanton*, No. 12-05267-WHA, 2013 U.S. Dist. LEXIS 131379, at *6 (N.D. Cal. Sept. 13, 2013); *see also Johnson*, 975 F.2d at 609.  Here, PersonalWeb seeks to add infringement allegations based on conduct that allegedly occurred in 2013-2015 and based on information that is publicly available from http://web.ar-chive.org.  PersonalWeb does not even attempt to argue that it acted diligently.  Thus, there is no excuse for PersonalWeb's failure to diligently investigate its infringement contentions and include the CloudFront allegations, if any, in its October 2018 complaints.  *See Clear-View Technologies, Inc. v. Rasnick*, No. 13–cv–02744–BLF, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) (no good cause shown where the movant knew the facts underlying the proposed amendment for over eighteen months and had multiple opportunities to assert its claims but chose not to do so) (*citing In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir.2013) ("The good cause standard typically will not be met where the party . . . has been aware of the facts and theories supporting amendment since the inception of the action").

The good cause analysis under Rule 16 also focuses "upon the moving party's reasons for seeking modification." *Johnson,* 975 F.3d at 609.  Here, the reason for PersonalWeb's request is clear: the Court's summary judgment order fully adjudicates the pending claims against Zoom and Fab Commerce, and PersonalWeb is making a last-ditch effort to keep these cases in the MDL.  But PersonalWeb has no standing to assert infringement by content delivery networks like CloudFront,

as Level 3 has exclusive rights in that field—*i.e.,* PersonalWeb does not even own the rights to the infringement claims it proposes to assert.  And, PersonalWeb's new allegations regarding Cloud-Front are factually incorrect, particularly its assertion that CloudFront is being used "as the origin server" (see ¶ 37 of proposed amended Zoom complaint).  Indeed, just a few months ago, in February 2019, PersonalWeb's counsel told this Court that CloudFront is an intermediate cache server, not an origin server.  Feb. 28, 2019 Hearing Tr. at 32:22-33:8 ("that is what CloudFront is, an intermediate cache server").  The fact that CloudFront is not an origin server is confirmed by documents produced in this MDL.  *See* AMZ_PWT 00006867 (Amazon CloudFront API Reference at 168) ( "Origin . . . . the Amazon S3 bucket or the HTTP server (for example, a web server) **from which CloudFront gets your files**. You must create at least one origin.") (emphasis added); AMZ_PWT 00007900 (Amazon CloudFront Developer Guide at 3) ("How You Configure Cloud-Front to Deliver Your Content ¶ 1. You configure your origin servers, from which CloudFront gets your files for distribution from CloudFront edge locations all over the world.").)  In the proposed amended complaints, PersonalWeb pleads that CloudFront is an origin server "on information and belief."  But PersonalWeb cannot avoid Rule 11 by pleading facts it knows are false "on information and belief."  PersonalWeb's reasons for seeking to amend the complaints cut against a showing of good cause.

PersonalWeb's only argument for good cause under Rule 16 is that "the type of distinctions and details involved in PersonalWeb's proposed amended complaints would not be placed in a complaint, but rather in the Infringement Contentions." PersonalWeb is wrong.  At a minimum, a plaintiff must plead that "certain named and specifically identified products or product components" infringe the asserted patent so that the defendant is put on notice of the claims and the grounds upon which they rest.  *Anza Technology, Inc. v. Novatel Wireless, Inc.*, No.: 3:16-cv-00585-BEN-AGS, 2016 WL 7555397, at *3 (N.D. Cal. Nov. 4, 2016); *see also Big Baboon Inc. v. SAP America, Inc.* No.17-cv-02082-HSG, 2018 WL 1400443, at *4 (N.D. Cal. Mar. 20, 2018) (conclusory allegations followed by vague references that the defendant is a "major provider" of certain products that practice the patents are insufficient to state a claim); *Continental Circuits LLC*

1  *v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 2651709, at *3 (D. Ariz. June 19, 2017)

2  (dismissing second amended complaint where it "contains no facts about [the] unspecified prod-

3  ucts," and rejecting the plaintiff's argument that the defendant can independently identify the prod-

4  ucts).

5  PersonalWeb also inexplicably argues that Amazon has not objected to PersonalWeb's at-

6  tempt to improperly insert CloudFront in the Amazon case.  In fact, Amazon has repeatedly ob-

7  jected to CloudFront, including in Amazon's summary judgment briefing (*see* Dkt. No. 350 at 8

8  ("CloudFront . . . is not at issue in this case"), in response to PersonalWeb's discovery requests

9  directed to CloudFront, and in letters to PersonalWeb.  This Court has also made clear that "Ama-

10  zon is free to challenge the inclusion of CloudFront in a separate motion" (Dkt. No. 394 at 10),

11  which Amazon will do.

12  Finally, PersonalWeb attempts to explain its mischaracterization of CloudFront by saying

13  "this type of hyper-technical distinction is not the sort of thing that complaints are meant to cover."

14  In fact, being factually accurate in pleading allegations in a complaint is exactly what Rule 11

15  demands.  There is no good cause under Rule 16.

16  **C.    Leave to amend the complaints is also inappropriate under Rule 15.**

17  As explained above, even if PersonalWeb could show good cause under Rule 16 and it

18  cannot, it would still have to show that leave to amend the complaints is appropriate under Rule 15.

19  Under Rule 15(a), the Court may decline to grant leave if there is evidence of "undue delay, bad

20  faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amend-

21  ments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

22  amendment, [or] futility of amendment, etc." *Sonoma Cty. Ass'n of Retired Emps. V. Sonoma Cty.*,

23  708 F.3d 1109, 1117 (9th Cir. 2013) (*citing Forman v. Davis*, 371 U.S. 178, 182 (1962)); *see also*

24  *Allen v. Cty. of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("Five factors frequently used to

25  assess the propriety of a motion for leave to amend [under Rule 15(a)(2)]: (1) bad faith; (2) undue

26  delay; (3) prejudice to the opposing party; (4) futility of amendment, and (5) whether plaintiff has

27  previously amended its complaint." (citations omitted)).

28

4831-6061-9156, v. 2

***Prior Amendment.***  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen*, 911 F.2d at 373.  As discussed above, after PersonalWeb repeatedly changed its infringement contentions, this Court gave PersonalWeb leave to amend its pleadings in all of the customers cases and set an October 4, 2018 deadline for PersonalWeb to do so.  PersonalWeb amended the Fab Commerce and Zoom complaints at that time.  Thus, PersonalWeb "has previously amended its complaint[s]." *Allen*, 911 F.2d at 373 (factor 5).

***Undue Delay.***  Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action. *Sanders v. Energy Nw.*, 812 F.3d 1193, 1198 (9th Cir. 2016) (quoting *Royal Ins. Co. of Am. v. Sw. Marin*e, 194 F.3d 1009, 1016–17 (9th Cir.1999).  The allegations that PersonalWeb seeks to add to its complaints are based (a) on conduct that allegedly occurred in 2013-2015 and (b) on publicly available information.  PersonalWeb has not come forward with any information suggesting that it could not have accused CloudFront at the beginning of the cases.  Further, PersonalWeb identified the Fab and Zoom cases to the Court as involving S3 only, and the Court decided a summary judgment motion on S3.  That PersonalWeb seeks to evade the effect of a summary judgment ruling also strongly supports a finding of undue delay.  *Schlacter-Jones v. General Telephone of California*, 936 F.2d 435, 443 (9th Cir. 1991) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment."), *abrogated on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001).  PersonalWeb's attempt to add new allegations now—seven months after the scheduling order deadline and after the Court granted summary judgment against it—constitutes undue delay.  *Allen*, 911 F.2d at 373 (factor 2).

***Futility of Amendment.***  If a proposed amendment is futile, the Court can deny leave on that basis alone, independent of its assessment of other factors.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to

4831-6061-9156, v. 2

amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility"). PersonalWeb's proposed amended complaints here are futile, for the reasons discussed above. PersonalWeb simply attempts to cross out "S3" from certain allegations and substitute "CloudFront" in its place, ignoring important differences between the two products that make the new proposed allegations false. As discussed above, PersonalWeb's amended complaints allege that CloudFront is an origin server, which is false. PersonalWeb also lacks standing to assert *any* infringement by content delivery networks like CloudFront. *See Max Sound Corp. v. Google, Inc.*, 2016 WL 613256, at *2 (N.D. Cal. Feb. 16, 2016) (denying Rule 15 motion where the movant has no standing to assert patent claim). Thus, PersonalWeb's proposed amended complaints are factually incorrect and futile. *Allen*, 911 F.2d at 373 (factor 4); *see also Khobragade v. Covidien LP*, No. 16cv468, 2019 WL 652424, at *14 (S.D. Cal. Feb. 15, 2019) (finding proposed allegations futile); *Bibo v. Federal Exp. Inc.*, No. C07–2505 TEH, 2010 WL 1688549, at *3 (N.D. Cal. Apr. 26, 201) (denying motion to amend where no evidence supports plaintiff's proposed amendment, and any such amendment would be futile).

*Prejudice.* PersonalWeb also ignores the substantial prejudice its amendments would impose, not only to Zoom and Fab Commerce, but also to Amazon, Twitch and all of the other defendants in this MDL. At the September 2018 CMC, PersonalWeb's counsel acknowledged that the whole point of the October 4, 2018 deadline was to finally settle the pleadings. *See* Dkt. No. 121 at p. 17, line 1. The Court and the parties relied on those settled pleadings to set a course for the MDL. Amazon, Twitch and PersonalWeb have now completed infringement and invalidity contentions and are in the middle of claim construction briefing. The Court and the parties also relied on those settled pleadings to choose the Twitch representative customer case, which includes all of PersonalWeb's four categories of infringement. PersonalWeb represented to the Court that it would not be able to proceed against the defendants in the other customer cases if it lost against Twitch. Dkt. No. 300 at 6. PersonalWeb now attempts to throw all of that into disarray by amending the pleadings to add allegations to CloudFront, a product not accused in the Twitch case. Allowing PersonalWeb to amend the customer complaints at this late stage would cause substantial

4831-6061-9156, v. 2

1   prejudice to every party to the MDL.  *Allen*, 911 F.2d at 373 (factor 3).

2          **Bad Faith.**  Finally, PersonalWeb's request to amend the Zoom and Fab Commerce com-

3   plaints is made in bad faith.  *Allen*, 911 F.2d at 373 (factor 1).  PersonalWeb repeatedly told the

4   Court that these cases involved "Only S3 Related Activity" in Category 3.  *See* Ex. Dkt. 295, "In-

5   fringement Activity Categories Alleged in Operative Complaints and Counterclaim as of November

6   2, 2018," at column titled "Only S3 Related Activity Alleged"; Dkt. 96-1, at column titled "Only

7   S3 Related Activity Alleged."  PersonalWeb also repeatedly told the Court and the parties that these

8   cases would be "out" of the MDL if the Court granted Amazon's claim preclusion/*Kessler* motion.

9   *See* Dkt. 121, Transcript of September 20, 2018 Case Management Conference, at 31:16–17 ("The

10  Amazon case would resolve all of the S3, what we call Bucket 3 claims."); *id.* at 33:8–14 (explain-

11  ing that while categories 1, 2, and 4 would not be affected by Amazon's declaratory judgment

12  claim, "Category 3, if they wait [sic; win] on *Kessler*, category 3 is out"); *id.* at 13:16–18 ("The

13  three categories, categories 1, 2, and 4, and the '544 infringement, are all outside of S3.  Category

14  3 is within S3.").  But now that the Court has granted Amazon's claim preclusion/*Kessler* motion

15  as to S3, PersonalWeb is asserting factually incorrect allegations to attempt to keep these cases in

16  the MDL.  *See Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) ("At some point, a party may not

17  respond to an adverse ruling by claiming that another theory not previously advanced provides a

18  possible grounds for relief and should be considered.")

19          In sum, PersonalWeb cannot show good cause under Rule 16.  In addition, bad faith, undue

20  delay, prejudice to the opposing party, futility of amendment, and previous amendments to the

21  complaint all preclude PersonalWeb's attempt to amend the Zoom and Fab Commerce complaints

22  under Rule 15.

23  **II.      PERSONALWEB'S STATEMENT**

24          **A.      <u>Good cause exists to allow amendment of the complaints under Rule 16 and</u>**

25                   **<u>leave to amend under Rule 15 should be given.</u>**

26          PersonalWeb has good cause for amending the Fab and Zoom complaints under Rule 16.

27  Ordinarily in a patent case, the type of distinctions and details involved in PersonalWeb's proposed

28

amended complaints would not be placed in a complaint, but rather in the Infringement Conten-tions. This is what happened in the Amazon case. The specific allegations regarding CloudFront were included in PersonalWeb's Infringement Contentions served on Amazon on October 29, 2018.

The Fab and Zoom cases, however, have been stayed both before and after the amended complaints were filed in those cases on October 4, 2018. Accordingly, PersonalWeb has not had an opportunity to serve Infringement Contentions for Fab or Zoom. It is only the unique circumstances specific to the Court's summary judgment Order that require the amendment to the complaints so the partial summary judgment in the Order can be effectuated. These unique circumstances com-bined with the stays of the Fab and Zoom cases are the good cause for Rule 16.

Under Rule 15, leave to amend the pleadings should be freely given when justice requires. For the same reasons there is good cause to allow amendment of the complaints under Rule 16, justice requires the amendments be made under Rule 15.

Turning to Amazon's parade of horrors should amendment be allowed:

- Prejudice: The issues reflected in the proposed amended complaints were specifically alleged against Amazon, and thus are already being fully considered in the ongoing claim construction. These issues also would not have affected the selection of the Twitch test case and they are involved in the Amazon DJ action.

- Bad Faith: The heading for the Category 3 column in the Appendix A discussed at the CMC's, "Only S3 Related Activity" was to distinguish the activity not related to S3 in the other categories, not to affirmatively claim that Category 3 related only to S3. Word order and context make a difference.

Amazon's protestations also ring hallow in view of the absence of any objection to the inclusion of CloudFront in PersonalWeb's Infringement Contentions for Amazon in the seven months since they were served on Amazon.

## B. PersonalWeb's proposed amended complaints are not factually inaccurate and not futile.

Amazon also contends that the allegations in PersonalWeb's proposed amended complaints

4831-6061-9156, v. 2

1    are factually inaccurate.

2    The Exhibit 1's of the First Amended Complaints identifies a specific file served by the

3    defendant on a specific date from a specific "host server." For Fab, the "host server" is identified

4    in Exhibit 1 as "dnok91peocsw3.cloudfront.net." For Zoom, the "host server" is identified as

5    "d24cgw3uvb9a9h.cloudfront.net." In describing the requirements of the "host" field in an HTTP

6    request, HTTP 1.1, states, "The Host field value MUST represent the network location of the origin

7    server or gateway …."  RFC 2068, § 14.23.  The distinction that Amazon seeks to make about the

8    meaning of "origin" is actually a very technical distinction between a "gateway" and "origin server"

9    in HTTP. Specifically, HTTP 1.1 defines "gateway" as, "A server which acts as an intermediary

10   for some other server. Unlike a proxy, a gateway receives requests as if it were the origin server for

11   the requested resource; the requesting client may not be aware that it is communicating with a

12   gateway." RFC 2068, § 1.3.

13   In some cases of S3 being used with CloudFront, CloudFront is technically a "gateway"

14   and S3 is technically an "origin server." However, the actions described in the complaint regarding

15   origin servers responding to HTTP GET requests are all actions the HTTP specification describes

16   as being done by an origin server or a gateway "as if it were the origin server." PersonalWeb re-

17   spectfully suggests that this type of hyper-technical distinction is not the sort of thing that com-

18   plaints are meant to cover. Otherwise, patent complaints would have to be the size of Encyclope-

19   dias.

20   In any case, as Amazon already knows from PersonalWeb's Infringement Contentions for

21   Amazon (in which only Category 3 activity is involved), in its CloudFront related contentions,

22   CloudFront is described as responding to GET requests from the browser exactly as is alleged in

23   the proposed amended complaints.

24   Dated: April 19, 2019                          FENWICK & WEST LLP

25                                                  By: /s/ Melanie L. Mayer
26                                                      J. DAVID HADDEN (CSB No. 176148)
                                                        SAINA S. SHAMILOV (CSB No. 215636)
27                                                      MELANIE L. MAYER (admitted pro hac vice)
                                                        PHILLIP J. HAACK (CSB No. 262060)
28                                                      RAVI R. RANGANATH (CSB No. 272981)

4831-6061-9156, v. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CHIEH TUNG (CSB No. 318963)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:        650.988.8500
Facsimile:        650.938.5200

Attorneys for AMAZON.COM, INC. and
AMAZON WEB SERVICES, INC.

Dated:  April 19, 2019

STUBBS, ALDERTON & MARKILES, LLC

By: */s/ Wesley W. Monroe*
      Michael A. Sherman
      Jeffrey F. Gersh
      Sandeep Seth
      Wesley W. Monroe
      Stanley H. Thompson, Jr.
      Viviana Boero Hedrick

      Attorneys for PERSONALWEB
      TECHNOLOGIES, LLC

4831-6061-9156, v. 2