1   MICHAEL A. SHERMAN (SBN 94783)           J. DAVID HADDEN (CSB No. 176148)
    masherman@stubbsalderton.com              dhadden@fenwick.com
2   JEFFREY F. GERSH (SBN 87124)              SAINA S. SHAMILOV (CSB No. 215636)
    jgersh@stubbsalderton.com                 sshamilov@fenwick.com
3   SANDEEP SETH (SBN 195914)                 PHILLIP J. HAACK (CSB No. 262060)
    sseth@ stubbsalderton.com                 phaack@fenwick.com
4   WESLEY W. MONROE (SBN 149211)             RAVI R. RANGANATH (CSB No. 272981)
    wmonroe@stubbsalderton.com                rranganath@fenwick.com
5   STANLEY H. THOMPSON, JR. (SBN             CHIEH TUNG (CSB No. 318963)
    198825)                                   ctung@fenwick.com
6   sthompson@stubbsalderton.com              FENWICK & WEST LLP
    VIVIANA B. HEDRICK (SBN 239359)           Silicon Valley Center
7   vhedrick@stubbsalderton.com               801 California Street
    STUBBS ALDERTON MARKILES, LLP             Mountain View, CA  94041
8   15260 Ventura Boulevard, 20TH Floor      Telephone:    650.988.8500
    Sherman Oaks, CA  91403                   Facsimile:    650.938.5200
9   Telephone:    (818) 444-4500
    Facsimile:    (818) 444-4520              Counsel for AMAZON.COM, INC. and
10                                            AMAZON WEB SERVICES, INC.
    THEODORE S. MACEIKO (SBN 150211)
11  ted@maceikoip.com                         TODD R. GREGORIAN (CSB No. 236096)
    MACEIKO IP                                tgregorian@fenwick.com
12  420 2nd Street                            FENWICK & WEST LLP
    Manhattan Beach, CA  90266                Silicon Valley Center
13  Telephone:    (310) 545-3311              801 California Street
    Facsimile:    (310) 545-3344              Mountain View, CA  94041
14                                            Telephone:    650.988.8500
    Attorneys for PERSONALWEB                 Facsimile:    650.938.5200
15  TECHNOLOGIES, LLC
                                              Counsel for TWITCH INTERACTIVE, INC.
16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                           SAN JOSE DIVISION

| | |
|---|---|
| 20  IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION, | **Case No.: 5:18-md-02834-BLF** |
| 21 | Case No.: 5:18-cv-00767-BLF |
| 22  AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | Case No.: 5:18-cv-05619-BLF |
| 23              Plaintiffs, | **REVISED JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |
|       v. | |
| 24  PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | Judge:    Hon. Beth Labson Freeman |
| 25              Defendants. | Courtroom:  3, 5th Floor |
| 26 | Tutorial:  May 2, 2019 (1:30 PM) |
| 27  PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | Hearing:  May 24, 2019 (9:00 AM) |
| 28              Plaintiffs, | |

v.

TWITCH INTERACTIVE, INC.,

Defendant.

At the Court's request and for the Court's convenience, PersonalWeb Technologies, LLC; Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon"); and Twitch Interactive, Inc. ("Twitch"), hereby submit this Revised Joint Claim Construction and Prehearing Statement concerning the following patents:

- U.S. Patent No. 6,928,442 (hereinafter, the "'442 patent")
- U.S. Patent No. 7,802,310 (hereinafter, the "'310 patent")
- U.S. Patent No. 7,945,544 (hereinafter, the "'544 patent")
- U.S. Patent No. 8,099,420 (hereinafter, the "'420 patent")

The parties do not intend to waive any right to seek construction of the disputed terms identified in the prior submission pursuant to Patent L.R. 4-3 (Dkt. No. 380) or otherwise.

## I.     PATENT L.R. 4-3(a): AGREED CONSTRUCTIONS

Constructions of terms on which the parties agree are provided in Appendix A.

## II.    PATENT L.R. 4-3(b): PROPOSED CONSTRUCTIONS OF DISPUTED TERMS

Each party's proposed constructions of the disputed terms presented in the parties' Markman briefs (Dkt. Nos. 406, 412, 420), together with an identification of intrinsic and extrinsic evidence, are provided in Appendix B.

III. **PATENT L.R. 4-3(c): MOST SIGNIFICANT DISPUTED CLAIM TERMS FOR CONSTRUCTION**

The parties jointly identify the following claim terms, or groups of claim terms, as the most significant at this time to resolution of the case. Where the parties have listed groups of claim terms, the parties believe there is a single dispute that will resolve construction of the grouped claim terms. The parties' proposed constructions for these phrases are provided in Appendix C.

1. "unauthorized or unlicensed" ('310 patent, claim 20)

2. "authorization" ('420 patent, claims 25, 166)

3. "the request including at least a content dependent name of a particular data item" ('310 patent, claim 20)

4. "content-dependent name" ('310 patent, claims 20 and 69; '420 patent, claim 25)

5. "name for a data file" ('442 patent, claim 10)

6. "digital key for the particular file" ('544 patent, claim 46) / "file key for each particular file" ('544 patent, claim 52)

7. "part" ('544 patent claims 46, 52)

8. "being based on a first function of the contents of the specific part" ('544 patent, claim 46)

9. "part value" ('544 patent claims 46, 52)

10. "function of the one or more of part values" ('544 patent, claim 46)

IV. **PATENT L.R. 4-3(d): ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING**

The parties anticipate, given the number of patents, claims, and claim terms currently at issue, that three (3) hours will be needed for the claim construction hearing.

V. **PATENT L.R. 4-3(e): WITNESSES**

The parties do not intend to call witnesses during the claim construction hearing.

VI. **PATENT L.R.4-3(f): FACTUAL FINDINGS REQUESTED**

At this time, the parties do not request any factual findings from the Court related to claim construction.

1    Dated: May 10, 2019            STUBBS ALDERTON & MARKILES, LLP

2                                   By: */s/ Stanley H. Thompson, Jr.*
3                                       STANLEY H. THOMPSON, JR. (SBN 198825)

4                                   Attorneys for PERSONALWEB
                                    TECHNOLOGIES, LLC
5

6    Dated: May 10, 2019            FENWICK & WEST LLP

7                                   By: */s/Phillip J. Haack*
8                                       PHILLIP J. HAACK (CSB No. 262060)

9                                   Counsel for AMAZON.COM, INC. and
                                    AMAZON WEB SERVICES, INC.
10

11   Dated: May 10, 2019            FENWICK & WEST LLP

12                                  By: */s/ Todd R. Gregorian*
13                                      TODD R. GREGORIAN (CSB No. 236096)

14                                  Counsel for TWITCH INTERACTIVE, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION**

2        Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Stanley H. Thompson, Jr., attest

3   that concurrence in the filing of this document has been obtained from each of the other

4   signatories.  I declare under penalty of perjury under the laws of the United States of America that

5   the foregoing is true and correct.  Executed this 10th day of May, 2019, in Los Angeles,

6   California.

7                                          By: */s/ Stanley H. Thompson, Jr.*
                                               STANLEY H. THOMPSON, JR.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPENDIX A

| Claim Term | Agreed-Upon Construction |
|---|---|
| "data item" ('310 patent, claim 20; '420 patent, claims 25, 166) | sequence of bits |
| "data file(s)" ('442 patent, claim 10) | a named data item |
| "wherein the particular file comprises a first one or more parts" ('544 patent, claim 46) | wherein the particular file is made up of a first one or more separate sequences of bits |
| "wherein each file of the plurality of files comprises a corresponding one or more parts" ('544 patent, claim 52) | wherein each file of the plurality of files is made up of one or more corresponding separate sequences of bits<br><br>"plurality" means "two or more" |
| "database" ('544 patent, claims 46, 52, 55) | an organized electronic collection of data |

**APPENDIX B**

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| "unauthorized or unlicensed" ('310 patent, claim 20) | Plain and ordinary meaning.<br><br>Alternative construction: not permitted or not legally permitted<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 4:13-16; 4:46-48; 8:60-62; 9:23-31; 9:52-53; 10:1-63; 11:33-44; 14:39-45; 18:45-53; 20:19-27; 21:18-22; 23:35-50; 24:20-49; 24:52-25:9; 26:1-11; 31:4-32; 34:36-41; 35:26-67; 37:5-16; 37:28-35; Figs. 1(b), 3, 5, 6, 8, 12, 21, 22, 26(a)-(b)<br><br>App. Ser. No. 11/017,650, Response to Final Office Action (Feb. 14, 2010), at 9-10, 14.<br><br>**Extrinsic Evidence**<br><br>"authorization: The process of verifying that a user or process has permission to use a resource in the manner requested. To assure security, the user or process would also need to be authenticated before granting access.(C/PA) 1003.2d-1994" STD-IEEE 100- ENGL (1996)<br><br><br>"authorize: …<br>1. To grant authority or power to. 2. To give | not compliant with a valid license<br><br>**Intrinsic Evidence**<br><br>Patent Owner Response to IPR2013-00596 (Paper 15):<br><br>"One of ordinary skill in the art at the time of the invention would have recognized that a 'name' for a data item is used not only to identify that data item, but is also used to refer to that data item, to access that data item, search for that data item, and address that data item, both in this art in general and according to the instant specification." (*Id.* at 5.)<br><br>Patent Owner Response to IPR2013-00596 (Paper 15):<br><br>"Because the local computer 20 already has the most recent (current) version of the large database file at issue, there is no logical reason to have modified Woodhill to implement a system for checking whether that same local computer 20 is authorized to access a previous version of that same file (*i.e.,* petitioner's alleged modification makes no sense). (Dewar Decl., |

---

[1] For all claim terms, the parties reserve the right to rely on sections of evidence cited by the other party.

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
|  | permission for (something); sanction: the city agency that authorizes." The American Heritage Dictionary of the English Language, Fifth Edition (2019), Houghton Mifflin Harcourt Publishing Company. (https://www.ahdictionary.com/) <br><br> Memorandum Opinion and Order (Dkt. 103) at 25, 28, PersonalWeb Techs., LLC v. Int'l Bus. Machines Corp., No. 6:12-cv-00661 (E.D. Tex. Mar. 11, 2016). | 136 [Ex. 2020].) One would have assumed that the local computer 20 is permitted to access a prior version of a file if that computer already has the current version of that file. The alleged modification is illogical and would not have been made by one of ordinary skill in the art. *Id.* Given that the local computer 20 already has the most recent version of the file, as a matter of common sense there would have been no logical reason to have checked whether that same computer is authorized to access the previous version of that same file." (*Id.* at 19-20.) <br><br> Patent Owner Response to IPR2014-00058 (Paper 19: <br><br> "Accordingly, Francisco compares the program identifier with a *single* value for making sure that the file is *authentic (i.e.*, that it has not changed), and if the file is found to be authentic then Francisco later compares user information in another comparator 40 to determine if access by a particular user is authorized. Thus, Francisco's program identifier: (i) is only compared to a single value for determining whether the program has changed, and (ii) is not compared to anything for determining whether access is authorized." (*Id.* at 3.) <br><br> Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15: |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | "The Board never explains how an 'unauthorized' user—one without access to the file—could calculate the Binary Object Identifiers that are necessary for Woodhill's backup system to work. For good reason: it cannot be done." (*Id.* at 47.) <br><br> '310 patent at 3:49-55: <br><br> "Summary of the Invention – This invention provides, in a data processing system, a method and apparatus for identifying a data item in the system, where the identity of the data item depends on all of the data in the data item and only the data in the data item." <br><br> '310 patent at 31:4-10: <br><br> "This mechanism ensures that licensed files are not used by unauthorized parties. The True Name provides a safe way to identify licensed material. . . . Enforcing use of valid licenses can be active (for example, by refusing to provide access to a file without authorization) . . . ." <br><br> '310 patent, claim 20: <br><br> "if it is determined that the content is unauthorized or unlicensed, not permitting the content to be provided to or accessed" <br><br> '310 patent, claim 69: |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | "allow the data item to be provided to or accessed by the second computer if it is not determined that access to the data item is unauthorized"<br><br>'420 patent at 8:32-34:<br><br>"The license table (LT) 136 is a table identifying files, which may only be used by licensed users, in a manner independent of their name or location, and the users licensed to use them."<br><br>'420 patent at 10:66-11:12:<br><br>"Each record 150 of the license table 136 records a relationship between a licensable data item and the user licensed to have access to it.  Each license table record 150 includes the information summarized in the following table, with reference to FIG 9 . . . True name  -- True Name of a data item subject to license validation … licensee  -- identity of a user authorized to have access to this object."<br><br>'420 patent at 31:1-31:<br><br>"Track for Licensing Purposes<br><br>This mechanism ensures that licensed files are not used by unauthorized parties. . . . Enforcing use of valid licenses can be active (for example |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | by refusing to provide access to a file without authorization) or passive (for example by creating a report of users who do not have proper authorization). . . . Also record the identity of each system that is authorized to have a copy of the file. . . . [etc]"<br><br>'420 patent, claim 25:<br><br>"wherein a copy of the sequence of bits is not to be provided or accessed without authorization"<br><br>'420 patent, claim 166:<br><br>"wherein the data item is not to be made available for access or provided without authorization"<br><br>'442 patent, Title:<br><br>"Enforcement and policing of licensed content using content-based identifiers."<br><br>'442 patent, claim 11:<br><br>"allowing the file to be provided from one of the computers having an authorized or licensed copy of the file"<br><br>*See also* '310 File History, December 11, 2009 Response to Office Action at 10-12; '310 File History, April 30, 2010 Notice of Allowance at |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 11-12; '442 File History, May 28, 2004 Response to Office Action at 25-26; '420 patent at FIG. 9;'442 File History at June 7, 2004 Amendment at 23-24; '420 File History, May 19, 2009 Response to Office Action at 18; Patent Owner Response to IPR2013-00596 (Paper 15) at 4, 19-20, 33-34; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15 at 10; Brief of PersonalWeb, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 28-29; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 23 at 13; '310 patent at 3:59-62, 4:10-12, 8:11–18, 9:23–26, 9:62–10:34, 11:31-45, 15:5-10, 19:35-53, 27:35–39, 31:3–32; '442 patent at 24:37-55, 25:25-36; *PersonalWeb Techs., LLC v. Amazon.com Inc.*, No. 6:11-cv-00658, Dkt. 140 at 25–26, 47 (E.D. Tex. Aug. 5, 2013); *PersonalWeb v. Int'l Bus. Machs.*, 6:12-cv-661, Dkt. 103 at 23-25, 28 (E.D. Tex. March 10, 2016) (Order construing claims).<br><br>**Extrinsic Evidence**<br><br>*Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 57 at 22-24:<br><br>The specification discloses the use of the patented inventions to determine if particular data items are licensed (authorized) and/or if particular users are licensed (authorized) to have certain data items. The purpose, as noted in the title of the '442 Patent, is to enforce and police the licensing of content. The specification notes |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | that the purpose of licenses is to determine if a user or entity has permission to do something. . . . In sum, while the terms imply that an entity or user has been given the attribute "licensed (authorized)", they more specifically denote a state, namely whether a user or entity has permission (or not) to do something. Accordingly, Plaintiffs' proposed construction should be adopted.<br><br>*See also PersonalWeb v. Int'l Bus. Machs.*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 66 at 10-11. |
| "authorization" ('420 patent, claims 25, 66)<br><br>("authorization" and "unauthorized" are previously construed terms) | "authorization:" plain and ordinary meaning.<br><br>Alternative construction:<br><br> "authorization": permission<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 4:13-16; 4:46-48; 8:60-62; 9:23-31; 9:52-53; 10:1-63; 11:33-44; 14:39-45; 18:45-53; 20:19-27; 21:18-22; 23:35-50; 24:20-49; 24:52-25:9; 26:1-11; 31:4-32; 34:36-41; 35:26-67; 37:5-16; 37:28-35; Figs. 1(b), 3, 5, 6, 8, 12, 21, 22, 26(a)-(b)<br><br>App. Ser. No. 11/017,650, Response to Final Office Action (Feb. 14, 2010), at 9-10, 14. | a valid license<br><br>**Intrinsic Evidence**<br><br>Patent Owner Response to IPR2013-00596 (Paper 15):<br><br>"One of ordinary skill in the art at the time of the invention would have recognized that a 'name' for a data item is used not only to identify that data item, but is also used to refer to that data item, to access that data item, search for that data item, and address that data item, both in this art in general and according to the instant specification."  (*Id.* at 5.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | **Extrinsic Evidence**<br><br>"authorization: The process of verifying that a user or process has permission to use a resource in the manner requested. To assure security, the user or process would also need to be authenticated before granting access.(C/PA) 1003.2d-1994" STD-IEEE 100- ENGL (1996)<br><br>"authorize: …<br>1. To grant authority or power to. 2. To give permission for (something); sanction: the city agency that authorizes." The American Heritage Dictionary of the English Language, Fifth Edition (2019), Houghton Mifflin Harcourt Publishing Company.<br>(https://www.ahdictionary.com/) | Patent Owner Response to IPR2013-00596 (Paper 15):<br><br>"Because the local computer 20 already has the most recent (current) version of the large database file at issue, there is no logical reason to have modified Woodhill to implement a system for checking whether that same local computer 20 is authorized to access a previous version of that same file (*i.e.,* petitioner's alleged modification makes no sense). (Dewar Decl., 136 [Ex. 2020].) One would have assumed that the local computer 20 is permitted to access a prior version of a file if that computer already has the current version of that file. The alleged modification is illogical and would not have been made by one of ordinary skill in the art. *Id.* Given that the local computer 20 already has the most recent version of the file, as a matter of common sense there would have been no logical reason to have checked whether that same computer is authorized to access the previous version of that same file." (*Id.* at 19-20.)<br><br>Patent Owner Response to IPR2014-00058 (Paper 19:<br><br>"Accordingly, Francisco compares the program identifier with a *single* value for making sure that the file is *authentic (i.e.,* that it has not changed), and if the file is found to be authentic |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | then Francisco later compares user information in another comparator 40 to determine if access by a particular user is authorized. Thus, Francisco's program identifier: (i) is only compared to a single value for determining whether the program has changed, and (ii) is not compared to anything for determining whether access is authorized." (*Id.* at 3.)<br><br>Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15:<br><br>"The Board never explains how an 'unauthorized' user—one without access to the file—could calculate the Binary Object Identifiers that are necessary for Woodhill's backup system to work. For good reason: it cannot be done." (*Id.* at 47.)<br><br>'310 patent at 3:49-55:<br>"Summary of the Invention – This invention provides, in a data processing system, a method and apparatus for identifying a data item in the system, where the identity of the data item depends on all of the data in the data item and only the data in the data item."<br><br>'310 patent at 31:4-10:<br>"This mechanism ensures that licensed files are not used by unauthorized parties. The True Name provides a safe way to identify licensed material. . . . Enforcing use of valid licenses can |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | be active (for example, by refusing to provide access to a file without authorization) . . . ."<br><br>'310 patent, claim 20:<br><br>"if it is determined that the content is unauthorized or unlicensed, not permitting the content to be provided to or accessed"<br><br>'310 patent, claim 69:<br><br>"allow the data item to be provided to or accessed by the second computer if it is not determined that access to the data item is unauthorized"<br><br>'420 patent at 8:32-34:<br><br>"The license table (LT) 136 is a table identifying files, which may only be used by licensed users, in a manner independent of their name or location, and the users licensed to use them."<br><br>'420 patent at 10:66-11:12:<br><br>"Each record 150 of the license table 136 records a relationship between a licensable data item and the user licensed to have access to it.  Each license table record 150 includes the information summarized in the following table, with reference to FIG 9 . . . True name  -- True Name of a data item subject to license validation . . . |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | licensee  -- identity of a user authorized to have access to this object." |
| | | '420 patent at 31:1-31: |
| | | "Track for Licensing Purposes |
| | | This mechanism ensures that licensed files are not used by unauthorized parties. . . . Enforcing use of valid licenses can be active (for example by refusing to provide access to a file without authorization) or passive (for example by creating a report of users who do not have proper authorization). . . . Also record the identity of each system that is authorized to have a copy of the file. . . . [etc]" |
| | | '420 patent, claim 25: |
| | | "wherein a copy of the sequence of bits is not to be provided or accessed without authorization" |
| | | '420 patent, claim 166: |
| | | "wherein the data item is not to be made available for access or provided without authorization" |
| | | '442 patent, Title: |
| | | "Enforcement and policing of licensed content using content-based identifiers." |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | **'442 patent, claim 11:**<br><br>"allowing the file to be provided from one of the computers having an authorized or licensed copy of the file"<br><br>*See also* '310 File History, December 11, 2009 Response to Office Action at 10-12; '310 File History, April 30, 2010 Notice of Allowance at 11-12; '442 File History, May 28, 2004 Response to Office Action at 25-26; '420 patent at FIG. 9; '442 File History at June 7, 2004 Amendment at 23-24; '420 File History, May 19, 2009 Response to Office Action at 18; Patent Owner Response to IPR2013-00596 (Paper 15) at 4, 19-20, 33-34; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 15 at 10; Brief of PersonalWeb, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 28-29; Brief of PersonalWeb, Case No. 18-1599 (Fed. Cir.) Dkt. 23 at 13; '310 patent at 3:59-62, 4:10-12, 8:11–18, 9:23–26, 9:62–10:34, 11:31-45, 15:5-10, 19:35-53, 27:35–39, 31:3–32; '442 patent at 24:37-55, 25:25-36; *PersonalWeb Techs., LLC v. Amazon.com Inc.*, No. 6:11-cv-00658, Dkt. 140 at 25–26, 47 (E.D. Tex. Aug. 5, 2013); *PersonalWeb v. Int'l Bus. Machs.*, 6:12-cv-661, Dkt. 103 at 23-25, 28 (E.D. Tex. March 10, 2016) (Order construing claims).<br><br>**Extrinsic Evidence** |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | *Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 57 at 22-24:<br><br>"The specification discloses the use of the patented inventions to determine if particular data items are licensed (authorized) and/or if particular users are licensed (authorized) to have certain data items. The purpose, as noted in the title of the '442 Patent, is to enforce and police the licensing of content. The specification notes that the purpose of licenses is to determine if a user or entity has permission to do something. . . . In sum, while the terms imply that an entity or user has been given the attribute "licensed (authorized)", they more specifically denote a state, namely whether a user or entity has permission (or not) to do something. Accordingly, Plaintiffs' proposed construction should be adopted."<br><br>*See also PersonalWeb v. Int'l Bus' Machs.*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *Altnet, Inc. v. Streamcast Networks Inc.*, C.D. Cal. 2:06-cv-05086, Dkt. 66 at 10-11. |
| "the request including at least a content dependent name of a particular data item" ('310 patent, claim 20) | the request including at least a content dependent name of a particular **data item**<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 3:52-4:59; 13:17-21; 14:1-27; 14:50-15: -33; 16:1-63; 17:40-18:35; 19:48-20:34; 20:43-21:9; 21:38-60; 22:62-24:51; | the request including at least a content dependent name of a particular requested **data item**<br><br>**Intrinsic Evidence**<br><br>'420 patent at 23:38-42: |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | 24:65-25:10; 28:3-29:9; 30:11-39; 31:4-32; 32:21-31; 32:54- 37:35; Figs. 11, 14, 16(a), 16(b), 17(a), 17(b), 19(a), 19(b), 20, 21, 27(a), 27(b), 28 | "3. Request for True File --  This mechanism allows a remote processor to request a True File from the local processor.  It requires a True Name and responds positively by sending a True File back to the requesting processor."<br><br>'280 File History, August 22, 2001 Response to Office Action at 23-24:<br><br>"Thus, the application teaches accessing data items using their True Names (e.g., hashes of their contents). And it further teaches accessing data items (using their True Names) from any location and independent of the location of the data items. Further, using a data item's True Name, the data item may be obtained from one or more locations, e.g., as specified in a True File registry table. As discussed above, the True File Registry table may contain 'source ID(s) of . . . sources from which this file or data item may be retrieved.' *Specification*, pg. 17, liens (sic) 10-12." (*Id.* at 23.)<br><br>"The *Request True File* 'mechanism allows a remote processor to request a copy of a True File from the local processor. It requires a True Name and responds. positively by sending a True File back to the requesting processor.'" (*Id.* at 24.)<br><br>'310 File History, May 27, 2010 Notice of |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Allowance :<br><br>"[T]he current application is focused on sending/getting/transmitting a hash value of the content with the request from the first computer at the first location to the second remote computer at the second computer in the network; for the purpose of accessing the stored content at the remote location." (*Id.* at 3-4.)<br><br>Patent Owner Response to IPR2013-00596 (Paper 15):<br><br>"One of ordinary skill in the art at the time of the invention would have understood that there is a significant difference between a 'name' and a mere 'identifier.' 'Name' should not be removed from the construction, and should not be replaced with 'identifier.' One of ordinary skill in the art at the time of the invention would have recognized that a 'name' for a data item is used not only to identify that data item, but is also used to refer to that data item, to access that data item, search for that data item, and address that data item, both in this art in general and according to the instant specification." (*Id.* at 5.)<br><br>"Claims 24 and 70 require a 'request' that includes a content-dependent name (claim 24) or identifier (claim 70) for a corresponding data item. These claims then require that the data item corresponding to the name (claim 24) or |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | identifier (claim 70) is accessed by other computer(s) based on the claimed comparison . . . . Thus, independent claim 70 requires that the particular data item corresponding to the content-based identifier in the request is accessed, or permitted to be accessed, by other computer(s) in the network based on the comparison in step (A). Similarly, independent claim 24 requires that *the particular data item corresponding to the content-dependent name in the request is provided to or accessed by the second computer when it is determined that access to that data item is authorized based on the comparison.* And independent claims 81 and 86 also require that the particular sequence of bits corresponding to the identifier received from the another device is provided to or accessed by other devices depending on the comparison. This is important because both parties *agree* that in the alleged Woodhill/Stefik combination granules corresponding to contents identifiers in the alleged request ('update request') are NEVER provided to the requesting computer in response to the request('update request') are NEVER provided to the requesting computer in response to the request." (*Id.* at 8-10).<br><br>"Because the 'contents identifiers' calculated in step 444 are for granules in the current version that *the local computer already has,* it would be |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | virtually impossible and illogical for those contents identifiers to be used in any comparison for determining whether the local computer is 'unauthorized' to access those granules - because it already has those granules." (*Id.* at 31.)<br><br>"In the alleged Woodhill/Stefik combination, granules corresponding to contents identifiers in the alleged request ("update request") are NEVER provided to the requesting computer in response to the request. (Goldberg Dep. 65-67, 80- 82 [Ex. 2015]; Woodhill at Fig. SI and col. 17:18-67; and Dewar Decl., ¶ 50 [Ex. 2020].) In the relied upon restore procedure, no granule having an identifier in the 'update request' is ever provided to the requesting computer. *Id.* The contents identifiers in the alleged 'request' were calculated in step 444 and thus are NOT for granules that are being requested - the requesting local computer already has the granules corresponding to the contents identifiers calculated in step 444 and therefore they are never provided to the local computer even in the allegedly modified system. *Id.* And because granules identified in the request are never sent to the local computer in the restore procedure (the local computer already has them), it would be non-sensical and illogical to use identifiers for such granules to determine whether the system is authorized to provide such granules to the local computer." (*Id.* at 31-32.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | "One of ordinary skill in the art at the time of the invention would have understood that there is a significant difference between a "name" and a mere 'identifier', and would have understood that a 'name' for a data item is used not only to identify that data item but is also used to refer to that data item, to access that data item, search for that data item, and address that data item, both in this art and according to the instant specification." (*Id.* at 33-34.)<br><br>Patent Owner Response to IPR2013-00084 (Paper 9) at 13:<br><br>"There is a fundamental difference between the '544 patent and Woodhill.  While Woodhill uses a hash algorithm, it is not used as a file name or as a substitute for the file name. Instead, Woodhill employs the hash algorithm to compare the same file components to determine whether there has been a change thereto. Such verification uses of hash algorithms were known in the art and were considered by the Examiner during prosecution of the '544 patent."<br><br>*See also* '420 File History, May 19, 2009 Response to Office Action at 16-17; February 14, 2010 Response to Office Action at 18; '310 File History, Dec. 11, 2009 Response; *id.,* March 17, 2010 Interview Summary; *id.,* April 19, 2010 RCE and Response; *id.,* April 22, 2010 |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Interview Summary and March 15, 2010 Fax for Discussion Purposes Only; Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8) at 31; '310 patent at 15:34–16:63; 22:37–25:10; '310 Patent File History, June 24, 2010 Notice of Allowance at 3–4. |
| "content-dependent name" [of a particular data item] / "content-dependent name" [for the data item] ('310 patent, claims 20, 69)<br><br>"content-dependent name" [for a particular sequence of bits] ('420 patent, claim 25) | an identifier that changes with the content<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-51; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14 | an identifier used to locate and access a data item that is generated by processing the sequence of bits [of the data item / of the particular data item]<br><br>**Intrinsic Evidence**<br><br><u>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:</u><br><br>"Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit." (*Id.* at 14.)<br><br><u>Brief of PersonalWeb, Case No. 14-1602 (Fed.</u> |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | Cir.) Dkt. 29:<br><br>"The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location.<br><br>Woodhill's backup process is also limited to one-to-one comparisons: it compares, once, a single Binary Object Identifier with another single Binary Object Identifier. A2842. Unlike True Names, Woodhill never compares a Binary Object Identifier—for a Binary Object at a particular location in a particular file— against multiple Binary Object Identifiers for *other* Binary Objects at *all* locations in *all* files." (*Id.* at 15.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>"This proposed method is unlike the True Name invention, in which data items are accessed by comparing the True Name against a list of stored True Names, thus *eliminating* the need for directory path and filename information." (*Id.* at 19.)<br><br>Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8): |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | "Thus, contrary to petitioner's suggestion, something is not a 'name' simply because it is an 'identifier.' Woodhill does not use binary object identifiers or contents identifiers as names. Woodhill uses 'names' for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network." (*Id.* at 33-34.) <br><br> '310 patent at 1:41–48, '420 patent at 1:19-23: <br><br> "The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item." <br><br> Brief of PersonalWeb, Case No. 18-1599, Dkt. 15 at 10 (Fed. Cir. May 31, 2018): <br><br> "Unlike the '310 patent, Woodhill does not use the Binary Object Identifiers to locate or control access to any data item within a network." <br><br> *See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 13:6-12; 14:24- |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | 45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of Personal-Web, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26; '310 patent at 2:41–43, 3:30–35, 3:55–62, 4:10–12; 4:43–45.  **Extrinsic Evidence**  *PersonalWeb v. Int'l Bus. Machs.*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | claims). |
| "name for a data file" ('442 patent, claim 10) | an identifier<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-51; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14 | an identifier used to locate and access a **data file**<br><br>**Intrinsic Evidence**<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>"Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit." (*Id.* at 14.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>"The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | location. |
| | | Woodhill's backup process is also limited to one-to-one comparisons: it compares, once, a single Binary Object Identifier with another single Binary Object Identifier. A2842. Unlike True Names, Woodhill never compares a Binary Object Identifier—for a Binary Object at a particular location in a particular file— against multiple Binary Object Identifiers for *other* Binary Objects at *all* locations in *all* files." (*Id.* at 15.)

Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:

"This proposed method is unlike the True Name invention, in which data items are accessed by comparing the True Name against a list of stored True Names, thus *eliminating* the need for directory path and filename information." (*Id.* at 19.)

Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8):

"Thus, contrary to petitioner's suggestion, something is not a 'name' simply because it is an 'identifier.' Woodhill does not use binary object identifiers or contents identifiers as names. Woodhill uses 'names' for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network." (*Id.* at 33-34.)<br><br>'310 patent at 1:41–48, '420 patent at 1:19-23:<br><br>"The invention relates to data processing systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item."<br><br>Brief of PersonalWeb, Case No. 18-1599, Dkt. 15 at 10 (Fed. Cir. May 31, 2018):<br><br>"Unlike the '310 patent, Woodhill does not use the Binary Object Identifiers to locate or control access to any data item within a network."<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 13:6-12; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of Personal-Web, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26; '310 patent at 3:59–62, 4:10–12; 4:43–45.<br><br>**Extrinsic Evidence**<br><br>*PersonalWeb v. Int'l Bus. Machs.*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims). |
| "digital key for the particular file" / "file key for each particular file" ('544 patent, claims 46, 52) | a content-based identifier for [the/each] particular file<br><br>**Intrinsic Evidence** | unique identifier used to locate [the/each] particular file<br><br>**Intrinsic Evidence** |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | '310 Patent: Abstract; 1:53-60; 2:26-31; 3:55-58; 6:12-17; 8:53-62; 10:65-11:45; 12:21-13:9; 13:17-41; 14:50-15:33; 24:1-30; 35:48-63; 37:23-27; Figs. 1(a), 1(b), 4, 7, 8, 9, 10(a), 10(b), 13, 14 | '544 File History, December 30, 2010 Response to Office Action: "Claim 10 has been amended to clarify its meaning, i.e., that the data item identifier is based on a function of the segment identifiers. For example, a data item may consist of $N$ segments, thereby having $N$ segment identifiers. The data item identifier would, in this case, be a function of the $N$ segment identifiers. One example of this is a hash function of a block formed by the $N$ segment identifiers." (*Id.* at 17.) |
| | | '544 File History, December 30, 2010 Response to Office Action: "In the presently claimed invention, on the other hand, the identifiers of the segments of a data item are compared to a plurality of identifiers corresponding to a plurality of data items. This is used to determine whether or not said first data item corresponds to any of the plurality of data items. Nothing in Squibb teaches or in any way suggests using segment identifiers to determine whether or not said first data item corresponds to any of the plurality of data items." (*Id.* at 18.) |
| | | Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: "[W]ith respect to claim 1 of the '544 patent. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | A199-201; A207. That claim recites another version of the specific kind of 'hash of hashes' discussed above: for a first data item comprising a plurality of parts, . . . applying a first [hash] function to each part of said first plurality of parts to obtain a corresponding part value for each part of said first plurality of parts, . . . and . . . obtaining a first value for the first data item, said first value obtained by applying a second [hash] function to the part values of said first plurality of parts of said first data item. A11157; A199. As the elements are arranged, therefore, this claim requires (among other things) applying a first hash function to obtain part values, and then applying a second hash function to those part values to obtain a first value—in short, as the PTAB summarized, it requires a 'hash of hashes.' A199." (*Id.* at 59.)<br><br>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>"The PTAB committed the same error yet again in holding that Kantor anticipated claim 1 of the '544 patent. That claim requires: (a) separating a 'data item' into a 'plurality of parts'; (b) applying a hash function to each part to obtain a 'value' for each part; and (c) applying a second hash function to the 'value' of each part to obtain a value for the 'data item' as a whole. A11157." (*Id.* at 72.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | <u>Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:</u><br><br>"Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit." (*Id.* at 14.)<br><br>*See also* '420 patent at 5:24-25, 5:39-43, FIG. 10(b), 13:13-31;'791 File History, August 29, 1997 Response to Office Action at 18; Patent Owner Response to IPR2013-00084 (Paper 9) at 13; '310 patent at 13:17-20; '544 patent at 1:44–49, 5:65–5:67, claims 46, 52.<br><br>**Extrinsic Evidence**<br><br><u>Newton's Telecom Dictionary (1994):</u><br><br>"key. 1. One or more characters or perhaps a field within a data record used to identify the |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | data and perhaps control its use." (*Id.*) <br><br> Microsoft Computer Dictionary (2nd ed. 1994): <br><br> "key.  In database management, an identifier for a record or group of records in a data file. Most often, the key is defined as the contents of a single field, called the key field in some database management programs and the index field in others. In most database management systems, the keys (meaning the contents of a single key field or the composite key) are maintained in key tables and are specially indexed to speed record retrieval. In many database management systems, these key tables are called index files." (*Id.*) <br><br> IBM Dictionary of Computing (10th ed. 1994): <br><br> "key (1) An identifier within a set of data elements.; (2) One or more characters used to identify the record and establish the order of the record within an indexed file.; . . . (8) The value used to identify a record in a keyed sequence file. (9) In SQL, a column or an ordered collection of columns identified in the description of an index . . . ." (*Id.*) |
| "part" ('544 patent claims 46, 52) | a "part" is a separate sequence of bits <br><br> **Intrinsic Evidence** <br><br> '310 Patent: 5:61-6:2; 13:42-67; 18:30-32; | a "part" is a sequence of bits within a file <br><br> **Intrinsic Evidence** |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | 18:54-58; 20:57-21:9; 32:21-28; 32:39-54; 36:18-23; Figs. 2, 10(a)-(b), 19(a)-(b), 22<br><br>**Extrinsic Evidence**<br><br>"part …<br>1. A portion, division, piece, or segment of a whole.<br>2. Any of several equal portions or fractions that can constitute a whole or into which a whole can be divided: a mixture of two parts flour to one part sugar.<br>3. A division of a book or artistic work such as a film: a novel in three parts.<br>4.<br>a. An organ, member, or other division of an organism: A tail is not a part of a guinea pig.<br>b. parts The external genitals.<br>5. A component that can be separated from or attached to a system; a detachable piece: spare parts for cars.<br>6. often parts A region, area, land, or territory: "Minding your own business is second nature in these parts" (Boston).<br>7.<br>a. A role: He has the main part in the play.<br>b. One's responsibility, duty, or obligation; share: We each do our part to keep the house clean.<br>c. parts Abilities or talents: a person of many parts.<br>8. Music<br>a. The music or score for a particular instrument, as in an orchestra.<br>b. One of the melodic divisions or voices of a contrapuntal composition. | Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29:<br><br>"The PTAB committed the same error yet again in holding that Kantor anticipated claim 1 of the '544 patent. That claim requires: (a) separating a 'data item' into a 'plurality of parts'; (b) applying a hash function to each part to obtain a 'value' for each part; and (c) applying a second hash function to the 'value' of each part to obtain a value for the 'data item' as a whole. A11157." (*Id.* at 72.)<br><br>'420 patent<br><br>"Each file 120 being made up of one or more data segments 122." (*Id.* at 5: 24-25.)<br><br>'420 patent:<br><br>"A simple file 120 consists of a single data segment 122. A compound file 120 consists of a sequence of data segments 122. A data segment 122 is a fixed sequence of bytes. An important property of any data segment is its size, the number of bytes in the sequence." (*Id.* at 5:39-43.)<br><br>'420 patent:<br><br>"If the data item is a simple data item, then compute its True Name . . . otherwise partition the data item into segments . . . ." (*Id.* at 13:17-20.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | 9. The line where the hair on the head is parted." The American Heritage® Dictionary of the English Language, Fifth Edition | *See also* '420 patent at FIG. 10(b), 13:13-31; '544 patent at Fig. 10(b), 13:43–61, 14:4-35, claims 1, 46, 52. |
| "being based on a first function of the contents of the specific part" ('544 patent, claim 46) | Plain and ordinary meaning.<br><br>Alternative construction: being based upon a first computation using the data of the specific part<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 12:21-51; 13:17-41; 35:48-63; 37:23-27; Figs. 10(a), 10(b) | being based on a computation where the input is all of the data in the specific part<br><br>**Intrinsic Evidence**<br><br>'442 patent:<br><br>"Data files may represent may represent [sic] digital messages, images, videos or audio signals.  For content – data items or files in the system – a name is obtained (or determined), where the name is based, at least in part, on a given function of the data in a data item or file." (*Id.* at Abstract.)<br><br>'420 patent:<br><br>"To determine the True Name of a simple data item, with reference to FIG. 10(a), first compute the MD function (described above) on the given simple data item (Step S212). Then append to the resulting 128 bits, the byte length modulo 32 of the data item (Step S214). The resulting 160-bit value is the True Name of the simple data item." (*Id.* at 13:6-12.)<br><br>'310 patent at 1:41–48, '420 patent at 1:19-23:<br><br>_"The invention relates to data processing |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | systems and, more particularly, to data processing systems wherein data items are identified by substantially unique identifiers which depend on all of the data in the data items and only on the data in the data item." <br><br> Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: <br><br> "The True Names invention adopts the opposite approach: it uses the content-based True Name, not a user-defined name, to determine if a file exists at a storage location and whether it matches another file stored at a different location." (*Id.* at 15.) <br><br> Patent Owner's Preliminary Opposition to IPR2013-00596 (Paper 8): <br><br> "Thus, contrary to petitioner's suggestion, something is not a 'name' simply because it is an 'identifier.' Woodhill does not use binary object identifiers or contents identifiers as names. Woodhill uses 'names' for files (see name 40 in Fig. 3 of Woodhill), but does *not* provide names for binary objects or granules. Woodhill merely employs a hash to compare same file components to determine whether there has been a change - Woodhill does not use a hash as a file name, or as a substitute for a name, in a computer network." (*Id.* at 33-34.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | File History of '791 patent, August 29, 1997 Response to Office Action:<br><br>"To summarize, if a system determines an identifier using all of the data in a data item as well as <u>something else</u>, then that system does <u>not</u> determine the identifier using <u>only</u> the data in the data item. And, if a system determines an identifier using <u>only some</u> of the data in a data item, even if it uses nothing else to determine the identifier, that system does <u>not</u> determine the identifier using <u>all</u> the data in the data item." (*Id.* at 10.)<br><br><u>*PersonalWeb v. Int'l Bus. Machs.*, 6:12-cv-661, Dkt. 103 at 21 (E.D. Tex. March 10, 2016 (Order construing claims):</u><br><br>"The Court therefore hereby expressly rejects Plaintiff's argument that the use of the word 'comprises' means that there is no limit as to whether the data item identification can be based on information other than the data in the data item. *See, e.g., Spectrum Int'l, Inc. v. Sterilite Corp.*, 164 F.3d 1372, 1380 (Fed. Cir. 1998) ('"Comprising" is not a weasel word with which to abrogate claim limitations.'); *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 264 F.3d 1326, 1332 (Fed. Cir. 2001) ('The open-ended transition "comprising" does not free the claim from its own limitations.') (citing *Spectrum*); |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1354 (Fed. Cir. 2010) (citing *Spectrum*)."<br><br>*See also* '420 patent at 3:5-10; 3:25-33; 5:61-65; 7:66-8:4; 8:8-12; 8:40-57; 9:10; 14:24-45; 31:37-47; 32:57-59; 33:11-13; '280 File History, August 22, 2001 Response to Office Action at 23, August 13, 2001 Interview Summary; August 22, 2001 Response to Office Action at 24; '791 File History, March 12, 1997 Response to Office Action at 10-11, 20, Dec. 29, 2008 Amendment, Mar. 13, 2008 Response; '442 File History, May 25, 2004 Fax For Discussion Purposes Only and June 7, 2004 Amendment and Reply (incorporating Fax); '662 File History; '310 File History, March 17, 2010 Interview (discussing, inter alia, claim 1); March 15, 2010 Letter; '310 File History April 19, 2010 Amendment; *see also id.* 30-32, 35; April 22, 2010 Supplemental Amendment; Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29 at 14, 15-16, 19; Patent Owner's Preliminary Opposition to IPR 2013-00087 at 10-11; Patent Owner Response to IPR2013-00596 (Paper 15) at 3-5; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 20 at 51-52; Brief of Personal-Web, Case No. 16-1174 (Fed. Cir.) Dkt. 46 at 25-26; '544 Patent at 1:45–49, 3:53–59, 32:6–13; Gilstrap Order at 15–21. |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | **Extrinsic Evidence**<br><br>*PersonalWeb v. Int'l Bus' Machs.*, 6:12-cv-661, Dkt. 103 (E.D. Tex. March 10, 2016) (Order construing claims); *PersonalWeb v. Amazon.com, Inc., et al.*, 6:11-cv-658, Dkt. 140 (E.D. Tex. Aug. 5, 2013) (Order construing claims); <u>*PersonalWeb v. Int'l Bus. Machs.*, 6:12-cv-661, Dkt. 103 at 15–21 (E.D. Tex. March 10, 2016 (Order construing claims).</u> |
| "function of the one or more of part values" ('544 patent, claim 46) | Plain and ordinary meaning.<br><br>Part value: "a value created by a computation using the sequence of bits that makes up the part"<br><br>**Intrinsic Evidence**<br><br>'310 Patent: Abstract; 12:21-51; 13:17-41; 35:48-63; 37:23-27; Figs. 10(a), 10(b) | computation where the input is the one or more part values<br><br>Part value: "a value created by a computation on the sequence of bits that makes up the part"<br><br>**Intrinsic Evidence**<br><br><u>'544 File History, December 30, 2010 Response to Office Action:</u><br><br>"Claim 10 has been amended to clarify its meaning, i.e., that the data item identifier is based on a function of the segment identifiers. For example, a data item may consist of $N$ segments, thereby having $N$ segment identifiers. The data item identifier would, in this case, be a function of the $N$ segment identifiers. One example of this is a hash function of a block formed by the $N$ segment identifiers." (*Id.* at 17.) |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | '544 File History, December 30, 2010 Response to Office Action: "In the presently claimed invention, on the other hand, the identifiers of the segments of a data item are compared to a plurality of identifiers corresponding to a plurality of data items. This is used to determine whether or not said first data item corresponds to any of the plurality of data items. Nothing in Squibb teaches or in any way suggests using segment identifiers to determine whether or not said first data item corresponds to any of the plurality of data items." (*Id.* at 18.) Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: "[With] respect to claim 1 of the '544 patent. A199-201; A207. That claim recites another version of the specific kind of 'hash of hashes' discussed above: for a first data item comprising a plurality of parts, . . . applying a first [hash] function to each part of said first plurality of parts to obtain a corresponding part value for each part of said first plurality of parts, . . . and . . . obtaining a first value for the first data item, said first value obtained by applying a second [hash] function to the part values of said first plurality of parts of said first data item. A11157; A199. As the elements are arranged, therefore, this claim requires (among other |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | things) applying a first hash function to obtain part values, and then applying a second hash function to those part values to obtain a first value—in short, as the PTAB summarized, it requires a 'hash of hashes.' A199." (*Id.* at 59.) |
| | | Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: |
| | | "The PTAB committed the same error yet again in holding that Kantor anticipated claim 1 of the '544 patent. That claim requires: (a) separating a 'data item' into a 'plurality of parts'; (b) applying a hash function to each part to obtain a 'value' for each part; and (c) applying a second hash function to the 'value' of each part to obtain a value for the 'data item' as a whole. A11157." (*Id.* at 72.) |
| | | Brief of PersonalWeb, Case No. 14-1602 (Fed. Cir.) Dkt. 29: |
| | | "Woodhill uses the Binary Object Identifier in two separate operations—a backup protocol and an audit protocol. A2840; A2846. Unlike True Names, these limited protocols do not use content-based identifiers to locate, identify, access, move, or synchronize all Binary Objects found anywhere on the system (within individual files or across different files). Woodhill's protocols use Binary Object Identifiers for two separate and straightforward uses: (1) to conduct |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | one-to-one comparisons of Binary Objects within a known file at a known location during backup; and (2) to perform a conventional checksum audit." (*Id.* at 14.)<br><br>*See also* '420 patent at 5:24-25, 5:39-43, FIG. 10(b), 13:13-31; '791 File History, August 29, 1997 Response to Office Action at 18; '544 at 3:53–59, claims 46, 52.<br><br>**Extrinsic Evidence**<br><br>Newton's Telecom Dictionary (1994):<br><br>"key. 1. One or more characters or perhaps a field within a data record used to identify the data and perhaps control its use." (*Id.*)<br><br>Microsoft Computer Dictionary (2nd ed. 1994):<br><br>"key.  In database management, an identifier for a record or group of records in a data file. Most often, the key is defined as the contents of a single field, called the key field in some database management programs and the index field in others. In most database management systems, the keys (meaning the contents of a single key field or the composite key) are maintained in key tables and are specially indexed to speed record retrieval. In many database management systems, these key tables are called index files." |

| Claim Term[1] | PersonalWeb's Proposed Construction and Evidence | Amazon and Twitch's Proposed Construction and Evidence |
|---|---|---|
| | | (*Id.*) <br><br> IBM Dictionary of Computing (10th ed. 1994): <br><br> "key (1) An identifier within a set of data elements.; (2) One or more characters used to identify the record and establish the order of the record within an indexed file.; . . . (8) The value used to identify a record in a keyed sequence file. (9) In SQL, a column or an ordered collection of columns identified in the description of an index . . . ." (*Id.*) |

**APPENDIX C**

| Claim Term | PersonalWeb's Proposed Construction | Amazon and Twitch's Proposed Construction |
|---|---|---|
| "unauthorized or unlicensed" ('310 patent, claim 20) | Plain and ordinary meaning.<br><br>Alternative construction: not permitted or not legally permitted | not compliant with a valid license |
| "authorization" ('420 patent, claims 25, 166)<br><br>("authorization" is a previously construed term) | "authorization:" plain and ordinary meaning.<br><br>Alternative construction:<br><br>"authorization": permission | a valid license |
| "the request including at least a content dependent name of a particular data item" ('310 patent, claim 20) | the request including at least a content dependent name of a particular **data item** | the request including at least a content dependent name of a particular requested **data item** |
| "content-dependent name" ('310 patent, claims 20, 69; '420 patent, claim 25) | an identifier that changes with the content | an identifier used to locate and access a data item that is generated by processing the sequence of bits |
| "name for a data file" ('442 patent, claim 10) | an identifier | an identifier used to locate and access a **data file** |
| "digital key for the particular file" / "file key for each particular file" ('544 patent, claims 46, 52) | a content-based identifier for [the/each] particular file | unique identifier used to locate [the/each] particular file |

| Claim Term | PersonalWeb's Proposed Construction | Amazon and Twitch's Proposed Construction |
|---|---|---|
| "part" ('544 patent claims 46, 52) | a "part" is a separate sequence of bits | a "part" is a sequence of bits within a file |
| "being based on a first function of the contents of the specific part" ('544 patent, claim 46) | Plain and ordinary meaning.<br><br>Alternative construction: being based upon a first computation using the data of the specific part | being based on a computation where the input is all of the data in the specific part |
| "function of the one or more of part values" ('544 patent, claim 46) | Plain and ordinary meaning. | computation where the input is the one or more part values |
| "part value" ('544 patent, claim 46, 52) | "a value created by a computation using the sequence of bits that makes up the part" | "a value created by a computation on the sequence of bits that makes up the part" |