1  MICHAEL A. SHERMAN (SBN 94783)
   masherman@stubbsalderton.com
2  JEFFREY F. GERSH (SBN 87124)
   jgersh@stubbsalderton.com
3  SANDEEP SETH (SBN 195914)
   sseth@stubbsalderton.com
4  WESLEY W. MONROE (SBN 149211)
   wmonroe@stubbsalderton.com
5  STANLEY H. THOMPSON, JR. (SBN 198825)
   sthompson@stubbsalderton.com
6  VIVIANA B. HEDRICK (SBN 239359)
   vhedrick@stubbsalderton.com
7  STUBBS ALDERTON MARKILES, LLP
   15260 Ventura Boulevard, 20TH Floor
8  Sherman Oaks, CA  91403
   Telephone:    (818) 444-4500
9  Facsimile:    (818) 444-4520

10 Attorneys for PERSONALWEB
   TECHNOLOGIES, LLC
11
   DAVID D. WIER
12 david.wier@level3.com
   Assistant General Counsel
13 1025 Eldorado Boulevard
   Broomfield, CO  80021
14 Telephone:    (720) 888-3539

15 Attorney for LEVEL 3
   COMMUNICATIONS, LLC
16

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
PHILLIP J. HAACK (CSB No. 262060)
phaack@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Counsel for AMAZON.COM, INC. and
AMAZON WEB SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

17
18
19

20 IN RE PERSONAL WEB TECHNOLOGIES, LLC,
   ET AL., PATENT LITIGATION
21
22 AMAZON.COM, INC., et al.,
              Plaintiffs,
23 v.
   PERSONALWEB TECHNOLOGIES, LLC, et al.,
24            Defendants.

25 PERSONALWEB TECHNOLOGIES, LLC and
   LEVEL 3 COMMUNICATIONS, LLC,
26            Counterclaimants,
27 v.
   AMAZON.COM, INC. and AMAZON WEB
28 SERVICES, INC.,
              Counterdefendants.

Case No.: 5:18-md-02834-BLF-SVK

Case No. 5:18-cv-00767-BLF-SVK

**JOINT STATEMENT ON MOTION
BY AMAZON.COM, INC. AND
AMAZON WEB SERVICES, INC. TO
COMPEL PERSONALWEB TO
PROVIDE FURTHER
INTERROGATORY RESPONSES**

**Discovery Cut-Off:  August, 16, 2019**

1   **I.    AMAZON'S STATEMENT**

2      Amazon requests the Court's assistance with the discovery disputes described below.  Fact

3   discovery closes on August 16, 2019, and there are 213 days remaining until trial begins on March 16,

4   2020.  The discovery requests at issue are attached as **Exs. 1 & 2**.[1]  Amazon first raised these issues

5   by letter on March 19, 2019.  The parties conducted a two-hour conference on April 5, 2019, and

6   Amazon served this motion on April 14.

7      After several additional conferences the parties have resolved all issues in the original motion

8   except for one: (1) PersonalWeb agreed to conduct a reasonable search and produce the non-privileged

9   documents in its possession custody and/or control for RFP Nos. 1, 21, 23-24, 35-37, 41, 46-48, 50-

10  53, 57-58, 62-66, 74, 81-85 and 87.  It will serve supplemental responses to that effect.  (2)

11  PersonalWeb agreed to serve a further response to Interrogatory No. 3 that states that the products and

12  services that it contends practice the alleged inventions of each patent-in-suit are the accused products

13  in each litigation that it has filed claiming infringement of such patent(s).  Amazon agrees that such a

14  narrative response will resolve the issue that it raised with respect to PersonalWeb's compliance with

15  Rule 33(d). (3) PersonalWeb agreed to serve these supplemental responses by July 30, 2019.

16     Amazon requests the Court order PersonalWeb to supplement its response to Interrogatory No.

17  4, the remaining disputed request, within 7 days.

18     **Interrogatory 4** requires PersonalWeb to state in detail secondary considerations or objective

19  evidence of non-obviousness.  Amazon needs this information urgently for preparation of its opening

20  expert report on invalidity.  PersonalWeb's response refers to the success of the accused Amazon

21  technology and others but does not disclose any facts that connect that commercial success to the

22  purported non-obviousness *of the patents-in-suit*.  Nor is PersonalWeb willing to confirm its response

23  is complete.  A responding party must answer an interrogatory to the full extent of its knowledge.  *See*

24  *Haggarty v. Wells Fargo Bank, N.A.*, No. 10–2416 CRB (JSC), 2012 WL 4113341, at *1 (N.D. Cal.

25  Sept. 18, 2012) ("The responding party must answer interrogatories using not only personal knowledge

26  but also 'information immediately available to him or under his control.'") (citation omitted).  *At a*

27  _____

28  [1] The same discovery disputes at issue for Amazon are also at issue for Twitch.  *See* **Exs. 3 & 4**; Twitch's First Set of Interrogatories Nos. 3-4; Twitch's First Set of Requests for Production Nos. 1, 18, 20-21, 32-35, 40-42, 44-47, 51-52, 56-60, 68, 75-79, 81.

1   *minimum,* the Court should compel PersonalWeb to provide the facts in its possession.

2   Recently, PersonalWeb has also argued it *cannot respond* because Amazon did not identify

3   specific obviousness combinations in its invalidity contentions.  This objection is bogus for two

4   reasons.  First, the requested facts concern PersonalWeb's purported invention and do not depend in

5   any way on *Amazon's* contentions in a lawsuit.[2]  Second, PersonalWeb never objected or sought any

6   relief in the months it has had Amazon's invalidity contentions.  *See, e.g.*, *Fujifilm Corp. v. Motorola*

7   *Mobility LLC,* No. 12–cv–03587–WHO, 2015 WL 757575, at *29 (N.D. Cal. Feb. 20, 2015)

8   (explaining proper recourse is a motion to compel).  Regardless, Amazon *did* identify specific

9   combinations in the charts included with the contentions.  It mapped each limitation in the claims to a

10  primary prior art reference and included pin citations to the other references that disclose the same

11  limitation.[3]  Local Patent Rule 3-3(b) does not require anything more.  *See Avago Techs. Gen. IP PTE*

12  *Ltd. v. Elan Microelectronics Corp.*, No. C04 05385 JW HRL, 2007 WL 951818, at *4 (N.D. Cal.

13  Mar. 28, 2007) (contentions sufficient where defendant identified prior art groups and asserted they

14  would invalidate however combined, even though that encompassed many combinations); *see also*

15  *Keithley v. Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008) (same).

16  **II.   PERSONALWEB'S STATEMENT**

17  **Interrogatory 4** ask for PersonalWeb's contentions regarding secondary considerations of

18  non-obviousness and, in a separate sentence (a discrete subpart), the nexus between claimed

19  inventions and secondary considerations of non-obviousness. The nexus between secondary

20  considerations of non-obviousness and a claim, however, depends on which features of the claims

21  are disclosed in a single prior art reference. *See Novartis v. Torrent Pharma. Ltd.*, 853 F.3d 1316,

22  1330 (Fed, Cir. 2017).

23  Amazon's Invalidity Contentions list 54 prior art references as anticipating claims of the

24

25

_____

26  [2] The secondary considerations are: (1) the invention's commercial success, (2) long felt but
    unresolved needs, (3) the failure of others, (4) skepticism by experts, (5) praise by others, (6) teaching
27  away by others, (7) recognition of a problem, (8) copying of the invention by competitors, and (9)
    other relevant factors.  *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007); *Cardiac*
28  *Pacemakers, Inc. v. St. Jude Med., Inc.*, 381 F.3d 1371, 1377 (Fed. Cir. 2004); *In re Rouffet*, 149 F.3d
    1350, 1355 (Fed. Cir. 1998); *In re Beattie*, 974 F.2d 1309, 1313 (Fed. Cir. 1992).

[3]  Amazon can provide copies of the contentions if the Court so requests.

1  patents-in-suit and state, "Any of the references listed above may be combined to render obvious,

2  and therefore invalidate, each of the asserted claims of the Patent-in-Suit as demonstrated above

3  and/or in the accompanying claim charts." Amazon's Invalidity Contentions do not identify *any*

4  combinations of two or more specific pieces of prior art as rendering any claims of the patents-in-

5  suit obvious. Even if limited to combinations of just two or three references, Amazon's Invalidity

6  Contentions allege obviousness based on 26,235 different combinations of two or three of the 54

7  listed prior art references. Asking PersonalWeb to form contentions as to secondary considerations

8  of non-obviousness and the nexus between such indicia and each of the thousands of possible

9  combinations of prior art Amazon relies on in its Invalidity Contentions is completely unreasonable,

10  overbroad, and unduly burdensome. PersonalWeb should not be forced to answer it.

11      Amazon ignores *Novartis* and that the nexus between secondary considerations of non-

12  obviousness and a claim, depends on which features of the claims are missing in a single prior art

13  reference when it states, incorrectly, that "the requested facts concern PersonalWeb's purported

14  invention and do not depend in any way on *Amazon's* contentions in a lawsuit."

15      Further, Amazon's generic statement, "Any of the references listed above may be combined

16  to render obvious, and therefore invalidate, each of the asserted claims of the Patent-in-Suit as

17  demonstrated above and/or in the accompanying claim charts," is not sufficient as an "identification

18  of any combinations of prior art showing obviousness" as required by Patent L.R. 3-3(b).  *See Slot*

19  *Speaker Technologies, Inc. v. Apple, Inc.*, 2017 WL 235049 at *7 (N.D. Cal. 2017). As to invalidity

20  contentions of obviousness based on a single prior art reference, Amazon's Patent L.R. 3-3

21  disclosures show each of the 24 charted references as disclosing every element of each of the charted

22  patent claims and thus does not disclose what element of any of the claims is not met by the charted

23  references, but would have been obvious in view of the charted reference. Accordingly, Amazon has

24  not sufficiently disclosed any obviousness invalidity contention based on a single reference, either.

25      Thus, for the additional reason that Amazon has not sufficiently disclosed any specific

26  obviousness invalidity contentions in its Patent L.R. 3-3 disclosure, obviousness is no longer an

27  issue in this case and Interrogatory No. 4 does not relate to any relevant issue in the case and is not

28  reasonably calculated to lead to the discovery of any admissible evidence and thus need not be

1    answered by PersonalWeb.

2          Amazon recently raised the argument that PersonalWeb should have objected to Amazon's

3    invalidity contentions earlier.  This argument ignores, however, PersonalWeb's argument here is not

4    that Amazon's invalidity contentions are necessarily deficient in general, just they do not provide

5    enough information to allow PersonalWeb to answer Interrogatory No, 4.

6    Respectfully submitted,

7

8    Dated: July 24, 2019                          STUBBS, ALDERTON & MARKILES, LLP

9

10                                                 By: /s/ Wesley W. Monroe
                                                        Michael A. Sherman
11                                                      Jeffrey F. Gersh
                                                        Sandeep Seth
12                                                      Wesley W. Monroe
                                                        Stanley H. Thompson, Jr.
13                                                      Viviana Boero Hedrick
                                                        Attorneys for Defendants
14
                                                        Attorneys for PERSONALWEB
15                                                      TECHNOLOGIES, LLC

16

17   Dated: July 24, 2019                          FENWICK & WEST LLP

18                                                 By: /s/ J. David Hadden
19                                                      J. DAVID HADDEN (CSB No. 176148)
                                                        dhadden@fenwick.com
20                                                      SAINA S. SHAMILOV (CSB No. 215636)
                                                        sshamilov@fenwick.com
21                                                      TODD R. GREGORIAN (CSB No. 236096)
                                                        tgregorian@fenwick.com
22                                                      PHILLIP J. HAACK (CSB No. 262060)
                                                        phaack@fenwick.com
23                                                      RAVI R. RANGANATH (CSB No. 272981)
                                                        rranganath@fenwick.com
24                                                      CHIEH TUNG (CSB No. 318963)
                                                        ctung@fenwick.com
25                                                      FENWICK & WEST LLP
                                                        Silicon Valley Center
26                                                      801 California Street
                                                        Mountain View, CA  94041
27                                                      Telephone:      650.988.8500
                                                        Facsimile:      650.938.5200
28
                                                        Counsel for AMAZON.COM, INC. and
                                                        AMAZON WEB SERVICES, INC