MICHAEL A. SHERMAN (SBN 94783)
masherman@stubbsalderton.com
JEFFREY F. GERSH (SBN 87124)
jgersh@stubbsalderton.com
SANDEEP SETH (SBN 195914)
sseth@ stubbsalderton.com
WESLEY W. MONROE (SBN 149211)
wmonroe@stubbsalderton.com
STANLEY H. THOMPSON, JR. (SBN 198825)
sthompson@stubbsalderton.com
VIVIANA B. HEDRICK (SBN 239359)
vhedrick@stubbsalderton.com
STUBBS ALDERTON MARKILES, LLP
15260 Ventura Boulevard, 20TH Floor
Sherman Oaks, CA  91403
Telephone:     (818) 444-4500
Facsimile:     (818) 444-4520

Attorneys for PERSONALWEB
TECHNOLOGIES, LLC
[Additional Attorneys listed below]

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
RAVI R. RANGANATH (CSB No.
272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Counsel for AMAZON.COM, INC. and
AMAZON WEB SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE PERSONAL WEB TECHNOLOGIES,
LLC, ET AL., PATENT LITIGATION

AMAZON.COM, INC. and AMAZON WEB
SERVICES, INC.,

Plaintiffs,

v.

PERSONALWEB TECHNOLOGIES, LLC
and LEVEL 3 COMMUNICATIONS, LLC,

Defendants.

PERSONALWEB TECHNOLOGIES, LLC
and LEVEL 3 COMMUNICATIONS, LLC,

Counterclaimants,

v.

AMAZON.COM, INC., and AMAZON WEB
SERVICES, INC.,

Counterdefendants.

Case No.: 5:18-md-02834-BLF-SVK

Case No.: 5:18-cv-00767-BLF-SVK

**JOINT STATEMENT REGARDING
MOTION TO COMPEL: PRODUCTION
OF DOCUMENTS AND FURTHER
INTERROGATORY RESPONSES FROM
PERSONALWEB**

1    I.    AMAZON'S STATEMENT

2         Amazon requests the Court's assistance with discovery issues that relate to requests (attached

3    as **Exhibits 1 & 2**) served on April 25, 2019.  Fact discovery closes on August 16, 2019; trial is set on

4    March 16, 2020.  The parties conducted a conference on July 17, 2019.

5         **Interrogatory Nos. 11-14** ask PersonalWeb to disclose the facts that support its positions on

6    patent validity.   The PTAB invalidated a slew of claims in the patents during IPR proceedings.

7    (Amazon can provide the PTAB decisions to the Court on request).   No. 11 therefore asks

8    PersonalWeb to explain the difference between each asserted claim and those held invalid, including

9    how those differences are material to the Court's analysis of invalidity.[1]   Nos. 12-14 request a

10   comparison of the asserted claims to the invalid claim 70 of the '310 patent.  PersonalWeb provided a

11   non-response that its patents are "presumed" valid and the interrogatories are "premature."  The Court

12   should compel a full response.  The requested information is plainly relevant:  if the asserted claims

13   are not patentably distinct from those held invalid, then they, too, are invalid.  *See, e.g.*, *MaxLinear,*

14   *Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1377 (Fed. Cir. 2018).  PersonalWeb cannot dispute this:  it

15   did not assert any objection to the requests based on relevance, and therefore waived such objections.[2]

16   And just because an expert may rely on the requested facts later does not make the requests

17   "premature"; PersonalWeb must still turn over the facts in its possession now.  *See Amgen Inc. v.*

18   *Sandoz Inc.*, No. 14-CV-04741-RS (MEJ), 2017 WL 1352052, at *2 (N.D. Cal. Apr. 13, 2017)

19   (rejecting objection that requests were premature); *see also Facedouble, Inc. v. Face.com, Inc.*, No.

20   12CV1584-DMS MDD, 2014 WL 585868, at *3 (S.D. Cal. Feb. 13, 2014) (same); *In re NCAA*

21

22   _____

23        [1] The Court should not credit PersonalWeb's claim of burden in having to address "253 different claim combinations."  It did not object to the interrogatory based on burden, and has never proposed any compromise that would reduce its purported burden.

24        [2] PersonalWeb's contention that it need not provide discovery on this issue because Amazon did not plead a defense of collateral estoppel lacks merit.  First, Amazon pled a defense of invalidity, and the similarity of the asserted claims to those previously held invalid bears on that issue.  Second, the

25   Court may consider collateral estoppel *sua sponte*.  *See, e.g.*, *Hawkins v. Risley*, 984 F.2d 321, 324

26   (9th Cir. 1993) (holding courts have such authority so long as "the parties ha[ve] adequate opportunity to examine and contest the application of preclusion"); *Clements v. Airport Auth. of Washoe Cty.*, 69

27   F.3d 321, 329-30 (9th Cir. 1995) (applying issue preclusion and declining to find waiver based on defendants' failure to plead affirmative defense).  In fact, Amazon requires PersonalWeb's response

28   to decide whether to amend its pleadings.

1

1  *Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2012 WL 4111728, at

2  *4 (N.D. Cal. Sept. 17, 2012) (compelling response). The scheduling order also requires Amazon to

3  disclose its expert's invalidity opinion first:  PersonalWeb should not be allowed to withhold evidence

4  to ambush Amazon in rebuttal.

5    **RFPs No. 94 & 95.**  PersonalWeb's right to assert the patents-in-suit is governed by license

6  agreements between Kinetech, Inc. and Digital Island, Inc., the predecessors in interest of

7  PersonalWeb and Level 3, respectively.  Although the Kinetech License grants *Level 3* the exclusive

8  right to enforce the patents against content delivery networks ("CDNs"), *PersonalWeb* asserted

9  infringement by Amazon's CloudFront CDN.  Amazon therefore contends that PersonalWeb lacks

10  standing to assert this claim.  The Kinetech License also contains terms that determine how the parties

11  report and divide revenue from licenses to the patents in suit.  Thus, Amazon requested documents

12  related to the Kinetech License (No. 94) and communications between PersonalWeb and Level 3 (No.

13  95).  These are highly relevant.  They bear on whether PersonalWeb has standing, as they will show

14  the parties' course of dealing under the Kinetech License, including how the parties interpreted the

15  exclusive field terms and whether PersonalWeb gave the required written notice of its intent to sue in

16  Level 3's field.   The documents are also relevant to damages, since they reflect licensing

17  communications and the amounts paid under those licenses.

18    After prolonged negotiation, PersonalWeb finally offered to produce draft licenses,

19  communications of Kinetech and Digital Island, and communications with Level 3 regarding license

20  administration only, but reiterated that it is withholding its other communications with Level 3 based

21  on "common-interest privilege."  At 9:18 p.m. on July 23, 2019, Amazon emailed that it "would accept

22  supplemental responses" that reflect this compromise.  But the very next day, July 24, Level 3

23  disclosed that PersonalWeb had initiated an arbitration against it "related to issues before this Court"

24  including Amazon's standing defense.  (Dkt. 465.)  The arbitration demand states that PersonalWeb

25  had *already provided* Level 3 with "numerous written notices" about their dispute over the exclusive

26  field terms in the Kinetech License and Level 3's alleged failure to "cooperate" in the litigation against

27  Amazon.  Indeed, on July 25, PersonalWeb's counsel represented to Judge Freeman that PersonalWeb

28  and Level3 have engaged in "months" of communications about their dispute directly related to the

1  issues in this case.  (*See* July 25, 2019 CMC Tr. at 6:15-17.)

2  Yet, in negotiating its discovery dispute with Amazon, PersonalWeb concealed the fact that it

3  had for months communicated with Level 3 about issues in the case for which those parties are *adverse*

4  and therefore share *no common interest.  See Mondis Tech., Ltd. v. LG Elecs., Inc*., No. 2:07-CV-565-

5  TJW-CE, 2011 WL 1714304, at *4 (E.D. Tex. May 4, 2011) ("any communications in which the

6  parties are negotiating their rights and relationships to each other are not to be protected") (citation

7  omitted).[3]  Amazon has also learned that PersonalWeb also intervened to prevent Level3 from

8  producing documents that Level3 itself did not intend to withhold.   All of these must be produced.

9  The court should also require PersonalWeb furnish a privilege log of withheld documents: (1)

10  PersonalWeb bears the burden to establish application of the privilege (*see Leader Techs., Inc. v.*

11  *Facebook, Inc.,* 719 F. Supp. 2d 373, 375-76 (D. Del. 2010); and (2) PersonalWeb's prior concealment

12  of its dispute with Level 3 and its related communications means its privilege claims should be

13  scrutinized carefully.

14  **II.    PERSONALWEB'S STATEMENT**

15  **Interrogatories 11-14** seek PersonalWeb's contentions regarding differences between the

16  claims asserted in the present case with 23 invalidated claims spread among the 10 "TrueName"

17  patents. These interrogatories seek no facts—only contentions that would ordinarily be contained in a

18  patent owner's rebuttal expert report. Indeed, *Amgen v. Sandoz*, cited by Amazon for "rejecting

19  objection that requests were premature" explicitly found that while obviousness related interrogatories

20  "are not improper *to the extent they seek only facts*", they "are improper where they ask the respondent

21  to provide *an expert opinion*" as Amazon does here. 2017 WL 1352052 at *2 (emphasis added).

22  **Interrogatory 11** asks PersonalWeb to identify differences that "materially alter the question

23  of invalidity"—language that appears to be taken from *Ohio Willow Wood Co. v. Alps South, LLC*,

24  735 F.3d 1333, 1342 (Fed. Cir. 2013). *Ohio Willow Wood* used this language in the context of collateral

25

26  [3] *United States v. Gonzalez*, 669 F.3d 974 (9th Cir. 2012), cited by PersonalWeb, is not at all to
the contrary.  It affirms that the privilege exists so that persons who share "a common interest in

27  litigation" can communicate with their attorneys "to more effectively prosecute or defend their claims"
and that the attorneys "at a minimum" need to be engaged in that process for the communications to

28  be protected.  *Id.* at 978, 980.

1   estoppel due to the previous invalidation of a claim related to a later asserted claim. Neither Amazon

2   nor Twitch raised collateral estoppel as an affirmative defense generally, or specifically regarding the

3   invalidation of claim 70 of the '310 patent. *See* Fed. R. Civ. Proc. 8(c)(1)[4]. Accordingly, the

4   differences that "materially alter the question of invalidity" vis-à-vis claim 70 of the '310 patent are

5   not relevant to any claim or defense in this case and thus PersonalWeb should not be forced to provide

6   contentions for such a non-issue in violation of Rule 26's proportionality standard.

7       Further, Interrogatory 11 is particularly burdensome and disproportionate to the needs of the

8   case as it asks PersonalWeb to identify differences between *each* of 23 claims in the definition of

9   "invalidated claims" and *each* of the 11 asserted claims. This would require PersonalWeb to identify

10  differences between 253 different claim combinations (23 x 11 = 253).

11      **Interrogatories 12-14** asked for "elements or limitations" that "make the claim narrower or

12  otherwise materially different from the scope of claim 70 of the '310 patent." In these interrogatories,

13  what "materially" relates to is not stated. While Interrogatory 11 specifies "materiality" as to the

14  "question of invalidity," Interrogatories 12-14 do not indicate whether "material" relates to invalidity,

15  infringement, or some other issue. It is not up to PWeb to guess to which issue materiality is intended.

16      As to **Interrogatories 11-14**, absent collateral estoppel or res judicata, the difference between

17  the claims is not material to the issue of the invalidity of the asserted claims. The invalidity of each

18  claim is determined independently. The prior art and reasoning used to previously invalidate a claim

19  would have to be applied anew to each asserted claim regardless of the similarities or differences to

20  the invalidated claims. Amazon's motion should be rejected as to Interrogatories 11-14.

21      **RFP Nos. 94-95.** In supplemental responses served 8/4/19, PersonalWeb committed to

22  produce non-privileged, non-protected, responsive documents "prepared in the ordinary course of business

23

24  _____

25  [4] Amazon also did not raise this issue in its invalidity contentions. Amazon argues that pleading a
    defense of invalidity somehow obviates the Rule 8(c)(1) requirement to plead the affirmative defense

26  of collateral estoppel but cites no authority for this proposition. Ironically, Amazon now defends its
    failure to include a defense based on a prior proceeding after it argued that PersonalWeb should not

27  be allowed to amend its infringement contentions because of matter from prior proceedings. The case
    Amazon cites for the proposition that a court may consider issue preclusion *sua sponte, Hawkins v.*

28  *Riley*, involved issue preclusion based on a judgment that was issued *after* the pleadings were filed—
    the invalidations Amazon now wants to rely on happened before the present cases were even filed.

JOINT STATEMENT RE MOTION TO COMPEL                          CASE NO: 5:18-MD-02834-BLF-SVK
                                                             CASE NO: 5:18-CV-00767-BLF-SVK

1    for the administration of the Kinetech License, including, payments" (RFP 94) and "prepared in the

2    ordinary course of business constituting communications between PersonalWeb and Level 3" (RFP 95).

3    PWeb maintained its objection to Amazon seeking documents protected by the common interest privilege.

4        Amazon now asserts that PersonalWeb's initiation of arbitration proceedings[5] on a specific

5    issue vitiated the entire common interest privilege, citing two out-of-circuit cases. In the Ninth Circuit,

6    the "common interest [privilege] applies when (1) the communication is made by separate parties in

7    the course of a matter of common interest; (2) the communication is designed to further that effort;

8    and (3) the privilege has not been waived." *United States v. Bergonzi, 216 F.R.D. 487, 495 (N.D. Cal.*

9    *2003).* In the present case, Amazon seeks the communications between PersonalWeb and Level 3

10   made in the course of this litigation, a matter of which both parties have interest, the communications

11   are designed to further that effort, and the privilege has not been waived.[6] Further, parties to a common

12   interest privilege "need not have identical interests and may even have some adverse motives." *United*

13   *States v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012).

14       The cases Amazon cites are inapposite. *Leader Techs* is based on District of Delaware

15   precedent (interest must be "identical, not similar") which is opposite to Ninth Circuit law as stated in

16   *Gonzalez*. Further, the quotation from *Leader Techs* is from an S.D.N.Y. decision cited in a Federal

17   Circuit case applying 7th Circuit law (where the scope of privilege it "narrowly drawn"). The holding

18   Amazon cites from *Mondis Tech*, that communications between parties negotiating their rights and

19   relationship are not privileged, is a red herring that is inapplicable here. First, the facts in *Mondis Tech*

20   are contrary to the facts in this case as PersonalWeb and Level 3 already have a legal relationship and

21   are not negotiating an agreement—the license already exists. Second, even if PWeb and Level3 were

22   negotiating their respective license rights, case law from both the Federal Circuit and more recent

---

24       [5] Amazon's contention that PersonalWeb "concealed" privileged communications is contrary to
25   Section 12.3 of the Stipulated Amended Protective Order (DKT 427 at 20-21) ("The parties further
     agree that attorney-client privileged communications with and work-product materials of Outside
26   Counsel of Record in this Action that (1) relate to this Action and (2) were created on or after
     January 8, 2018 … are not discoverable and need not be included on a privilege log in this Action.")

27       [6] The common interest privilege is a joint privilege that cannot be unilaterally waived by one of
     the parties (*See U.S. v. Gonzalez*, 669 F.3d at 982). That Level 3 may, for arguments sake only, be
28   willing to waive the privilege does not result in PersonalWeb's privilege being waived.

1  District Court decisions from the Ninth Circuit disagree with *Mondis Tech* and support PWeb's

2  assertion of the common interest privilege. *See In re Regents of University of California*, 101 F.3d

3  1386 (1996) (privilege applied to communications between parties negotiating an exclusive license)

4  and *Regents of University of California v. Affymetrix*, 326 F.R.D. (S.D. Cal. 2018) ("Parties may have

5  both common commercial and legal interests, such as when the parties are discussing a merger or

6  negotiating for a patent license."). Amazon should be refused discovery of common-interest privilege

7  matter.

8                                    Respectfully submitted,

9  Dated:    August 16, 2019              STUBBS, ALDERTON & MARKILES, LLP

10

11                                    By: */s/ Wesley H. Monroe*
                                              MICHAEL A. SHERMAN
12                                            JEFFREY F. GERSH
                                              SANDEEP SETH
                                              WESLEY W. MONROE
13                                            STANLEY H. THOMPSON, JR.
                                              VIVIANA BOERO HEDRICK
14                                            ATTORNEYS FOR DEFENDANTS

15                                    MACEIKO IP

16                                            Theodore S. Maceiko (SBN 150211)
                                              ted@maceikoip.com
17                                            MACEIKO IP
                                              420 2nd Street
18                                            Manhattan Beach, California 90266
                                              Telephone:    (310) 545-3311
19                                            Facsimile:     (310) 545-3344

20                                            Attorneys for
                                              PERSONALWEB TECHNOLOGIES, LLC,

21
     Dated: August 16, 2019                FENWICK & WEST LLP
22

23                                    By: */s/ J. David Hadden*
                                              J. DAVID HADDEN (CSB No. 176148)
24                                            dhadden@fenwick.com
                                              SAINA S. SHAMILOV (CSB No. 215636)
25                                            sshamilov@fenwick.com
                                              RAVI R. RANGANATH (CSB No. 272981)
26                                            rranganath@fenwick.com
                                              CHIEH TUNG (CSB No. 318963)
27                                            ctung@fenwick.com

28                                            Counsel for AMAZON.COM, INC. and
                                              AMAZON WEB SERVICES, INC.

                                                      6