# EXHIBIT 1

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted *pro hac vice*)
mmayer@fenwick.com
PHILLIP J. HAACK (CSB No. 262060)
phaack@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

Counsel for AMAZON.COM, INC. and
AMAZON WEB SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONAL WEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION | Case No. 5:18-md-02834-BLF |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,<br><br>　　　　　Plaintiffs,<br>　　v.<br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br>　　　　　Defendants. | Case No.: 5:18-cv-00767-BLF<br><br>**SECOND SET OF INTERROGATORIES OF AMAZON.COM, INC. AND AMAZON WEB SERVICES, INC. TO PERSONALWEB TECHNOLOGIES, LLC** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon") request that PersonalWeb Technologies, LLC ("PersonalWeb") answer the following interrogatories separately and fully, in writing and under oath, within thirty (30) days from the date of service of these interrogatories, at the offices of Fenwick & West LLP, Silicon Valley Center, 801 California Street, Mountain View, CA, 94041. These interrogatories are intended to be continuing in nature and should be supplemented, as required, pursuant to Federal Rule of Civil Procedure 26(e). These interrogatories should be answered in accordance with the definitions and instructions set forth below.

## DEFINITIONS

1. The terms "you" or "PersonalWeb" means PersonalWeb Technologies LLC, and its predecessors, parents, subsidiaries, divisions, officers, employees, agents, and attorneys, and each person acting or purporting to act on their behalf or under their control.

2. The term "Amazon" means Amazon.com, Inc. and Amazon Web Services, Inc., including, without limitation, all predecessors, parents, subsidiaries, divisions, officers, employees, agents, and attorneys of Amazon.com, Inc. and Amazon Web Services, Inc., and each person acting or purporting to act on their behalf or under their control.

3. The term "'791 patent" means U.S. Patent No. 5,978,791.

4. The term "'442 patent" means U.S. Patent No. 6,928,442.

5. The term "'310 patent" means U.S. Patent No. 7,802,310.

6. The term "'544 patent" means U.S. Patent No. 7,945,544.

7. The term "'420 patent" means U.S. Patent No. 8,099,420.

8. The term "patents-in-suit" means, collectively, the '791 patent, the '442 patent, the '310 patent, the '544 patent, and the '420 patent. Requests referring to "each of the patents-in-suit" (or "each asserted claim in the patents-in-suit") require responsive information for each of the '791 patent, the '442 patent, the '310 patent, the '544 patent, and the '420 patent.

9. The term "related patents/applications" means any and all patents, patent applications and/or patent publications that (i) claim priority from any of the patents-in-suit, (ii) are identified as a basis for priority for any of the patents-in-suit, or (iii) claim priority to any application to which any of the patents-in-suit claims priority.

10. The term "asserted claim(s)" means any and all claims of the patents-in-suit that PersonalWeb contends Amazon infringes.

11. The term "invalidated claim(s)" means any claim of a related patent or related application found invalid in any proceeding, including but not limited to the following claims: U.S. Patent No. 7,802,310 claim 70; U.S. Patent No.7,945,544 claim 1; U.S. Patent No.5,978,791 claims 1, 2, 3, 4, 29, 30, 31, 32, 33, and 41; U.S. Patent No. 6,415,280 claims 36 and 38; U.S. Patent No. 7,945,539 claims 10, 21, and 34; U.S. Patent No. 7,949,662 claim 30; U.S. Patent No. 8,001,096 claims 1, 2, 81, and 83.

12. The term "materially alter the question of invalidity" is defined as that term is used in *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333 (Fed. Cir. 2013).

13. The term "document" has the broadest meaning accorded to that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item.

14. The terms "relate to," "relates to," "related to," "relating to," "referring to," "pertaining to," "pertain to," and "regarding" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

15. "Identify," when used with respect to any natural person, means to state the person's full name, present or last-known address, telephone number, position/occupation, and employer.

16. "Identify," when used with respect to any legal entity (such as a corporation, company, or person other than a natural person), means to state the entity's name, the place of incorporation or organization, the principal place of business, and the nature of the business conducted by that legal entity.

17. "Identify," when used with respect to any document, means to state the document's title and subject matter, form (e.g., letter, memorandum, email, etc.), document production number range, date, author(s), addressee(s), recipient(s), and name of its present custodian.

18. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

19. The term "any" and "each" should be understood to include and encompass "all."

20. All pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case makes the request more inclusive.

21. The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

22. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1. Each interrogatory shall be answered separately and fully in writing under oath. If you object to any of the interrogatories, you must state the reasons for the objection and answer to the extent the interrogatory is not objectionable. *See* Fed. R. Civ. P. 33(b).

2. If you cannot answer an interrogatory fully and completely after exercising due diligence to make inquiry and secure the information to do so, please so state and answer each interrogatory to the fullest extent possible. Specify the portion of the interrogatory you claim you are unable to answer fully and completely, and further specify the facts on which you relied to support your contention that you are unable to answer the interrogatory fully and completely. State what knowledge, information or belief you have concerning the unanswered portion of the interrogatory, and state fully, completely and in detail the acts done and inquiries made by you to show that you have exercised due diligence to make an inquiry and secure the information necessary to answer the interrogatory.

3. Pursuant to Fed. R. Civ. P. 26(b)(5), if you contend that any information requested herein is privileged or otherwise shielded from disclosure, and the information requested is withheld (in whole or in part) based on a claim of privilege or any other claim of immunity from discovery, (i) describe the factual and legal basis for your claim of privilege or immunity in sufficient detail so as to permit the Court to adjudicate the validity of the claim and (ii) provide all responsive information that does not fall within your claim of privilege. In addition, to the extent the withheld information is contained within a document, for each document or portion thereof withheld, state the following: (a) the type of document (*e.g.*, email, letter, memorandum, contract, etc.); (b) its subject line or title, as appropriate; (c) its date; (d) its subject matter; (e) the identity of all persons who authored, drafted, or prepared it; (f) the identity of all persons to whom it was directed, circulated, or copied, or who had access thereto; (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work product immunity," etc.); and (h) its present location.

4. If a document or information contained in a document is responsive to an interrogatory, but that document subsequently has been destroyed or otherwise lost, describe the document in detail. Within each description, include the following information: (a) the type of document (*e.g.*, email, letter, memorandum, contract, etc.); (b) its subject line or title, as appropriate; (c) its date; (d) its subject matter; (e) the identity of all persons who authored, drafted, or prepared it; (f) the identity of all persons to whom it was directed, circulated, or copied, or who had access thereto; (g) the date or approximate date that the document was destroyed or otherwise lost; (h) the identity of all persons who possessed the document at any time; (i) the identity of all persons who destroyed or lost the document; (j) the identity of all persons at whose request or direction the document was destroyed or lost; and (k) the identity of all persons who have or had knowledge of the document's contents.

5. If a document or information contained in a document is responsive to an interrogatory, and that document is not in your possession, custody or control, identify the persons who have possession, custody or control of such document. If such document was in your possession, custody or control in the past but is no longer in your possession, custody or control, describe in

detail what disposition was made of it, the reasons for such disposition, and identify any persons having any knowledge of, or responsible for, such disposition.

6. In the event that you object to any interrogatory on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that interrogatory as narrowed to the extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that interrogatory for purposes of your response.

7. In the event that you object to any interrogatory on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

8. If you object to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state your objection and answer the interrogatory for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate and the time period you used for your response).

9. In the event you object to any part of an interrogatory on any other grounds and refuse to answer, state your objection and answer the remaining portion of the interrogatory.

10. You remain under a duty to supplement or amend any response herein in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, *e.g.*, in the event that you or any of your attorneys, agents, representatives or employees obtains further or different information after the date of your initial answer.

**INTERROGATORIES**

**INTERROGATORY NO. 11:**

For each asserted claim, describe in detail how the differences between that asserted claim and each invalidated claim materially alter the question of invalidity. Such description should include, without limitation, a response explaining why each asserted claim should not be found to be invalid on the same grounds as each invalidated claim, and an identification of each specific claim element or limitation that PersonalWeb contends renders the scope of each asserted claim narrower or otherwise different than that of each invalidated claim.

**INTERROGATORY NO. 12:**

For each claim of the '310 patent that PersonalWeb contends Amazon infringes, identify each claim element or limitation that PersonalWeb contends renders the scope of that claim narrower or otherwise different than that of claim 70 of the '310 patent, and explain how that identified claim element or limitation makes the claim narrower or otherwise materially different than the scope of claim 70 of the '310 patent.

**INTERROGATORY NO. 13:**

For each claim of the '420 patent that PersonalWeb contends Amazon infringes, identify each claim element or limitation that PersonalWeb contends renders the scope of that claim narrower or otherwise different than that of claim 70 of the '310 patent, and explain how that identified claim element or limitation makes the claim narrower or otherwise materially different than the scope of claim 70 of the '310 patent.

**INTERROGATORY NO. 14:**

For each claim of the '442 patent that PersonalWeb contends Amazon infringes, identify each claim element or limitation that PersonalWeb contends renders the scope of that claim narrower or otherwise different than that of claim 70 of the '310 patent, and explain how that identified claim element or limitation makes the claim narrower or otherwise materially different than the scope of claim 70 of the '310 patent.

AMAZON'S SECOND SET OF
INTERROGATORIES TO PERSONALWEB

6

CASE NO.: 5:18-md-02834-BLF
CASE NO.: 5:18-cv-00767-BLF

Respectfully submitted,

Dated:   April 25, 2019

FENWICK & WEST LLP

By: */s/ Melanie L. Mayer*
   Melanie L. Mayer

Counsel for
AMAZON.COM, INC. and AMAZON WEB SERVICES, INC

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2019, a true and correct copy of the foregoing document was served on each party through their counsel of record via email.

Michael A. Sherman
masherman@stubbsalderton.com
Jeffrey F. Gersh
jgersh@stubbsalderton.com
Sandeep Seth
sseth@stubbsalderton.com
Wesley W. Monroe
wmonroe@stubbsalderton.com
Stanley H. Thompson
sthompson@stubbsalderton.com
Viviana Boero Hedrick
vhedrick@stubbsalderton.com
STUBBS ALDERTON & MARKILES, LLP
15620 Ventura Blvd., 20th Floor
Sherman Oaks, CA  91403

*Counsel for PersonalWeb Technologies, LLC*

Theodore S. Maceiko
ted@maceikoip.com
MACEIKO IP
420 2nd Street
Manhattan Beach, CA  90266

*Counsel for PersonalWeb Technologies, LLC*

David Wier
david.wier@level3.com
Level 3 Communications, LLC
1025 Eldorado Boulevard
Broomfield, CO 80021

Jose L. Patiño
jpatino@foley.com
Christopher C. Bolten
cbolten@foley.com
Foley & Lardner LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130

*Counsel for Level 3 Communications, LLC*

 */s/ Melanie L. Mayer*
Melanie L. Mayer

| | |
|---|---|
| 1 | MICHAEL A. SHERMAN (SBN 94783) |
|   | masherman@stubbsalderton.com |
| 2 | JEFFREY F. GERSH (SBN 87124) |
|   | jgersh@stubbsalderton.com |
| 3 | SANDEEP SETH (SBN 195914) |
|   | sseth@stubbsalderton.com |
| 4 | WESLEY W. MONROE (SBN 149211) |
|   | wmonroe@stubbsalderton.com |
| 5 | STANLEY H. THOMPSON, JR. (SBN 198825) |
|   | sthompson@stubbsalderton.com |
| 6 | VIVIANA BOERO HEDRICK (SBN 239359) |
|   | vhedrick@stubbsalderton.com |
| 7 | STUBBS, ALDERTON & MARKILES, LLP |
|   | 15260 Ventura Blvd., 20th Floor |
| 8 | Sherman Oaks, CA 91403 |
|   | Telephone:   (818) 444-4500 |
| 9 | Facsimile:   (818) 444-4520 |

**Attorneys for PersonalWeb Technologies, LLC**
[Additional Attorneys listed below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PERSONAL WEB TECHNOLOGIES, LLC, ET AL., PATENT LITIGATION | **CASE NO.: 5:18-md-02834-BLF** |
| AMAZON.COM, INC., et al., | **Case No.: 5:18-cv-00767-BLF** |
| Plaintiffs, | **PERSONALWEB TECHNOLOGIES, LLC'S RESPONSES TO AMAZON.COM, INC. AND AMAZON WEB SERVICES, INC.'S SECOND SET OF INTERROGATORIES** |
| v. | |
| PERSONALWEB TECHNOLOGIES, LLC, et al., | |
| Defendants. | Trial Date:   March 16, 2020 |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | |
| Counterclaimants, | |
| v. | |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., | |
| Counterdefendants. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, PersonalWeb Technologies, LLC ("PersonalWeb"), by and through counsel, hereby objects and responds to the Second Set of Interrogatories of Amazon.com, Inc. and Amazon Web Services, Inc. (collectively "Amazon") as follows:

## GENERAL OBJECTIONS

1. The following general objections are stated with respect to each and every interrogatory whether or not specifically identified in response thereto. To the extent any of these general objections are not raised in any particular response, PersonalWeb does not waive those objections.

2. PersonalWeb objects to each and every instruction and interrogatory to the extent that it seeks to impose duties beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this district. PersonalWeb's response shall be made only in accordance with the applicable rule(s).

3. PersonalWeb objects to each and every instruction and interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, or protection, as provided by any applicable law. PersonalWeb does not intend to disclose such privileged or protected information.

4. PersonalWeb objects to each and every instruction, definition, and request to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, or protection, as provided by any applicable law. PersonalWeb does not intend to disclose such privileged or protected information. PersonalWeb's inadvertent disclosure of any such information should not be deemed a waiver of any privilege, immunity, or protection, and PersonalWeb expressly reserves the right to object to the introduction at trial or to any other use of such information that may be inadvertently disclosed. PersonalWeb objects to discovery of attorney-client privileged communications after the filing of this lawsuit and all lawsuits that are part of this multidistrict litigation, Case No. 5:18-md-02834, and to the discovery of work-product materials generated after the filing of this lawsuit and all lawsuits that are part of this multidistrict litigation, Case No. 5:18-

md-02834. Per the parties' Joint Preliminary Pretrial Conference Statement, PersonalWeb will not identify these privileged or protected materials in a privilege log.

5. The responses given herein shall not be deemed to waive any claim of privilege or immunity PersonalWeb may have as to any response, document, or thing, or any question or right of objection as to authenticity, competency, relevancy, materiality, admissibility, or any other objection PersonalWeb may have as to a demand for further response to these or other Interrogatories, or to any objection to the use of such information, documents, or things in any other proceeding filed after the production of such information or documents.

6. PersonalWeb objects to each and every definition inasmuch as it purports to define terms used by PersonalWeb in its responses. PersonalWeb explicitly rejects any of Amazon's purported definitions applying to PersonalWeb's responses, unless specifically stated otherwise.

7. PersonalWeb objects to each and every definition and each and every interrogatory including them as impermissibly vague, ambiguous, overly broad, and uncertain as the purportedly defined terms are not consistently capitalized or otherwise indicated as referring to a use as a purportedly defined term as compared to the use of the purportedly defined term in its ordinary usage.

8. PersonalWeb objects to each and every definition and interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because they are not limited to a specific geographic area. PersonalWeb will only provide discovery with respect to the United States.

9. PersonalWeb objects to the definitions of "You," "Your," or "PersonalWeb" because PersonalWeb has no knowledge of the entity "PersonalWeb Technologies LLC." To the extent that this definition is intended to refer to "PersonalWeb Technologies, LLC", PersonalWeb objects to the definition as it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of PersonalWeb, but is in the possession of third-parties and non-parties to this lawsuit. PersonalWeb further objects to each and every interrogatory including "PersonalWeb" as impermissibly vague, ambiguous, overly broad, and uncertain as Amazon has given "PersonalWeb" different and inconsistent definitions in the preamble to the interrogatories and in the "Definitions" section of the interrogatories. PersonalWeb further objects to the definition of these terms to the extent it includes PersonalWeb attorneys and patent agents and seeks privileged and

attorney-work product information. PersonalWeb will interpret these terms as referring to PersonalWeb Technologies, LLC only.

10. PersonalWeb objects to the definitions of "Amazon" to the extent that it purports to extend to "all predecessors, parents, subsidiaries, divisions, officers, employees, agents, and attorneys of Amazon.com, Inc. and Amazon Web Services, Inc., and each person acting or purporting to act on their behalf or under their control" as broadening the scope of allowable discovery and seeks information that is not within the possession, custody, or control of PersonalWeb as PersonalWeb does not know the identity of such persons and entities or the nature of their legal relationship to Amazon. PersonalWeb further objects to each and every interrogatory including "Amazon" as impermissibly vague, ambiguous, overly broad, and uncertain as Amazon has given "Amazon" different and inconsistent definitions in the preamble to the interrogatories and in the "Definitions" section of the interrogatories.

11. PersonalWeb objects to the definition of "patents-in-suit" because it refers to patents about which there is no case or controversy, particularly the '791 patent. None of PersonalWeb's operative complaints against individual website operators allege infringement of the '791 patent.

12. PersonalWeb objects to the definitions of "all documents" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that is imposes obligations on PersonalWeb beyond those in Fed. R. Civ. P. 26 and 33.

13. PersonalWeb objects to the definitions of "communication" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that is imposes obligations on PersonalWeb beyond those in Fed. R. Civ. P. 26 and 33.

14. PersonalWeb objects to the definitions of "Identify" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity. PersonalWeb will interpret this term as "List the natural person, legal entity, or document."

15. PersonalWeb objects to the definition "materially alter the question of invalidity" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it imposes obligations on PersonalWeb beyond those in Fed. R. Civ. P. 26 and 33.

16. PersonalWeb objects to the interrogatories to the extent that they seek information equally available to Amazon in the public domain or that is already in the possession, custody, or control of Amazon.

17. PersonalWeb objects to the interrogatories to the extent that they seek information that is in the possession, custody, or control of parties over whom PersonalWeb has no control.

18. Nothing contained herein may be construed as an admission relative to the existence or non-existence of any information, and no response may be construed as an admission with respect to the relevancy or admissibility in evidence of any statement or characterization contained in the interrogatories or respecting the authenticity, competency, relevancy, materiality, or admissibility of any information, document or thing referenced by the interrogatories.

Discovery in this matter is ongoing and PersonalWeb reserves the right to revise or supplement any response herein.

These General Objections are applicable to and are incorporated in each specific response herein without further reference. The inclusion of specific objection(s) in response to any interrogatories shall not be construed as a waiver of such objection(s), or any of these objections, in any other response.

**RESPONSES AND OBJECTIONS**

Subject to the foregoing General Objections, which are incorporated by reference as if set forth fully in each and every response, PersonalWeb also specifically responds and objects to the interrogatory as follows:

**INTERROGATORY NO. 11:**

For each asserted claim, describe in detail how the differences between that asserted claim and each invalidated claim materially alter the question of invalidity. Such description should include, without limitation, a response explaining why each asserted claim should not be found to be invalid on the same grounds as each invalidated claim, and an identification of each specific claim element or

limitation that PersonalWeb contends renders the scope of each asserted claim narrower or otherwise different than that of each invalidated claim.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections, PersonalWeb objects to this Interrogatory on the grounds that it is not a single interrogatory, but instead consists of multiple sub-parts, which, when taken together with Amazon's other interrogatories, exceed the numbers of interrogatories permissible under the Federal Rules of Civil Procedure. PersonalWeb further objects to this Interrogatory to the degree that it calls for information protected by the attorney-client privilege or the work-product doctrine.

PersonalWeb objects to this Interrogatory to the extent it seeks information related to the validity of the patents-in-suit. PersonalWeb's patents are presumed valid under 35 U.S.C. §282, and Amazon bears the burden of establishing invalidity by clear and convincing evidence.

Further, this interrogatory is premature in that the Court has not yet construed the contested terms of the patents-in-suit and PersonalWeb has not yet received Amazon's expert report on invalidity.

For at least the foregoing reasons, PersonalWeb will not respond to this Interrogatory No. 11.

**INTERROGATORY NO. 12:**

For each claim of the '310 patent that PersonalWeb contends Amazon infringes, identify each claim element or limitation that PersonalWeb contends renders the scope of that claim narrower or otherwise different than that of claim 70 of the '310 patent, and explain how that identified claim element or limitation makes the claim narrower or otherwise materially different than the scope of claim 70 of the '310 patent.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the General Objections, PersonalWeb objects to this Interrogatory on the grounds that it is not a single interrogatory, but instead consists of multiple sub-parts, which, when taken together with Amazon's other interrogatories, exceed the numbers of interrogatories permissible under the Federal Rules of Civil Procedure. PersonalWeb further objects to this Interrogatory to the degree that it calls for information protected by the attorney-client privilege or the work-product doctrine.

PersonalWeb objects to this Interrogatory to the extent it seeks information related to the

validity of the patents-in-suit. PersonalWeb's patents are presumed valid under 35 U.S.C. §282, and Amazon bears the burden of establishing invalidity by clear and convincing evidence.

Further, this interrogatory is premature in that the Court has not yet construed the contested terms of the patents-in-suit and PersonalWeb has not yet received Amazon's expert report on invalidity.

For at least the foregoing reasons, PersonalWeb will not respond to this Interrogatory No. 12.

**INTERROGATORY NO. 13:**

For each claim of the '420 patent that PersonalWeb contends Amazon infringes, identify each claim element or limitation that PersonalWeb contends renders the scope of that claim narrower or otherwise different than that of claim 70 of the '310 patent, and explain how that identified claim element or limitation makes the claim narrower or otherwise materially different than the scope of claim 70 of the '310 patent.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the General Objections, PersonalWeb objects to this Interrogatory on the grounds that it is not a single interrogatory, but instead consists of multiple sub-parts, which, when taken together with Amazon's other interrogatories, exceed the numbers of interrogatories permissible under the Federal Rules of Civil Procedure. PersonalWeb further objects to this Interrogatory to the degree that it calls for information protected by the attorney-client privilege or the work-product doctrine.

PersonalWeb objects to this Interrogatory to the extent it seeks information related to the validity of the patents-in-suit. PersonalWeb's patents are presumed valid under 35 U.S.C. §282, and Amazon bears the burden of establishing invalidity by clear and convincing evidence.

Further, this interrogatory is premature in that the Court has not yet construed the contested terms of the patents-in-suit and PersonalWeb has not yet received Amazon's expert report on invalidity.

For at least the foregoing reasons, PersonalWeb will not respond to this Interrogatory No. 13.

**INTERROGATORY NO. 14:**

For each claim of the '442 patent that PersonalWeb contends Amazon infringes, identify each claim element or limitation that PersonalWeb contends renders the scope of that claim narrower or

otherwise different than that of claim 70 of the '310 patent, and explain how that identified claim element or limitation makes the claim narrower or otherwise materially different than the scope of claim 70 of the '310 patent.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the General Objections, PersonalWeb objects to this Interrogatory on the grounds that it is not a single interrogatory, but instead consists of multiple sub-parts, which, when taken together with Amazon's other interrogatories, exceed the numbers of interrogatories permissible under the Federal Rules of Civil Procedure. PersonalWeb further objects to this Interrogatory to the degree that it calls for information protected by the attorney-client privilege or the work-product doctrine.

PersonalWeb objects to this Interrogatory to the extent it seeks information related to the validity of the patents-in-suit. PersonalWeb's patents are presumed valid under 35 U.S.C. §282, and Amazon bears the burden of establishing invalidity by clear and convincing evidence.

Further, this interrogatory is premature in that the Court has not yet construed the contested terms of the patents-in-suit and PersonalWeb has not yet received Amazon's expert report on invalidity.

For at least the foregoing reasons, PersonalWeb will not respond to this Interrogatory No. 14.

Respectfully submitted,

Dated: May 28, 2019

**STUBBS ALDERTON & MARKILES, LLP**

By: /s/ *Wesley A. Monroe*
    Michael A. Sherman
    Jeffrey F. Gersh
    Sandeep Seth
    Wesley W. Monroe
    Viviana Boero Hedrick
    Stanley H. Thompson, Jr.

Attorneys for Plaintiff PERSONALWEB TECHNOLOGIES, LLC

**MACEIKO IP**

Theodore S. Maceiko (SBN 150211)
ted@maceikoip.com
MACEIKO IP
420 2nd Street
Manhattan Beach, CA  90266
Telephone: (310) 545-3311
Facsimile: (310) 545-3344

Attorney for Plaintiff
PERSONALWEB TECHNOLOGIES, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May 2019, a true and correct copy of the foregoing document, *PersonalWeb's Responses to Amazon.com, Inc. and Amazon Web Services, Inc.'s Second Set of Interrogatories (Nos. 11-14)*, was served on each party through their counsel of record via email.

J. David Hadden
dhadden@fenwick.com
Saina S. Shamilov
sshamilov@fenwick.com
Melanie L. Mayer
mmayer@fenwick.com
Phillip J. Haack
phaack@fenwick.com
Ravi R. Ranganath
rranganath@fenwick.com
Chieh Tung
ctung@fenwick.com
Todd R. Gregorian
tgregorian@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041

*Attorneys for Amazon.com, Inc. and Amazon Web Services, Inc.*

/s/ *Viviana Boero Hedrick*
VIVIANA BOERO HEDRICK