1   MICHAEL A. SHERMAN (SBN 94783)          J. DAVID HADDEN (CSB No. 176148)
    masherman@stubbsalderton.com            dhadden@fenwick.com
2   JEFFREY F. GERSH (SBN 87124)            SAINA S. SHAMILOV (CSB No. 215636)
    jgersh@stubbsalderton.com               sshamilov@fenwick.com
3   SANDEEP SETH (SBN 195914)               MELANIE L. MAYER (admitted *pro hac vice*)
    sseth@ stubbsalderton.com               mmayer@fenwick.com
4   WESLEY W. MONROE (SBN 149211)           TODD R. GREGORIAN (CSB No. 236096)
    wmonroe@stubbsalderton.com              tgregorian@fenwick.com
5   STANLEY H. THOMPSON, JR. (SBN 198825)   RAVI R. RANGANATH (CSB No. 272981)
    sthompson@stubbsalderton.com            rranganath@fenwick.com
6   VIVIANA B. HEDRICK (SBN 239359)         SHANNON E. TURNER (CSB No. 310121)
    vhedrick@stubbsalderton.com             sturner@fenwick.com
7   STUBBS ALDERTON MARKILES, LLP           CHIEH TUNG (CSB No. 318963)
    15260 Ventura Boulevard, 20TH Floor     ctung@fenwick.com
8   Sherman Oaks, CA  91403                 FENWICK & WEST LLP
    Telephone:     (818) 444-4500           Silicon Valley Center
9   Facsimile:     (818) 444-4520           801 California Street
                                            Mountain View, CA  94041
10  Attorneys for PERSONALWEB               Telephone:     650.988.8500
    TECHNOLOGIES, LLC                       Facsimile:     650.938.5200
11

12                                          Counsel for Defendant
                                            TWITCH INTERACTIVE, INC.

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16  IN RE PERSONAL WEB TECHNOLOGIES,        **CASE NO.: 5:18-MD-02834-BLF-SVK**
    LLC, ET AL., PATENT LITIGATION
17

18  PERSONALWEB TECHNOLOGIES, LLC, a        **CASE NO.: 5:18-CV-05619-BLF-SVK**
    Texas limited liability company, and
19  LEVEL 3 COMMUNICATIONS, LLC, a          **JOINT STATEMENT REGARDING**
    Delaware limited liability company      **PERSONALWEB TECHNOLOGIES,**
20          Plaintiffs,                      **LLC'S MOTION TO COMPEL**
                                            **DEPOSITIONS OF TWITCH'S 30(B)(6)**
21  v.                                      **WITNESSES**

22  TWITCH INTERACTIVE, INC. a Delaware
    corporation,
23          Defendant.                      Trial Date: March 16, 2020

24

25

26

27

28

## I.       PERSONALWEB'S STATEMENT

This case against Twitch is directed to HTTP caching using content-based identifiers. PersonalWeb ("PWeb") accuses Twitch of using HTTP cache control headers such as max-age value and content-based ETags, in conjunction with other aspects of the HTTP protocol, to carry out the claimed method of controlling distribution of its webpage content to invalidate and revalidate the access rights of browsers.  (See, e.g., FAC, Dkt. 13 at ¶¶ 42-52.)  PWeb is entitled to information regarding all the benefits to Twitch of using the accused HTTP cache control method to calculate damages.   Nevertheless, Twitch has refused to provide data and competent 30(b)(6) witnesses regarding infrastructure cost savings from its use of HTTP caching, data relating to lower web-page load times due to caching, or data relating to revenue increase or user-base increase through HTTP caching as a result of lower load times.  This information is relevant to damages.  The parties have met and conferred, most recently on August 19, 2019.  See deposition notices attached as **Exs. 1-2**.

**Twitch's 30(b)(6) witnesses**.  PWeb sent its first 30(b)(6) deposition notice to Twitch on June 14, 2019.  Twitch designated witnesses for some of the requested deposition topics. Vincent Cellini was designated regarding Topics 2(b)-(c), 3(b)-(c), and 5(a)-(b); James Richard regarding Topics 4(a)-(o), 4(q), 6(h), and 6(g); and Kevin Lin regarding Topics 1 (a)-(b), 2(a)-(b), and 6(a).  However, the witnesses had large gaps in their knowledge, and were unable to answer many questions even related to their designated topics.  Subsequently, on July 29, 2019, PWeb served an additional 30(b)(6) notice.  PWeb needs Twitch to provide knowledgeable deponents on the topics Twitch never designated a witness for, or were unable to testify about, and as set forth in July 2019 30(b)(6) depo notice.

**Non-designated topics**.  Twitch has never designated witnesses on the topics relating to its projected financials at the time of its sale to Amazon, its revenue forecasts, or the people within Twitch with the most knowledge regarding cache control and cache busting."  (Topics 1(c), 5(e), and 7(a)-7(b), respectively.)  These topics are relevant to the issues controlling costs/revenue due to cache control.

**Inadequately prepared witnesses**.  A 30(b)(6) witness must be educated to testify intelligibly regarding its designated topics.  *See* §2103 Persons Subject to Examination—Corporations and Other Organizations, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.)  Twitch's witnesses were not.

*First*, Mr. Cellini was designated by Twitch regarding financial topics.  However, Mr. Cellini

1

1    did not know how caching and cache control reduces costs and increases revenue or reduces the cost

2    of infrastructure and bandwidth; decreases load time; increases the number of users; and increases

3    advertising and subscriber revenues to Twitch over its competitors.  *See e.g.*V. Cellini draft Tr. at 34-

4    38, 89, 91-95, 112-120.   Mr. Cellini was also unable to testify regarding the cost of adding

5    infrastructure to meet demand for additional capacity.  *See e.g. Id*. at 89, 91-99.

6         Mr. Cellini identified two additional witnesses to fill in the gaps. Michael Comperda - Twitch's

7    head of platforms - who he believes has personal knowledge of the cost of Twitch's infrastructure

8    investments and the cost/benefit analysis behind deciding whether infrastructure investments would

9    be made in response to demand for additional capacity. Twitch has agreed to provide Mr. Comperda

10   for deposition.   However, Mr. Cellini also identified Daniel MacIntyre as the person most

11   knowledgeable of the financial analysis relating to the costs and benefits to Twitch of HTTP caching.

12   Twitch has refused to provide Mr. MacIntyre or confirm that Mr. Comperda will be able to answer

13   questions regarding such financial analysis. Thus, Mr. MacIntyre must be produced to testify.

14        *Second*, Mr. Richard, a Twitch software engineer, was designated on Topics 4(a)-(o), 4(q),

15   6(h), and 6(g).  While Mr. Richard was able to confirm the technical aspects of Twitch's use of HTTP

16   browser caching and its methods of cache control, he was not able to answer questions regarding how

17   such browser caching reduced infrastructure cost.  *See e.g.* Richard Depo Tr. at 48.   Moreover, while

18   he was able to verify that Twitch tracks webpage usage and active users, he was unable to provide any

19   information regarding total user numbers or webpage loads for any time period.   Furthermore, Mr.

20   Richard was not able to confirm how much the load time was reduced by HTTP caching.  *Id*. at 99,

21   84.  Though designated on Topic 6(g), Mr. Richard confirmed he made no investigation regarding the

22   benefit to Twitch in [reduced] load time from using the accused cache control.  He did not look for

23   documents or talk to anyone regarding load time benefit or the quantification thereof nor reduction in

24   the necessary bandwidth/infrastructure.  *Id*. at 154-157.

25        Third, Twitch designated Kevin Lin, Twitch's first COO, regarding business operation topics.

26   Mr. Lin was asked but had no specific knowledge of the benefits of HTTP caching to Twitch.  *See* Lin

27   depo at 103, 105-106.  Mr. Lin did not know how page load time affected Twitch's viewership or user

28   base.  *Id*. at 98-99.  He knew that efforts were made to decrease load time but not what those efforts

1  were or how much was spent on them or how caching reduced page load time or reduced infrastructure

2  cost. *Id.* at 98-99, 105-106, 115, 124, 126-127. He knew Twitch tracked the number of active users

3  and the amount of ad revenue for any given time period, and the amount of page load time in that time

4  period and that it could correlate them. He testified that Twitch had such data, yet could not testify

5  regarding specifics, and no such data has been produced to PWeb. *Id.* at 116-119.

6  **The July 30(b)(6) deposition notice**. PWeb anticipates that Twitch will argue that the July 29, 2019

7  30(b)(6) deposition notice was improper. However, the Northern District of California held that a

8  second corporate deposition does not require leave of court, so long as topics do not overlap. *HVAC*

9  *Technology LLC v. Southland Industries*, No. 15-cv-02934-PSG, 2016 U.S. Dist. LEXIS 73585, 2016

10  WL 3030196 (N.D. Cal. Apr. 8, 2016) (so holding). Further, "second" depositions have been allowed

11  where there is new evidence since the first deposition. *Graebner v. James River Corp.,* 130 F.R.D.

12  440, 441 (N.D. Cal. 1989). The July 29 deposition notice concerns testimony about new evidence that

13  Twitch had not yet produced regarding new production requests.

14  **II.    TWITCH'S STATEMENT**

15  **Non-designated topics**. Topic 1(c) is unintelligible, but appears to ask about Amazon's valuation.

16  This topic should therefore be directed to Amazon, not Twitch. To the extent topic 1(c) asks about

17  Twitch's revenue and profit, it is redundant of topics 3(b-c) and 5(b), for which Twitch already

18  offered a 30(b)(6) witness. Topic 5(e) asks for Twitch's revenue forecasts. Since the patents-in-suit

19  expired in 2016, Twitch's projected revenue in the future is irrelevant. In addition, Twitch already

20  provided its revenue for the relevant time period (2012-2016) as well as a 30(b)(6) witness on these

21  topics. Topics 7(a-b) ask for the persons most knowledgeable about cache control/cache busting.

22  Twitch designated Mr. Richard on topics relating to cache busting and cache control (*e.g.*, topics

23  4(m) and (n)) because he is the person most knowledgeable about these topics in the relevant time

24  frame. PWeb also had the opportunity to ask Mr. Richard about others with knowledge on these

25  topics. No additional witness is necessary.

26  **The June 30(b)(6) deposition notice.** Twitch designated its International Controller, Mr. Cellini, to

27  address discrete financial topics (topics 2(b)-(c), 3(b)-(c), and 5(a)-(b)) relating to Twitch's revenue

28  and pricing. Mr. Cellini was prepared to address each of these topics. PWeb complains that Mr.

Cellini could not address "how caching and cache control reduces costs and increases revenue," but Mr. Cellini was **not** designated for that topic and this topic is **nowhere to be found** in PWeb's 30(b)(6) notice. Moreover, PWeb never even asked Mr. Cellini this question at his deposition. In the cited transcript pages, PWeb only asks technical questions about caching including "approaches that Twitch takes to caching" and "how Twitch caches." PWeb also complains that Mr. Cellini could not address "the cost of adding infrastructure to meet demand for additional capacity." To the extent this falls within a designated topic, Mr. Cellini explained that Twitch's financial statements separately identify the tech service costs, which include infrastructure costs, and also further break down the tech services costs including for bandwidth. *See, e.g.*, Cellini Tr. at 33-35, 83-84.

When asked who he would speak to about "the various approaches [Twitch takes] to reducing tech service costs. . . right now," Mr. Cellini said he would start with Mr. MacIntyre. Cellini Tr. at 43. But since the patents-in-suit expired in 2016, how Twitch reduces costs "**right now**," in 2019, is completely irrelevant. In addition, Mr. MacIntyre only joined Twitch in June 2017 and has no knowledge for the relevant time period (2012-2016). To the extent Mr. Comperda has information about costs in 2012-2016, Twitch is already making him available for a deposition.

Twitch designated its Senior Software Engineer, Mr. Richard, to address topics regarding Twitch's use of content-based identifiers (topics 4(a)-(o) and 4(q)) and discrete topics regarding Twitch's avoidance of infringement (topics 6(h) and 6(g)). PWeb concedes that Mr. Richard adequately addressed the technical aspects of Twitch's use of HTTP browser caching and methods of cache control, but claims he was not able to answer questions regarding "how [] browser caching reduced infrastructure cost," "total user numbers or webpage loads for any time period," and "how much load time was reduced by HTTP caching." However, Mr. Richard was not designated for these topics because **none of these topics** appear in PWeb's 30(b)(6) notice.

Moreover, PWeb's assertion that Mr. Richard "made no investigation regarding the benefit to Twitch in [reduced] load time from using the accused cache control" for topic 6(g) is misleading. As an initial matter, topic 6(g) concerns the benefits to Twitch's **users**—not Twitch—from the use of content-based ETags. Regardless, Mr. Richard testified that he could address the benefit to Twitch from using cache control by drawing on his own historical experience. *See* Richard Tr. at 154:17-

4

1   24.  As such, no additional investigation was necessary.

2        Twitch designated its former Chief Operating Officer, Kevin Lin, to testify about Twitch's

3   decision to offer the Twitch platform and services (topics 1(a)-(b)), the services Twitch offers (topic

4   2(a)), and Twitch's policies to avoid infringement (topic 6(a)).  Mr. Lin was **not designated** on any

5   of the topics for which PWeb complains he was unable to provide an answer.  Instead, the questions

6   referenced in its portion of the Statement were wholly outside the scope of its 30(b)(6) notice and

7   thus asked in Mr. Lin's personal capacity.  *See Alsabur v. Autozone, Inc.,* No. 13-CV-01689-KAW,

8   2014 WL 2772486, at *2 (N.D. Cal. June 18, 2014) ("[I]f the deponent does not know the answer to

9   questions outside the scope of the matters described in the [30(b)(6)] notice, then that is the

10  examining party's problem.") (internal citations and quotation marks omitted).

11  **The July 30(b)(6) deposition notice**. The Northern District of California has repeatedly held that

12  PWeb was required to seek leave of the Court to serve a second Rule 30(b)(6) notice. *See, e.g.,*

13  *Booker v. ConocoPhillips Co*., No. C-07-384-CW, 2008 U.S. Dist. LEXIS 129869, at *4 (N.D. Cal.

14  April 25, 2008) (the "Rule 30(a)(2)(A)(ii) limitation applies equally to Rule 30(b)(6) depositions and

15  [] Plaintiff must seek leave to notice a second deposition"); *Blackwell v. City & County of San*

16  *Francisco*, No. C-07-4629-SBA, 2010 U.S. Dist. LEXIS 75453, at *3 (N.D. Cal. June 25, 2010)

17  ("under Federal Rule of Civil Procedure 30(a)(2), Plaintiff should have asked for leave to take a

18  second 30(b)(6) deposition"); *Groupion, LLC v. Groupon, Inc*., No. 11-0870-MEJ, 2012 U.S. Dist.

19  LEXIS 12684 (N.D. Cal. February 2, 2012) (same).

20       PWeb cites *HVAC Tech.* in support of its argument that a second 30(b)(6) notice is allowed

21  where the topics do not overlap.  However, *HVAC* did not consider Rule 30(a)(2)(A)(ii) or the case

22  law cited above.  And even if *HVAC* applies, the topics in the second notice that are in dispute

23  (Twitch already made a witness available on some of the topics) ***do*** overlap those in the first notice.

24  PWeb also cites *Graebner* for the proposition that second Rule 30(b)(6) depositions have been

25  allowed where there is new evidence since the first deposition.  Even if true, PWeb tellingly does not

26  identify any new evidence or explain how the new topics in its second notice relate to any new

27  evidence (because they do not).  In addition, a party cannot fabricate the appearance of new evidence

28  by serving new document requests right before the close of fact discovery.

5

1    Dated:    August 23, 2019              STUBBS, ALDERTON & MARKILES, LLP

2                                          By: /s/ Sandeep Seth

3                                              Michael A. Sherman
                                               Jeffrey F. Gersh
4                                              Sandeep Seth
                                               Wesley W. Monroe
5                                              Stantley H. Thompson
                                               Viviana Boero Hedrick
6
                                               Attorneys for PERSONALWEB
7                                              TECHNOLOGIES, LLC

8
     Dated: August 23, 2019                MACEIKO IP
9

10                                             Theodore S. Maceiko (SBN 150211)
                                               ted@maceikoip.com
11                                             MACEIKO IP
                                               420 2nd Street
12                                             Manhattan Beach, CA  90266
                                               Telephone: (310) 545-3311
13                                             Facsimile: (310) 545-3344

14
                                               Attorneys for Plaintiff
15                                             PERSONALWEB TECHNOLOGIES, LLC, a
                                               Texas limited liability company
16

17   Dated: August 23, 2019                FENWICK & WEST LLP

18
                                           By: /s/ Melanie L. Mayer
19                                             Melanie L. Mayer

20                                             Attorneys for TWITCH INTERACTIVE, INC.

21

22

23

24

25

26

27

28

**JOINT STATEMENT RE MOTON TO COMPEL**            **CASE NO: 5:18-md-02834-BLF-SVK**
**DEPOSITIONS OF TWITCH'S 30(B)(6)**              **CASE NO. 5:18-cv-05619-BLF-SVK**
**WITNESSES**