**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL PATENT LITIGATION | Case No. 18-md-02834-BLF<br><br>**ORDER DECLINING TO CLARIFY OR SUPPLEMENT CLAIM CONSTRUCTION ORDER**<br><br>[RE: ECF 507] |
| AMAZON.COM, INC., et al.,<br>  Plaintiffs,<br>  v.<br>PERSONAL WEB TECHNOLOGIES, LLC, et al.,<br>  Defendants. | Case No. 18-cv-00767-BLF<br><br>[RE: ECF 137] |
| PERSONALWEB TECHNOLOGIES, LLC, et al.,<br>  Plaintiffs,<br>  v.<br>TWITCH INTERACTIVE, INC.,<br>  Defendant. | Case No. 18-cv-05619-BLF<br><br>[RE: ECF 48] |

On August 16, 2019, this Court issued its Claim Construction Order in this multidistrict litigation ("MDL"), construing all ten disputed claims terms identified by the parties. Mere hours later, the parties began a heated dispute about whether any of PersonalWeb Technologies, LLC's ("PersonalWeb") infringement theories were valid in light of the Court's constructions. As a result,

PersonalWeb filed the present Motion to Clarify or Supplement Claim Construction Order, seeking clarification or supplementation of the Court's construction of the term "unauthorized or unlicensed." *See* Motion, ECF 507. PersonalWeb asserts that it "needs clarification to determine if the Court meant something different than 'valid rights to content' (*i.e.*, a narrower/license instrument-type of meaning)." Motion at 2. If so, PersonalWeb states that it will withdraw its technical expert's infringement report and dismiss the case, preserving its appellate rights. *Id*.

After the Motion was filed, the Court held a telephone conference and heard the parties' positions. ECF 514. Subsequently, Amazon filed an Opposition (Opp'n, ECF 521) and PersonalWeb filed a Reply (Reply, ECF 527). Pursuant to Civil Local Rule 7-1(b), the Court finds the instant motion suitable for decision without oral argument and hereby VACATES the hearing set for December 12, 2019. For the reasons discussed below, the Court DENIES PersonalWeb's motion.

### I. BACKGROUND

In this MDL, PersonalWeb alleges patent infringement by Amazon.com, Inc. and Amazon Web Services, Inc., and separately by dozens of Amazon's customers (collectively, "Amazon"), related to the customers' use of Amazon's CloudFront and Simple Storage Service ("S3") in connection with downloading files from S3. Two of the cases comprising this MDL are proceeding at this time: *Amazon v. PersonalWeb* (Case No. 5:18-cv-00767-BLF), in which PersonalWeb asserts counterclaims of patent infringement, and *PersonalWeb v. Twitch Interactive, Inc.* (Case No. 5:18-cv-05619-BLF), in which PersonalWeb asserts claims of patent infringement and which the Court has designated as a representative customer case. In each of these two actions, PersonalWeb alleges infringement of four patents: U.S. Patent Nos. 6,928,442 ("the '442 patent"); 7,802,310 ("the '310 patent"); 7,945,544 ("the '544 patent"); and 8,099,420 ("the '420 patent").

PersonalWeb filed its opening claim construction brief on April 8, 2019. ECF 399. The next day, the Court issued an order instructing the parties to limit the briefing to no more than ten disputed terms, pursuant to Patent Local Rules for the Northern District of California. ECF 401, *See* Patent L.R. 4-3(c). PersonalWeb filed an amended opening claim construction brief on April

12, 2019.

The term "licensed/unlicensed," as found in claim 20 of the '310 patent and claim 10 of the '442 patent, was included in PersonalWeb's initial (and noncompliant) opening claim construction brief (ECF 399) but was dropped in the amended brief (ECF 406). The parties' respective proposals are below:

| **PersonalWeb's Proposal** | **Amazon's Proposal** |
|---|---|
| "un-/licensed:" plain and ordinary meaning | valid / invalid right to content |
| Alternative Construction: "un/licensed:" not legally / legally permitted | |

ECF 399 at 2. Claim construction briefing was concluded on April 29, 2019. *See* ECF 406; 412; 420. The Court held a tutorial on May 2, 2019, followed by a *Markman* hearing on May 24, 2019, and issued its Claim Construction Order on August 16, 2019. Order, ECF 485.

The disputed term for which PersonalWeb seeks clarification, is "unauthorized or unlicensed," as found in claim 20 of the '310 patent. The parties' proposed constructions are listed below:

| **PersonalWeb's Proposal** | **Amazon's Proposal** |
|---|---|
| Plain and ordinary meaning | "not compliant with a valid license" |
| Alternatively: "not permitted or not permitted under a license" | |

Order at 6. During the claim construction proceedings, PersonalWeb contended that in the context of the '310 patent, the plain and ordinary meaning of "authorization" equates to "permission." *See Id*. In contrast, in PersonalWeb's view, "license" was something narrower—"a specific kind of authorization." *Id*. In other words, PersonalWeb's position was that "unauthorized" should be construed differently than "unlicensed" and therefore the term "unauthorized or unlicensed," if construed at all, should be construed in a way that was boarder than "unlicensed" and consistent with the "permission" theory. *See* ECF 406 at 7 ("If Amazon's proposed construction is adopted, it should be clarified that 'unauthorized' is not limited to the legal and/or contractual sense of the of term 'unlicensed.'").

3

In distinguishing between "unauthorized" and "unlicensed," PersonalWeb argued the following:

> A "license," on the other hand, means something narrower. It is a specific kind of authorization. The specification discusses licenses in the sense of having legal permission to have a copy of a file. For example, the specification states that a license table 136 maintains a record of the True Names of "key files in the product (that is, files which are required in order to use the product, and which do not occur in other products)[.] Typically, for a software product, this would include the main executable image and perhaps other major files such as clip-art, scripts, or online help." '310 at 31:17-22. This demonstrates the specification contemplates having a license is having legal permission to possess things like program executables and images such as clip-art, items that may be the subject, for example, of a copyright license, or a license granted by an End User License Agreement (EULA).

*Id.* at 2-3.

The Court rejected PersonalWeb's argument and noted that "while PersonalWeb's argument in favor of separate meanings has superficial appeal, the intrinsic record reveals that the patentee used the words 'authorized' and 'licensed' interchangeably in the '310 patent." *Id.* at 8. The Court adopted Amazon's proposed construction and held that "unauthorized or unlicensed" means "not compliant with a valid license." Order at 6-12.

During the claim construction proceedings, both parties discussed two *Markman* orders from the Eastern District of Texas involving some of the patents-in-suit in the instant action: (1) *PersonalWeb Techs., LLC v. Amazon.com Inc.*, No. 6:11-cv-658, Dkt. No. 140 (E.D. Tex. Aug. 5, 2013) ("Davis Order") and (2) *PersonalWeb Techs., LLC v. IBM Corp.*, No. 6:12-cv-661-JRG, Dkt. No. 103 at 25, 28 (E.D. Tex. Mar. 11, 2016) ("Gilstrap Order"). Order at 11. PersonalWeb argued and the Court agreed that neither the Davis Order nor the Gilstrap Order were binding in this matter. *Id.* The Court noted that "[n]either order addressed the 'unauthorized or unlicensed' term found in claim 20 of the '310 patent" and therefore neither order was "directly on point with the instant dispute." *Id.* Nevertheless, the Court found the Gilstrap Order to be the closer of two, in which Judge Gilstrap noted that "'authorization' merely refers to a valid license" – a finding that was "not inconsistent with the Court's ruling on the instant dispute." *Id.*

Shortly after the Court issued the Order, Counsel for Amazon reached out to PersonalWeb's

counsel because Amazon believed that PersonalWeb had no viable patent infringement theories in light of the Court's constructions. Motion at 1. In response, PersonalWeb informed Amazon that because Amazon had, earlier in the claim construction proceedings, advocated for the same constructions as those in the Gilstrap Order, PersonalWeb intended to apply Judge Gilstrap's construction of "licensed/unlicensed" as "valid/invalid rights to content" to its infringement analysis. *Id.* at 1-2. Over Amazon's strong objection and threats of sanctions, PersonalWeb's expert did, in fact, apply Judge Gilstrap's construction to his infringement analysis. *Id.* at 2. In addition, PersonalWeb filed the present motion because it believes it needs "clarification to determine if the Court meant something different than 'valid rights to content' (*i.e.*, a narrower/license instrument-type of meaning)." *Id.* If so, PersonalWeb states that it will withdraw the report of the technical expert and dismiss, in order to preserve appellate rights. *Id*.

In PersonalWeb's view, this Court's Order "does not appear fully dispositive on what it means for something to be 'licensed' versus 'unlicensed.'" Motion at 2. Therefore, PersonalWeb asks this Court to "expressly adopt Judge Gilstrap's March 11, 2016 order, construing 'licensed' and 'unlicensed.'" *Id.* at 4. To support this position, PersonalWeb points to several instances in which Amazon advocated for Judge Gilstrap's constructions during the claim construction proceedings. Reply at 2-4 (citing Amazon's Patent L.R. 4-2 Disclosures; the parties' Joint Claim Construction and Prehearing Statement (ECF 380); Amazon's Responsive Claim Construction Brief (ECF 412); May 24, 2019 claim construction hearing).

Amazon responds that PersonalWeb's Motion "requests that the Court 'supplement' the claim construction order by plugging into the Court's construction of the term 'unauthorized or unlicensed' a construction by a different court of a different claim term not at issue here." Opp'n at 1. Amazon argues that "PersonalWeb had every opportunity to seek construction of different terms, or to seek different constructions of 'unauthorized' or 'unlicensed,' or to oppose Amazon's proposed construction that the Court adopted because it was 'unclear' – PersonalWeb did none of those things." *Id.* at 2. Next, Amazon points out several instances in which PersonalWeb had argued against Judge Gilstrap's constructions because PersonalWeb believed that "'license' had a clear

5

meaning that was different from 'authorization.'" *See id.* at 3-5. Amazon further argues that PersonalWeb's "requested change to the Court's claim construction also misapplies Judge Gilstrap's order" because "Judge Gilstrap construed the claim terms 'unauthorized' and 'unlicensed' in the same way as this Court did" and "referred to 'rights to content' to resolve an entirely different dispute relating to patent claims not asserted in this case." *Id.* at 9.

## II. PERSONALWEB'S MOTION TO CLARIFY OR SUPPLEMENT IS PROCEDURALLY PROPER

Amazon insists that PersonalWeb's Motion is one for reconsideration because it has "repackage[d] the same dispute that the Court already resolved against PersonalWeb on a complete record." Opp'n at 1. Thus, Amazon invites the Court to "summarily deny the motion" because PersonalWeb failed to follow the local rules applicable to motions for reconsideration. Opp'n at 2; 7-8; *see also* Civil Local Rule 7-9(b).

PersonalWeb responds that its motion is not for reconsideration and acknowledges that "a motion for reconsideration requires a change in law or fact or a 'manifest failure' to consider material facts or dispositive law," none of which are present here. Reply at 4.

The Court disagrees with Amazon. There is nothing inherently improper in requesting clarification of a court's claim construction. *See EON Corp IP Holdings LLC v. Cisco Sys. Inc*, 2014 WL 793323, at *3-4 (N.D. Cal. Feb. 25, 2014); *Wi-Lan USA, Inc. v. Apple Inc.*, 2014 WL 12789112, at *1 (S.D. Cal. Apr. 11, 2014). "[D]istrict courts may engage in rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006) (citing *Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002)). Thus, the Court finds that PersonalWeb's Motion was properly submitted and considers the arguments below.

## III. THE WORD "LICENSE" IN THE COURT'S CONSTRUCTION DOES NOT REQUIRE CLARIFICATION OR SUPPLEMENTATION

In its Motion, PersonalWeb argues that this Court's Claim Construction Order "does not appear fully dispositive on what it means for something to be 'licensed' versus 'unlicensed,'" an

6

issue that it believes is likely case dispositive. Motion at 2. PersonalWeb frames the parties' dispute as follows: PersonalWeb believes that "'license' only requires 'valid rights to content' as per Judge Gilstrap's order,'" while Amazon is of the opinion that "a 'license' requires some sort of a written instrument or oral agreement." *Id.* To resolve this dispute, PersonalWeb invites the Court to expressly adopt and insert Judge Gilstrap's construction for the term "licensed/unlicensed" into this Court's construction for the term "unauthorized or unlicensed," effectively changing the Court's construction from "not compliant with a valid license" to "not compliant with a valid right to content." *See generally* Motion; Reply. For the reasons stated below, the Court declines to do so.

First, PersonalWeb's unambiguous and consistent position before this Court and throughout the claim construction proceedings has been that it understood what the term "licensed/unlicensed" means in the context of the claims at issue. PersonalWeb consistently advocated that the terms "unauthorized" and "unlicensed" (1) should be given their plain and ordinary meaning and (2) do not mean the same thing. *See* ECF 406 at 1-5. PersonalWeb's position has been that the plain and ordinary meaning of "authorization" equates to "permission," whereas "[a] 'license,' on the other hand, means *something narrower*. It is a *specific kind of authorization*." ECF 406 at 2 (emphasis added); *see also id.* at 3 ("This demonstrates the specification contemplates *having a license is having legal permission* to possess things like program executables and images such as clip-art, items that may be the subject, for example, of a copyright license, or a license granted by an End User License Agreement (EULA).") (emphasis added).

PersonalWeb's alternative construction for "unauthorized or unlicensed" further indicates that PersonalWeb has never been confused about what the term "license" means. As an alternative construction, PersonalWeb proposed that "unauthorized or unlicensed" should be construed as "not permitted or not permitted *under a license*." Order at 6 (emphasis added). If PersonalWeb believed that the term "license" needed clarification, it could have, and should have, proposed a different (and presumably clearer) construction.

PersonalWeb's position was clear: it was asking the Court to construe "authorization" to mean something different and *boarder* than "license." *See* ECF 406 at 7 ("If Amazon's proposed

7

construction is adopted, it should be clarified that 'unauthorized' is not limited to *the legal and/or contractual sense of the of term 'unlicensed.'*") (emphasis added). PersonalWeb lost this argument when the Court found that "the intrinsic record reveals that the patentee used the words 'authorized' and 'licensed' interchangeably." Order at 8. In other words, in the battle between the broader meaning of "unauthorized" and the narrower meaning of "unlicensed," the Court chose the narrower concept: regulating access to licensed content. Order at 10 ("[T]he specification explicitly and interchangeably uses the words 'authorized' and 'licensed' to describe the same concept— regulating access to licensed content."). PersonalWeb's proposed "clarification" appears to be nothing more than an attempt to regain the broader meaning it sought (and did not get) for the well-understood term "license" – which the Court, once again, rejects.

Second, PersonalWeb was on notice, for months, of Amazon's proposed construction, which the Court eventually adopted. PersonalWeb has had ample opportunity to inform the Court that it believed Amazon's proposed construction was unclear and ask for a different construction. Instead, PersonalWeb consistently advocated for the plain and ordinary meaning of the terms "unauthorized" and "unlicensed." A request for clarification may be appropriate where a court puts forward its own construction, which the parties may find unclear. But in this case, the Court adopted a construction that was proposed by a party, Amazon. PersonalWeb was on notice that the Court may adopt Amazon's construction but chose to continue to advocate for plain and ordinary meaning and not to discuss any potential ambiguity or lack of clarity regarding the use of the word "license" in Amazon's proposed construction.

Similarly, PersonalWeb was on notice that in the Court's view, the term "licensed/unlicensed," standing alone, does not require construction. The Court noted at the claim construction hearing:

> The Court: but since [Judge Gilstrap] wasn't asked to deal with the term "unauthorized or unlicensed," construing the term "unlicensed" is -- I mean, any of us can do that.
>
> That actually doesn't need construction when it stands alone.
>
> Mr. Hadden: understood.

8

ECF 446 (Transcript of claim construction hearing) at 19:9-13.

Third, PersonalWeb does not ask this Court to construe the stand-alone term "licensed/unlicensed," as it is used in an asserted claim. Instead, by way of "clarification," PersonalWeb is inviting this Court to adopt another court's construction addressing different claims not at issue in this case and resolving a different dispute not present here. PersonalWeb does not explain *why* Judge Gilstrap's construction for "licensed/unlicensed" is correct for this case—yet it asks the Court to adopt that construction merely because Amazon had advocated for it at the earlier stages of the claim construction proceedings. And again, focusing on the motion at hand, PersonalWeb is seeking clarification of a claim construction, not a claim term in an asserted claim.

Moreover, PersonalWeb's reliance on this Court's characterization of the Gilstrap Order is misplaced. This Court found the Gilstrap Order "persuasive and not inconsistent with the Court's ruling on the instant dispute," but only to the extent that Judge Gilstrap, like this Court, equated "authorization" with a "valid license." *See* Order at 11.

## IV. THE PARTIES' INFRINGEMENT/NON-INFRINGEMENT ANALYSIS

In one sentence in its Reply brief, PersonalWeb states that it "seeks clarification of the effect of the Court's existing ruling on its infringement arguments." Reply at 5. However, the Motion does not make any arguments to that effect. In its Motion, PersonalWeb seems to be addressing, "[a]s a corollary to the issue of construction," whether PersonalWeb's infringement theories in its expert report are *new* and whether PersonalWeb should be foreclosed from asserting them. *See* Motion 4-6. Nowhere in the Motion, has PersonalWeb invited the Court to clarify how the current claim construction ruling impacts its infringement analysis. Moreover, it is not appropriate for the sponsoring party to seek judicial approval of its expert reports; rather, it is up to an objecting party to move to strike inadmissible evidence. In sum, The Court finds that this issue is not properly before the Court.

## V. CONCLUSION

For the foregoing reasons, the Court declines to clarify or supplement its Claim Construction Order (ECF 485), on the basis that it is unnecessary. PersonalWeb's Motion to Clarify or

9

Supplement Claim Construction Order is DENIED.

**IT IS SO ORDERED.**

Dated: October 1, 2019

_____
BETH LABSON FREEMAN
United States District Judge