1  Michael A. Sherman (SBN 94783)
   masherman@stubbsalderton.com
2  Jeffrey F. Gersh (SBN 87124)
   jgersh@stubbsalderton.com
3  Sandeep Seth (SBN 195914)
   sseth@stubbsalderton.com
4  Wesley W. Monroe (SBN 149211)
   wmonroe@stubbsalderton.com
5  Stanley H. Thompson, Jr. (SBN 198825)
   sthompson@stubbsalderton.com
6  Viviana Boero Hedrick (SBN 239359)
   vhedrick@stubbsalderton.com
7  STUBBS, ALDERTON & MARKILES, LLP
   15260 Ventura Blvd., 20th Floor
8  Sherman Oaks, CA 91403
   Telephone:    (818) 444-4500
9  Facsimile:    (818) 444-4520

10 **Attorneys for PersonalWeb Technologies, LLC**

11                   UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

| | |
|---|---|
| 14  IN RE PERSONAL WEB TECHNOLOGIES, LLC, ET., AL., PATENT LITIGATION | **CASE NO.: 5:18-md-02834-BLF** |
| 16  AMAZON.COM, INC., et., al., | **Case No.: 5:18-cv-00767-BLF** |
| 17           Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR ORDER AND ENTRY OF JUDGMENT OF NON-INFRINGEMENT** |
| 18  v. | |
| 19  PERSONALWEB TECHNOLOGIES, LLC, et., al., | |
| 21           Defendants. | |
| 22  PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | Date: January 23, 2020<br>Time: 9:00 a.m.<br>Dept: Courtroom 3, 5th Floor<br>Judge: Hon. Beth L. Freeman |
| 24           Counterclaimants, | |
| 25  v. | Trial Date: March 16, 2020 |
| 26  AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., | |
| 27           Counterdefendants. | |

1

**NOTICE OF MOTION AND MOTION**  **CASE NO: 5:18-md-02834-BLF**
**FOR ORDER AND ENTRY OF**           **CASE NO. 5:18-CV-00767-BLF**
**JUDGMENT OF NON-INFRINGEMENT**

| | |
|---|---|
| 1 | PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, |
| 2 | |
| 3 | Plaintiffs |
| 4 | v. |
| 5 | TWITCH INTERACTIVE, INC., a Delaware corporation, |
| 6 | |
| 7 | Defendant. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PersonalWeb Technologies, LLC ("PersonalWeb") will and hereby does moves for final judgment pursuant to Federal Rule of Civil Procedure 54(b), including: (1) entry of an order and final judgment of non-infringement of U.S. Patent Nos. 6,928,442 (the "'442 patent"), 7,802,310 (the "'310 patent"), 7,945,544 (the "'544 patent"), and 8,099,420 (the "'420 patent") in favor of declaratory judgment plaintiffs Amazon.com Inc. and Amazon Web Services, Inc. (collectively, "Amazon") with respect to Amazon's claims for declaratory judgment of non-infringement by Amazon of the '442 patent, '310 patent, '420 patent, and '544 patent, and PersonalWeb's counterclaims of infringement by Amazon of the '442 patent, '310 patent, '420 patent and '544 patent; (2) entry of an order and final declaratory judgment that claim preclusion and the Kessler doctrine (*Kessler v. Eldred*, 206 U.S. 285 (1907)) bar PersonalWeb's claims against Amazon's customers for infringement of the '442 patent, '420 patent, '310 patent, and '544 patent based solely on their use of Amazon S3, both subject to reversal, modification, or vacation based on Appeal No. 19-1918 now pending before the United States Court of Appeals for the Federal Circuit or any other appellate court decision or order; and (3) dismissal without prejudice of all of Amazon's remaining claims for declaratory judgment, *e.g.,* of non-infringement of U.S. Patent No. 5,978,791 (the "'791 patent"), and of all of Amazon's defenses to PersonalWeb's counterclaims of patent infringement, all without prejudice to Amazon's rights to reassert those claims or defenses in this action if the United States Federal Court of Appeals or the United States Supreme Court reverses, modifies, or vacates the final judgment entered herein.

PersonalWeb moves for entry of judgment in favor of Amazon to expeditiously facilitate final

1

1  resolution of this case and conserve judicial resources. Entry of judgment is warranted in light of the
2  Court's Claim Construction Order (Dkt. 485), which has a dispositive effect on the claims and defenses
3  at issue in this case, and as a consequence thereof, PersonalWeb cannot meet its burden of proving
4  infringement.

5  PersonalWeb sought a stipulation to this effect from Amazon, but Amazon refused to stipulate,
6  indicating instead that it wished to proceed to summary judgement.  By refusing to stipulate and
7  insisting that the parties continue this case at this juncture, Amazon is unnecessarily prolonging this
8  litigation.  PersonalWeb respectfully moves for entry of judgment in order to advance this case to the
9  appeals stage so that the parties can receive a final resolution of this matter.

10  This motion will be heard before the Honorable Beth Labson Freeman at 9:00 a.m. on January
11  23, 2020, at the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street,
12  San Jose, California, in Courtroom 3.  The motion is based on this notice, the accompanying
13  memorandum of points and authorities, the declaration of Michael A. Sherman, the pleadings and
14  records on file, the argument of counsel, and any other such matters as may be presented to the Court.

15  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN**
16  **ORDER AND ENTRY OF FINAL JUDGMENT OF NON-INFRINGEMENT**
17  **I.      INTRODUCTION**

18  PersonalWeb seeks entry of final judgment of non-infringement in favor of Amazon in order
19  to seek appellate review of this Court's Claim Construction Order (Dkt. 485).  PersonalWeb has sought
20  a stipulation to that effect from Amazon, but Amazon has refused.

21  This motion is precipitated by the Court's Claim Construction Order and Amazon's refusal to
22  stipulate to dismissal.  As a result of the Court's construction of the disputed terms "unauthorized or
23  unlicensed" and "authorization" PersonalWeb cannot meet its burden of proving infringement.
24  Entering final judgment of non-infringement in favor of Amazon will allow the parties to forego
25  further litigation and conserve judicial resources in this case while preserving PersonalWeb's right to
26  appeal the Court's Claim Construction Order.  *See Largan Precision Co, Ltd v. Genius Elec. Optical*
27  *Co.*, No. 13-CV-02502-JD, 2015 WL 1940200, at *2 (N.D. Cal. Apr. 29, 2015), aff'd sub nom. *Largan*
28  *Precision Co. v. Genius Elec. Optical Co.*, 646 F. App'x 946 (Fed. Cir. 2016), and aff'd sub nom.

*Largan Precision Co. v. Genius Elec. Optical Co.*, 646 F. App'x 946 (Fed. Cir. 2016) (entering final judgment after summary judgment of noninfringement). PersonalWeb intends to appeal the Court's forthcoming entry of final judgment of non-infringement and reserves its right to do so.

## II. FACTS

This is a declaratory judgment action brought by Amazon. Amazon initially filed this declaratory judgment action against PersonalWeb on February 5, 2018, and filed its First Amended Complaint for Declaratory Judgment on March 23, 2018 (Dkt. 36). Amazon's claims are for declaratory judgment of non-infringement by Amazon of the '791 patent, '442 patent, '310 patent, '544 patent, and '420 patent (Claims Three, Four, Five, Six, and Nine, respectively). Additionally, Amazon seeks a declaration that PersonalWeb's claims against Amazon's customers are barred by claim preclusion (Claim One) and a declaration that PersonalWeb's claims against Amazon's customers are barred by the *Kessler* doctrine (Claim Two). PersonalWeb filed an Answer and Counterclaims to Amazon's First Amended Complaint on May 25, 2018. (Dkt. 62.) PersonalWeb then filed its First Amended Counterclaim on October 4, 2018. (Dkt. 257.) PersonalWeb's counterclaims were for infringement of claims 10 and 11 of the '442 patent, claim 20 and 69 of the '310 patent, and claims 25, 26, 27, 29, 30, 32, 34, 35, 36, and 166 of the '420 patent.

On August 16, 2019, this Court construed certain claim terms found in the '442 patent, '310 patent, '544 patent, and '420 patent. (Dkt. 485.) Specifically, the Court adopted Amazon's proposed constructions and construed two disputed terms as follows:

a) "unauthorized or unlicensed" in claim 20 of the '310 patent was construed as "not compliant with a valid license." (Dkt. 485 at 5:9-12:3); and

b) "authorization" in claims 25 and 166 of the '420 patent was construed as "a valid license." (*Id.* at 12:4-13).

PersonalWeb had argued for a construction of "authorization" as equating to permission and sought this construction regardless of whether "authorization" was standing alone or as part of "unauthorized or unlicensed." *See e.g.*, Dkt. 485 at 6:2-8. As discovery has shown, Amazon's instrumentality, CloudFront, permits access to content according to parameters set by website operators. Discovery has also shown that CloudFront does not set the access parameters, and

3

therefore is not involved in defining when and under what circumstances access to content is licensed. (Declaration of Sandeep Seth, ¶ 2.) Accordingly, under this construction, Amazon would not directly infringe because it would not be the party controlling whether or not the access is compliant with or under a license.

After receiving this Court's Claim Construction Order, PersonalWeb immediately began engaging with Amazon to explore the prospect of a stipulation to non-infringement while preserving its appellate rights. The parties had communications on the subject beginning the week of August 19, and PersonalWeb specifically asked that Amazon propose a form of stipulation and believed that Amazon was in the process of proposing some appropriate stipulation. (Declaration of Michael A. Sherman ("Sherman Decl."), ¶ 2, Ex. 1. ) Following the passage of approximately one month, and not hearing anything back on the subject from Amazon, counsel for PersonalWeb took the initiative and sent a proposed draft stipulation to Amazon's counsel for comment, review, and hopeful execution. (Sherman Decl., ¶ 3, Ex. 2.) Amazon refused to consider the proposed stipulation, without comment or revision, on September 26, 2019. After further inquiry by PersonalWeb, Amazon stated that it would wait for summary judgment. (*Id.*, ¶ 4, Ex. 3.) PersonalWeb subsequently sought to understand Amazon's position, particularly why Amazon believes summary judgment practice would be more cost effective than a stipulation of non-infringement. (*Id.*)

Summary judgment motions are currently scheduled to be heard on November 15, 2019.

**III. ARGUMENT**

PersonalWeb moves the Court to enter this Final Judgment of non-infringement in favor of Amazon in order to avoid further discovery and motion practice and to conserve time, money, and judicial resources.

Upon entry of final judgment, PersonalWeb intends to appeal the entry of judgment of non-infringement and the Court's construction of the terms "unauthorized or unlicensed" and "authorization" in the Claim Construction Order. *See St. Paul Mercury Ins. Co. v. Tessera, Inc.*, No. C-12-01827 RMW, 2013 WL 5400521, at *3 (N.D. Cal. Sept. 26, 2013), rev'd and remanded, 624 F. App'x 535 (9th Cir. 2015) (granting final judgment in an insurance case when the ultimate resolution of the duty to defend would "likely dictate the outcome of the ensuing litigation."). Additionally,

PersonalWeb will continue its appeal of the Court's entry of summary judgment based on claim preclusion and the *Kessler* doctrine in Appeal Case No. 19-1918 now pending before the United States Court of Appeals for the Federal Circuit. The present entry of final judgment of non-infringement is not intended to affect the pendency or disposition of that appeal. PersonalWeb presumes that reversal, modification or vacation of the Court's construction of the terms "unauthorized or unlicensed" or "authorization" in the claim construction order underlying this judgment of non-infringement may result in a remand for further proceedings.

In view of the Court's Claim Construction Order, and in the interest of sound judicial administration, there is no just reason for delaying the entry of final judgment under Fed. R. Civ. P. 54(b) of non-infringement with respect to Amazon's claims for declaratory judgment of non-infringement of the '442 patent, '310 patent, '420 patent, and '544 patent and PersonalWeb's counterclaims of patent infringement of the '442 patent, '310 patent, and '420 patent. Nor is there a just reason for delaying the entry of final declaratory judgment that claim preclusion and the *Kessler* doctrine bar PersonalWeb's claims against Amazon's customers for infringement of the '420, '310, '544, and '420 patents based solely on their use of Amazon S3, both subject to reversal, modification or vacation based on Appeal No. 19-1918 now pending before the United States Court of Appeals for the Federal Circuit. Furthermore, there is no reason to delay an order dismissing without prejudice all of Amazon's other claims for declaratory judgment and all of its other defenses to PersonalWeb's counterclaims for infringement without prejudice to Amazon's rights to reassert its claims and defenses in this action if the Court of Appeals or the Supreme Court reverses, modifies or vacates the final judgment.

### IV.  CONCLUSION

In order to conserve the parties' time and money, and to conserve judicial resources, the Court should enter final judgment of non-infringement in favor of Amazon on Amazon's claims for declaratory judgment of non-infringement of the '442 patent, '310 patent, '544 patent, and '420 patent and PersonalWeb's counterclaims of patent infringement of the '442 patent, '310 patent, and '420 patent so that PersonalWeb can immediately pursue its right to appeal the Claim Construction Order. It should also enter final declaratory judgment that claim preclusion bars PersonalWeb's

claims against Amazon's customers for infringement of the '442, '310, '544, and '420 patents based solely on their use of Amazon S3, and that the *Kessler* doctrine bars PersonalWeb's claims against Amazon's customers for infringement of the '442, '310, '544, and '420 patents based solely on their use of Amazon S3, both subject to reversal, modification or vacation based on Appeal No. 19-1918, now pending before the United States Court of Appeals for the Federal Circuit. The Court should also order that all of Amazon's other claims for declaratory judgment and all of its other defenses to PersonalWeb's counterclaims for infringement are dismissed without prejudice, and that Amazon may reassert its defenses and counterclaims in this action if the Court of Appeals or the Supreme Court reverses, modifies, or vacates the final judgment.

Dated:   October 2, 2019                STUBBS, ALDERTON & MARKILES, LLP

By: */s/ Michael A. Sherman*
Michael A. Sherman
Jeffrey F. Gersh
Sandeep Seth
Wesley W. Monroe
Stanley H. Thompson
Viviana Boero Hedrick

Patent Attorneys for PERSONALWEB TECHNOLOGIES, LLC