J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted *pro hac vice*)
mmayer@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

Counsel for AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC., and
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  PERSONAL WEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION | Case No.: 5:18-md-02834-BLF |
| | Case No.: 5:18-cv-00767-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | |
| Plaintiffs | **OPPOSITION OF AMAZON.COM, INC. AND AMAZON WEB SERVICES, INC. TO MOTION FOR ORDER AND ENTRY OF JUDGMENT OF NON-INFRINGEMENT** |
| v. | |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | |
| Defendants, | |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | |
| Counterclaimants, | |
| v. | |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | |
| Counterdefendants. | |

## INTRODUCTION

The Court should deny PersonalWeb's request for a partial judgment under Rule 54(b) because it would create an inefficient and disorderly series of appeals inconsistent with the very purpose of the rule. The Court should proceed to rule on Amazon's motion for summary judgment of non-infringement, which rests on additional arguments that are both fatal to PersonalWeb's infringement theories and independent of the claim construction PersonalWeb wishes to appeal. Doing so will allow the Federal Circuit to consider non-infringement based on a complete record and avoid the likelihood that the Federal Circuit simply remands a partial judgment back to this Court to consider these issues in the first instance.

## ARGUMENT

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). A court considering entry of partial judgment under this rule should employ a "pragmatic approach focusing on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

More specifically, the court considers whether entering a partial judgment will speed resolution of the dispute without offending the policy against piecemeal appeals. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The court should ask "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there [are] subsequent appeals." *Id*. "Similar legal facts or issues that may require the appellate court to review legal or factual issues similar to those in the pending claims will weigh heavily against entry of judgment under Rule 54(b)." *Henderson v. City & Cnty. of S.F.*, No. 05-cv-234-VRW, 2009 WL 2058369, at *1 (N.D. Cal. July 13, 2009) (internal quotation marks and citation omitted); *see also Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-CV-

05847-WHO, 2014 WL 2586339, at *1 (N.D. Cal. June 9, 2014).

The judgment PersonalWeb requests does not meet this standard because it is designed to create an inefficient patchwork of overlapping appeals.

First, Amazon has raised additional non-infringement arguments at summary judgment that are independent from the claim construction issue PersonalWeb plans to appeal:

- PersonalWeb failed to include any infringement allegations for the '544 and '791 patents in its infringement contentions. (Dkt. 541 at 5-6.)
- PersonalWeb failed to disclose any expert opinion testimony regarding the operation of Amazon's technology or how it allegedly meets any claim of any asserted patent. (*Id.* at 6-8.)
- Amazon's technology does not perform the step of "permitting" or "not permitting the content to be provided to or accessed" as required by claims 20 and 69 of the '310 patent, claims 25 and 166 of the '420 patent, and claim 11 of the '442 patent. (*Id.* at 8-11.)
- Amazon's technology does not perform the step of determining whether a copy of the data file is present using the name as required by claim 10 of the '442 patent. (*Id.* at 11-12.)
- Amazon's technology does not compare the received content-dependent name to a plurality of identifiers or values, as required by claims 25 and 166 of the '420 patent and claim 69 of the '310 patent. (*Id.* at 12-13.)

The parties agree that PersonalWeb cannot prove infringement under the Court's construction of "unauthorized or unlicensed" and "authorization." But the Federal Circuit can affirm a judgment of non-infringement based on any ground supported by the record, and Amazon will therefore also raise the above arguments in any appeal. It makes no sense to ask the Federal Circuit to consider these arguments in the first instance. This Court's reasoned opinion on summary judgment will guide the Circuit's review of these issues and decrease the likelihood of a remand and second appeal.

Second, to get its preferred judgment, PersonalWeb asks the Court to dismiss Amazon's declaratory judgment counterclaims on the '791 patent involuntarily. But there is no reason to do so

as these claims are ripe for summary judgment.  PersonalWeb bore the burden to come forward with its infringement theory on the '791 patent and any supporting evidence.  *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 198-99 (2014) ("It is well established that the burden of proving infringement generally rests upon the patentee. . . . [I]n a licensee's declaratory judgment action, the burden of proving infringement should remain with the patentee.").  PersonalWeb's failure to do so means it forfeited its claims based on that patent.  *See PersonalWeb Techs., LLC v. IBM Corp.*, No. 16-cv-01266-EJD, 2017 WL 2180980, at *19-20 (N.D. Cal. May 9, 2017) ("[B]ecause PersonalWeb's expert report only covers claim 166 of the '420 [*sic*], it has no evidence upon which it can rely to prove infringement as to these other claims.  Accordingly, IBM is entitled to summary judgment of noninfringement for those claims.")  And given this, PersonalWeb's remarkable request—that the Court simply remove the '791 patent from the case so PersonalWeb could potentially file brand new lawsuits asserting it—should be rejected.

Third, any appeal in the Twitch action will likely present identical claim construction issues and overlapping non-infringement arguments.  The Court will hear the Twitch summary judgment motion at the same time as Amazon's.  Entering judgment in the Twitch case concurrently with the judgment in this case will allow the related appeals to proceed in parallel.  *Cf. Solannex, Inc. v. Miasole, Inc.*, No. CV 11-00171 PSG, 2013 WL 430984, at *3 (N.D. Cal. Feb. 1, 2013) (denying 54(b) judgment in order to coordinate appeals raising similar claim construction issues).

## CONCLUSION

The Federal Circuit is not shy about vacating partial final judgments that raise the potential for multiple overlapping appeals.  *See Carotek, Inc. v. Kobayashi Ventures, LLC*, 409 F. App'x 329, 331 (Fed. Cir. 2010) (vacating Rule 54(b) judgment); *Linear Tech. Corp. v. Impala Linear Corp.*, 31 F. App'x 700, 703 (Fed. Cir. 2002) (same); *Cyrix Corp. v. Intel Corp.*, 9 F.3d 978 (Fed. Cir. 1993) (same).  Introducing the complication of a partial final judgment now, as this well-managed MDL proceeding potentially nears a conclusion, makes little sense.  Amazon respectfully requests the Court deny the motion and instead rule on the pending summary judgment motions.

Respectfully submitted,

October 16, 2019

FENWICK & WEST LLP

By: */s/ J. David Hadden*
J. David Hadden

Counsel for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.