UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION | Case No. 18-md-02834-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC.,<br><br>Plaintiffs<br>v.<br><br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Defendants, | **ORDER DENYING PERSONALWEB'S REQUEST TO DENY OR DEFER CONSIDERATION OF MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS PENDING RESOLUTION OF PERSONALWEB'S APPEALS; RESETTING HEARING ON THE MOTION TO AUGUST 6, 2020 AT 9:00 A.M.**<br><br>[Re: ECF 594] |
| PERSONALWEB TECHNOLOGIES, LLC, a Texas limited liability company, and LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br>v.<br><br>TWITCH INTERACTIVE, INC. a Delaware corporation,<br><br>Defendant. | Case No.: 5:18-cv-00767-BLF<br><br><br><br>Case No.: 5:18-cv-05619-BLF |

On April 10, 2020, the parties filed a joint statement regarding PersonalWeb's request to deny or defer consideration of the motion for attorneys' fees and bill of costs of Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon") at ECF 593, pending resolution of PersonalWeb's Federal Circuit appeals. Request, ECF 594. The Court set a telephonic case management conference on April 16, 2020 (the "CMC") and heard the parties' respective positions on the issue. For the reasons stated on the record and discussed below, the

Court DENIES PersonalWeb's Request.

While the Court recognizes that the determination of the issues on appeal may affect Amazon's motion for attorneys' fees, the Court is not persuaded that any of the facts or issues presented in this case warrant a deviation from the Court's usual course, which is "to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *PersonalWeb Techs., LLC v. EMC Corp.*, No. 5:13-cv-01358-EJD, 2020 WL 1557441, at *1 (N.D. Cal. Apr. 1, 2020) (citation omitted).

Courts consider four factors to determine whether to stay awarding attorneys' fees and costs pending appeal: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits;" (2) "whether the applicant will be irreparably injured absent a stay;" (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding;" and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

First, PersonalWeb has failed to make a strong showing that it is likely to succeed in its appeal. PersonalWeb argues that delaying Amazon's motion in this case is "particularly compelling because of a change in law that occurred after the first summary judgment ruling." Request at 4 (citing *Huang v Huawei Technologies Co., Ltd.*, 787 Fed. Appx. 723 (Fed. Cir. Oct. 9. 2019). The Court is not persuaded. Setting aside the fact that a non-precedential opinion is not a "change in law" as PersonalWeb asserts, the Federal Circuit's *Huang* decision has no impact on this Court's grant of summary judgment based on claim preclusion and the *Kessler* doctrine. PersonalWeb claims that it is likely to succeed on appeal because in the *Huang* decision, the Federal Circuit "explicitly used the infringement contention rather than the complaint to determine the subject matter of the prior action for claim preclusion purposes," while this Court "primarily determined the scope of the Texas action based on the allegations in the complaint." Request at 4. But PersonalWeb fails to note that nowhere in the *Huang* decision did the Federal Circuit hold or even suggest that looking to the complaint allegations in the preclusion analysis would be improper. *See Huang*, 787 Fed. Appx. at 726. And more importantly, in this case, the Court **did** consider the infringement contentions in the Texas case in deciding the claim preclusion issue:

Second, PersonalWeb argues that the scope of the Texas Action

> should be limited to what was included in the infringement contentions, and not the complaint. Trans., ECF No. 376 at 44-45. Even if the Court agreed with PersonalWeb, the Texas infringement contentions included the HTTP GET command, and thus PersonalWeb's argument fails on its own terms.
> …
> In sum, the Court finds that both the complaint and the infringement contentions in the Texas Action indisputably support the Court's conclusion that the Texas Action asserted infringement against all of S3 and was not limited only to MPU.

*In re PersonalWeb Techs., LLC, et al. Patent Litig.*, No. 18-MD-02834-BLF, 2019 WL 1455332, at *11-*12 (N.D. Cal. Apr. 2, 2019). In sum, the Court is not persuaded that the *Huang* decision makes PersonalWeb's appeal likely to succeed. Accordingly, the first factor weighs against a stay.

Second, PersonalWeb does not explain how it will be irreparably harmed absent a stay. Instead, PersonalWeb focuses on how everyone—the Court, PersonalWeb, and Amazon—will be spending "substantial time, effort, and cost (in the case of the parties) briefing, arguing, hearing, and deciding these issues" and those efforts "will be wasted should the Federal Circuit rule in favor of one or both of PersonalWeb's pending appeals." Request at 2. These generic waste-of-time-and-resources arguments fail to establish ***irreparable*** harm. "For instance, [PersonalWeb has] neither argued that [it has] limited financial resources such that ligating attorneys' fees would result in bankruptcy nor that the costs of litigation would be 'overwhelming.'" *PersonalWeb Techs., LLC v. EMC Corp.*, 2020 WL 1557441, at *2 (citing *Glauser v. GroupMe, Inc.*, 2015 WL 2157342, at *2–*3 (N.D. Cal. May 7, 2015)). Thus, the second factor supports Amazon and denial of a stay.

Third, there is no evidence that other parties will be injured by a stay. That said, Amazon claims that it may be prejudiced by a stay because by the time both of the merits appeals conclude, Amazon may be unable to recover fees – if it is awarded any. Request at 8. The Court has been presented with no evidence on the status of PersonalWeb's financial health and therefore cannot determine whether Amazon would be injured by a stay. Thus, the Court finds that this factor is neutral.

Fourth, public policy considerations weigh in favor of denying a stay. PersonalWeb has made no showing that the public interest would be served by a stay – only that the Court's "potentially reduced resources" due to COVID-19 health concerns supports a stay. *See* Request at 2. While COVID-19 has certainly impacted the courts' operations across the country, this Court

3

continues to resolve substantive motions. *See* General Order 72 ("All civil matters will be decided on the papers, or if the assigned judge believes a hearing is necessary, the hearing will be by telephone or videoconference."). Further, "judicial economy is better served by determining attorneys' fees promptly while the details of the proceedings are still fresh and when the Federal Circuit has the opportunity to consider any appeal of the calculation at the same time as the appeal on the merits." *Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. SACV1700660JVSJCGX, 2018 WL 6016149, at *2 (C.D. Cal. Aug. 13, 2018), *aff'd*, 773 F. App'x 625 (Fed. Cir. 2019); *see also* Fed. R. Civ. P. 54(d) advisory committee's notes to 1993 amendment. Moreover, public interest will be served by holding parties to their stipulation. *See PersonalWeb Techs., LLC v. EMC Corp.*, 2020 WL 1557441, at *2. Here, the parties stipulated to a briefing schedule on Amazon's motion for attorneys' fees. *See* ECF 591. Then, rather than following the stipulated briefing schedule, and weeks ***after*** Amazon filed its motion, PersonalWeb requested a stay pending appeal. *See* Request. In sum, the fourth factor supports denying a stay.

In conclusion, because three of the four *Hilton* factors weigh in favor of denying a stay, the Court DENIES PersonalWeb's Request to deny or defer consideration of the motion for attorneys' fees and bill of costs.

At the CMC, PersonalWeb requested, and Amazon did not object, to reset the hearing from June 6, 2020 at 9:00 a.m. to a later date (depending on the Court's availability) to allow for a longer briefing period. Accordingly, the Court hereby RESETS the hearing on Amazon's Motion at ECF 593 to **August 6, 2020 at 9:00 a.m.** The parties are to meet, confer, and submit a stipulation as to the briefing schedule in accordance with this Court's Standing Order Re Civil Cases.

**IT IS SO ORDERED.**

Dated: April 20, 2020

_____
BETH LABSON FREEMAN
United States District Judge

4