# EXHIBIT 1

**From:** Roderick G. Dorman <RDorman@McKoolSmithHennigan.com>
**Sent:** 22 May 2014 14:56
**To:** Murray Markiles, SAM <mmarkiles@stubbsalderton.com>; Kevin Bermeister <kb@pweb.com>
**Cc:** Lawrence Hadley <LHadley@McKoolSmithHennigan.com>; Jeanne E. Irving <JIrving@McKoolSmithHennigan.com>; Jim Bergman <JBergman@McKoolSmithHennigan.com>
**Subject:** FW: Res Judicata

Should we try to do the following in the following order:
1. We ask for $1 million in return for a dismissal with prejudice. (No license)
2. We ask for $1 million in return for a dismissal with prejudice and a paid up license to the PersonalWeb portfolio for the field of use of multi-code uploads and conditional gets.
3. We ask for a dismissal without prejudice, with a covenant not to sue for 24 months and a tolling agreement.
4. We ask for a dismissal with prejudice, each side to bear their won fees and costs.

The effect of a dismissal with prejudice will only cause us to lose damages for the period up to, but not beyond, the date we filed our complaint. I am advised that about 80% of our damages is post filing, and the infringement is ramping up as time passes. These claims will be worth more over time. The law follows detailing the limited amount we lose by dismissing with prejudice.:

Any act of infringement occurring after the filing of complaint is not precluded by *res judicata* and can be asserted in a later proceeding. The exception is if the plaintiff specifically elected to include such acts in the case by supplementing their complaint to include such acts. There is no requirement that the plaintiff do so, though, and we have not done so in our case.

This is the discussion in the Aspex case from the Federal Circuit:

> In patent cases, this court has applied the general rule that res judicata does not bar the assertion of "new rights acquired during the action which might have been, but were not, litigated." *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010), quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 370 (2d Cir. 1997); *see also Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) ("for res judicata purposes, claims that 'could have been brought' are

claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action"). While a party may seek to pursue claims that accrue during the pendency of a lawsuit adjudicated in that lawsuit, the party is not required to do so, and res judicata will not be applied to such accruing claims if the party elects not to have them included in the action. *Gillig*, 602 F.3d at 1363; *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1298 (11th Cir. 2001);  *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000).

*ASPEX EYEWEAR, INC., AND CONTOUR OPTIK, INC. v. MARCHON EYEWEAR, INC.,* 672 F.3d 1335, 1345 (Fed. Cir. 2012).

Importantly, if we do the dismissal with prejudice we MUST do so before we serve an expert damage report that seeks damages during the pendency of the action.  Otherwise Amazon in a subsequent suit will argue that, by doing so, we were "otherwise [than by supplemental pleading] asserting such claims in the earlier action."

Kevin, when can Murray, Larry and I speak with you tomorrow to get this case concluded?