MICHAEL A. SHERMAN (SBN 94783)
masherman@stubbsalderton.com
JEFFREY F. GERSH (SBN 87124)
jgersh@stubbsalderton.com
SANDEEP SETH (SBN 195914)
sseth@stubbsalderton.com
WESLEY W. MONROE (SBN 149211)
wmonroe@stubbsalderton.com
STANLEY H. THOMPSON, JR. (SBN 198825)
sthompson@stubbsalderton.com
VIVIANA BOERO HEDRICK (SBN 239359)
vhedrick@stubbsalderton.com
**STUBBS, ALDERTON & MARKILES, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403
Telephone:     (818) 444-4500
Facsimile:     (818) 444-4520

**Attorneys for PersonalWeb Technologies, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PERSONAL WEB TECHNOLOGIES, LLC, ET AL., PATENT LITIGATION | **CASE NO.: 5:18-md-02834-BLF** |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC, <br><br> Defendants. | **CASE NO.: 5:18-cv-00767-BLF** <br><br> **CASE NO.: 5:18-cv-05619-BLF** <br><br> **DECLARATION OF MICHAEL A. SHERMAN IN SUPPORT OF PERSONALWEB TECHNOLOGIES, LLC'S MOTION FOR PROTECTIVE ORDER** |
| PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC, <br><br> Counterclaimants, <br><br> v. <br><br> AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., <br><br> Counterdefendants. | Date:     November 5, 2020 <br> Time:     9:00 a.m. <br> Dept.:     Courtroom 3, 5th Floor <br> Judge:     Hon. Beth Labson Freeman |

PERSONALWEB TECHNOLOGIES, LLC, a
Texas limited liability company, and
LEVEL 3 COMMUNICATIONS, LLC, a
Delaware limited liability company

                    Plaintiffs,

v.

TWITCH INTERACTIVE, INC. a Delaware
corporation,
                    Defendant.

I, Michael A. Sherman, declare as follows:

1. I am a member of the bar of the State of California and am admitted to practice before the United States District Court for the Northern District of California. I am a partner at Stubbs Alderton & Markiles, LLP, counsel for Plaintiffs PersonalWeb Technologies, LLC ("PersonalWeb"). The facts herein are, unless otherwise stated, based upon personal knowledge, and if called upon to do so, I could, and would testify to their truth under oath. I submit this declaration in support of PersonalWeb's Motion for Protective Order.

2. On June 30, 2020, nearly two weeks after PersonalWeb filed its Opposition to Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon") and Twitch Interactive, Inc.'s ("Twitch") Motion for Attorney Fees and Costs ("Motion for Attorney Fees"), I received a letter from Todd Gregorian, counsel for Amazon and Twitch, demanding an array of what would otherwise be attorney-client privileged/work product protected documents based on positions PersonalWeb took in its Opposition. Attached hereto as Exhibit 1 is a true and correct copy of the letter dated June 30, 2020, from Mr. Gregorian.

3. I emailed a brief response to Mr. Gregorian that same day, advising him that a further response to his expansive document demands would be forthcoming, after I had an opportunity to speak with PersonalWeb representatives and my colleagues about the request. Upon examining Mr. Gregorian's letter more closely, I determined that Amazon and Twitch were seeking categories of documents that went far beyond the specific opinions disclosed and facts conveyed in support of PersonalWeb's opposition, as Amazon and Twitch were requesting documents covering such broad topics as "all communications" and "all documents" concerning claim construction in the Texas Action, costs incurred for pre-filing investigations and anything and everything relating to PersonalWeb's pre-filing investigation in general, to just name a few. In reviewing the four-page list of requested documents, I determined that PersonalWeb would need to contact and obtain the assistance of at least 11 custodians, including the attorneys at or associated with my law firm, including myself, Jeffrey F. Gersh, Wesley W. Monroe, Sandeep Seth, Stanley H. Thompson, Jr., and Viviana Boero Hedrick; PersonalWeb's counsel in the Texas Action, McKool Smith; Mr. Brian Siritzky, counsel for PersonalWeb; Mr. Larry Hadley, PersonalWeb's counsel now at Glaser Weil

1

1   Fink Howard Avchen & Shapiro LLP; Ted Maceiko, PersonalWeb's co-counsel during this MDL

2   proceeding; PersonalWeb's President, Mike Weiss; and PersonalWeb's Non-Executive Chairman,

3   Kevin Bermeister, among possible others, to locate, recover, review and then produce the requested

4   documents.  The number of hours necessary to conduct such a review and production amount to

5   what I believed then (and still believe) to be a large undertaking, requiring PersonalWeb, its legal

6   counsel and others assisting it, to expend significant sums of money and extensive time to conduct

7   the review and production contemplated by Amazon and Twitch in Mr. Gregorian's letter.

8        4.     Amazon and Twitch's expansive document requests require the review of thousands

9   of documents spanning from 2014 to the present and are oppressive given where the parties are at

10  this point in the litigation, as judgment has been entered in Amazon and Twitch's favor and all that

11  remains in the trial court is the determination of the Motion for Attorney Fees.  As a result, on July

12  4, 2020, my partner Jeffrey F. Gersh sent a substantive response to Mr. Gregorian in which

13  PersonalWeb provided Amazon and Twitch with the relevant law explaining how Amazon and

14  Twitch's document requests were overbroad because they sought "all" documents and

15  communications relating to such expansive and general categories, such as the details surrounding

16  all pre-litigation investigations despite that all such details are in no way in issue.  Nonetheless, in an

17  effort to avoid having to involve the Court and expend further client resources, PersonalWeb

18  volunteered to produce documents that pertained directly to the subject matter waived in support of

19  its Opposition: (1) PersonalWeb's counsels' opinion regarding whether a dismissal in the Texas

20  Action would bar later litigation against Amazon under preclusion theories; (2) settlement

21  communications with defendants as requested by Amazon and Twitch in their June 30 letter; and (3)

22  all pre-suit infringement opinions by an outside technical expert and litigation counsel. My partner

23  also offered to meet and confer with Mr. Gregorian in the hopes of resolving this issue.

24       5.     Our request to meet and confer was ignored.  Instead, on July 8, 2020, my office

25  received a letter from Mr. Gregorian, in which Amazon and Twitch insisted that PersonalWeb either

26  comply with Mr. Gregorian's initial set of document demands, or withdraw portions of its

27  declarations in support of its Opposition.

28

**DECLARATION OF MICHAEL A. SHERMAN ISO PERSONALWEB'S**
**MOTION FOR PROTECTIVE ORDER**

**CASE NO: 5:18-MD-02834-BLF**
**CASE NO: 5:18-CV-00767-BLF**
**CASE NO: 5:18-CV-05619-BLF**

6.     Since Amazon and Twitch's counsel refused to meet and confer with me or anyone at my office, and I considered the suggestion that PersonalWeb withdraw any portion of its evidence in support of its opposition to be disingenuous, I wrote a letter to Mr. Gregorian on July 10, 2020, to try again to resolve this issue. I represented therein that PersonalWeb would be producing the following documents:

a) Communications containing any settlement offers or terms with third parties other than Amazon and Twitch concerning the at-issue technologies in this MDL;

b) Opinions regarding claim preclusion and *Kessler* in any way concerning the cases in this MDL or in connection with the dismissal of the Texas Action; and

c) Opinions regarding infringement of the at-issue technologies in this MDL.

7.     I discussed these issues with Mr. Gregorian on Monday July 13, 2020, when at my request Mr. Gregorian and I spoke by telephone in a meet and confer as is required by the local rules, prior to PersonalWeb filing its motion for protective order. During that conference, counsel for Amazon and Twitch relayed that his clients were no longer seeking the disclosure of opinions relating to invalidity, but otherwise refused to withdraw any of their overbroad requests.

8.     On Monday July 13, 2020, my office produced documents responsive to these three categories, with the final remaining set of responsive documents produced earlier today. To make PersonalWeb's position clear that PersonalWeb is not withholding any documents responsive to the above three categories in paragraph 6, and to demonstrate the extent of our search and inquiry, I hereby confirm as follows as to the three categories identified in paragraph 6, above:

a) To the best of my knowledge, all subject third party writings have been or are being produced having anything to do with settlement offers/terms with third parties concerning the at-issue technologies in this MDL.  Additionally, privileged communications that referenced settlement practices to be followed by PersonalWeb have been searched for and produced.

b) To the best of my knowledge, all written opinions on the subject of claim preclusion and/or *Kessler* in any way concerning the cases in this MDL or in

1   connection with the dismissal of the Texas Action are being produced.  I am unaware

2   of any contrary opinions held by the involved lawyers at any relevant times.

3   c) To the best of my knowledge, all written opinions regarding infringement of the at-

4   issue technologies in this MDL are being produced.  After internal review and

5   discussions with Messrs. Seth, Siritzky and Monroe, we are unaware of contrary

6   opinions by the involved lawyers or Dr. Russ at any relevant times.

7   9.   On the subject of "opinions" covered in paragraphs 6(b) and (c) and 8(b) and (c),

8   above, we have searched for and produced communications that go beyond what might be

9   commonly described as "formal" opinions; particularly in the area of infringement opinions, to my

10  best knowledge we have produced any reasonably well advanced opinion on infringement that was

11  proffered, despite that the word "opinion" may not have been used in the communication.  While the

12  actual quantity of documents (almost exclusively e-mails and some number of infringement charts)

13  produced is in excess of 1,000 documents, in finalizing our production to counsel for

14  Amazon/Twitch earlier today, as the attorney leading the effort to collect all documents that fall

15  within these above categories, I implemented and participated in search/collection activities

16  involving what I considered to be great precaution and care to cause searches to be conducted (both

17  within my law firm, with all PersonalWeb representatives, with our co-counsel and with a custodian

18  of the McKool Smith law firm in the case of the Texas Action and Mr. Dorman's opinion on claim

19  preclusion) for potential production of any communications/documents wherein either (a) settlement

20  offers or terms were conveyed in instances where what could have been considered a

21  "nuisance"/"below market" value settlement offer was made, (b) any contemporaneous or near-

22  contemporaneous claim preclusion opinions or *Kessler* opinions which in any material way

23  contradicted those opinions referenced in the Opposition, or (c) any contemporaneous or near-

24  contemporaneous infringement opinions which in any material way contradicted those opinions

25  referenced in the Opposition.  After diligent searching, no such documents/e-mails were located in

26  response to the search parameters laid out in the prior sentence; that conclusion does not in any way

27  surprise me.  To the best of my knowledge, at no time did information ever come to my attention

28  that nuisance/below-market settlement offers were made, that the claim preclusion/*Kessler* opinions

1  referenced in the Opposition were not genuinely held or timely conveyed to the client, or that the

2  infringement opinions referenced in the Opposition were not genuinely held or timely conveyed to

3  the client.

4          10.     In order for PersonalWeb to locate documents responsive to the aforementioned three

5  categories, numerous attorneys, legal support staff, and representatives of PersonalWeb spent

6  approximately 150 hours locating and reviewing records on PersonalWeb's behalf just over the past

7  few weeks.  If PersonalWeb was forced to locate documents in response to all of Amazon and

8  Twitch's expansive remaining document requests, it would be compelled to expend an enormous

9  amount of resources and time in order to conduct the expansive review between numerous

10  custodians in order to adequately produce all of the requested documents in Mr. Gregorian's June

11  30th letter.

12

13          I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct.

15          Executed on July 21, 2020 in Ross, California.

16

17                              _/s/ Michael A. Sherman_____
                                  Michael A. Sherman

18

19

20

21

22

23

24

25

26

27

28