MICHAEL A. SHERMAN (SBN 94783)
masherman@stubbsalderton.com
JEFFREY F. GERSH (SBN 87124)
jgersh@stubbsalderton.com
SANDEEP SETH (SBN 195914)
sseth@ stubbsalderton.com
WESLEY W. MONROE (SBN 149211)
wmonroe@stubbsalderton.com
STANLEY H. THOMPSON, JR. (SBN 198825)
sthompson@stubbsalderton.com
VIVIANA B. HEDRICK (SBN 239359)
vhedrick@stubbsalderton.com
**STUBBS ALDERTON MARKILES, LLP**
15260 Ventura Boulevard, 20TH Floor
Sherman Oaks, CA 91403
Telephone:    (818) 444-4500
Facsimile:    (818) 444-4520

Attorneys for **PersonalWeb Technologies, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PERSONAL WEB TECHNOLOGIES, LLC, ET AL., PATENT LITIGATION | **CASE NO.: 5:18-md-02834-BLF** |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, <br><br> Defendants. <br><br> PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, <br><br> Counterclaimants, <br><br> v. <br><br> AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., <br><br> Counterdefendants. | **Case No.: 5:18-cv-00767-BLF** <br> **Case No.: 5:18-cv-05619-BLF** <br><br> **DECLARATION OF VIVIANA BOERO HEDRICK IN SUPPORT OF AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

| | |
|---|---|
| 1 | PERSONALWEB TECHNOLOGIES, LLC, a Texas limited liability company, and |
| 2 | LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company |
| 3 | Plaintiffs, |
| 4 | v. |
| 5 | TWITCH INTERACTIVE, INC. a Delaware corporation, |
| 6 | Defendant. |

**DECLARATION OF VIVIANA BOERO HEDRICK**
**ISO ADMINISTRATIVE MOTION**
**TO FILE UNDER SEAL**

**CASE NO: 5:18-MD-02834-BLF**
**CASE NO: 5:18-CV-00767-BLF**
**CASE NO: 5:18-CV-05619-BLF**

# DECLARATION OF VIVIANA BOERO HEDRICK

I, Viviana Boero Hedrick, declare as follows:

1. I am an attorney duly licensed to practice law in the state of California and am of counsel with the law firm of Stubbs Alderton & Markiles, LLP, counsel for PersonalWeb Technologies, LLC ("PersonalWeb") in the above captioned actions. I have personal knowledge of the facts set forth in this declaration.

2. I submit this declaration in support of the Administrative Motion to File Under Seal (Case No. 18-md-02834-BLF, Dkt. 611; Case No. 18-cv-00767-BLF, Dkt. 194; Case No. 18-cv-05619-BLF, Dkt. 98) ("Administrative Motion") filed by Amazon.com, Inc. and Amazon Web Services, Inc. ("Amazon") and Twitch Interactive, Inc. ("Twitch"). The Administrative Motion was filed in support of Amazon and Twitch's Reply in Support of Motion for Attorney Fees and Costs (Case No. 18-md-02834-BLF, Dkt. 612; Case No. 18-cv-00767-BLF, Dkt. 195; Case No. 18-md-05619-BLF, Dkt. 99).

3. The Administrative Motion seeks an order sealing the following documents:

| Document | Document Description | Portion to be Sealed |
|---|---|---|
| Amazon's and Twitch's Reply in Support of Motion for Attorney Fees and Costs ("Reply") | Portions of the Reply that reference or describe documents designated as "Highly Confidential – Attorney's Eyes Only" by PersonalWeb | 4:3; 12:5, 8-10, 12, 14-15, 17-18, 22-25; 13:1-3. |
| Exhibit 1 to the Reply Declaration of Todd Gregorian in support of the Reply ("Gregorian Declaration") | Excerpts of the August 22, 2019 deposition testimony of Kevin Bermeister that PersonalWeb has designated as "Highly Confidential – Attorney's Eyes Only" | Entire document. |
| Exhibit 9 to the Gregorian Declaration | January 25, 2018 emails between PersonalWeb and its counsel that PersonalWeb has designated as "Highly Confidential – Attorney's Eyes Only" | Entire document. |
| Exhibit 10 to the | Patent and licensing settlement | Entire document. |

1

DECLARATION OF VIVIANA BOERO HEDRICK
ISO ADMINISTRATIVE MOTION
TO FILE UNDER SEAL

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF

| | | |
|---|---|---|
| Gregorian Declaration | agreement concerning the patents-in-suit that PersonalWeb has designated as "Highly Confidential – Attorney's Eyes Only" | |
| Exhibit 11 to the Gregorian Declaration | June 2015 letter from PersonalWeb's counsel to an accused infringer of the patents-in-suit that PersonalWeb has designated as "Highly Confidential Attorney's Eyes Only" | Entire document. |
| Exhibit 13 to the Gregorian Declaration | Emails between PersonalWeb's counsel and counsel for an accused infringer of the patents-in-suit from January to March 2018 that PersonalWeb has designated as "Highly Confidential – Attorney's Eyes Only" | Entire document. |

4. The material requested to be sealed comprises information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order (Case No. 18-md-02834-BLF, Dkt. No. 290). PersonalWeb requests that the Court maintain under seal only Exhibits 1 and 10 to the Gregorian Declaration and the portions of the Reply that reference or describe the contents of Exhibits 1 and 10, found in the Reply at 12:12-21 (the "Requested Sealed Material").

5. The excerpts of the deposition testimony of Kevin Bermeister attached as Exhibit 1 to the Gregorian Declaration are designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order. This exhibit contains excerpts of the deposition transcript of PersonalWeb's Non-Executive Chairman, Kevin Bermeister. In this testimony, Mr. Bermeister provides non-public and sensitive financial information describing settlements negotiations and licensing agreements entered into between PersonalWeb and third parties that are not part of this MDL proceeding, and that relate to the resolution of cases that also were never a part of this MDL proceeding.

2
**DECLARATION OF VIVIANA BOERO HEDRICK
ISO ADMINISTRATIVE MOTION
TO FILE UNDER SEAL**
**CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF**

6. Similarly, Exhibit 10 to the Gregorian Declaration is a settlement agreement between PersonalWeb and VigLink that was designated as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order. This is a settlement agreement between PersonalWeb and an entity that is not now and was never a party to this MDL proceeding. Additionally, this settlement agreement contains highly sensitive financial information as it discloses revenue information belonging to Viglink, which is confidential information that PersonalWeb agreed to maintain as confidential under the terms of that settlement agreement.

7. In the Ninth Circuit, a district court may override the presumption of public access to judicial documents where "good cause" is shown. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1211 (internal citations omitted). A party seeking to file documents under seal in connection with a dispositive motion must establish compelling reasons for doing so to rebut the presumption against public access. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

8. Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPCMDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (observing that courts "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information").

9. Here, the portions of the documents PersonalWeb seeks to file under seal are narrowly tailored to include only material eligible for sealing under the law of this Court. There is a compelling interest in maintaining the confidentiality of the Requested Sealed Material described above as both the settlement agreement between PersonalWeb and VigLink and Mr. Bermeister's testimony detailing the negotiations, terms, and discussions surrounding licensing agreements with

3

DECLARATION OF VIVIANA BOERO HEDRICK
ISO ADMINISTRATIVE MOTION
TO FILE UNDER SEAL

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF

third parties constitutes confidential business information in precisely the form of "license agreements, financial terms [and] details of confidential licensing negotiations." *In re Qualcomm Litig.*, 2017 WL 5176922, at *2.

10. Moreover, documents attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips, supra,* 307 F.3d at 1210–11 (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).  Here, good cause exists to keep the Requested Sealed Material under seal because the this third-party confidential financial information is only tangentially related to the merits of this case as it does not relate to Amazon, Twitch, or any entity that is a party to this MDL proceeding, nor does it reflect any conduct undertaken by PersonalWeb during the duration of this proceeding. PersonalWeb, VigLink and the other third parties discussed in the Requested Sealed Material will suffer prejudice if the Requested Sealed Material is unsealed because the public will then be privy to the details surrounding the confidential licensing negotiations and ultimate financial terms of those negotiations which might harm these PersonalWeb's and these third parties' competitive standing if disclosed to the public. *See Phoenix Technologies Ltd. v. VMware, Inc.*, No. 15-cv-01414-HSG, 2018 WL 1169188, at *2 (N.D. Cal. Feb. 14, 2018) (good cause exists to protect business information that might harm a party's competitive standing if disclosed, and where the redaction is "sufficiently narrowly tailored" to only seal portions of the exhibit that might put sensitive business information at risk).

11. PersonalWeb therefore respectfully requests that the Court maintain under seal Exhibits 1 and 10 to the Gregorian Declaration and the portions of the Reply that reference or describe the aforementioned documents found at Reply at 12:12-21.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

4

**DECLARATION OF VIVIANA BOERO HEDRICK**  **CASE NO: 5:18-MD-02834-BLF**
**ISO ADMINISTRATIVE MOTION**                **CASE NO: 5:18-CV-00767-BLF**
**TO FILE UNDER SEAL**                        **CASE NO: 5:18-CV-05619-BLF**

1  Executed on September 8, 2020 in Sherman Oaks, California.

*/s/ Viviana Boero Hedrick*
Viviana Boero Hedrick

5

**DECLARATION OF VIVIANA BOERO HEDRICK**
**ISO ADMINISTRATIVE MOTION**
**TO FILE UNDER SEAL**

**CASE NO: 5:18-MD-02834-BLF**
**CASE NO: 5:18-CV-00767-BLF**
**CASE NO: 5:18-CV-05619-BLF**