J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted *pro hac vice*)
mmayer@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
T.J. FOX (CSB 322938)
tfox@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Counsel for AMAZON.COM, INC.,
AMAZON WEB SERVICES INC., and
TWITCH INTERACTIVE, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION, | Case No.: 5:18-md-02834-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC.,<br>Plaintiffs,<br>v.<br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br>Defendants. | Case No.: 5:18-cv-00767-BLF<br>Case No. 5:18-cv-05619-BLF<br>**SUPPLEMENTAL DECLARATION OF TODD R. GREGORIAN PURSUANT TO COURT ORDER [DKT. 647]** |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br>Plaintiffs,<br>v.<br>TWITCH INTERACTIVE, INC.,<br>Defendant. | |

I, Todd R. Gregorian, declare as follows:

1. I am counsel to Amazon.com, Inc., Amazon Web Services, Inc. (collectively, "Amazon"), and Twitch Interactive, Inc. ("Twitch") in this matter. I submit this declaration in response to the Court's Order Requesting Supplemental Declaration (Dkt. 647). I have personal knowledge of the facts set forth herein.

2. The original fee motion included effective rate and fee category information based on discounts received by the clients, but before applying a final discount to the requested total. This was done to simplify the calculations associated with applying the final discount to years of invoices, and because Amazon and Twitch (collectively, "Amazon") believed the rates and fees were reasonable even before applying the final discount. The Court's fee order notes that this caused some confusion. (*See* Dkt. 648 at 10-12.) Accordingly, the effective rate and fees subcategory information below includes all discounts, with the exception that time written down and not invoiced to the client (*see* paragraph 8) was not included in the calculation of the effective rates.

**<u>Effective Rates for the Supplemental Fee Request</u>**

3. Amazon provides below a chart of effective rates for the timekeepers who billed to this matter from February 2020 through February 2021. (*See* Dkt. 648 at 26; Dkt. 592-1 at 5-6.) The background information for these timekeepers is further detailed in my declaration in support of Amazon's motion for fees. (*See* Dkt. 592-1 at 1-5.)

4. The effective rates for time billed between February 2020 and February 2021 reflect rate increases by Fenwick & West since the matter began in January 2018, owing both to changes in the market generally and annual increases based on the additional experience of each timekeeper. Because the current request includes no time entries from 2018 or 2019, for example, the effective rates are necessarily higher than those at issue in the original fee motion. The effective rates the Court approved for the January 2018-January 2020 period are included for comparison.

5. The 2020-2021 effective rates are also in line with the most recent survey published by AIPLA, which discloses average billing rates for *2018*—*i.e.*, the rates are reasonable even before accounting for inflation and yearly rate increases since then. (*See* 592-1 at 8-9) (citing 592-4 at I-

FENWICK & WEST LLP
ATTORNEYS AT LAW

29 (showing that, in 2018, the average hourly billing rate for partners in the third quartile was $826, and the rate for the 90th percentile was $1,023); I-42 (showing the range of general private firm associate billing rates based on intellectual property law experience, which encompasses Fenwick associate billing rates for 2020-2021)); *see also A.D. v. State of California Highway Patrol*, 2013 WL 619957 (N.D. Cal. Nov. 27, 2013) (finding that rate increases over the four years the case was pending were reasonable, holding: "the question is not whether the percentage increase from 2009 to 2013 is too great, but rather whether the 2013 rates sought are reasonable and within the prevailing market rates); *Coles v. City of Oakland*, No. C03-2961 TEH, 2007 WL 39304, at *7 (N.D. Cal. Jan. 4, 2007) (finding claimed hourly rate increase over four years to be reasonable and consistent with that of other local firms, and noting that rates may be influenced by inflation, additional years of experiences, and other changes in the legal market.).

| Billing Attorney | Hours Billed on Matter | Effective Rate | Approved Rate (2018-2020) | Years experience (2021) |
|---|---|---|---|---|
| J. David Hadden Partner | 94.2 | $876.44 | $905.95 | 26 years |
| Saina Shamilov Partner | 14.8 | $900.55 | $748.60 | 19 years |
| Melanie Mayer Partner | 52.6 | $870.99 | $699.82 | 16 years |
| Todd Gregorian Partner[1] | 249.4 | $761.93 | $648.27 | 16 years |
| Ravi Ranganath Partner[2] | 50.8 | $703.02 | $659.92 | 10 years |
| Allen Wang Associate | 8.8 | $713.80 | $659.85 | 10 years |
| Elizabeth Hagan Associate | 33.9 | $705.50 | $577.55 | 8 years |
| Shannon Turner Associate | 1.6 | $705.50 | $618.28 | 6 years |
| Chieh Tung Associate | 313.8 | $539.43 | $406.85 | 4 years |

[1] Mr. Gregorian became a partner effective 1/1/2020. (*See* Dkt. 592-1 at 2).
[2] Mr. Ranganath became a partner effective 1/1/2021.

| | | | | |
|---|---|---|---|---|
| Crystal Nwaneri Associate | 7.6 | $543.65 | $430.06 | 4 years |
| Thomas Fox Associate | 36.2 | $481.05 | $370.20 | 3 years |
| Patrick Doyle Associate | 56.5 | $373.50 | $282.20 | 4 years |
| Robert Winant Paralegal | 139.1 | $360.29 | $342.16 | 29 years |
| Lawrence Gallwas Paralegal | 22.3 | $378.12 | $344.74 | 16 years |

**Monthly Invoices and Explanation of Discounts**

6. **Exhibit A** is a copy of all monthly invoices to Amazon for work performed on this matter from February 2020 through February 2021, reflecting the work of each timekeeper at Fenwick who billed to this matter during that time period. The invoices for January and February 2021 are draft invoices. The time entries and total amounts billed, however, accurately reflect the amount Fenwick expects to bill to the client.

7. Fenwick has made the following redactions from the invoices: (1) descriptions of the work billed that reflect attorney-client privileged and/or work product information; (2) bank account information required for payment of fees; (3) non-taxable costs that Amazon is not seeking as part of its request. Categories (1) and (2) are redacted in black; category (3) is redacted in blue.

8. These monthly invoices reflect pre-invoice discounts for the clients, as well as a 17% discount that Amazon receives on its monthly invoices for this matter. The 17% discount is part of the first discount which occurs at the time of billing, and reflects the fees actually incurred by and billed to the client. On the February 2020 through December 2020 invoices, the 17% discount is applied to the total invoiced amount. For the January and February 2021 invoices, the 17% discount is built into the blended rate for each timekeeper. The second, "final discount" described in the original motion (*see* Dkt. 646-1 ¶ 17) was specific to making certain that the request would not exceed the amount that the clients ultimately paid considering other potential pending discounts or credits. Here, the time worked for the months of June, September, and December 2020, totaling 256.2 hours and $160,511.63 in fees, was already written down and the client was

not invoiced for them, and there were no other pending discounts or credits. Accordingly, Amazon's supplemental request concerns only fees that it incurred after all discounts.

9. Amazon requests supplemental fees for only the timekeepers identified in its original motion that billed to this matter between February 2020 and February 2021. *See* Dkt. 592-1 ¶ 17. Fees associated with additional associates and staff are excluded. All told, Amazon has excluded a total of 11 timekeepers billing 119.2 hours and $39,834.61 of work. This is a reduction of fees incurred and invoiced (*i.e.*, it does not include any of the June, September, or December 2020 time that was written down).

10. Inclusive of applicable discounts, and with the above exclusions, Amazon incurred $698,708.28 in fees for Fenwick's work between February and December 2020.

**Chart of Major Tasks and Associated Fees Incurred**

11. A chart of each attorney's time for each category of tasks performed in this case during the February 2020 through February 2021 time period is attached as **Exhibit B**. The Court asked specifically for documentation as to Amazon's incurred fees relating to the fees motion. (Dkt. 647.) Amazon has included documentation and respectfully requests reimbursement of all fees it incurred in this case during this period. Amazon has segregated fee motion time from the other categories below in the event that the Court is inclined to award only those fees. A summary of each category is provided below.

a. **"Summary Judgment on Non-Infringement"** includes additional work performed in relation to the motions for summary judgment for non-infringement. Amazon is not seeking any of its supplemental fees associated with this category, a total of 7.7 hours and $4,460.42.

b. **"Attorney Fee Motion"** includes work performed to support Amazon's motion for attorney fees and costs. This includes research and briefing; reviewing all time entries billed to this matter and creating a script to perform calculations related to compiling the request. The fee motion was heavily litigated, resulting in somewhat higher than usual fees. The Court may recall that PersonalWeb negotiated a schedule for the fee motion but then requested the Court deny or defer ruling on it, a request that involved briefing and a case management conference.

FENWICK & WEST LLP
ATTORNEYS AT LAW

PersonalWeb's opposition to the fees motion also sought to rely on privileged communications that it had not produced during fact discovery. (*See* Dkts. 608-1, 608-6, 608-11, 608-16.) Amazon sent a letter noting PersonalWeb's waiver and requesting production of related communications. (Dkt. 612-3.) PersonalWeb produced some documents, but also responded to the informal letter request by seeking a formal protective order from the Court, requiring additional briefing and a conference. (Dkts. 610, 616.) Finally, PersonalWeb requested a second round of briefs on the fee motion addressed to the issue of the reasonableness of the requested amount. These fees are recoverable. *See Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (§ 285 "include[s] lawyer's fees for time spent on the issue of attorney fees"). Amazon seeks **$425,958.45** in supplemental fees for 718.1 hours billed for the fees motion.

c. **"Appeal on Claim Preclusion/Kessler Doctrine"**[3] includes all work performed in support of Amazon's response to PersonalWeb's appeal to Federal Circuit of this Court's March 14, 2019 order granting summary judgment (Dkt. 315). This category includes preparing for and presenting oral argument, researching and drafting the response to PersonalWeb's petition for rehearing en banc. As the Court noted in its order granting in part the fees request, Amazon is entitled to fees for this appeal because the Federal Circuit has already denied PersonalWeb's petition for rehearing en banc. (Dkt. 648 at 22.) Amazon seeks **$98,019.07** in supplemental fees for the 146.5 hours billed for the appeal regarding the *Kessler* doctrine.

d. **"Appeal on Claim Construction and Non-Infringement"** includes all work performed in support of Amazon's response to PersonalWeb's appeal to the Federal Circuit of this Court's February 3, 2020 order granting summary judgment (Dkt. 578) and its claim construction order, including research, briefing, and preparing for oral argument. Amazon seeks **$106,291.43** in supplemental fees for the 169.7 hours billed for the second appeal.

e. **"Case Management"** includes team conferences to discuss strategy, correspondence with the clients, Amazon customers, and joint defense counsel; drafting a joint statement regarding resolution of the matter and a proposed judgment in response to the Court's

[3] The original fee motion described this category as "Federal Circuit Appeal" because PersonalWeb's separate appeal concerning the Court's summary judgment order on non-infringement had not begun in earnest.

second summary judgment order; docketing and calendar review; and filing any required forms with the Federal Circuit and responding to notices from the clerk. These fees were necessary to achieve final resolution of this matter for not only Amazon, but all the indemnified Amazon customers and third parties represented by joint defense counsel. The Court has already held that PersonalWeb's conduct in this highly complex matter "support[s] Amazon's need for significant case management efforts." (Dkt. 648 at 12.) Accordingly, Amazon seeks **$63,978.92** in supplemental fees for the 83.1 hours billed for case management.

12. Where time entries that involved more than one task, the team reviewed the entries allocated the time based on their good faith estimate of the time spent per task. (Dkt. 646-1 ¶ 14; *id.* Ex. 18.) At the Court's request, Amazon can provide a copy of the supplemental spreadsheet showing all such allocations.

13. The final amount provided for each category above was calculated by applying the relevant discounts against each line item on the invoices, resulting at times in fractional cents. Thus, subtotals for each category may be off by a matter of cents, and Amazon has reduced its request by $100 to **$694,147.86** to ensure that it more than accounts for any rounding errors.

14. Amazon also incurred $11,120.97 in non-taxable costs. These costs are related to litigating this case, such as data hosting fees (including fees required for hosting and reviewing documents as part of the discovery dispute over the attorney fee motion); chambers copies; transcript order fees; copying fees; and fee paid to a graphics consultant for preparing the presentation provided at the August 6, 2020 fees motion hearing. The specific charges appear in Fenwick's monthly invoices identified above with this declaration. Certain invoices contain entries for negative dollar amounts, that reflect reimbursements to Amazon for duplicate payments. These cause the "total" amount of costs in an invoice to appear lower than what Amazon actually incurred. The negative entries have not been factored into this request. A summary of the costs for which Amazon requests reimbursement is included as **Exhibit C**.

I declare under penalty of perjury under the laws of the United Sates that the foregoing is true and correct. Executed in San Francisco, California on this 11th day of March 2021.

/s/ Todd R. Gregorian

Todd R. Gregorian

FENWICK & WEST LLP
ATTORNEYS AT LAW