J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted *pro hac vice*)
mmayer@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Counsel for AMAZON.COM, INC.,
AMAZON WEB SERVICES INC., and
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION, | Case No.: 5:18-md-02834-BLF |
| | Case No.: 5:18-cv-00767-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | Case No. 5:18-cv-05619-BLF |
| Plaintiffs, | **REQUEST FOR CASE MANAGEMENT CONFERENCE BY AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC.** |
| v. | |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | |
| Defendants. | |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | **[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]** |
| Plaintiffs, | |
| v. | |
| TWITCH INTERACTIVE, INC., | |
| Defendant. | |

## INTRODUCTION

Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon") respectfully request a telephonic conference with the Court to address issues that have arisen with respect to securing and/or enforcing the Court's judgment pending PersonalWeb's appeals. Specifically, Stubbs Alderton & Markiles, LLP remains counsel of record for PersonalWeb in this centralized MDL proceeding and in each of its constituent cases, and continues to pursue two Federal Circuit appeals (of the Court's non-infringement summary judgment order and of its fee award) and Supreme Court review (of the Court's *Kessler* and claim preclusion order). Nevertheless, those counsel now claim that *service of documents on them in this case is ineffective* if the documents relate to what they deem "post-judgment enforcement" matters. This represents a new and creative low-water mark for debtors seeking to evade a judgment. Amazon has other serious concerns about securing the judgment. The information it has obtained to date indicates that PersonalWeb is purposefully undercapitalized to avoid ever having to pay a judgment against it, while at the same time it pays a prominent and costly member of the Supreme Court bar to pursue its appeal. Amazon believes it would be productive to discuss these issues briefly with the Court, in the hope that doing so will avoid burdening the Court with needless motion practice.

## BACKGROUND

On March 2, 2021, the Court awarded Amazon $4,615,242.28 in attorney fees and $203,300.10 in non-taxable costs. (Dkt. 648.) That award serves as a judgment without the need for the Court or clerk to enter a separate document. Fed. R. Civ. P. 58(a)(3). On March 31, 2021, PersonalWeb noticed its appeal of the award. (Dkt. 653.) On April 1, 2021, the automatic 30-day stay of enforcement of the judgment expired. Fed. R. Civ. P. 62(a). The Court later granted an additional $571,961.71 in attorney fees and $11,120.97 in non-taxable costs in a separate order. (Dkt. 656.)

PersonalWeb has not paid the judgment or posted a supersedeas bond to secure the judgment and stay enforcement. *See* Fed. R. Civ. P. 62. Nearly a month ago, Amazon asked PersonalWeb's counsel whether PersonalWeb would post a bond. (Ex. A. (3/31/21 email string between T. Gregorian and J. Gersh).) PersonalWeb's counsel responded by stating that PersonalWeb "is

considering its options," and inviting Amazon to follow up with him by the next week. (*Id.*) Amazon did so on April 17, 2021, seeking to meet and confer about securing the judgment, and asking whether PersonalWeb has sufficient funds to satisfy the judgment or has other assets to secure it. (*Id.*)

PersonalWeb did not provide any information in response to this request. PersonalWeb's principal, Kevin Bermeister, resides in ▮▮▮▮ (Ex. B (8/22/19 Bermeister Dep.) at 10:10-11.) During his deposition, Amazon asked Mr. Bermeister whether PersonalWeb would be able to satisfy a fee award in this case. Mr. Bermeister attempted to deflect, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ but ultimately admitted that he would have to "▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮." (*Id.* at 181:2-182:5.) Mr. Bermeister's testimony—▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—indicates that PersonalWeb is not capitalized adequately to cover that liability. Given this testimony and the silence from PersonalWeb's counsel, Amazon became concerned that PersonalWeb intends never to pay the Court's judgment and yet will continue to drive up costs pursuing its multiple appeals.

Amazon therefore began taking steps to secure the judgment. Under Fed. R. Civ. P. 69(a)(2), a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." In California, a judgment creditor is permitted broad discovery into the finances and assets of the judgment debtor, including any information that identifies or could lead to the discovery of executable assets. *See, e.g.*, Cal. Civ. Proc. Code § 708.110 (with respect to judgment debtor examination); *see SCC Acquisitions, Inc. v. Super. Ct.*, 243 Cal. App. 4th 741, 756 (2015) (doubts about relevance generally resolved in favor of permitting discovery in judgment debtor examination).

On April 19, 2021, Amazon served interrogatories and requests for production of documents under Fed. R. Civ. P. 69 and Cal. Civ. Proc. Code §§ 708.020 and 708.030, seeking information about PersonalWeb's assets. (Exs. C & D.) On April 21, 2021 Amazon again asked PersonalWeb to meet and confer about securing the judgment and to provide asset information, and Amazon also gave notice that it would seek a debtor's examination of PersonalWeb. (Ex. A.) PersonalWeb's

counsel from Stubbs Alderton & Markiles has not withdrawn from its representation of PersonalWeb in this case and remains counsel of record. Nevertheless, Jeffrey Gersh of that firm responded to Amazon's last request: "We do not represent Pweb in the post judgment proceedings. You have no authority to serve us with any documents relating thereto." (*Id.*) Mr. Gersh conceded that Amazon may conduct discovery in aid of enforcement in this case. (*See id.* ("I never said a new case filing was required.")  But he still maintained his objection based on a claim that "all the MDL cases are done, judgment entered and the file closed." (*Id.*) PersonalWeb is thus attempting to evade payment of the judgment by having its attorneys claim that they represent it in this case for some purposes but not others and can only be served in this case for the specific purposes they select.

## REQUEST FOR CONFERENCE

Amazon respectfully requests a telephonic conference with the Court at a convenient time to discuss the above issues. Amazon has sought to confer with PersonalWeb about this request, including to determine whether any PersonalWeb counsel of record would even attend a case management conference concerning judgment enforcement given its claim to have no counsel retained for that purpose. (Ex. A.) PersonalWeb has not responded.

Date: April 26, 2021

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Todd R. Gregorian*
TODD R. GREGORIAN (CSB No. 236096)

Counsel for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.