1   MICHAEL A. SHERMAN (SBN 94783)
    masherman@stubbsalderton.com
2   JEFFREY F. GERSH (SBN 87124)
    jgersh@stubbsalderton.com
3   WESLEY W. MONROE (SBN 149211)
    wmonroe@stubbsalderton.com
4   VIVIANA B. HEDRICK (SBN 239359)
    vhedrick@stubbsalderton.com
5   **STUBBS ALDERTON & MARKILES, LLP**
    15260 Ventura Boulevard, 20TH Floor
6   Sherman Oaks, CA 91403
    Telephone:      (818) 444-4500
7   Facsimile:      (818) 444-4520

8   Attorneys for **PersonalWeb Technologies, LLC**
    (Excluding Post Judgment Debtor Collection
9   Proceedings)

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14

15  IN RE PERSONAL WEB TECHNOLOGIES,        **CASE NO.: 5:18-md-02834-BLF**
    LLC, ET AL., PATENT LITIGATION

16
    AMAZON.COM, INC. and AMAZON WEB          **Case No.: 5:18-cv-00767-BLF**
17  SERVICES, INC.,                          **Case No.: 5:18-cv-05619-BLF**

18              Plaintiffs,                  **STATEMENT OF STUBBS ALDERTON**
                                             **& MARKILES, LLP RELATING TO**
    v.                                       **CASE MANAGEMENT CONFERENCE**
19                                           **OF MAY 13, 2021**
    PERSONALWEB TECHNOLOGIES, LLC
20  and LEVEL 3 COMMUNICATIONS, LLC,

21              Defendants.

22
    PERSONALWEB TECHNOLOGIES, LLC
23  and LEVEL 3 COMMUNICATIONS, LLC,

24              Counterclaimants,

25  v.

    AMAZON.COM, INC. and AMAZON WEB
26  SERVICES, INC.,

27              Counterdefendants.

28

1    PERSONALWEB TECHNOLOGIES, LLC, a
     Texas limited liability company, and
2    LEVEL 3 COMMUNICATIONS, LLC, a
     Delaware limited liability company
3                    Plaintiffs,

4    v.

5    TWITCH INTERACTIVE, INC. a Delaware
     corporation,
6                    Defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       This statement is submitted on behalf of Stubbs Alderton & Markiles LLP ("SAM") to advise

2 the Court of the current status of SAM's involvement with respect to the representation of

3 PersonalWeb Technologies, LLC ("PersonalWeb") in advance of the Case Management Conference

4 set for May 13, 2021 (Dkt. 663.)

5       After the Court granted Amazon and Twitch's motion for attorneys' fees and costs on

6 October 6, 2020 (Dkt. 636), the Court entered judgment against PersonalWeb in all matters pending

7 before this Court. (Dkt. 643, entered October 28, 2020.)  Subsequently, the Court entered two final

8 orders relating to the amount of attorneys' fees and costs granted to Amazon and Twitch, the first on

9 March 2, 2021 (Dkt. 648) and the second on April 19, 2021 (Dkt. 656).  On March 31, 2021,

10 PersonalWeb filed a notice of appeal as to the Court's orders finding this case exceptional and

11 awarding attorneys' fees and costs (Dkt. 653). No further action remained in any of the underlying

12 actions, which are now closed pending several appeals.

13       On April 19, 2021 Amazon and Twitch attempted to email serve post judgment discovery by

14 way of Requests for Documents and Interrogatories on PersonalWeb via SAM counsel. (Ex. 1.)  On

15 April 22, 2021, Mr. Gersh advised Mr. Gregorian that SAM is not counsel for PersonalWeb in any

16 post judgment debtor collection proceedings, and that Mr. Gregorian thus had no authority to serve

17 Mr. Gersh or SAM with any post judgment discovery documents. (Ex. 2.) On April 23, 2021, Mr.

18 Gersh reiterated the fact that SAM counsel was only representing PersonalWeb in its appeals to the

19 Federal Circuit, and not in any post judgment debtor collection matters, and that SAM had not

20 agreed to, and was in fact unauthorized, to accept service of any post judgment debtor discovery

21 documents. (Ex. 3.)

22       On April 26, 2021, Mr. Gregorian filed a letter with this court seeking a case management

23 conference (Dkt. 659). Amazon and Twitch filed an *ex parte* application for an order of a Judgment

24 Debtor examination of PersonalWeb (Dkt. 661, 662). These papers were filed *after* Mr. Gersh had

25 repeatedly advised Mr. Gregorian that SAM did not represent PersonalWeb in any post judgment

26 debtor discovery matters. The Court issued a modified order regarding Amazon and Twitch's *Ex*

27 *Parte* Application and an order to appear for examination. (Dkt. 664, 665).

28       On April 26, 2021, Mr. Ronald Richards emailed Mr. Todd Gregorian and advised him that

**STATEMENT OF STUBBS ALDERTON & MARKILES**　　　　　**CASE NO: 5:18-MD-02834-BLF**
**LLP RE CASE MANAGEMENT CONFERENCE**　　　　　　　　**CASE NO: 5:18-CV-00767-BLF**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**CASE NO: 5:18-CV-05619-BLF**

1   PersonalWeb was in the process of retaining Mr. Richards' firm to handle any post judgment debtor

2   discovery matters. (Ex. 4.) The next day on April 27, 2021, Mr. Richards advised Mr. Gregorian

3   again that neither Mr. Gersh nor any attorney at SAM was authorized to act on behalf of

4   PersonalWeb because SAM only remained as counsel for PersonalWeb's appellate matters, while his

5   firm was being retained as counsel for PersonalWeb as to all post judgment debtor proceedings. (Ex.

6   5.) Mr. Richards again advised Mr. Gregorian later that day that as of April 27, 2021, his firm was

7   engaged as counsel for PersonalWeb in all post judgment debtor collection proceedings and that

8   Amazon and Twitch needed to comply with controlling California state law and properly serve any

9   documents concerning post judgment debtor collection efforts. (Exs. 6 and 7.)

10        On April 28, 2021, Mr. Gregorian purportedly served post judgment debtor discovery on

11  PersonalWeb via certified mail sent to Mr. Ronald Richards (Dkt. 668.) Importantly, Federal Rule of

12  Civil Procedure 69 provides that the rules of the state where the court is located apply to post

13  judgment collection matters, unless there is a specific rule in the Federal Rules of Civil Procedure to

14  the contrary (there is not).  Here, California Code of Civil Procedure Section 684.020 governs these

15  types of post judgement proceedings and provides that service of post judgment discovery must be

16  made via *personal service* on the judgment debtor, unless both counsel for the judgment debtor and

17  the judgment creditor agree that post judgment documents can be served on counsel for the judgment

18  debtor.  At no time did PersonalWeb, Mr. Gersh (or any SAM attorney), or Mr. Richards agree to

19  such a procedure.  Thus, Amazon and Twitch's attempts to email serve PersonalWeb via SAM

20  attorneys, and to serve PersonalWeb via certified mail sent to Mr. Richards, are invalid and neither

21  constitutes proper service. *See* Cal. Civ. Proc. § 684.020; Fed. R. Civ. Proc. 69; *Ashraf Taghizadeh*

22  *v. Bijan Azadi*, Nos. B150817 and B15524 (LASC No. LC049449, Feb. 26, 2003, 2003 WL 504121,

23  unreported).

24        It is SAM's understanding that Mr. Ronald Richards is counsel for PersonalWeb as to all post

25  judgment debtor collection proceedings. Mr. Richards has notified Mr. Gersh that SAM is not

26  authorized to do anything on behalf of PersonalWeb post judgment relating to collection matters, as

27  SAM is only engaged on appellate matters. (Ex. 5.) SAM understands that Mr. Richards has

28  attempted to work with Mr. Gregorian by asking to set up a conference call to meet and confer on

1  the issues Mr. Gregorian intends to raise at the upcoming Case Management Conference, but that

2  Mr. Gregorian refused to meet and confer. (Exs. 8 and 9.) Further, Mr. Gersh reached out to Mr.

3  Gregorian to ask about the "joint" Case Management Conference statement to be filed with the court

4  and let Mr. Gregorian know that he wanted to add SAM's statement to it as indicated above, but Mr.

5  Gregorian refused.  (Ex. 10.)

6

7

8  Dated:   May 7, 2021                                   STUBBS, ALDERTON & MARKILES, LLP

9

10                                                               By: */s/ Michael A. Sherman*
                                                                      Michael A. Sherman
11                                                                    Jeffrey F. Gersh
                                                                      Wesley W. Monroe
12                                                                    Viviana Boero Hedrick

13                                                                    Attorneys for PERSONALWEB
                                                                      TECHNOLOGIES, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28