J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted *pro hac vice*)
mmayer@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Counsel for AMAZON.COM, INC.,
AMAZON WEB SERVICES INC., and
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION, | Case No.: 5:18-md-02834-BLF |
| | Case No.: 5:18-cv-00767-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | Case No. 5:18-cv-05619-BLF |
| Plaintiffs,<br>v. | **UPDATED CASE MANAGEMENT STATEMENT BY AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC.** |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | |
| Defendants. | |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | |
| Plaintiffs,<br>v. | |
| TWITCH INTERACTIVE, INC., | |
| Defendant. | |

UPDATED CASE MANAGEMENT STATEMENT

Case Nos.: 5:18-md-02834-BLF;
5:18-cv-00767-BLF; 5:18-cv-05619-BLF

In advance of the May 13, 2021 case management conference, Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon") submit this statement apprising the Court of recent developments.

On April 27, 2021, the Court ordered PersonalWeb to produce its bank and financial account information by May 7, to produce the other records requested by Amazon under Cal. Civ. Proc. Code § 708.030 within 30 days, and to appear for a debtor's examination on May 25. (Dkts. 664 & 665, Case No. 5:18-md-02834.) PersonalWeb's counsel of record at Stubbs Alderton & Markiles LLP received these orders through ECF but continue to assert that service on them is ineffective. In recent email correspondence, for example, PersonalWeb's counsel stated:

> As I told you before and I will tell you again, we are not counsel for Personal Web in any of the post judgment collection proceedings, only the appeals. Nothing has changed. We have never agreed to accept service for the client, verbally or otherwise.

(Ex. E at 3.)

Amazon also provided the Court's orders via email to Ronald Richards, an attorney who PersonalWeb has now retained to resist enforcement of the judgment. Mr. Richards reported that he does not plan to appear in this case "except for post judgment motions if for some reason we need to involve the Court." (*Id.* at 4.) After receiving the Court's orders, he nonetheless instructed PersonalWeb's counsel of record that they are "not authorized" by PersonalWeb "to do anything post judgment." (*Id.* at 1.) Mr. Richards also noted that he will "construe" the Court's order compelling document production as a "subpoena" and he further asserted that neither Court order is effective until personally served on PersonalWeb. (Ex. F at 1.)

To resolve the dispute over service pending further direction from the Court, Amazon served all relevant post-judgment documents on Mr. Richards by certified mail (Dkt. 668) and on PersonalWeb's registered agent by personal delivery (Dkt. 670). Amazon also attempted service at PersonalWeb's office but was informed that PersonalWeb closed it two years ago. (Ex. G.) PersonalWeb also closed the UPS store mailbox that had served as its address thereafter. (Ex. H.)

Neither Stubbs Alderton nor Mr. Richards responded to additional requests to identify the attorney who would appear for PersonalWeb at the upcoming case management conference. (Exs.

I & J). Instead, they made various proposals that would allow both law firms the practical ability to advocate for PersonalWeb's positions on judgment enforcement, while maintaining the fiction that neither represents PersonalWeb before this Court for that purpose. *Id.* Mr. Richards also stated he would file a "motion to quash" the Court's order but went silent after Amazon offered to conduct a telephone conference once he had filed his appearance. (Ex. K.)

On May 7, 2021, PersonalWeb did not produce any of its bank and financial account information as the Court ordered. Instead, it filed a "statement" concerning the case management conference, signed on behalf of PersonalWeb by Michael Sherman, but that purports to relay only the positions of the Stubbs Alderton law firm. (Dkt. 671.)

**Debtor's Exam.** California law requires the creditor to personally serve the order compelling attendance at a debtor's examination not less than 10 days before the date set for the examination. Cal. Civ. Proc. Code § 708.110 (d). Doing so both compels the debtor to attend and creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order. *See id.* It is unclear whether a creditor seeking to examine a debtor in federal court under Rule 69 must personally serve the order compelling attendance. *See e.g.*, *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, No. 3:20-MC-01221, 2020 WL 7226169, at *3 (S.D. Cal. Dec. 8, 2020) (requiring the plaintiff to personally serve the order on defendant's registered agent); *Cerami v. Robinson*, 85 F.R.D. 371, 372 (S.D.N.Y. 1980) (service of attorney was sufficient under Rules 5 and 69 to require the debtor to appear for a post-judgment deposition). Regardless, Amazon has personally served PersonalWeb with the order compelling attendance at the May 25 exam. (Dkt. 670.)

**Other Post-Judgment Proceedings.** Personal service is not required for discovery requests in aid of enforcement under Fed. R. Civ. P. 69 and Cal. Civ. Proc. Code §§ 708.020-030, or for an order of the Court compelling document production. Instead, Federal Rule of Civil Procedure 5(b)(1) governs, and it provides that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Stubbs Alderton has remained PersonalWeb's counsel of record and *specifically invited* discussion of post-judgment issues up until Amazon first served its written discovery requests. (Dkts. 659 at 5.) Stubbs

Alderton's purported refusal to accept service of written discovery and the Court's orders violates Rule 5 and is ineffective.

While Amazon previously referred to this tactic as "new" (Dkt. 659), it has since found another instance in which a judgment debtor tried it. In *Wordtech Sys. v. Integrated Network Sols., Inc.*, No. CIV S-04-1971 MCE EFB, 2009 WL 3126409 (E.D. Cal. Sep. 24, 2009), the debtor claimed that its counsel could not be served with discovery in aid of enforcement because he "did not represent" the debtor "for post-judgment collections." *Id.* at *4. The court ruled that the attorney was served properly with the requests, and ordered him to show cause why he should not be sanctioned for, *inter alia*, failing to respond to them; failing to comply with the local rule regarding withdrawal from representation; and failing to inform the court or creditor of his claim to represent the debtor for a limited purpose or provide any authority for that claim. *Id.* at *3-4.

Date: May 10, 2021

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Todd R. Gregorian*
TODD R. GREGORIAN (CSB No. 236096)

Counsel for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.