J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted *pro hac vice*)
mmayer@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Counsel for AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC., and
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  PERSONAL WEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION, | Case No.: 5:18-md-02834-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | Case No.: 5:18-cv-00767-BLF |
|  | Case No.: 5:18-cv-05619-BLF |
| Plaintiffs | |
| v. | **MOTION TO COMPEL COMPLIANCE WITH COURT ORDER OF AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE INC.** |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | |
| Defendants. | |
| PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC, | Date:       September 30, 2021<br>Time:       9:00 a.m.<br>Location:  San Jose, Courtroom 3, 5th Floor<br>Judge:       Hon. Beth L. Freeman |
| Plaintiffs, | |
| v. | |
| TWITCH INTERACTIVE, INC., | |
| Defendant. | |

AMAZON'S AND TWITCH'S MOTION TO
COMPEL COURT ORDER

CASE NOS. 5:18-md-02834-BLF,
5:18-cv-00767-BLF, and
5:18-cv-05619-BLF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 30, 2021, at 9:00 a.m., at the United States District Court for the Northern District of California, 280 South First Street, San Jose, California, in the courtroom of the Honorable Beth L. Freeman, Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon") will and hereby do move the Court under Rules 69 and 37 of the Federal Rules of Civil Procedure for an order requiring PersonalWeb Technologies, LLC ("PersonalWeb") to comply with its April 27, 2021 order to furnish information allowing Amazon to enforce the judgment entered by the Court.

Amazon and Twitch base their motion on this notice, the accompanying memorandum of points and authorities, all pleadings and documents on file in this action, and such other materials or argument as the Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On April 27, 2021, the Court ordered that "PersonalWeb shall provide Amazon bank or financial accounts within PersonalWeb's possession, including current balances, by May 7, 2021." (Dkt. 664.) PersonalWeb has failed to do so. Amazon now moves to compel PersonalWeb to comply with the Court's order and requests leave to move for sanctions against PersonalWeb and its counsel for their unjustified conduct.

**I.  BACKGROUND**

On March 2, 2021, the Court awarded Amazon $4,615,242.28 in attorney fees and $203,300.10 in non-taxable costs. (Case No. 5:18-md-02834, Dkt. 648.) On March 31, 2021, PersonalWeb noticed its appeal of the award. (Dkt. 653.) On April 1, 2021, the automatic 30-day stay of enforcement of the judgment expired. Fed. R. Civ. P. 62(a). The Court later granted an additional $571,961.71 in attorney fees and $11,120.97 in non-taxable costs in a separate order. (Dkt. 656.)

PersonalWeb has not paid the judgment or posted a supersedeas bond to secure the judgment and stay enforcement. *See* Fed. R. Civ. P. 62; (Dkt. 661-1 ¶ 4). Nearly two months ago, Amazon asked PersonalWeb's counsel of record from Stubbs Alderton & Markiles, LLP whether PersonalWeb would post a bond. (Dkt. 659-1 at 5.) PersonalWeb's counsel responded by stating

that PersonalWeb "is considering its options," and inviting Amazon to follow up with him by the next week. (*Id.*)  Amazon did so on April 17, 2021, seeking to meet and confer about securing the judgment, and asking whether PersonalWeb has sufficient funds to satisfy the judgment or has other assets to secure it.  (*Id*. at 4.)  PersonalWeb did not provide any information in response to this request. (*Id.*)

On April 19, Amazon served interrogatories and requests for production of documents pursuant to Fed. R. Civ. P. 69 and Cal. Civ. Proc. Code §§ 708.020-708.030, seeking information as to whether PersonalWeb has sufficient assets to satisfy judgment. (*See* Dkts. 659-3, 659-4.) PersonalWeb's counsel responded by stating that they do not represent PersonalWeb with respect to Amazon's attempts to secure or enforce the judgment, and claimed that Amazon has "no authority" to serve them with case documents to the extent they concern those issues.  (Dkts. 661-1 ¶ 3, 659-1 at 3.)

On April 26, 2021, Amazon filed an ex-parte application for an order compelling a debtor's examination and the production of information and documents relating to PersonalWeb's assets. (Dkts. 661, 662.)  On April 27, the Court ordered PersonalWeb to produce its bank and financial account information by May 7 and to produce the documents sought by Amazon under Fed. R. Civ. P. 69 and Cal. Civ. Proc. Code § 708.030 by May 27.  (Dkt. 664.)  It separately ordered PersonalWeb to appear for a debtor's examination but later vacated that order.  (Dkts. 665, 675.)

PersonalWeb has retained counsel to represent it with respect to judgment enforcement, Mr. Ronald Richards.  (Dkts. 673-1, 674-1 ¶ 4.)  Amazon served all relevant post-judgment documents on Mr. Richards by certified mail, including the Court's order compelling identification of the bank information.  (Dkt. 668.)  On May 7, 2021, PersonalWeb did not produce any of its bank and financial account information as the Court ordered.  (*See* Dkt. 686 (Transcript of May 13, 2021 Case Management Conference) at 5:20-25; 9:17-18.)  PersonalWeb also made no attempt to seek relief from the order.  (*Id.* at 7:7-8:4.)  In fact, Mr. Richards has reported that he does not even plan to appear in this case "except for post judgment motions if for some reason we need to involve the Court."  (Dkt. 673-1 at 4.)

Fenwick & West LLP
Attorneys at Law

AMAZON'S AND TWITCH'S MOTION TO COMPEL COURT ORDER

2

Case Nos. 5:18-md-02834-BLF,
5:18-cv-00767-BLF, and
5:18-cv-05619-BLF

## II. ARGUMENT

### A. Legal Standard

Post-judgment discovery is governed by Fed. R. Civ. P. 69(a)(2), which provides, "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules *or* by the procedure of the state where the court is located" (emphasis added). *See also A&F Bahamas, LLC v. World Venture Grp., Inc.*, No. CV 17-8523 VAP (SS), 2018 WL 5961297, at *2 (C.D. Cal. Oct. 19, 2018). The scope of post-judgment discovery is "very broad," and there is "presumption [] in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment." *Id.* (citation omitted). "[D]ue to its broad scope, a party is free to use any means of discovery allowable under the Federal Rules of Civil Procedure." *Forreststream Holdings Ltd. v. Shenkman*, No. 16-CV-01609-LB, 2018 WL 6522218, at *4 (N.D. Cal. Dec. 11, 2018) (citation omitted).

Under federal and California law, judgment creditors may propound both document requests and interrogatories. *See Odnil Music Ltd. v. Katharsis LLC*, No. CIVS05-0545WBSEFB, 2007 WL 1703763, at *2 (E.D. Cal. June 11, 2007); *see also Retamco Operating, Inc. v. Carone*, No. CV0402997CBMRZX, 2007 WL 9752774 (C.D. Cal. June 29, 2007).

The district court has broad discretion in controlling discovery under these rules. *See Packaging Corp. of Am. v. Bonert's, Inc.*, No. 8:16-cv-00818-JVS-KSx, 2019 WL 1123165, at *1 (C.D. Cal. Mar. 11, 2019). If the judgment debtor fails to respond to discovery, Federal Rule of Civil Procedure 37 allows the court to compel responses and impose sanctions. *Odnil Music*, 2007 WL 1703763, at *2. Rule 37(b)(2)(A) states that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "treating as contempt of court the failure to obey any order." Rule 37(b)(2)(B) also provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See also Ennova Research SRL v. Beebell Inc.*, No. 16-CV-05114-KAW, 2019 WL 285797, at *2 (N.D. Cal. Jan.

22, 2019). A party meets the "substantially justified" standard only when there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the motion. *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C0903044PJHEDL, 2010 WL 1957465, at *2 (N.D. Cal. May 14, 2010).

### B.     The Court Should Compel PersonalWeb to Comply with Its Order

The Court ordered PersonalWeb to provide by May 7 bank or financial accounts within PersonalWeb's possession, similar to the information sought by Amazon's document requests and interrogatories. (Dkt. 664.) PersonalWeb disregarded this order: it did not comply, and it sought no relief from the Court to excuse its lack of compliance. The Court should now compel PersonalWeb to comply with its order, or face sanctions for its continuing and willful violation.

Federal courts in California, including in this district, routinely enforce compliance with post-judgment discovery, including by sanctioning parties and attorneys who ignore court orders. In *Forreststream*, after the defendant failed to provide meaningful responses to written discovery about its ability to satisfy judgment, the court ordered the defendant to provide information about its assets. 2018 WL 6522218, at *1. When the defendant failed to comply, the court found a willful violation of its order, ordered compliance, and granted the plaintiff's motion for sanctions. *Id.* at *4, *7. Likewise, in *Ennova Research SRL*, the court imposed sanctions on the defendant for its failure to comply with an order compelling the production of documents for a debtor's examination. 2019 WL 285797, at *2. There are numerous similar decisions. *See Retamco*, 2007 WL 9752774, at *1 (denying the judgment debtor's motion for a protective order against post-judgment discovery under Rule 69); *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JWRS, 2009 WL 5114077 (N.D. Cal. Dec. 18, 2009) (compelling foreign defendants to complete production of documents under Rule 69); *Odnil Music*, 2007 WL 1703763, at *3 (holding that "[t]he judgment creditors are entitled to seek [] information [regarding judgment debtors' assets] pursuant to the Federal and California Rules of Civil Procedure," granting the judgment creditor's motion to compel responses and imposing sanctions for the judgment debtor's groundless and untimely objections); *Packaging Corp. of Am.*, 2019 WL 1123165, at *6 (granting post-judgment discovery against third party).

This case is no exception. Here, Amazon has properly served the document requests on PersonalWeb's counsel of record through ECF in compliance with Federal Rule of Civil Procedure 5(b)(1), which provides: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Stubbs Alderton specifically invited discussion of post-judgment issues up until Amazon first served these written discovery requests (Dkt. 659-1 at 5), and at any rate has remained PersonalWeb's counsel of record thereafter. Amazon also served Mr. Richards, the counsel who identified himself as retained by PersonalWeb to resist enforcement of the judgment, and who has thus far refused to appear in this Court.

Stubbs Alderton's claim that service on it was ineffective is baseless and sanctionable. Indeed, in *Wordtech Systems, Inc. v. Integrated Network Solutions, Inc.*, No. CIV S-04-1971 MCE EFB, 2009 WL 3126409 (E.D. Cal. Sep. 24, 2009), the debtor made the same argument Stubbs Alderton makes here, claiming that its counsel could not be served with discovery in aid of enforcement because he "did not represent" the debtor "for post-judgment collections." *Id*. at *4. The court rejected this argument, ruled that the attorney was served properly with the requests, and ordered him to show cause why he should not be sanctioned for, *inter alia*, failing to respond to them; failing to comply with the local rule regarding withdrawal from representation; and failing to inform the court or creditor of his claim to represent the debtor for a limited purpose or provide any authority for that claim. *Id*. at *3-4. In *WB Music Corp. v. Royce Int'l Broadcasting Corp.*, No. EDCV 16-600 JGB (SPx), 2019 WL 11638326, at *2 (C.D. Cal. May 1, 2019), the court similarly held that the judgment debtors' failure to respond to post-judgment discovery showed an improper strategy to obstruct satisfaction of the judgment. The court's finding was based on counsel of record's assertion, after service of the discovery, that they "were no longer representing" the debtors in post-judgment proceedings, and counsel's later attempt to withdraw. Given these facts, it denied counsel's motion to withdraw from the action, finding the substantial delay in post-judgment resolution would cause prejudice to the creditors.

Amazon therefore requests that the Court order PersonalWeb to comply with its April 27 order to allow Amazon to assess PersonalWeb's ability to satisfy the Court's judgment.

### C. The Court Should Grant Leave for Amazon to Seek Sanctions.

Neither PersonalWeb nor Stubbs Alderton have any substantial justification as required by Rule 37 for their disregard of the Court's order, and the Court should grant leave for Amazon to seek sanctions against both entities for their attempts to obstruct enforcement of the Court's judgment, including reimbursement of the full cost incurred obtaining PersonalWeb's bank and financial account information.

Despite originally inviting Amazon to follow up with it regarding post-judgment issues including posting a supersedeas bond, Stubbs Alderton changed course when it was served with Amazon's discovery requests. It then ignored the Court's April 27 order based on a claim that Mr. Richards, not Stubbs Alderton, represented PersonalWeb in "post-judgment" proceedings. (*See, e.g.*, Dkt. 674 (motion to withdraw) at 1-2.) Stubbs Alderton then attempted to withdraw, filing first a motion to withdraw and then three separate versions of an incomplete "notice of substitution" document. (Dkts. 678, 679, 683.) The notices, which Stubbs Alderton continued to file after the Court directed it to file a motion, do not identify Mr. Richards or any other substitute counsel. Instead, they purport to show PersonalWeb's agreement to appear "in pro per," despite the well-established rule that "[a] corporation must be represented by counsel." *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016); *see also* Civil L.R. 3–9(b).

There is no question that this conduct is sanctionable. *See Odnil Music Ltd.*, 2007 WL 1703763, at *2 (imposing sanctions); *see also Pinterest, Inc. v. Pintrips, Inc.*, No. 13-CV-04608-RS (KAW), 2015 WL 154522 (N.D. Cal. Jan. 12, 2015) (imposing sanctions against both the defendant and counsel for failing to comply with court order). Local Rule 7-8(d), however, requires that Amazon first request leave of Court to move for sanctions here. Accordingly, Amazon requests such leave.

### III. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that (1) the Court grant this motion and order PersonalWeb comply with its April 27 order; and (2) the Court allow Amazon to seek sanctions from PersonalWeb and Stubbs Alderton & Markiles, LLP.

Respectfully submitted,

Dated: May 21, 2021

FENWICK & WEST LLP

By: */s/* _____
TODD R. GREGORIAN (CSB No. 236096)

Attorneys for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.