1   MICHAEL A. SHERMAN (SBN 94783)
    masherman@stubbsalderton.com
2   JEFFREY F. GERSH (SBN 87124)
    jgersh@stubbsalderton.com
3   WESLEY W. MONROE (SBN 149211)
    wmonroe@stubbsalderton.com
4   VIVIANA BOERO HEDRICK (SBN 239359)
    vhedrick@stubbsalderton.com
5   **STUBBS ALDERTON & MARKILES, LLP**
    15260 Ventura Blvd., 20th Floor
6   Sherman Oaks, CA 91403
    Telephone:    (818) 444-4500
7   Facsimile:    (818) 444-4520

8   Attorneys for PERSONALWEB
    TECHNOLOGIES, LLC
9   (Excluding Post Judgment Debtor
    Collection Proceedings)
10

                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN JOSE DIVISION
13

| | |
|---|---|
| IN RE PERSONAL WEB TECHNOLOGIES, LLC, ET., AL., PATENT LITIGATION | **CASE NO.: 5:18-md-02834-BLF**<br><br>**Case No.: 5:18-cv-00767-BLF**<br><br>**Case No.: 5:18-cv-05619-BLF** |
| AMAZON.COM, INC. and AMAZON WEB SERVICE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PERSONALWEB TECHNOLOGIES, LLC, et al.,<br><br>Defendants. | **NOTICE OF MOTION AND MOTION OF STUBBS ALDERTON & MARKILES AND THEODORE ("TED") MACEIKO TO WITHDRAW AS COUNSEL FOR PERSONALWEB TECHNOLOGIES, LLC PURSUANT TO CLIENT INSTRUCTION**<br><br>**DECLARATIONS OF JEFFREY F. GERSH AND MICHAEL A. SHERMAN FILED IN SUPPORT; [PROPOSED] ORDER** |
| PERSONALWEB TECHNOLOGIES, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TWITCH INTERACTIVE, INC.,<br><br>Defendant. | **Hearing: __July 1, 2021_**<br>**Time:        9:00 a.m.**<br>**Judge:      Hon. Beth Labson Freeman** |

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL FOR PERSONALWEB
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Beth Labson Freeman, Courtroom 3, 5th Floor, of the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California 95113, Stubbs Alderton & Markiles, LLP and Theodore ("Ted") Maceiko of Maceiko IP (collectively, "SAM"), will and hereby does move the Court, pursuant to Civil Local Rule 11-5(a) and in compliance with California Rule of Professional Conduct 1.16, to withdraw as counsel for PersonalWeb Technologies, LLC ("PersonalWeb") as a result of having been terminated from representing PersonalWeb in any matters in connection with the within action other than the pending appeals. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declarations of Jeffrey F. Gersh and Michael A. Sherman, all the pleadings and records on file in this action, and any further argument or evidence as may be presented at or before the hearing on this matter, should the Court choose to hold a hearing.

        Respectfully submitted,

Dated:    May 25, 2021                         STUBBS, ALDERTON & MARKILES, LLP


                                               By: /s/ Michael A. Sherman
                                                       Michael A. Sherman
                                                       Jeffrey F. Gersh
                                                       Wesley W. Monroe
                                                       Viviana Boero Hedrick
                                                       Sandeep Seth

                                                       Attorneys for PERSONALWEB
                                                       TECHNOLOGIES, LLC
                                                       (Excluding Post Judgment Debtor
                                                       Collection Proceedings)

1

**NOTICE OF MOTION AND MOTION TO**
**WITHDRAW AS COUNSEL OF RECORD**
**PURSUANT TO CLIENT INSTRUCTION**

**CASE NO: 5:18-md-02834-BLF**
**CASE NO: 5:18-cv-00767-BLF**
**CASE NO.: 5:18-cv-05619-BLF**

4838-3604-8523, V. 2

1 | Dated:   May 25, 2021

MACEIKO IP

By: /s/ Theodore S. Maceiko
    Theodore S. Maceiko (SBN 150211)
    ted@maceikoip.com
    MACEIKO IP
    420 2nd Street
    Manhattan Beach, California 90266
    Telephone:     (310) 545-3311
    Facsimile:     (310) 545-3344
    Attorneys for PERSONALWEB
    TECHNOLOGIES, LLC,

2

**NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION**

**CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF**

4838-3604-8523, V. 2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2
**I.     INTRODUCTION**

3
      Pursuant to Civil Local Rule 11-5, SAM seeks to withdraw as counsel of record for

4
PersonalWeb at the request of its client in this closed case, as PersonalWeb has discharged SAM as

5
its counsel in the proceedings before this Court and has retained other counsel, Ronald Richards, to

6
represent it in the post judgment collection proceedings brought by Amazon and Twitch (collectively

7
"Amazon"). Mr. Richards has specifically advised SAM that it is not authorized to do any work in

8
connection with such post judgment collection proceedings on behalf of PersonalWeb, which is all

9
that remains before this trial court.  SAM remains counsel for PersonalWeb in the pending appeals

10
only.  As PersonalWeb has terminated SAM's representation of it as its counsel in this case, SAM

11
cannot continue to remain as counsel of record for PersonalWeb. SAM has provided written notice of

12
its intent to withdraw as counsel to all parties who have appeared in this case.

13
      SAM previously filed a motion to withdraw on May 12, 2021 (Dkt. 674) but later withdrew it

14
(Dkt. 684) and thereafter PersonalWeb filed a consent motion to substitute PersonalWeb, *in pro per*,

15
in place of SAM (Dkt. 679) as a result of the Court's suggestion at the case management conference

16
on May 13, 2021 that *in pro per* substitution by PersonalWeb was permissible because PersonalWeb

17
did not need counsel other than to appear in court. (Gersh Decl., Ex. C, CMC Hearing Transcript, at

18
10:23-25; 16:20-23) ("You know a party -- a debtor doesn't have to have a lawyer. They could be

19
representing themselves."; "And, you know, if PersonalWeb wants your firm clearly out of the way

20
on this issue, then it will appear and file a substitution signed by PersonalWeb, and signed by you.

21
There's a really streamlined way to do it.") However, on May 19, 2021, the Court denied the motion

22
to substitute. (Dkt. 685 ("While the Court may have suggested at the recent case management

23
conference that this [*in pro* per] substitution was permissible, a more searching review of civil

24
procedure indicates otherwise. A corporation or other artificial entity must be represented by licensed

25
counsel.") As a result, SAM hereby refiles this motion to withdraw as counsel (with additional

26
authorities) and respectfully requests that the Court issue an order granting withdrawal.

27

28

3
NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION
CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

## II.     LEGAL ARGUMENT

Civil Local Rule 11-5(a) permits withdrawal of counsel by "order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Pursuant to the California Rules of Professional Conduct, Rule 1.16(a)(4), an attorney "shall withdraw" where the client discharges the lawyer or otherwise terminates the representation.

"It is axiomatic that an attorney cannot continue to represent a client in a lawsuit in contravention of that client's explicit instruction to the contrary." *Trulis v. Barton*, 107 F.3d 685,693 (9th Cir. 1995). Under California law, a client's right to discharge its counsel "is absolute." *Fracases v. Brent*, 6 Cal. 3d 784, 790, 100 Cal. Rptr. 385, 494 P.2d 9 (1972); *accord Federal Sav. and Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395, 395–396 (9th Cir. 1988) ("the law of California [] holds that a client's power to discharge an attorney, with or without cause, "is absolute") and *Heller Ehrman LLP v. Davis, Wright, Tremaine, LLP*, 527 B.R. 24, 31 (N.D. Cal. 2014) ("It has long been recognized in California that the client's power to discharge an attorney, with or without cause, is absolute."); *see also Shuang Zhang v. Parfet*, No. 16-CV-04333-LHK, 2017 WL 1739163, at *2 (N.D. Cal. May 4, 2017) (granting withdrawal of counsel where representation terminated by the client).

Indeed, acknowledging that under California law, a client's right to no longer be represented by its counsel of record "is absolute", this Court granted a motion to withdraw as counsel where counsel was terminated by its entity client, even though (1) the entity client had not retained new counsel nor had its new counsel entered an appearance on its behalf, and (2) despite recognizing that an entity may not appear *pro se* in any action. *See Senah, Inc v. Xi'an Forstar S&t Co, Ltd*, No. 13-CV-04254-BLF, 2016 WL 3092099, at *1 (N.D. Cal. June 2, 2016) (granting entry of default judgment even though the entity defendant did not have any counsel of record after "[u]nexpectedly, Defendant's counsel sought to withdraw after being terminated by Defendant, which the Court allowed....The Court issued several orders to Defendant explaining that withdrawing from this litigation [and not obtaining new counsel] could result in default judgment being entered against it....Having satisfied itself that Defendant was fully advised of the consequences of its actions, the Court proceeded with the case.") and *see also* No. 13-CV-04254-BLF, Dkt. 133 (Order Granting Emergency Motion to Withdraw as Counsel for Defendant Xi'an Forstar S&T Co., Ltd. Pursuant to Client Instruction.)

4

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

1    Other courts in this district have likewise granted motions to withdraw as counsel where the

2    entity client has terminated its counsel or otherwise indicated that its counsel is not authorized to do

3    any work on the case *and* the entity was not represented by licensed counsel nor had substitute counsel

4    enter an appearance, despite the fact that a corporation may only appear in the federal courts through

5    licensed counsel.  *See Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, No. 09-CV-

6    03529 JSW (NC), 2013 WL 12173032, at *2 (N.D. Cal. July 8, 2013) (Granting Arent Fox LLP's

7    motion to withdraw where its entity client requested that counsel "cease all legal work and withdraw

8    as counsel in this action" even though the client did not have new counsel of record nor had retained

9    new counsel); *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.,* No. C 04-1249 VRW, 2008 WL

10   2790200, at *5 (N.D. Cal. July 17, 2008) ("An attorney may be allowed to withdraw without offending

11   the rule against corporate self-representation. The effect of withdrawal is to leave the corporation

12   without representation and without the ability to practice self-representation. For the uncooperative

13   corporate client who has not been willing to bring in new counsel, granting of the withdrawal motion

14   will put extreme pressure on it to obtain new counsel of record for should it fail to do so it risks

15   forfeiture of its rights through nonrepresentation.") *citing Ferruzzo v. C & D Enterprises, Inc.*, 104

16   Cal.App.3d 501, 504, 163 Cal.Rptr. 573 (Cal.App.1980).

17   Here, SAM must be permitted to withdraw because PersonalWeb (i) does not wish for SAM

18   to represent it in post judgment collection proceedings (which is all that remains in this case), (ii) has

19   discharged SAM as its counsel in any further proceedings in this action before this Court, and (iii) has

20   retained other counsel to represent it in the post judgment collection proceedings.  (Gersh Decl., ¶ 2.)

21   (As PersonalWeb has terminated SAM's representation in this case, SAM only remains as counsel for

22   PersonalWeb at this time in connection with the pending appeals in the United States Court of Appeals

23   for the Federal Circuit, Case Nos. 19-1918, 20-1566, 21-1858, and the Petition for a Writ of Certiorari

24   pending in the United States Supreme Court, Case No. 20-1394). (Gersh Decl., ¶¶ 2, 3.)

25   Moreover, unlike the entity clients in *Senah, Louisiana Pac., and Vedatech,* where the entity

26   clients did *not* have new counsel, PersonalWeb has engaged Ronald Richards of the Law Offices of

27   Ronald Richards and Associates, APC to represent it in all post judgment collection proceedings.

28   (Gersh Decl., ¶ 4, Ex. A.) Indeed, Mr. Richards, in his capacity as counsel retained by PersonalWeb

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

1    to represent it in any and all post judgment collection proceedings, sent an email communication to

2    SAM attorneys expressly informing them that SAM is "not authorized to do anything post judgment"

3    and that SAM "is only engaged for the appeal." (*Id.*, Ex. B.) Where the client itself requests that its

4    counsel cease representing it, withdrawal is appropriate and necessary. *Trulis*, 107 F.3d at 693;

5    *Fracases*, 6 Cal. 3d at 790; *Senah*, 2016 WL 3092099, at * 1; *Louisiana Pac. Corp.,* 2013 WL

6    12173032, at *2; *Bragel Int'l Inc. v. Stickeebra*, 2018 WL 8244001, at *2 (C.D. Cal. Aug. 15, 2018).

7         At the CMC, Todd Gregorian, Amazon's counsel, indicated to the Court that Amazon intends

8    to oppose this motion, without giving any reason for doing so. (Ex. C, CMC Transcript, at 18:21.)

9    Since then, SAM attorney Michael A. Sherman has asked Mr. Gregorian "the basis on which you will

10   be opposing a motion to withdraw when the client has told you through his new attorney he has

11   engaged other counsel and we have no authority to act?  Please send me whatever authority you have

12   to support your position." (Sherman Decl., ¶ 2 and Ex. D (May 19, 2020 email from Michael A.

13   Sherman to Todd Gregorian).) In response, Mr. Gregorian made a general reference to the authorities

14   cited by this Court (presumably pertaining to the inability of an entity to represent itself in Federal

15   Court), and hinted at the existence of unspecified 9th Circuit authority which prohibits attorneys to

16   withdraw where it would "delay or impair judgment enforcement", without providing any specifics as

17   to the circumstances in which such a ruling was made. (Sherman Decl., ¶ 3 and Ex. E.) While these

18   general statements do not clarify the legal merits of Amazon's opposition, presumably Amazon will

19   attempt to argue that it will somehow be prejudiced by SAM's withdrawal as counsel of record or that

20   the withdrawal will delay resolution of this case or otherwise harm it. However, none of those concerns

21   exist here.

22        First, as is discussed in detail above, PersonalWeb has retained Mr. Richards as its counsel for

23   post judgment collection proceedings, and Mr. Richards (in addition to the client itself) has explicitly

24   directed SAM to not take any action post judgment and thus do no work on this case because SAM is

25   not retained as counsel for any post judgment matters. Second, as this case is closed and terminated,

26   there is no risk that withdrawal will "delay resolution of the case" since judgment has been entered

27   and the case, resolved. Lastly, Amazon may argue that it will be prejudiced by the withdrawal, or that

28   the withdrawal will harm the administration of justice by somehow affecting Amazon's right to

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

1  enforce its judgment if SAM does not remain counsel of record. Such a position is without basis.

2  Amazon may proceed to obtain judgment debtor discovery as provided in controlling California law

3  regardless of whether SAM remains counsel of record in this case. The Court has already

4  acknowledged that it does not have authority to order a judgment debtor examination and terminated

5  its order authorizing same because it was misled as to the fact that PersonalWeb is located in Texas,

6  more than 150 miles from the San Jose courthouse (Ex. C, 3:8-23.)  The Court even directed Mr.

7  Gregorian to domesticate the judgment in Texas where PersonalWeb is located, and as of the filing of

8  this motion, it is unknown if Amazon has done that. As such, forcing SAM to remain in this case

9  (given PersonalWeb's retention of other counsel to represent it in these post judgment matters, and

10  given its discharge of SAM as its counsel *and* explicit instruction to not do anything in connection

11  therewith), will not facilitate Amazon's attempt to conduct a judgment debtor exam of PersonalWeb

12  or seek post judgment collection discovery, because Amazon cannot serve a valid judgment debtor

13  exam order based on the California judgment on PersonalWeb or SAM in California anyway.  *See* Cal.

14  Civ. Proc. §§ 708.160 and 708.010 et seq.  And, whatever theoretical and/or ambiguous "prejudice"

15  Amazon might attempt to identify, requiring counsel to continue to represent a client in the face of the

16  explicit instructions to the contrary by the client, is improper. *Trulis*, 107 F.3d at 693; *Fracases*, 6

17  Cal. 3d at 790.

18      Similarly, Amazon's desire to obtain written discovery into the finances and assets of

19  PersonalWeb as a judgment debtor does not justify keeping SAM in this case as counsel of record.

20  Amazon can serve PersonalWeb with such discovery via PersonalWeb's registered agent, as Amazon

21  has seemingly already done before. (*See* Dkt. 670.) And should Amazon's counsel deem it necessary

22  to speak to an attorney, versus a client representative of PersonalWeb, it can contact Mr. Richards who

23  has already advised Amazon's counsel in writing that it represents PersonalWeb in post-judgment

24  collection proceedings. (*See* Ex. B.)  That Mr. Richards has not entered an appearance in this case

25  does not prevent Amazon from contacting him. Indeed, Amazon already mailed its written judgment

26  debtor collection discovery to Mr. Richards (Dkt. 668), and Mr. Gregorian has communicated with

27  Mr. Richards via email (Dkt. 671-9), although Mr. Gregorian has refused to speak with Mr. Richards,

28  despite Mr. Richard's offer to do so, to discuss post judgment debtor collection issues. (Dkt. 673-5.)

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

1    Accordingly, whatever challenges Amazon may experience in  judgment enforcement efforts are

2    challenges that do not credibly rise to the level of "prejudice", and are challenges that Amazon is

3    seemingly interested in inflicting upon itself for what appears to be the sole purpose of "forcing" SAM

4    to stay in the case through fabricated "prejudice".  There will be no harm caused to the administration

5    of justice if the Court grants this Motion.

6    Importantly, this district has granted motions to withdraw as counsel where the client instructed

7    counsel to do no further work in the case, even though the opposing party in the case opposed the

8    withdrawal motion.  In *Optrics Inc. v. Barracuda Networks Inc.*, 2020 WL 1815690, at \*1-2 (N.D.

9    Cal. Feb. 28, 2020), defendant Barracuda opposed a motion to withdraw as counsel because such a

10   "late withdrawal would delay **resolution of the case** and prejudice Barracuda" where Barracuda's

11   counterclaims were still unresolved (emphasis added). The court disagreed, and granted the motion to

12   withdraw. (*Id.*) In so holding, the court explained that plaintiff's counsel "must be allowed to

13   withdraw" even though Barracuda characterized the motion to withdraw as "a last-ditch effort by

14   Optrics and counsel to avoid responsibility for their abuses of the discovery process", and the motion

15   to withdraw was filed shortly after "a long-anticipated motion for sanctions against both Optrics and

16   the movants", because the right to discharge one's attorney "is absolute." (*Id.*)

17   Like the plaintiff in *Optrics* , PersonalWeb has discharged SAM as its counsel of record in this

18   action because it does not wish for SAM to represent it in post judgment collection proceedings, which

19   is all that remains in this case. But unlike the plaintiff in *Optrics*, no claims or counterclaims remain

20   unresolved in this case, and no "long-anticipated" discovery abuse motions are pending. And yet, even

21   in a case where judgment was still not entered and discovery disputes relating to the claims in the

22   underlying action (and not judgment debtor collection discovery) were abundant, a motion to withdraw

23   was properly granted. (*Id.*)

24   *Optrics* is instructive, and supports the Court granting this motion to withdraw. PersonalWeb's

25   right to discharge SAM as its counsel is absolute. Amazon cannot dictate who PersonalWeb choses to

26   represent it. That Amazon wants to collect on its judgment does not require PersonalWeb to forego its

27   choice of counsel, nor SAM to remain counsel of record where its own client has discharged it.

28   Amazon will not suffer any prejudice by the Court allowing SAM to withdraw, because Amazon can

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

1  proceed with its post judgment collection efforts in Texas, can proceed to enforce orders by service

2  directly on PersonalWeb's agent for service of process, and can chose at any time to pick up the phone

3  and call Mr. Richards, who has already indicated a willingness to speak with Amazon's counsel

4  regarding these and other issues.

5      Instead, Amazon continues to try to force SAM's continued participation in this case by having

6  filed a motion before this Court for leave to seek sanctions against SAM, even though SAM complied

7  with the local rules and informed this Court and Amazon's counsel that it was no longer counsel for

8  PersonalWeb in this proceeding by (1) informing Amazon in writing *repeatedly* that it did not

9  represent PersonalWeb for post judgment collection proceedings (Dkt 671-2 - 671-5), (2) notifying

10  the Court and counsel of its inability to represent PersonalWeb in its CMC statement (Dkt 671), (3)

11  having filed its original motion to withdraw (Dkt 674), and (4) filing the consent motion (Dkt 679),

12  which shows PersonalWeb's discharge of SAM. The Court should not allow Amazon to try to force

13  SAM to make the choice between violating its ethical obligations and taking action on behalf of

14  PersonalWeb, when the client has expressly forbidden SAM to do so, or to conduct itself ethically, as

15  SAM has done, and then have to respond to Amazon's threats of potential sanctions for something it

16  has no control over. SAM should not be placed in this untenable position of staring at a sanctions

17  request in an instance where it is in no way engaged in any conduct even remotely sanctionable,

18  ironically with a client that has discharged it and in a circumstance it has no control over.

19  **III.    CONCLUSION**

20      Based on the foregoing, SAM respectfully requests the Court grant this Motion and permit it

21  to withdraw from this case, effective immediately.

22

23      Respectfully submitted,

24  Dated:   May 25, 2021                 STUBBS, ALDERTON & MARKILES, LLP

25

26                                        By: */s/ Michael A. Sherman*
                                          Michael A. Sherman
27                                        Jeffrey F. Gersh
                                          Wesley W. Monroe
28                                        Viviana Boero Hedrick
                                          Sandeep Seth

9

**NOTICE OF MOTION AND MOTION TO**
**WITHDRAW AS COUNSEL OF RECORD**
**PURSUANT TO CLIENT INSTRUCTION**

**CASE NO: 5:18-md-02834-BLF**
**CASE NO: 5:18-cv-00767-BLF**
**CASE NO.: 5:18-cv-05619-BLF**

4838-3604-8523, V. 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for PERSONALWEB
TECHNOLOGIES, LLC
(Excluding Post Judgment Debtor
Collection Proceedings)

Dated:    May 25, 2021                      MACEIKO IP

By:  */s/ Theodore S. Maceiko*
          Theodore S. Maceiko (SBN 150211)
          ted@maceikoip.com
          MACEIKO IP
          420 2nd Street
          Manhattan Beach, California 90266
          Telephone:      (310) 545-3311
          Facsimile:       (310) 545-3344
          Attorneys for PERSONALWEB
          TECHNOLOGIES, LLC,

**NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION**

**CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF**

4838-3604-8523, V. 2