MICHAEL A. SHERMAN (SBN 94783)
masherman@stubbsalderton.com
JEFFREY F. GERSH (SBN 87124)
jgersh@stubbsalderton.com
WESLEY W. MONROE (SBN 149211)
wmonroe@stubbsalderton.com
VIVIANA B. HEDRICK (SBN 239359)
vhedrick@stubbsalderton.com
STUBBS ALDERTON MARKILES, LLP
15260 Ventura Boulevard, 20TH Floor
Sherman Oaks, CA  91403
Telephone:     (818) 444-4500
Facsimile:     (818) 444-4520

Attorneys for PERSONALWEB TECHNOLOGIES, LLC
**(EXCEPT POST JUDGMENT COLLECTION MATTERS - MOTION TO WITHDRAW PENDING)**

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted pro hac vice)
mmayer@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Counsel for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  PERSONAL WEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION, | Case No.: 5:18-md-02834-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | Case No.: 5:18-cv-00767-BLF |
| Plaintiffs<br>v.<br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br>Defendants. | Case No.: 5:18-cv-05619-BLF<br><br>**JOINT STATEMENT RE MOTION TO COMPEL INTERROGATORY RESPONSES AND PRODUCTION OF DOCUMENTS** |
| PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC,<br>Plaintiffs,<br>v.<br>TWITCH INTERACTIVE, INC.,<br>Defendant. | |

JOINT STATEMENT RE OUTSTANDING DISCOVERY DISPUTE

Case Nos. 5:18-md-02834-BLF, 5:18-cv-00767-BLF, and 5:18-cv-05619-BLF

Case 5:18-md-02834-BLF   Document 689   Filed 06/01/21   Page 2 of 7

## I. AMAZON'S STATEMENT

Amazon asks the Court to compel PersonalWeb to provide responses to interrogatories and produce documents in response to its post-judgment discovery requests. PersonalWeb provided no responses by the deadline to do so and has therefore waived all its objections. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Instead it has relied on a baseless claim that its counsel of record cannot be served with discovery—an objection for which other district courts have rightly issued sanctions—to obstruct the Court's judgment.

***Factual Background.*** On March 2, 2021, the Court awarded Amazon $4,615,242.28 in attorney fees and $203,300.10 in non-taxable costs. (Case No. 5:18-md-02834, Dkt. 648.) On March 31, 2021, PersonalWeb noticed its appeal of the award. (Dkt. 653.) On April 1, 2021, the automatic 30-day stay of enforcement of the judgment expired. Fed. R. Civ. P. 62(a). The Court later granted an additional $571,961.71 in attorney fees and $11,120.97 in non-taxable costs in a separate order. (Dkt. 656.) PersonalWeb has not paid the judgment or posted a supersedeas bond to stay enforcement. *See* Fed. R. Civ. P. 62; (Dkt. 661-1 ¶ 4). Nearly two months ago, Amazon asked PersonalWeb's counsel of record from Stubbs Alderton & Markiles, LLP (SAM) whether PersonalWeb would post a bond. (Dkt. 659-1 at 5.) PersonalWeb's counsel invited Amazon to follow up with him by the next week, but never provided any substantive response to this inquiry or others about whether PersonalWeb has funds to satisfy the judgment. (*Id*. at 4.)

On April 19, 2021, Amazon served interrogatories and requests for production of documents pursuant to Fed. R. Civ. P. 69 and Cal. Civ. Proc. Code §§ 708.020-708.030, seeking information as to whether PersonalWeb has sufficient assets to satisfy judgment. (*See* Exs. 1-2.) SAM responded by stating that they do not represent PersonalWeb with respect to judgment enforcement, and claimed that Amazon has "no authority" to serve them with case documents to the extent they concern those issues. (Dkts. 661-1 ¶ 3, 659-1 at 3.) PersonalWeb has claimed that it retained Mr. Ronald Richards to represent it with respect to judgment enforcement. (Dkts. 673-1, 674-1 ¶ 4), but Mr. Richards has refused to appear in the case. (Dkt. 673-1 at 4.) PersonalWeb did not serve responses to the requests by the deadline to do so.

On April 26, 2021, Amazon also filed an ex-parte application for an order compelling a

JOINT STATEMENT RE OUTSTANDING DISCOVERY DISPUTE    1    CASE NOS. 5:18-md-02834-BLF, 5:18-cv-00767-BLF, and 5:18-cv-05619-BLF

debtor's examination and the production of information and documents relating to PersonalWeb's assets. (Dkts. 661, 662.) On April 27, the Court ordered PersonalWeb to produce its bank and financial account information by May 7 and to produce the documents sought by Amazon by May 27. (Dkt. 664.) It separately ordered PersonalWeb to appear for a debtor's examination but later vacated that order based on California state mileage limits for that procedure. (Dkts. 665, 675.)[1] PersonalWeb provided no bank account information by the deadline—that violation of the Court's order is the subject of a separate motion.

***Motion to Compel***. Amazon asks the Court to deem that PersonalWeb has waived its objections to Amazon's requests and provide complete responses to the interrogatories and produce documents in response the production requests. Post-judgment discovery is governed by Fed. R. Civ. P. 69(a)(2), which provides, "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person . . . as provided in these rules *or* by the procedure of the state where the court is located" (emphasis added). *See also A&F Bahamas, LLC v. World Venture Grp., Inc.*, No. CV 17-8523 VAP (SS), 2018 WL 5961297, at *2 (C.D. Cal. Oct. 19, 2018). The scope of post-judgment discovery is "very broad," with a "presumption [] in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment." *Id.* (citation omitted). Under federal and California law, judgment creditors may propound both document requests and interrogatories. *See Odnil Music Ltd. v. Katharsis LLC*, No. CIVS05-0545WBSEFB, 2007 WL 1703763, at *2 (E.D. Cal. June 11, 2007).

Amazon served the document requests on SAM through ECF in compliance with Rule 5(b)(1), which provides: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." SAM *invited* discussion of post-judgment issues with it up until Amazon first served these requests (Dkt. 659-1 at 5), but at any

---

[1] PersonalWeb's accusation below that Amazon "misled" the court as to its jurisdiction to order a debtor's exam is also unfounded. There is a split in authority as to whether such mileage limits would apply in federal court. *See Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. C 04-1249 VRW, 2008 WL 2790200, at *2 (N.D. Cal. July 17, 2008) (rejecting argument that federal district court must cede jurisdiction to a state tribunal under Cal. Civ. Proc. § 708.160(b)), aff'd sub nom. *Subramanian v. St. Paul Fire & Marine Ins.*, 494 F. App'x 817 (9th Cir. 2012); *United States v. Feldman*, 324 F. Supp. 2d 1112 (C.D. Cal. 2004) (same). Moreover, the correct location for a debtor's exam has nothing to do with the issue here, which is PersonalWeb's failure to respond to properly served discovery requests.

rate has remained PersonalWeb's counsel of record. Amazon also served Mr. Richards, the counsel who identified himself as retained by PersonalWeb specifically for these post-judgment matters.

SAM's claim that service on it was ineffective is baseless and sanctionable. Indeed, in *Wordtech Systems, Inc. v. Integrated Network Solutions, Inc.*, No. CIV S-04-1971 MCE EFB, 2009 WL 3126409 (E.D. Cal. Sep. 24, 2009), the debtor made the same argument SAM made, claiming that its counsel could not be served with discovery in aid of enforcement because he "did not represent" the debtor "for post-judgment collections." *Id*. at *4. The court rejected this argument, ruled that the attorney was served properly with the requests, and ordered him to show cause why he should not be sanctioned for, *inter alia*, failing to respond to them; failing to comply with the local rule regarding withdrawal from representation; and failing to inform the court or creditor of his claim to represent the debtor for a limited purpose or provide any authority for that claim. *Id*. at *3-4. The Court should compel responses and a complete production.

## II.    RESPONSIVE STATEMENT

**SAM's Position**: Stubbs Alderton & Markiles, LLP ("SAM") has been discharged by its client PersonalWeb for purposes of handling post judgment collection proceedings. (Dkt 688, 688-1.) PersonalWeb has retained new counsel, Ronald Richards ("Richards"), to represent it post judgment, who has yet to substitute into this matter. (Dkt 671, 688-1-688-4). SAM previously filed a motion to withdraw (Dkt 674) but later withdrew it (Dkt 684) and thereafter PersonalWeb filed a consent motion to substitute PersonalWeb *in pro per*, in place of SAM (Dkt 679) as a result of the Court's suggestion that *in pro per* substitution by PersonalWeb was permissible. (Dkt 688-4 at 10:23-25; 16:20-23.) After the CMC where the Court's statement was made, however, the Court denied the consent motion (Dkt. 685), after which SAM filed a second Motion to Withdraw as counsel for PersonalWeb (Dkt. 688), which is pending.

On April 19, 2021, Amazon *for the first time* served post judgment interrogatories and requests for production on SAM via email. (Dkt 671-2.) SAM took the position that this discovery was improperly served based on California law which requires personal service of such discovery on the judgment debtor. *See* Cal. Civ. Proc. § 684.020; *Taghizadeh v. Azadi*, No. B150817, 2003 WL 504121, at *5 (Cal. Ct. App. Feb. 26, 2003). SAM nonetheless immediately sent Amazon's

written discovery to PersonalWeb and its counsel, Mr. Richards the same day it received it.

SAM repeatedly advised Amazon that it does not represent PersonalWeb in any post judgment collection proceedings. (Dkt 671-2-671-7.) On April 22, 2021, Mr. Gregorian contacted SAM to discuss, *for the first time*, Amazon's post judgment written discovery and Amazon's desire to seek a judgment debtor exam. (Dkt 671-2 - 671-5.) While Amazon's counsel previously emailed SAM inquiring whether PersonalWeb was going to post a bond (Dkt 659-1), Amazon *never* contacted SAM to discuss written post judgment collection discovery.

Amazon now apparently seeks sanctions against SAM because it did not respond to written discovery on PersonalWeb's behalf. However, PersonalWeb through its counsel, Mr. Richards told SAM that it had no authority to do anything relating to post judgment discovery matters (Dkt 688-1, 688-2, 688-3). SAM has never taken the position that written post judgment discovery is not permitted. The issue has to do with service. Amazon relies on *Odnil Music Ltd., supra,* which does <u>not</u> hold that service of written post judgment discovery on counsel is proper, and *A&F Bahamas, LLC, supra,* in which the issue of whether service is proper on the judgment debtor only or is proper on counsel was not addressed because the written discovery there was personally served on the judgment debtor.  SAM relies on Cal. Civ. Proc. § 684.020, Fed. R. Civ. P. 69, and *Taghizadeh, supra,* 2003 WL 504121 at *5 which held that service on counsel of post judgment interrogatories and request for production of documents, like those at issue here, was invalid because "Section 684.020 provides that service on a judgment debtor of papers relating to enforcement of the judgment shall be made on the judgment debtor itself, rather than its attorney".

Notwithstanding the foregoing, SAM acted appropriately by sending the discovery *the very same day* to PersonalWeb and Mr. Richards. SAM cannot and could not respond to the written discovery because it does not have the responsive information, nor can it respond for PersonalWeb since it was discharged as counsel. Lastly, Amazon's reliance on *Wordtech Systems, Inc., supra,* is misplaced as SAM did not conduct itself here like the debtor's former counsel did in that case. First, unlike counsel in *WordTech,* regardless of whether email service was effective, SAM sent the written discovery to PersonalWeb and Mr. Richards.  Second, immediately upon receiving legal authority that it needed to withdraw from the case, despite judgment being entered and the case

closed, SAM filed its motion to withdraw. Lastly, unlike the former counsel in *Wordtech,* SAM informed Amazon's counsel and the Court that it had been discharged as counsel for PersonalWeb in post judgment collection proceedings by (1) filing its CMC statement (Dkt 671), (2) stating as much to the Court at the CMC (Dkt 688-4), (3) in its original motion to withdraw (Dkt 674), (3) in the consent motion (Dkt 679), (4) in its second pending motion to withdraw, and (5) by informing Amazon in writing repeatedly that it did not represent PersonalWeb in these proceedings. (Dkt 671-2 - 671-5.) Sanctions are wholly inappropriate as SAM acted appropriately under the circumstances.

**PersonalWeb's Position**: SAM has been requested to inform the Court on behalf of PersonalWeb that Amazon misled the Court to issue the order for the Examination Under Oath (Dkt 664) that the Court later vacated (Dkt 675.)  This Court was told by counsel for Amazon that, "The proper court for an examination of the debtor is the court in which the money judgment is entered. Cal. Civ. Proc. Code § 708.160(a); *see also Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2016 WL 4548751, at *2 (E.D. Cal. Sep. 1, 2016) (granting application for debtor's examination where the judgment was entered by the district court)." (Dkt 661.) This was of course wrong as the Court later determined and vacated its Order (Dkt 675) after discovering the fact that PersonalWeb is located more than 150 miles from the courthouse. (Dkt 688-4, at 3:8-23.)  Amazon's footnote mischaracterizes *Vedatech* and *Feldman* which applied to debtors outside the United States.

Further, at the time of the service of the document demand at issue, the case was already dismissed and closed.  The proper enforcement mechanisms against an out of state judgment debtor are controlled by California law.  Amazon has refused to enforce this judgment in Texas despite this Court directing it to do so. (Dkt 688-4.) There is no further jurisdiction over PersonalWeb until personal service is accomplished.  This is why there is a procedure to have judgment debtor enforcement in the district where a defendant has its corporate offices – in this case, Texas.

SAM has a pending motion to withdraw.  SAM has been specifically advised it has no authority to respond to or do anything in the respect of the post judgment matters (Dkt 688-2, 688-3) and specifically with respect to post judgment discovery (*Id*).  Amazon wants to use SAM to collect its judgment.  The Court should not permit Amazon's action.

FENWICK & WEST LLP
ATTORNEYS AT LAW

JOINT STATEMENT RE OUTSTANDING
DISCOVERY DISPUTE

5

CASE NOS. 5:18-md-02834-BLF,
5:18-cv-00767-BLF, and
5:18-cv-05619-BLF

| | | |
|---|---|---|
| | | Respectfully submitted, |
| Dated: | June 1, 2021 | FENWICK & WEST LLP |
| | | By: /s/ Todd R. Gregorian<br>TODD R. GREGORIAN |
| | | Attorneys for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC. |
| Dated: | June 1, 2021 | STUBBS, ALDERTON & MARKILES, LLP |
| | | By: */s/ Michael A. Sherman*<br>MICHAEL A. SHERMAN |
| | | Attorneys for PERSONALWEB TECHNOLOGIES, LLC **EXCEPT POST JUDGMENT COLLECTION MATTERS (MOTION TO WITHDRAW PENDING)** |