1  J. DAVID HADDEN (CSB No. 176148)
   dhadden@fenwick.com
2  SAINA S. SHAMILOV (CSB No. 215636)
   sshamilov@fenwick.com
3  MELANIE L. MAYER (admitted *pro hac vice*)
   mmayer@fenwick.com
4  TODD R. GREGORIAN (CSB No. 236096)
   tgregorian@fenwick.com
5  RAVI R. RANGANATH (CSB No. 272981)
   rranganath@fenwick.com
6  CHIEH TUNG (CSB No. 318963)
   ctung@fenwick.com
7  FENWICK & WEST LLP
   Silicon Valley Center
8  801 California Street
   Mountain View, CA  94041
9  Telephone:    650.988.8500
   Facsimile:    650.938.5200
10
   Counsel for AMAZON.COM, INC.,
11 AMAZON WEB SERVICES, INC., and
   TWITCH INTERACTIVE, INC.
12
                      UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14
                           SAN JOSE DIVISION
15

16 IN RE:  PERSONAL WEB TECHNOLOGIES,      Case No.: 5:18-md-02834-BLF
   LLC ET AL., PATENT LITIGATION,
17                                          Case No.: 5:18-cv-00767-BLF
   AMAZON.COM, INC., and AMAZON WEB
18 SERVICES, INC.,                          Case No.: 5:18-cv-05619-BLF

19                      Plaintiffs
                                           **OPPOSITION OF AMAZON.COM,**
20      v.                                 **INC., AMAZON WEB SERVICES, INC.,**
                                           **AND TWITCH INTERACTIVE, INC.**
   PERSONALWEB TECHNOLOGIES, LLC and       **TO  MOTION TO WITHDRAW AS**
21 LEVEL 3 COMMUNICATIONS, LLC,            **COUNSEL BY STUBBS ALDERTON &**
                                           **MARKILES, LLP**
22                     Defendants.

23 PERSONALWEB TECHNOLOGIES, LLC, and
   LEVEL 3 COMMUNICATIONS, LLC,
24
                       Plaintiffs,
25      v.

26 TWITCH INTERACTIVE, INC.,

27                     Defendant.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    The motion of Stubbs Alderton and Markiles, LLP ("SAM") to withdraw is improper and

2 the Court should deny it, for at least two reasons.  This motion marks SAM's *fifth* filing requesting

3 the identical relief.  The Court has already ruled that PersonalWeb as an entity may not represent

4 itself.  Nothing has changed.  SAM argues that there is no reason that PersonalWeb needs ongoing

5 counsel because the clerk has administratively closed the file during the appeals.  But that argument

6 defies common sense.  In addition to a potential remand, there are currently multiple pending

7 discovery motions requiring PersonalWeb to respond through its counsel.  PersonalWeb is also in

8 violation of the Court's order requiring it to turn over financial account information and documents.

9 If this case had concluded in its entirety as SAM claims there would in fact be no need for counsel

10 to withdraw.  To the contrary, it is precisely *because* a member of the bar must remain responsible

11 to the Court for PersonalWeb's conduct that SAM seeks to withdraw.

12    Next, and more important, counsel of record may not withdraw when doing so would

13 prejudice other parties to the litigation, including prejudicing a party in its attempts to collect the

14 judgment.  The prejudice to Amazon is clear here—PersonalWeb openly defied the Court's

15 discovery order concerning judgment enforcement when it believed it could do so with no

16 consequence to itself or its attorneys.  It was only after Amazon pointed out that SAM could not

17 remain counsel of record while also refusing service of case documents—and that doing so was

18 sanctionable conduct—that SAM's need to "partially" withdraw became urgent.

19    Indeed, prejudicing Amazon in its collection efforts is *precisely the point* of the withdrawal.

20 There has been no breakdown in the attorney-client relationship—SAM represents PersonalWeb in

21 its other pending matters, including the appeals in this case.  And SAM has offered the Court *no*

22 *supporting facts* concerning its supposed limited scope engagement, including no facts about when

23 it agreed to limit its representation (particularly after it originally invited Amazon's counsel to

24 confer on post-judgment matters without a word about any supposed limited-scope representation),

25 what the specific terms are, or the reasons behind it.  This is not a situation in which the client has

26 put its attorney in a conflicted situation; PersonalWeb and SAM (who through SAM Ventures is

27 itself an investor in and owner of PersonalWeb, and whose name partner Murray Markiles was a

28 founding director of PersonalWeb, Inc.) are completely aligned.  Amazon respectfully requests the

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   Court take a hard look at the circumstances here before it endorses this conduct.

2       Finally, at a minimum, the Court should require the appearance of substitute counsel before

3   withdrawal is permitted, a condition made simple here because PersonalWeb already retained

4   Ronald Richards for this purpose over a month ago.   The Court should also retain jurisdiction over

5   SAM for purposes of discipline and sanctions, an ordinary condition on withdrawal that protects

6   the integrity of the Court.   Amazon has a pending request for sanctions against SAM and is

7   evaluating its options for additional relief given SAM's role in both the exceptional conduct that

8   led the Court to award fees in the first place, and in obstructing enforcement of the judgment.

9   **I.      BACKGROUND**

10      The Court has awarded Amazon over $5.18 million in attorney fees and $214,421.07 in

11  non-taxable costs.  (Case No. 5:18-md-02834, Dkts. 648, 656.)  Despite noticing its appeal of the

12  award over two months ago (Dkt. 653), PersonalWeb has neither paid the judgment or posted a

13  supersedeas bond to secure the judgment and stay enforcement.  *See* Fed. R. Civ. P. 62.  Nor has

14  PersonalWeb provided any responses to post-judgment discovery.  (Declaration of Todd Gregorian

15  ("Gregorian Dec.") ¶ 2.)

16      In March, SAM told Amazon that PersonalWeb "is considering its options" for posting a

17  bond and invited Amazon to follow up.  (Dkt. 659-1.)  Amazon did so, asking to meet and confer

18  about securing the judgment and whether PersonalWeb had funds to do so.  (*Id.*)  PersonalWeb

19  provided no information in response to this request.  On April 19, Amazon served written discovery

20  under Fed. R. Civ. P. 69 and Cal. Civ. P. §§ 708.020-708.030, seeking information concerning

21  PersonalWeb's assets. (*See* Dkts. 659-3, 659-4.)   SAM responded by stating that it does not

22  represent PersonalWeb with respect to Amazon's attempts to secure or enforce the judgment, and

23  claimed that Amazon has "no authority" to serve them with documents to the extent they concern

24  those issues.  (Dkts. 661, 659-1.)

25      On April 26, Amazon filed an ex-parte application for an order compelling a debtor's

26  examination and the production of documents relating to PersonalWeb's assets.  (Dkts. 661, 662.)

27  On April 27, 2021, the Court ordered PersonalWeb to produce its bank and financial account

28  information by May 7. (Dkt. 664.)  It separately ordered PersonalWeb to appear for a debtor's

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   examination on May 25, 2021. (Dkt. 665.) SAM received these orders through ECF but again
2   asserted that service on them is ineffective. (Dkt. 673-1 at 3.) Amazon also provided the Court's
3   orders to Ronald Richards, an attorney who PersonalWeb purportedly retained in late April to resist
4   enforcement of the judgment. Mr. Richards reported that he does not plan to appear in this case
5   "except for post judgment motions if for some reason we need to involve the Court." (*Id*. at 4.)
6   After receiving the Court's orders, he nonetheless instructed PersonalWeb's counsel of record that
7   they are "not authorized" by PersonalWeb "to do anything post judgment." (*Id*. at 1.)

8        On May 7, PersonalWeb did not produce any of its bank and financial account information
9   as the Court ordered.   On May 12, SAM moved to withdraw as counsel for PersonalWeb, stating
10  that the client "knowingly and freely assents to termination of the representation." (Dkt. 674.) On
11  May 13, the Court held a case management conference, during which the Court made clear that
12  corporate entities require representation by counsel, and expressed concern over the fact that Mr.
13  Richards had not yet substituted as counsel. (*See* Transcript, May 13 CMC ("Transcript") at 13:11-
14  12 ("PersonalWeb is a company. It can't represent itself."); 9:17-18 ("I don't know why Mr.
15  Richards has not appeared"); 14:12-15 ("I have some concern about [] transferring this to Mr.
16  Richards, or PersonalWeb deciding it's not going to have counsel on this collection matter.") The
17  Court also stated that it would consider the motion to withdraw after Amazon filed its opposition.
18  (*Id.* at 12:11-18.)

19       SAM then took several steps to try to secure a clerk's order approving its withdrawal before
20  Amazon could oppose and the Court could consider the motion. On May 14, SAM filed a "Notice
21  of Substitution" purporting to substitute itself with PersonalWeb appearing "in pro per." (Dkt.
22  678.) The notice listed a *defunct UPS mailbox* as the address where PersonalWeb could supposedly
23  be contacted about this case going forward. (*Id.*; Gregorian Dec. ¶ 2.) On May 17, PersonalWeb
24  re-filed this notice as a "motion" event in the Court's filing system. (Dkt. 679.) On May 19, SAM
25  also withdrew its original motion to withdraw. (Dkt. 684.) That same day, the Court denied the
26  "motion" because "[a] corporation or other artificial entity must be represented by licensed
27  counsel." (Dkt. 685 (citations omitted).) PersonalWeb filed the current motion on May 25, still
28  seeking to withdraw without substitute counsel. (Dkt. 688.)

FENWICK & WEST LLP
ATTORNEYS AT LAW

1       On May 21, Amazon moved to compel PersonalWeb to comply with the Court's April 27

2  order. (Dkt. 687.) PersonalWeb and SAM did not respond by the June 4 deadline. On May 26,

3  counsel for Amazon and SAM conferred on Amazon's separate motion to compel PersonalWeb to

4  respond to Amazon's post-judgment interrogatories and requests for production, with Mr. Richards

5  declining an invitation to participate. (Gregorian Dec. ¶ 3.) Amazon filed this motion on June 1,

6  and it remains pending. (Dkt. 689.)

## II.    ARGUMENT

### A.    Legal Standard

Counsel may not withdraw from an action without a court order, and only after counsel has provided written notice reasonably in advance to the client and to all other parties who have appeared in the case. Civ. L. R. 11-5(a). In considering a motion for withdrawal, courts consider the following factors: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Corporate entities like PersonalWeb cannot appear in this Court without representation by counsel. *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) ("A corporation must be represented by counsel"); *see also United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) ("A corporation may appear in federal court only through licensed counsel"); Dkt. 685 (order denying substitution of counsel); *see also* Civ. L. R. 3-9(b). "When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L. R. 11-5(b).

FENWICK & WEST LLP
ATTORNEYS AT LAW

OPPOSITION TO MOTION TO WITHDRAW AS
COUNSEL

4

CASE NOS. 5:18-md-02834-BLF,
5:18-cv-00767-BLF, and
5:18-cv-05619-BLF

B.      **The Court should deny SAM's motion to withdraw.**

1.      **Withdrawal would prejudice Amazon in its enforcement of the Court's judgment.**

Allowing SAM to withdraw without substitute counsel would prejudice Amazon in its effort to enforce the Court's judgment.  Withdrawal is not permitted in such a circumstance.  In *WB Music Corp. v. Royce Int'l Broadcasting Corp*., No. EDCV 16-600 JGB (SPx), 2019 WL 11638326 (C.D. Cal. May 1, 2019), for example, the attorneys moved to withdraw after they failed to respond to post-judgment discovery requests and then claimed they no longer represented the debtors for that purpose, even though they remained counsel of record.  When the court ordered the debtor clients to produce documents, counsel failed to comply.  *Id.*  at *2.  The court found that the debtors had engaged in a "pattern of delay" and that the proposed withdrawal was "strategically calculated to delay the satisfaction of judgment."  *Id.*  The court found that withdrawal would prejudice the creditors and cause undue delay in their efforts to collect, and denied the motion.  Other courts have also recognized PersonalWeb and SAM's  tactic  for what it is, denying the request to withdraw and/or sanctioning the counsel who attempted it.  *See Wyman v. High Times Prods.*, Inc., No. 2:18-cv-02621-TLN-EFB, 2020 WL 6449236, at *3 (E.D. Cal. Nov. 3, 2020) (withdrawal without substitute counsel would cause prejudice by inevitably delaying payment of the judgment and increasing costs to collect); *Wordtech Sys., Inc. v. Integrated Network Sols., Inc*., No. CIV S-04-1971 MCE EFB, 2009 WL 3126409, at *3-4 (E.D. Cal. Sept. 24, 2009) (issuing order to show cause to judgment debtor's counsel why he should not be sanctioned for failing to respond to discovery and violating local rules for withdrawal).

The facts here are indistinguishable and warrant the same finding of prejudice, denial of the motion to withdraw, and imposition of sanctions.  SAM specifically *invited* discussion of post-judgment issues in March; it claimed that it did not represent PersonalWeb only *after* Amazon served its written discovery requests.  (Dkt. 659 at 3).  And to date, PersonalWeb has not satisfied any portion of the judgment; has not posted a supersedeas bond; has failed to respond to Amazon's post-judgment discovery; has failed to comply with this Court's April 27 order to produce asset information; has failed to respond to Amazon's motion to compel compliance, and has failed to

Fenwick & West LLP
Attorneys at Law

1  substitute Mr. Richards as counsel.  (Dkts. 661-1 ¶ 4, 673-1, 673-2, 673-7, 683.)

2        Amazon also recently discovered that PersonalWeb's principals, its CEO Michael Weiss

3  and Kevin Bermeister, have colluded to place PersonalWeb into receivership for their benefit.  On

4  April 27, 2021, just a week after the Court awarded Amazon its supplemental attorney fees, various

5  entities, including Brilliant Digital Entertainment, Inc.—a corporation controlled by Mr.

6  Bermeister—sued PersonalWeb in the Superior Court of Los Angeles to force it into this

7  receivership.  (Gregorian Dec. ¶ 7, Ex. 1.)  The court appointed a receiver on May 10, who will

8  operate and/or liquidate PersonalWeb for the benefit of the plaintiff creditors to the exclusion of

9  other creditors, such as Amazon.  (*Id.* ¶ 8, Ex. 2.)  The evidence also shows that PersonalWeb is

10 not capitalized adequately to satisfy judgment.  (Gregorian Dec. ¶ 6.)  If not represented by counsel

11 with an ethical duty as an officer of the Court, PersonalWeb will simply default, remain in contempt

12 of the Court's orders, and disappear into the ether should it not prevail in its appeals.  As the cases

13 show, this is by design, and the Court should not allow it.

14       The Court should deny the motion for two additional reasons.  First, Amazon has pending

15 motions before the Court requiring counsel's response: a motion to compel compliance (Dkt. 687)

16 and motion to compel responses to discovery (Dkt. 689).  Second, given Amazon's pending request

17 for sanctions and a contemplated motion for sanctions, the Court should, at a minimum, retain

18 jurisdiction over SAM and order a response.  *Optrics Inc. v. Barracuda Networks Inc.*, No. 17-cv-

19 04977-RS, 2020 WL 1815690, at *3 (N.D. Cal. Feb. 28, 2020) ("The Court [] will retain ancillary

20 jurisdiction over the movants for purposes of the motion for sanctions.").

21              **2.      The Court should reject SAM's purported reasons to withdraw as an**
                        **attempt to obstruct enforcement of judgment.**
22

23       SAM's arguments in support of unconditional withdrawal are meritless.

24       *First*, SAM urges the Court that withdrawal is "appropriate and necessary" because the

25 client has not authorized the representation to continue and has instead retained Mr. Richards for

26 this purpose.  (Mot. at 6.)  But Mr. Richards has not appeared, and SAM continues to represent

27 PersonalWeb in this case with respect to the merits.  PersonalWeb's right to *discharge* SAM—

28 which, again, does not appear to have actually occurred here (*see* Gregorian Dec. ¶ 4)—is distinct

Fenwick & West LLP
Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  from the considerations of prejudice and injustice that would result from SAM's *unconditioned*

2  *withdrawal*.  The former does not entitle SAM to the latter.   SAM claims that to avoid prejudice

3  Amazon merely needs to contact PersonalWeb or Mr. Richards.   It is difficult to understand how

4  SAM can make that representation to the Court in good faith.  As discussed above, SAM listed a

5  *false address* for PersonalWeb in the substitution notice—a UPS retail store where PersonalWeb

6  no longer even maintains a mailbox.  And  Mr. Richards has refused to appear as counsel (Dkt.

7  673-1 at 5), failed to appear at the May 13 CMC, refused to confer on Amazon's recent motion to

8  compel, and has otherwise stopped responding to communications. (Gregorian Dec. ¶¶ 2-3.)  SAM

9  has no answer for why PersonalWeb has failed the simple task of substituting counsel, and the

10  Court should reject its request to simply withdraw given the prejudice that would cause.

11       ***Second***, SAM claims, without any support, that Amazon will suffer no delays because the

12  case file is administratively closed. (Mot. at 6.)  This is incorrect.  Courts have found prejudice and

13  undue delay based solely on failure to satisfy judgment or to pay on a settlement agreement.  *WB*

14  *Music Corp.*, 2019 WL 11638326, at *2 (denying motion to withdraw where "withdrawal of

15  Counsel may be strategically calculated to delay the satisfaction of judgment"); *Wyman*, 2020 WL

16  6449236, at *3 (finding that withdrawal without appearance of substitute counsel would "inevitably

17  delay Plaintiff's payment" and "increase Plaintiff's costs associated with pursuing settlement

18  payment"). The same prejudice would occur here.  Moreover, there are two pending motions

19  requiring resolution—Amazon's motion to compel compliance (including a request for sanctions

20  against SAM), to which PersonalWeb and SAM have failed to respond, and Amazon's motion to

21  compel discovery responses.  (Dkts. 687, 689.)  There are also two appeals pending before the

22  Federal Circuit (Dkts. 587, 653), either one of which could result in a remand.

23       ***Third***, SAM asserts that denial of withdrawal will not delay Amazon's enforcement efforts

24  because "Amazon cannot serve a valid judgment debtor exam" under Cal. Civ. Proc. §§ 708.160

25  and 708.010 *et seq*. (Mot. at 7.)  But the debtor's exam is irrelevant. Amazon has also sought post-

26  judgment discovery under Federal Rule of Civil Procedure 69, and its motion to compel compliance

27  with this Court's April 27 order and motion to compel responses to written discovery remain

28  pending.  (*See* Dkts. 687; 679.)  Amazon also intends to seek additional relief from the Court,

including expressly as to SAM itself.

Even if it were relevant, however, SAM's assumption is incorrect. As its own authorities show, a district court's jurisdiction under Cal. Civ. Proc. § 708.160 is a contested issue, and not only as to "debtors outside the United States" as SAM incorrectly claims. (*See* Dkt. 689 at 5.) In *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, Chief Judge Walker "easily reject[ed]" the same argument asserted by both Washington state and Japanese entities as "misguided" because § 708.160(b) "does not apply to a foreign-based defendant"—*e.g.*, an "out of state" debtor. No. C 04-1249 VRW, 2008 WL 2790200, at *2 (N.D. Cal. July 17, 2008), *aff'd sub nom. Subramanian v. St. Paul Fire & Marine Ins.*, 494 F. App'x 817 (9th Cir. 2012); *see also* Mot. at 5 (citing *Vedatech*). In so holding, Judge Walker held that while Rule 69(a) adopts state law, nothing in the purpose of the rule "remotely suggests that a federal district court must cede jurisdiction to a state tribunal when a literal reading of the applicable state law indicates that enforcement proceedings must be held in a certain state court." *Id.* (citing *Ducheck v. Jacobi*, 646 F.2d 415, 417 (9th Cir. 1981); *see also United States v. Feldman*, 324 F. Supp. 2d 1112, 1118 (C.D. Cal. 2004) ("§ 708.160(b) does not apply to a foreign-based defendant").

***Finally,*** SAM relies on *Optrics*, which counsels *against* the unconditioned withdrawal that SAM seeks. (*See* Mot. at 8.) There, entity plaintiff Optrics dismissed its complaint and terminated counsel, despite unresolved counterclaims and a forthcoming settlement conference. 2020 WL 1815690, at *1. The court granted the motion, but only on six express conditions to mitigate the "substantial[] prejudice" to the defendant: (1) papers may be served on Optrics through counsel until substitute counsel appears; (2) Optrics must obtain new counsel within 30 days, or (3) the defendant may seek default judgment; (4) counsel and defendants must appear and respond to a pending motion for sanctions against them, particularly where counsel's participation is "indispensable, given their role in the discovery dispute that gave rise to the motion," and because counsel "cannot escape responsibility for these alleged improprieties by withdrawing at the eleventh hour"; (5) Optrics must participate in the motion for sanctions through counsel; and (6) Optrics must appear at the settlement conference with counsel or substitute counsel. *Id.* at *3. Here, in contrast, SAM seeks unconditional withdrawal. Should the Court grant the motion to

withdraw, it should do so only on similar conditions as those imposed in *Optics*.  At a minimum, the Court should require substitute counsel to appear and retain jurisdiction over SAM to resolve the pending request for sanctions and other requests for relief pertaining to SAM.

### 3.   Withdrawal is improper as PersonalWeb may not represent itself.

Given that entities cannot appear in this Court without representation by counsel, courts regularly deny motions to withdraw on this basis.  *See Arch Ins. Co. v. Sierra Equip. Rental, Inc.*, No. 2:12-cv-00617-KJM-KJN, 2016 WL 829208, at *2-3 (E.D. Cal. Mar. 3, 2016) (denying motion to withdraw where counsel "has not indicated he has attempted to locate substitute counsel or has attempted to advise Sierra of the potential consequences it would face in his absence."); *Chavez v. Won*, No. 1:19-CV-595-JLT, 2020 WL 5642342, at *3 (E.D. Cal. Sept. 22, 2020) ("Withdrawal would place GIJ Enterprises "in immediate violation of local rules as they would no longer have counsel to represent them."); *Jaguar Land Rover Ltd. v. A-Z Wheels LLC*, No. 13-CV-878 BEN (JMA), 2013 WL 12094184, at *1-2 (S.D. Cal. Dec. 10, 2013) (denying motion to withdraw because a corporation may appear in federal court only through licensed counsel).  The Court too should do so here; indeed, it has already denied SAM's improper attempt to substitute PersonalWeb "in pro per."  (Dkt. 685.)

The authorities upon which SAM relies to argue for a different result are inapposite.  (*See* Mot. 4-6.)  In the one case decided by this Court, *Senah, Inc v. Xi'an Forstar S&t Co, Ltd*, No. 13-CV-04254-BLF, 2016 WL 3092099, at *1 (N.D. Cal. June 2, 2016), withdrawal was permitted where the emergency motion to withdraw was *unopposed*.  *Id.* at Dkts. 131, 131-1, 132  The other cited authorities are similar, and involve a lack of prejudice to party opponents, irreconcilable conflicts between client and counsel, and other circumstances not present here.  *See Shuang Zhang v. Parfet*, No. 16-CV-04333-LHK, 2017 WL 1739163, at *2 (N.D. Cal. May 4, 2017) (granting unopposed motion to withdraw); *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, No. 09-CV-03529 JSW (NC), 2013 WL 12173032, at *2 (N.D. Cal. July 8, 2013) (granting unopposed motion to withdraw where the entity ceased to exist and filed a supporting statement, and where the motion asserted failure to pay by the entity client); *Vedatech*, 2008 WL 2790200, at *5 (granting motion to withdraw where counsel had no contact with the client for two years and

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  where prejudice would not accrue to the opposing party because the principal of the entity was a

2  pro se party); *Bragel Int'l Inc. v. Stickeebra*, No. CV 17-04860-AB (JEMx) 2018 WL 8244001, at

3  *2 (C.D. Cal. Aug. 15, 2018) (granting motion to withdraw where the court found no prejudice

4  because the entity was aware of the consequences of withdrawal, trial was nine months away, and

5  the court would extend discovery deadlines).  None of these circumstances apply here.  Withdrawal

6  is improper given the prejudice to Amazon and delay in enforcement of judgment.

## III.   CONCLUSION

8         For the foregoing reasons, Amazon respectfully requests that the Court deny SAM's motion

9  until the appearance of substitute counsel.

10                                            Respectfully submitted,

11  Dated:   June 8, 2021                     FENWICK & WEST LLP

13                                            By: /s/
                                              TODD R. GREGORIAN (CSB No. 236096)

15                                            Attorneys for AMAZON.COM, INC.,
                                              AMAZON WEB SERVICES, INC., and
                                              TWITCH INTERACTIVE, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW