MICHAEL G. FLETCHER (SBN 70849)
mfletcher@frandzel.com
CRAIG A. WELIN (SBN 138418)
cwelin@frandzel.com
BRUCE D. POLTROCK (SBN 162448)
bpoltrock@frandzel.com
FRANDZEL ROBINS BLOOM
& CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Third Parties BRILLIANT
DIGITAL ENTERTAINMENT, INC.;
EUROPLAY CAPITAL ADVISORS, LLC;
CLARIA INNOVATIONS, LLC

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted pro hac vice)
mmayer@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Counsel for AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC., and
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  PERSONAL WEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION, | Case No.: 5:18-md-02834-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | Case No.: 5:18-cv-00767-BLF |
| Plaintiffs v. | Case No.: 5:18-cv-05619-BLF |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, Defendants. | **JOINT STATEMENT RE AMAZON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTIES BRILLIANT DIGITAL ENTERTAINMENT, INC., EUROPLAY CAPITAL ADVISORS, LLC, AND CLARIA INNOVATIONS, LLC** |
| PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC, Plaintiffs, v. TWITCH INTERACTIVE, INC., Defendant. | |

I. **AMAZON'S STATEMENT**

Amazon asks the Court to compel Brilliant Digital Entertainment, Inc. ("Brilliant Digital"), Claria Innovations, LLC ("Claria"), and Europlay Capital Advisors, LLC ("Europlay"), insider-investors of PersonalWeb Technologies, LLC ("PersonalWeb"), to produce documents in response to subpoenas seeking information about their relationship and financial dealings with PersonalWeb. The Court previously ruled that PersonalWeb's misconduct made this case exceptional, and it ordered PersonalWeb to reimburse Amazon's fees and costs. (Dkts. 643, 648, 656.) But further misconduct by PersonalWeb and its principals, affiliates, and attorneys has prevented Amazon from collecting even a dollar of the Court's $5,403,122.68 judgment. (Dkt. 708.) There are two basic elements to the scheme:

**1. *PersonalWeb refused to comply with the Court's post-judgment discovery orders.*** PersonalWeb refused to pay the judgment, post a supersedeas bond, or respond to discovery requests, and refused to comply with two different court orders (Dkts. 664, 704) directing PersonalWeb to produce documents and respond to interrogatories. PersonalWeb's response instead was to "fire" its counsel Stubbs Alderton, but only from aspects of this case that concerned judgment enforcement. (Stubbs Alderton continued to act as counsel of record as to patent matters, and it remains an investor in PersonalWeb with a financial interest in these litigations.) When the Court rejected this attempt to evade its authority (Dkt. 685), Stubbs Alderton sought to withdraw unconditionally, leaving PersonalWeb in contempt of the Court's orders and effectively beyond its jurisdiction. (Dkt. 688.) Amazon has received only a small production of outdated bank records collected without meaningful supervision by Stubbs Alderton. (*See* Dkt 717.)

**2. *PersonalWeb's principals used its shell-company affiliates to obtain a state court receivership over PersonalWeb.*** The subpoenaed entities are PersonalWeb's shell company investors who serve the same principals.[1] The Court's original fee order prompted this group to trigger an asset protection scheme. They demanded that PersonalWeb immediately "repay" $19

---

[1] All three have the same beneficial owners as PersonalWeb: Claria owned 99% of PersonalWeb and had governing authority when PersonalWeb was formed; Kevin Bermeister, the Non-Executive Chairman of PersonalWeb, founded Brilliant Digital; and the former chairman and CEO of BDE, Kevin Bermeister's cousin Mark Dyne, founded Europlay. (*See* Dkt. 717-3 at 3.)

million in "loans" that do not mature until December 31, 2022. (*See id.*) They then requested a California state court appoint a receiver for their benefit and enjoin any other creditor from enforcing claims against PersonalWeb. (Dkt. 717-2.) PersonalWeb's President Michael Weiss signed a declaration *prepared on the stationery of the insiders' counsel* consenting to the receiver and the injunction. (Dkt. 717-4.) Brilliant Digital and the other insiders are now using the receivership to "lend" PersonalWeb additional funds to pay its ongoing business expenses (including paying attorneys to continue to pursue claims against Amazon, its customers, and others such as Google and Facebook), without paying any of the judgment. (Dkts. 717-7 & 717-8.) Even more troubling: the state court ordered *the receiver* to assume control of the "Collateral," which consists of these legal claims. (Dkt. 717-7.) But the receiver has confirmed that beyond providing "big picture" guidance, he has not done so. Instead, he has simply let PersonalWeb's principals (and potentially others, like the insider entities here) continue to run the litigations themselves. None of the original state court filings disclosed to that court that PersonalWeb and the insider-plaintiffs had the same beneficial owners, or that this group was colluding to prevent PersonalWeb's major creditor, Amazon, from collecting the judgment.[2]

***Motion to Compel***. The scope of post-judgment discovery is "very broad," with a "presumption [] in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment." *A&F Bahamas, LLC v. World Venture Grp., Inc.*, No. CV 17-8523 VAP (SS), 2018 WL 5961297, at *2 (C.D. Cal. Oct. 19, 2018) (citations omitted). And Amazon is entitled to explore corporate relationships and transfers in pursuit of alter ego theories. Code Civ. Proc. § 187; *Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate*, 11 Cal. App. 5th 509, 512, 515 (2017) (permitting discovery on the relationship between the debtor and related parties to establish possible alter ego liability).[3] Amazon's

---

[2] In other words, PersonalWeb (*i.e.*, Weiss and Bermeister) have colluded with the insiders (*i.e.*, Bermeister and his family) to try to place PersonalWeb beyond the reach of this Court's judgment while it continues to pursue its business in the normal course.

[3] Post-judgment discovery is governed by Fed. R. Civ. P. 69(a)(2), which provides, "In aid of the judgment or execution, the judgment creditor…may obtain discovery from any person…as provided in these rules ***or*** by the procedure of the state where the court is located." (emphasis added).

subpoenas seek documents about the relationship of the insider-investors, their financial dealings with PersonalWeb, and their involvement in the litigation that resulted in the fee award. (*See* Exs. 1-3.) The subpoenaed insiders provided only boilerplate objections. (*See* Exs. 4-6.)

The insiders contend that they do not have to produce documents due to the state court injunction. This objection is baseless. The District Judge already confirmed on the record that the state court injunction does not restrict this Court's jurisdiction and that the Court can continue to issue post-judgment discovery orders. (Dkt. 725 at 3, 13.[4]) That in and of itself is sufficient, but the preliminary injunction also simply does not apply to this action or to the discovery requests at issue. First, clause (b) exempts from the injunction "any pending enforcement actions by Defendant PersonalWeb concerning it intellectual property claims." (*See* Dkt. 717-6 at 4.) PersonalWeb initiated this action involving intellectual property claims and the preliminary injunction therefore does not purport to enjoin proceedings in this Court. Second, the subpoenas seek *discovery* from *non-parties*; they simply do not implicate the receivership or the disposition of any PersonalWeb assets. (*See id*.)

## II. STATEMENT OF BRILLIANT DIGITAL, CLARIA, AND EUROPLAY ("THIRD PARTIES")

On May 10, 2021, the Los Angeles Superior Court (Van Nuys) ("Receivership Court"), in pending Case No. 21VECV00575, *Brilliant Digital Entertainment, Inc., et al., v. PersonalWeb Technologies, LLC, et al*. ("Receivership Action") appointed Robb Evans and Associates LLC ("Receiver") as Receiver over Personal Web, pursuant to the Receivership Court's Order for Ex Parte Immediate Appointment of Receiver ("Receivership Order"). The Receivership Court is the first and only court to date to have taken jurisdiction over the secured creditors of PersonalWeb, PersonalWeb itself, and all of the assets of PersonalWeb, and the subject of the interrelationships between and among those parties and those assets. On June 1, 2021, the Receivership Court entered its Order for Entry of Preliminary Injunction in Aid of the Receiver ("Injunction Order"), which

---

[4] At the last case management conference, the District Judge suggested (without taking any position on the merits) that Amazon could pursue a second motion to compel compliance along with a request for contempt sanctions against both PersonalWeb and Stubbs Alderton. (Dkt. 725 at 10.) Amazon is currently considering its options in this regard.

FENWICK & WEST LLP
ATTORNEYS AT LAW

confirmed the Receiver's appointment and enjoined certain actions by PersonalWeb, its creditors, judgment holders, and others. Amazon has had notice of and received service of the Injunction Order. The Subpoena violates the Injunction Order, which Order provides, in part:

> … IT IS FURTHER ORDERED that except by leave of this Court, during the pendency of the receivership ordered herein, Defendant PersonalWeb, and all of its customers, principals, investors, collectors, stockholders, lessors, other creditors, judgment holders, and other persons seeking to establish or enforce any claim, debt, right, lien, or interest against Defendant PersonalWeb, or any of its subsidiaries or affiliates, and all others acting for or on behalf of such persons, attorneys, trustees, agents, sheriffs, constables, marshals, and any other officers and their deputies, and their respective attorneys, servants, agents, and employees, be and are hereby stayed from:
>
> (a) Commencing, prosecuting, continuing, or enforcing any suit, judgment, lien, levy, or proceeding against Defendant PersonalWeb, or any of its subsidiaries or affiliates, except such actions may be filed to toll any applicable statute of limitations; …
>
> … (d) Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, levy, writ, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon, any property, wheresoever located, owned by, claimed by, or in the possession of Defendant PersonalWeb, or any of its subsidiaries or affiliates, or the Receiver appointed pursuant to this Order or any agent appointed by said Receiver; and
>
> (e) Doing any act or thing whatsoever to interfere with the Receiver taking control or possession of, or managing the property subject to this receivership; or in any way to interfere with the Receiver; or to harass or interfere with the duties of the Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of Defendant PersonalWeb, or its subsidiaries or affiliates. …

A court appointing a receiver has exclusive jurisdiction over receivership property. (*O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1062, citing 2 Clark on Receivers (3d ed.1959), § 548(a), p. 889.) Further, "it must be held, in conformity with the general rule of comity established by a long line of authority, that the court which first takes the subject matter of a litigation into its control for the purpose of administering the rights and remedies with relation to specific property obtains thereby jurisdiction so to do, to the exclusion of the exercise of a like jurisdiction by other tribunals …" (*Cutting v. Bryan* (1929) 206 Cal. 254, 257 [state court quiet title action dismissed where federal receivership action filed first].) This principle applies to both federal and state courts. (*Princess Lida of Thurn and Taxis v. Thompson* (1939) 305 U.S. 456, 466, 59 S.Ct. 275, 280 ["[T]he principle applicable to both federal and state courts [is] that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other …"].)

On August 10, 2021, Amazon moved to intervene in the Receivership Action, and as set forth in the proposed Complaint in Intervention specifically sought to involve Third Parties (and Monto Holdings Pty LTD ["Monto"]) in the Amazon disputes with PersonalWeb. On November 17, 2021, the Receivership Court denied Amazon's intervention motion because, in part, Amazon has alternative ways to assert it positions as to PersonalWeb, and the secured creditors, in the Receivership Action. Then, on January 14, 2022, Amazon filed a Petition for Writ of Supersedeas with the California state Second District Court of Appeal ("2DCA"), seeking to stay the Receivership Action pending Amazon's appeal of the intervention denial order. Amazon again lost, the Court of Appeal having denied the writ petition on February 17, 2022. But, Amazon's appeal of the intervention denial order remains pending with the 2DCA. Amazon also has pending in the Receivership Court its motion to stay the action. Amazon has invoked the jurisdiction of both the Receivership Court and the 2DCA with respect to these disputes.

The Subpoena is also improper discovery under the doctrines of federalism and comity to be shown by a federal court to a state court, and under Fed. R. Civ. P. 69(a)(2), which not only is a contemptuous violation of the Injunction Order by Amazon and its legal counsel, but also seeks to circumvent Amazon's two Receivership Action losses regarding its attempt to intervene to become an active litigant in the state court at this time - because doing so would interfere with the Receivership. The Subpoena is also an improper "end run" to the discovery Amazon wants in the Receivership Action, but to which it is not entitled - at this time - because it is not a party to the Receivership action as a result of the Receivership Court's denial of leave to intervene, and it is premature in the Receivership Action for any such litigation activities, under the rulings of the Receivership Court and the 2DCA.

The Subpoena further appears to be an attempt by Amazon to disrupt and interfere with the funding of the Receivership by plaintiffs in the Receivership Action (Third Parties and Monto) ("Secured Creditors"), and the duties of the Receiver. On December 8, 2021, the Receivership Court granted Receiver's motion authorizing the Receiver to borrow money from the Secured Creditors and issue receivership certificates therefor in an aggregate amount up to $1,000,000 to fund litigation that could ultimately result in a very significant recovery for PersonalWeb. This not

only appears to be an attempt by Amazon to disrupt that funding by causing the Secured Creditors to spend money, notwithstanding the Injunction Order, dealing with Amazon's Subpoena, but is an actual attempt to disrupt the funding in the Receivership Action. The receivership assets are IP litigation proceedings that are the secured creditors collateral, MAINLY AGAINST AMAZON. This is a direct attack to disrupt that litigation and its funding.

Respectfully submitted,

Dated: March 18, 2022         FENWICK & WEST LLP

By: */s/ J. David Hadden*
    J. DAVID HADDEN

Attorney for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.

Dated: March 18, 2022         FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: */s/ Bruce D. Poltrock*
    BRUCE D. POLTROCK

Attorney for Third Parties BRILLIANT DIGITAL ENTERTAINMENT, INC.; EUROPLAY CAPITAL ADVISORS, LLC; CLARIA INNOVATIONS, LLC

**CERTIFICATION OF CONCURRENCE IN FILING**

I, J. David Hadden, am the ECF user whose identification and password are being used to file this Joint Statement. In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that Bruce D. Poltrock has concurred in this filing.

Dated:   March 18, 2022

/s/ J. David Hadden
J. DAVID HADDEN