UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION. | Case No. 18-md-02834-BLF<br><br>Case No. 5:18-cv-00767-BLF<br><br>Case No. 5:18-cv-05619-BLF<br><br>**ORDER GRANTING AMAZON'S MOTION TO COMPEL PRODUCTION FROM THIRD PARTIES**<br><br>Re: Dkt. No. 733 |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>    Defendants. | |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>TWITCH INTERACTIVE, INC.,<br><br>    Defendant. | |

The Court has reviewed the Parties' submissions and relevant case law and determines that this matter is suitable for resolution without oral argument. Civ. L.R. 7-1(b). Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon") is pursuing post-judgment discovery from third-party investors ("Third Parties") in PersonalWeb Technologies, LLC ("PersonalWeb"), seeking information about their relationship and financial dealings with PersonalWeb. Dkt. 733-1; 733-2; 733-3. The Third Parties' primary response to

subpoenas for production of documents is that the court in a state court receivership action, *Brilliant Digital Entertainment, Inc., et al., v. PersonalWeb Technologies, LLC, et al.*, Los Angeles County Superior Court Case No. 21VECV00575, is the first and only court to have jurisdiction over "the secured creditors of PersonalWeb, PersonalWeb itself and all of the assets of PersonalWeb, and the subject of the interrelationships between and among those parties and those assets." Dkt. 733, 4.

In support of this bold assertion, Third Parties cite *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 466 (1939) ("[T]he principle applicable to both federal and state courts [is] that the court first assuming jurisdiction **over property** may maintain and exercise that jurisdiction to the exclusion of the other …"). Dkt. 733, 5 (emphasis added). However, *Princess Lida* addresses the situation where both the federal and state actions are proceeding *in rem. Id.* at 466. By contrast, the action in this Court pursuant to which Amazon serves the disputed subpoenas is not an action *in rem* but an action *in personam*. This pertinent fact the Third Parties do not, because they cannot, dispute. *See generally* Dkt. 733. Well-established precedent speaks directly to the situation in this case. "It is settled law that state courts have no authority to bar – by injunction or otherwise – the prosecution of in personam actions in federal courts." *Meridian Investing & Development Corp. v. Suncoast Highland Corp.,* 628 F.2d 370, 372 n.3 (5th Cir. 1980). As such, authority governing conflicting *in rem* actions, such as that relied upon by Third Parties here, is inapposite. *See id.*; *see also* Wright & Miller, 17A Fed. Prac. & Proc. Juris. § 4212 (3d ed.), State Injunctions against Federal Proceedings, at n.24. Third Parties' additional arguments based on comity, along with a speculative suggestion that Amazon pursuing its entitled rights in this Court constitutes interference with the receivership action are, for the same reasons, unavailing. Amazon is properly pursuing discovery against the Third Parties in this Court.

As Amazon asserts in the Joint Submission, the scope of post-judgment discovery is broad, with a "presumption [] in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment." Dkt. 733 at 3 (citing *A&F Bahamas, LLC v. World Venture Grp., Inc.*, No. CV 17-8523 VAP (SS), 2018 WL 5961297, at *2 (C.D. Cal. Oct. 19, 2018)). Thus Amazon may explore corporate relationships and transfers

in pursuit of alter ego theories.  Code Civ. Proc. § 187; *see also,* Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor…may obtain discovery from any person…as provided in these rules or by the procedure of the state where the court is located.")

Accordingly, Amazon's motion to compel the production of documents pursuant to the subpoenas served on the Third Parties identified in Dkt. 733 is **GRANTED**.  The Third Parties, as defined in the subpoenas, shall each provide Amazon responses to the requests for production and produce any non-privileged, nonprotected, responsive documents within any of their possession, custody, or control within fourteen (14) days of the date of this Order.

**SO ORDERED.**

Dated: April 12, 2022

SUSAN VAN KEULEN
United States Magistrate Judge