UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>PERSONAL WEB TECHNOLOGIES, LLC<br>ET AL., PATENT LITIGATION | Case No. 18-md-02834-BLF (SVK)<br><br>**ORDER ON AMAZON'S MOTIONS TO COMPEL**<br>Re: Dkt. Nos. 771, 773 |

The Court is in receipt of two joint discovery submissions. In the first submission (Dkt. 771) judgment-creditors Amazon.com, Inc. and Amazon Web Services, Inc. ("Amazon") seek to compel post-judgment document productions from third parties Brilliant Digital Entertainment, Inc. ("BDE"), Claria Innovations, LCC ("Claria"), Europlay Capital Advisors, LLC ("ECA") and Monto Holdings PTY. Ltd. ("Monto") (collectively, "Respondents"), each of which is related in some fashion to judgment-debtor Personal Web Technologies, LLC ("Personal Web"). In the second submission (Dkt. 773), Amazon seeks production of more than 300 documents withheld by Respondents on the basis of a financial privacy privilege. *See also* Dkt. 773-1.

The Court has reviewed the joint submissions and supporting charts, post-judgment discovery filings and orders, as well as the relevant statutes and case law. The Court has determined that these disputes may be resolved without oral argument. Civ. L.R. 7-1(b).

### I.     Motion to Compel Post-Judgment Document Productions

Respondents BDE, Claria and ECA previously challenged the subject subpoenas with the argument that a related state court receivership action had sole jurisdiction over the assets of the judgement-debtor, PersonalWeb, as well as over the judgement-debtor's secured creditors. Dkt.

733.[1] The Court overruled that objection and ordered the Respondents to each "provide Amazon responses to the requests for production and produce any non-privileged, nonprotected, responsive documents within any of their possession, custody, or control." Dkt. 738. Though not argued in their joint submission at Dkt. 733, the Respondents submitted their formal objections to the subpoenas with the joint submission. Dkts. 733-4 (BDE); 733-5 (ECA); 733-6 (Claria). Those objections largely mirror the objections now at issue.

Amazon argues that all objections not raised in the previous joint submission (Dkt. 733) have been waived or abandoned and that this Court's previous Order (Dkt. 738) required the Respondents to answer "without objection." Dkt. 771 at 3. The Court does not find this argument persuasive in light of the fact that Respondents' formal objections were before the Court at the time of its previous ruling and the language of its previous order did not expressly exclude further objections. Dkt. 738 at 3. Thus, Respondents' current objections are not *per se* improper.

The Court has reviewed the disputed discovery charts submitted as to each Respondent wherein Respondents assert a variety of objections regarding breadth, vagueness and privilege. Dkts. 771-6 (BDE); 771-7 (Claria); 771-8 (ECA); 771-9 (Monto). Each side has also proposed compromises, and in some instances, the Parties have found common ground through their meet and confer efforts. Post-judgment discovery under Federal Rule of Civil Procedure 69 is broad, with a "presumption [] in favor of full discovery of any matters arguably related to [the creditor's] efforts to trace [the debtor's] assets and otherwise to enforce its judgement." *JW Gaming Dev., LLC v. James*, No. 18-2669, 2021 WL 2322265, at *4 (N.D. Cal. June 7, 2021) (quoting *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 n.9 (8th Cir. 1998)); *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. 06-3219, 2009 WL 5114077, at *4 (N.D. Cal. Dec. 18, 2009) ("As several federal courts have noted, Rule 69 discovery can indeed resemble the proverbial fishing expedition, 'but a judgment creditor is entitled to fish for assets of the judgment debtor.'") (citation omitted); *see also Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014)

---

[1] Though not a party to the previous discovery dispute (Dkt. 733), Monto agreed to be bound by this Court's Order at Dkt. 738. Dkt. 771 at 4.

(explaining that "[t]he rules governing discovery in postjudgment execution proceedings are quite permissive."). With this guideline in mind, the Court's specific rulings as to each request for each Respondent are set forth in Exhibits A-D hereto. Further, applicable to each and every request, the Court **ORDERS** as follows:

1. Excepted as noted in Exhibits A-D, Amazon's requests seek relevant information proportional to the needs of this post-judgment action.

2. Objections, except as noted in Exhibits A-D, are **OVERRULED** and a rolling production of responsive documents is to begin immediately and to be completed no later than September 30, 2022.

3. If a Respondent has already fully complied as ordered herein such that there are no additional responsive documents in its custody or control, it must so state in a declaration executed under penalty of perjury by a person with personal knowledge of the facts by September 30, 2022.

4. Subject to Ruling #5 immediately below and in accordance with the Court's ORDER on the assertion of a financial privacy privilege, also below, Respondents may withhold privileged documents only on the grounds of attorney client communication or attorney work product. All documents withheld on the basis of such privileges must appear on a privilege log to be served on Amazon no later than October 7, 2022.

5. ECA represents to the Court that, "One of Europlay's several lines of business is litigation advisory services which, in addition to providing advisory services, includes litigation support in return for which it receives a compensation" and that it conducts this business on behalf of clients who are not "even remotely related to PersonalWeb or Amazon." Dkt. 771-8 at 2-3. In light of this representation, to the extent ECA contends that this Order, notwithstanding narrowing of requests by the Court, would require production or logging of attorney client communications, attorney work product related to, or confidential financial information of a client that is unrelated to Personal Web or to any Respondent other than ECA, ECA may so indicate on its privilege log as follows:

3

> "In response to RFP No. __, ECA is withholding documents on behalf of (*number*) clients that ECA represents are unrelated to Personal Web, BDE, Claria, Monto or Amazon on the basis of (*identify privilege or protection*)."

Amazon may, following meet and confer with ECA, request further briefing on ECA's assertions of these privileges.  <u>Nothing in this paragraph supercedes or limits ECA's obligation to log documents for which it claims the attorney-client privilege or attorney work product protection on behalf of any client related in any way to Personal Web, BED, Claria, Monto or Amazon or to produce confidential financial information of any client related in any way to Personal Web, BED, Claria, Monto or Amazon in accordance with this Order.</u>[2]

6. All Respondents are represented in this matter by the Frandzel Robins Bloom & Csato, L.C. firm.  In the discovery charts counsel for Respondents, frequently disavow statements made in the meet and confer process upon which Amazon relies in accepting a compromise position.  Such disavowal is improper.  Counsel has a duty of candor before this tribunal, and that extends to representations to counsel made in the meet and confer process.

7. In light of its ruling above that Respondents did not waive or abandon the subject objections, Amazon's request for sanctions is **DENIED** without prejudice to renewal if Respondents fail to comply with this Order.

///
///
///
///
///
///
///

---

[2] *See* section II, *supra*.

4

## II. Motion to Compel Production of Documents Withheld on the Basis of Financial Privacy Privilege

In support of this joint submission (Dkt. 773), Respondents[3] submit a lengthy privilege log, asserting a "financial privacy privilege" to an estimated 325 documents. Dkt. 773-1. The privilege claims arise out of Respondents' overbreadth objections, which are addressed by the Court in Exhibits A-D hereto. Dkt. 773 at 5. In some instances, the Court has narrowed the scope of the disputed requests, and those rulings will reduce the number of documents at issue. Amazon objects to any claim of financial privacy on various grounds. *Id.* at 2-4. The Court addresses Amazon's argument that this claim of privilege has been waived or abandoned above and **OVERRULES** it here for the same reasons. The remaining issues are addressed below.

The Court recognizes that under certain circumstances, it may be appropriate for a third party to seek to protect financially sensitive information. *See Valdez v. Travelers Indem. Co. of Conn.*, Civ. A. No. 12-cv-04307-SBA (KAW), 2013 WL 3989583, at *5 (N.D. Cal. Aug. 2, 2013) ("The right of privacy in California extends to financial privacy in litigation, but is 'subject to balancing the needs of the litigation with the sensitivity of the information/records sought.'") (quoting *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999)). Both sides acknowledge, if reluctantly, that a balancing test is appropriate here. Dkt. 773 at 2, fn.1; 773 at 5.

The Court again turns to the breadth and scope of post-judgment discovery which, by its very nature, is directed at financial information, often in the possession of third parties with a relationship to the judgement-debtor. *JW Gaming Dev.*, 2021 WL 2322265, at *4 (denying motion to quash subpoena directed to third-party bank pertaining to accounts of judgment debtor and subordinate entities); *Ryan Inv. Corp.*, 2009 WL 5114077, at *4 ("As several federal courts have noted, Rule 69 discovery can indeed resemble the proverbial fishing expedition, 'but a judgment creditor is entitled to fish for assets of the judgment debtor.'") (citation omitted); *see also A&F Bahamas, LLC v. World Venture Grp., Inc.*, No. CV 17-8523 VAP (SS), 2018 WL

---

[3] In this joint submission, Respondents comprise only BDE, ECA and Monto. "There are no remaining privacy objections as to Claria." Dkt. 773 at 5. Notwithstanding this slight change in posture among the Respondents, for the Court's convenience, it will continue to refer to the three third parties subject to this motion collectively as "Respondents."

5

5961297, at *8 (C.D. Cal. Oct. 19, 2018) (overruling privacy objections of wife of judgment debtor to discovery of her personal financial documents). On the other side of the ledger from the broad reach of post-judgment discovery is the recognition that financial information can be highly sensitive for a variety of legitimate reasons. There is a robust Protective Order in place in this case that provides a category of protection subject to "Attorneys Eyes Only," which encompasses "financial/accounting information" and "business relationships with third parties." Dkt. 427 at 3-4. This level of protection will more than adequately protect any sensitivities that Respondents may have to producing this information. Although the Protective Order does not expressly cover productions by third parties, there is no prohibition to extending its coverage. Accordingly, the Court **ORDERS** as follows:

8. Amazon is to serve each Respondent with a copy of the Protective Order and a proposed stipulation extending the protections thereof to any designated documents no later than September 14, 2022. Amazon and Respondents are to meet and confer and file the executed stipulation no later than September 16, 2022. If the Parties are unable to agree on any provision, the Parties may submit a single Proposed Stipulation and for a disputed provision, set forth each side's language in a different color. The Court will select or modify the proposed language and enter the stipulation.

9. EXCEPT for the narrow exception as it applies to ECA set forth in Ruling #5 in Section I above, Respondents' claim of financial privacy privilege as a bar to production is **OVERRULED**. Responsive documents are to be produced, marked "ATTORNEYS EYES ONLY" no later than September 26, 2022 regardless of whether the stipulation to the Protective Order referenced above has been entered.

**SO ORDERED.**

Dated: September 12, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge