UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE PERSONALWEB TECHNOLOGIES, LLC ET AL. PATENT LITIGATION. | Case No. 18-md-02834-BLF   (SVK)<br>18-cv-0767-BLF (SVK)<br>18-cv-5619-BLF (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION RE WAIVER OF ATTORNEY-CLIENT PRIVILEGE**<br><br>Re: Dkt. No. 790 |
|---|---|

## I.  INTRODUCTION

Judgment creditor Amazon seeks to compel responses to interrogatories and production of documents in the custody of judgment debtor PersonalWeb's former counsel, the Stubbs Alderton law firm. Dkt. 790. Amazon's request arises out of a previous ruling by this Court ordering PersonalWeb to respond to outstanding discovery requests without objection and follows nearly a two year effort by PersonalWeb to avoid paying on the judgment. For the reasons set forth herein, the Court **GRANTS** Amazon's request.

## II.  FACTUAL BACKGROUND

### A.  Relevant Pleadings and Discovery

A brief review of discovery rulings leading up to the present motion provides context to this Order.

| Dkt. | Date | Order | |
|---|---|---|---|
|  | 04/19/2021 | Amazon serves interrogatories and requests for production on PersonalWeb ("April '21 Discovery") | |
| 687 | 05/21/2021 | Amazon Motion to Compel re bank records | |
| 689 | 06/01/21 | Joint Discovery Statement to compel interrogatory | |

| | | | |
|---|---|---|---|
| | | responses and production of documents ("April '21 Discovery") | |
| 704 | 07/21/2021 | Order re Dkt. Nos. 687, 689 | |
| | 07/30/2021 | PersonalWeb further responses to April '21 Discovery | |

### B. Scope of this Court's Previous Discovery Order

This Court's previous Order (Dkt. 704; "Order at Dkt. 704") provides in relevant part:

> Having carefully reviewed the Motion, the Letter Brief, the case file, and relevant legal authorities, the Court finds that PersonalWeb has waived its objections to post-judgment discovery served by Amazon and **ORDERS** that within 10 days of the date of this order, PersonalWeb must comply with the April 27, 2021 Order, respond fully and ***without objection*** [emphasis added] to Amazon's interrogatories and requests for production, and produce all requested documents.

#### 1. Motion to compel bank records (Dkt. 687)

Order at Dkt. 704 addressed two pending discovery disputes, a Motion to Compel (Dkt. 687) and a Joint Discovery Statement (Dkt. 689; "Joint Statement"). The Motion to Compel, a dispute arising out of the production of bank records to determine if PersonalWeb was able to satisfy the judgment, did not implicate either the attorney-client privilege or the attorney work-production protection. Dkt. 687. It is noteworthy, however, that during the meet and confer process preceding the Motion to Compel, PersonalWeb's counsel, the Stubbs Alderton firm, asserted that they did not represent PersonalWeb in the post-judgment proceedings (Dkt. 687 at 3), and thus began a long and tortured path of Stubbs Alderton's efforts to withdraw from this case before substituted counsel, now Lewis Roca Rothgerber Christie LLP, was willing to appear on PersonalWeb's behalf. *See* Dkt. 674; Dkt. 784.

#### 2. Joint Discovery Statement (Dkt. 689)

Order at Dkt. 704 also arises out of the Joint Statement (Dkt. 689), filed on June 1, 2021. The Joint Statement addresses a dispute comprising interrogatories (Dkt. 689-1) and requests for

production. Dkt. 689-2;"RFPs".  In the Joint Statement, Amazon asks the Court to compel PersonalWeb to respond to interrogatories and document requests served on April 19, 2021 ("April '21 Discovery"). Dkt. 689 at 2.  Amazon also argues that PersonalWeb waived all objections by refusing to respond to the subject interrogatories and requests for production. Dkt. 689 at 2, citing *Richmark Corp.v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  Though PersonalWeb tried to not be represented for the purposes of the Joint Statement, as explained in the Order at Dkt. 704, PersonalWeb did in fact assert its position through the Stubbs Alderton firm.  Dkt. Nos. 689 at 6; 704 at 4, n.2.  As quoted above, this Court ordered responses and production, without objection.

For the present motion addressing whether or not PersonalWeb waived its attorney-client privilege and attorney work-product protection (hereinafter collectively referred to as "privileges") pursuant to this Court's Order at Dkt. 704, the Court reviewed the April '21 Discovery and briefing that led to the Court's Order at Dkt. 704.

### a. Interrogatories (Dkt. 689-1)

In relevant part, PersonalWeb is defined to include attorneys:

> 3. "You," "Your," and "PersonalWeb" means PersonalWeb Technologies, LLC and its predecessors, parents, subsidiaries, divisions, officers, employees, agents, principals, beneficial owners, **and attorneys**, and each Person acting or purporting to act on its behalf or under its control.

Dkt. 689-1 at 3 (emphasis added).

Additional, Interrogatories no. 9 and no. 10 expressly address communications with counsel:

> **INTERROGATORY NO. 9:**
> **Identify all communications of any persons, including attorneys**, concerning the possibility or likelihood (or lack thereof) of any type of monetary award against PersonalWeb or its counsel (including but not limited to an award of fees, sanctions, or costs) in any litigation in which PersonalWeb was a plaintiff.
>
> **INTERROGATORY NO. 10:**
> **Did PersonalWeb rely upon any advice or communications of counsel** in assessing the possibility or likelihood (or lack thereof) of an adverse monetary award (including but not limited to an award of fees, sanctions, or costs) in any matter in the consolidated multidistrict litigation captioned *In re PersonalWeb*

3

*Technologies, LLC, Patent Litigation*, No. 5:18-md-02834-BLF (United States District Court, Northern District of California)?

Dkt. 689-1 at 7 (emphasis added).

### b. Requests for Production (Dkt. 689-2)

The Requests for Production are directed at a wide scope of Personal Web's foundational business documents as well as the paper trial of assets. The RFPs are unequivocal in being directed at documents within the custody and control of the Stubbs Alderton firm. First, in Definitions:

> 2. "PersonalWeb" means PersonalWeb Technologies, LLC, and its predecessors, parents, subsidiaries, divisions, officers, employees, agents, principals, beneficial owners, **and attorneys,** and each Person acting or purporting to act on its behalf or under its control.

Again in Instructions:

> 1. In answering the following requests, furnish all available information including information **in the possession, custody, or control of you or any of your attorneys**, agents, employees, representatives, associates, investigators, affiliates, partners, partnerships, and persons under your control.

And yet again in the instruction specifically directed to a claim of privilege:

> 6. Where a **claim of privilege** is asserted in responding or objecting to any of these requests and information is not provided on the basis of such assertion . . . .

Dkt. 689-2 at 2, 3 (emphasis added).

As evidenced on the face of the foregoing documents, the Interrogatories and the RFPs clearly encompass privileged information and documents and PersonalWeb ignored this discovery at its peril, as reflected in Court's language in the Order at Dkt. 704. Following the Order at Dkt. 704, on July 30, 2021, PersonalWeb provided some additional responses and documents but continued to assert its claims of privilege. Dkt. 790 at 2, 5. Dissatisfied with PersonalWeb's current counsel's efforts to comply with the Order at Dkt. 704, Amazon now seeks the Court's assistance.

4

### III. PERSONALWEB WAIVED ITS PRIVELEGE OBJECTIONS

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). In assessing waiver, it is important that the context in waiver arises, particularly wavier of privilege, be considered. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("In assessing the validity of a claim of privilege, however, we must consider the context in which such a claim is made"). Though arising in criminal proceedings, *Davis* is instructive:

> Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection. This is true **even of an objection that the information sought is privileged**.

*Id*. (emphasis added.)

Against this legal framework and the factual history laid out above, PersonalWeb argues that privilege not waived as a result of its failure to respond to discovery. Dkt. 790 at 4-5. First, PersonalWeb suggests that this Court's Order at Dkt. 704 for PersonalWeb to respond to the discovery "without objection" is either a *sua sponte* ruling that privilege had been waived or is too ambiguous to find waiver now. *Id*. Neither argument stands in face of the context in which this Court issued its Order at Dkt. 704. First, the discovery which gave rise to the Joint Statement unambiguously sought information and documents in the custody and control of PersonalWeb's counsel at the Stubbs Alderton firm. Second, in the Joint Statement (Dkt. 689), Amazon clearly argued that PersonalWeb had waived "all its objections," and cites *Richmark* in support. *Id*. at 2, 3. PersonalWeb's failure respond to discovery directed to its counsel, followed by its failure to argue in the Joint Statement that it had not waived objections, cannot now save its privilege claims. *Richmark; Davis*. This context, taken together with Order at Dkt. 704 that PersonalWeb was to respond "without objection," makes it abundantly clear that PersonalWeb waived its privilege objections in failing to timely respond to the subject discovery requests.

### IV. AMAZON'S MOTION IS TIMELY

PersonalWeb argues that the present motion, to compel full and complete responses and a document production without regard for privilege based upon PersonalWeb's responses served in July 2021, is untimely. While under ordinary circumstances filing a motion to compel more than year after discovery responses could be problematic, since judgment was entered in this case PersonalWeb has engaged in extraordinary efforts to avoid enforcement.

A detailed chronology of PersonalWeb's efforts in this regard would require more judicial resources than this argument merits, though it can be gleaned from the docket. It suffices to note that the Joint Statement (Dkt. 689) was filed to compel responses to post-judgment discovery to which PersonalWeb simply chose not to respond. Following the Order at Dkt. 704, PersonalWeb's further responses in July 2021, by PersonalWeb's own admission, defied the Order Dkt. 704 by continuing to assert privilege. Dkt. 790 at 5. The Court takes Amazon at its word that it met and conferred with PersonalWeb in the ensuing weeks to resolve the outstanding issues. Dkt. 790 at 3. However, as PersonalWeb acknowledges in this motion, in September 2021, PersonalWeb investors had instituted a receivership action in state court, taking the position that Amazon's discovery efforts were enjoined by that proceeding. *See* Dkt. 790 at 5. PersonalWeb's position was unfounded (Dkt. 738), and in April 2022 proceedings resumed in this Court, along with Stubbs Alderton's efforts to withdraw and PersonalWeb's continued efforts to avoid an appearance of counsel. Dkt. 728; 760; 769. Finally, on September 15, 2022, new counsel appeared on PersonalWeb's behalf (Dkt. 784), and, as evidenced by the representation that further, non-privileged documents are forthcoming, meet and confer efforts have continued in recent weeks. Dkt. 790 at 4. However, Amazon cannot wait forever. The next logical step was this motion to compel, which the Court GRANTS for the reasons set forth herein.[1]

---

[1] Amazon also posited an argument that previous counsel for PersonalWeb conceded that privilege had been waived. PersonalWeb opposes. Dkt. 790. Because it finds waiver for the reasons stated herein, the Court does not reach this argument.

## V. CONCLUSION

PersonalWeb has waived its attorney-client privilege and attorney work product protection regarding the subject discovery and is to provide complete responses and a complete document production. Just prior to issuing this Order, the Parties filed a stipulation reflecting the fruit of their meet and confer efforts as to the process and timing of document productions of non-privileged materials. The Court expects the Parties will be able to incorporate this Order and proceed with production of all responsive materials in a timely manner. If not, Amazon may submit a proposed order to the Court with a deadline for completion of production as ordered herein.

**SO ORDERED.**

Dated: October 31, 2022

SUSAN VAN KEULEN
United States Magistrate Judge