UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE PERSONALWEB TECHNOLOGIES, LLC, et al., PATENT LITIGATION | Case No. 18-md-02834-BLF (SVK)<br><br>**ORDER FOLLOWING STUBBS, ALDERTON STATUS REPORT OF JANUARY 31, 2023 DENYING AMAZON'S REQUEST FOR LOGGING OF DOCUMENTS**<br><br>**RE: DKT. NOS. 843, 845** |
|---|---|

The Court is in receipt of the status report prepared by the Stubbs, Alderton law firm ("SAM") (Dkt. 843) pursuant to this Court's orders (Dkts. 836-1, 842) following a hearing on January 5, 2023. In its most recent order, the Court reiterated that it would ask for further briefing if needed. Without waiting for an invitation from the Court, Amazon filed a response. Dkt. 845. Only because the Court was in the process of soliciting a response from Amazon, the Court will, in this instance, consider the submission.

In pursuit of judgment-debtor PersonalWeb, judgment-creditor Amazon has come to this Court for assistance in compelling production from PersonalWeb and subpoenaed third parties Brilliant Digital Entertainment, Inc. ("BDE"), Monto Holdings, Pty, Ltd. ("Monto"), Europlay Capital Advisors, LLC ("ECA") and Claria Innovations, LLC ("Claria"). Dkts. 687, 801. As a result, the Court has had substantial involvement in the process of extracting relevant documents from PersonalWeb, subpoenaed third parties, and SAM, not a subpoenaed third party but a custodian of documents over which PersonalWeb has legal control. Dkts. 704, 793, 799, 803, 816, 826, 836, 842.[1] In navigating this process, the Court has carefully weighed the generally broad scope of post-judgment discovery, the third-party status, albeit with ties to PersonalWeb, of the above-referenced custodians, and the proportionality requirements of Rule 26. With regards to SAM, production is further complicated by issues of privilege held by persons or entities other than PersonalWeb which have not been waived. It is against this backdrop that, following

---

[1] Of particular note to this dispute is Dkt. 793, wherein the Court clarified that *PersonalWeb* had waived its attorney client privilege.

Amazon's motions to compel (Dkts. 687, 801) and the January 5 hearing, SAM was ordered to address five open issues. Dkt. 836-1. Of those issues, one remains and is the subject of the current submissions (Dkts. 843, 845):

> In re documents identified pursuant to the search terms and participants identified at the hearing but upon review SAM has a good faith belief either do not belong to PersonalWeb or implicate privileges held by third parties, SAM to identify the parameters of the problem, including the number of documents at issue, and propose a timeline for resolution in accordance with this Order.

In its latest status report, SAM details its review process of the subject documents by counsel and identifies and quantifies the following categories of documents it is withholding: (1) documents that do not belong PersonalWeb or belong to other clients of SAM (2,500); (2) documents that are SAM work product not shared with PersonalWeb's directors, officers or employees (9,700); (3) documents that are the product of Europlay Capital Advisors litigation consulting services who provided confidential consulting services to PersonalWeb's outside litigation counsel (5,800); and (4) documents that are not responsive, such as lunch schedules (4,900). Dkt. 843 at 2.

Amazon points out that SAM is withholding a total of 18,000 (categories 1-3) responsive documents, without any detail as to the basis for withholding. Dkt. 845. Amazon also complains that SAM has "artfully worded" the status report to justify withholding otherwise responsive documents, such as holding back work product unless it was shared specifically with a PersonalWeb "director, officer or employee." *Id*. Amazon asks this Court to order that the 18,000 responsive but withheld documents be formally logged with sufficient information to justify withholding. *Id*.

The Court returns to balancing on one hand the broad scope of post-judgment discovery[2] and the well-developed record before it as to the relationships between PersonalWeb, the subpoenaed parties and SAM. *See, e.g.*, Dkts. 801, 808, 814, 824, 833, 834. On the other side of the balance is SAM's representations to this Court in its two post-hearing status reports

---

[2] The Court is informed that in excess of 100,000 documents have been produced pursuant to its previous orders.

2

(Dkts. 837, 843) that its withholding documents only on the good faith belief of counsel that the documents either do not belong to PersonalWeb or implicate privileged communications or protected work product of third parties, neither of which are subject to production under this Court's prior orders.  This Court's latest order, Dkt. 842, directed SAM to "identify the parameters of the problem, including the number of documents at issue," and SAM has done so.  As for a "timeline for resolution," SAM states that it is continuing to review these categories to ensure documents were properly withheld, and points to a recent subsequent production of 46 documents initially improperly designated.  Dkt. 843 at 2.  SAM further states that it anticipates completion of its review and withholding tasks in approximately a week's time.  *Id*.

Amazon's request that SAM, a third party not under subpoena, develop a detailed log of 18,000 documents sufficient to justify withholding where the only waiver of privilege is by PersonalWeb and the documents are being withheld based upon a good faith belief of counsel after detailed review that they are outside the scope of PersonalWeb's waiver, is not proportional to the needs of the case on the record before this Court.  Although Amazon points to the interrelationship of the subpoenaed parties, SAM and PersonalWeb as the basis for its charge that SAM created "a constellation of shell entities to serve the same principals and shield them and PersonalWeb from every having to pay an adverse judgment," (Dkt. 845 at 2) that claim is not enough to further burden SAM in its search for documents belonging to PersonalWeb for production pursuant to this Court's prior orders.  The Court is satisfied that SAM has fulfilled its obligations in responding to PersonalWeb's directive to turn over its documents.  The review and any subsequent production referenced in SAM's status report is to be completed **no later than February 10, 2023**, and SAM is to file a statement attesting to its completion of that process **no later than February 13, 2023.**

**SO ORDERED.**

Dated: February 6, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge