UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PERSONALWEB TECHNOLOGIES, LLC, et al., PATENT LITIGATION | Case No. 18-md-02834-BLF   (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 860 |

Before the Court is the Parties' Joint Discovery Submission regarding an alleged waiver of privilege by third party investors ("Investors") who have previously appeared in this action. Judgment-creditor Amazon seeks an order compelling production of certain communications by the Investors, arguing that the inclusion of PersonalWeb's attorney, Jeff Gersh, in the communications waives any claim of privilege. Amazon also argues that the Investors' production of related communications constitutes a subject matter waiver. The Investors claim that there has been no waiver based upon a variety of facts as to who was representing whom when, the common interest doctrine and attorney work-product. The Court has reviewed the submission and supporting exhibits and will benefit from more complete briefing on the issue of waiver.

**I.    Amazon's motion to compel production.**

First, the Court calls the Parties' attention to this Court's Civil & Discovery Referral Matters Standing Order, updated January 2023, which allows ten pages, double-spaced, for joint discovery submissions. The standing order also admonishes against argument in footnotes. The supplemental briefing must comply with this Court's Order as to the use of footnotes. The Parties will file supplemental briefs on the following schedule:

| | |
|---|---|
| Amazon's supplemental brief, not to exceed 10 pages: | April 7, 2023 |
| Investors' supplemental brief, not to exceed 10 pages: | April 19, 2023 |
| Amazon's reply brief, not to exceed 5 pages: | April 26, 2023 |

The Parties may include supporting declarations where appropriate but are cautioned that declarations may only set forth facts, not argument. The Court will set a hearing if needed.

The Parties' briefing may enhance any argument in the Joint Submission or set forth new argument, and should also address the following:

1. The Court is interested in authority that addresses the waiver of privilege where the communication arguably undermining the privilege is with counsel who is engaged in dual representation, as is Mr. Gersh/SAM.

2. The Investors raise an argument of attorney work product, suggesting that "Disclosure of the materials to Gersh was not the equivalent of disclosure to PW itself." The Court is not so certain. *See* topic no. 1 above.

3. It appears unlikely to the Court that a common interest privilege would apply as between PersonalWeb and the Investors in light of the receivership action in state court. The Court is interested in additional authority reflective of or analogous to the positions of PersonalWeb and the Investors on this issue.

4. Amazon argues subject matter waiver because an Investor produced "other emails with Mr. Gersh and 'other PersonalWeb representatives' concerning the loan transactions . . . . " If Amazon seeks to pursue this argument, it must specifically identify exemplar emails including the "other PersonalWeb representatives" that purportedly lead to waiver. Relevant portions of any exemplars are to be highlighted.

////
////
////
////
////

2

**II.     Amazon's motion to compel logging of certain documents by the Investors.**

This request is **DENIED** for the reasons previously stated when the subject documents were identified on the record as being transferred from the SAM law firm to the Investors and is not to be addressed in the supplemental briefing.  *See* Dkt. 850.

**SO ORDERED.**

Dated: March 28, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

3