J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (*admitted pro hac vice*)
mmayer@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHRISTOPHER S. LAVIN (CSB No. 301702)
clavin@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988.8500
Facsimile: (650) 938.5200

Counsel for AMAZON.COM, INC.,
AMAZON WEB SERVICES INC., and
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION, | Case No. 5:18-md-02834-BLF |
| | Case No. 5:18-cv-00767-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | Case No. 5:18-cv-05619-BLF |
| Plaintiffs, | **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES OF AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC. IN SUPPORT OF FURTHER SUPPLEMENTAL FEES REQUEST** |
| v. | |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | |
| Defendants. | |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | Date: October 5, 2023<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 5th Floor<br>Judge: Hon. Beth L. Freeman |
| Plaintiffs, | |
| v. | |
| TWITCH INTERACTIVE, INC., | |
| Defendant. | |

# TABLE OF CONTENTS

*Page*

NOTICE OF MOTION AND MOTION FOR SUPPLEMENTAL ATTORNEY FEES............... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

I.    THE REQUESTED FEES ARE RECOVERABLE. ............................................................ 2

      A.    The Court should award Amazon fees for the multiple meritless appeals............... 3

      B.    The Court should award fees that Amazon incurred on the fee award. ................... 5

      C.    The Court should award fees for attempting to enforce the judgment.................... 6

           1.    The Court should award fees for PersonalWeb's judgment avoidance tactics in this Court. .................................................................... 6

           2.    The Court should award fees for PersonalWeb's attempt to use a separate state court proceeding to undermine this Court's jurisdiction over its judgment. ................................................................... 7

II.    THE REQUESTED FEES ARE REASONABLE. ............................................................ 10

FENWICK & WEST LLP
ATTORNEYS AT LAW

MOT. AND MPA ISO
SUPP. FEES (MAY 2023)

i

CASE NOS.: 5:18-md-02834-BLF;
5:18-cv-00767-BLF; 5:18-cv-05619-BLF

# TABLE OF AUTHORITIES

**Page(s)**

*Cases:*

*Amneal Pharms. LLC v. Almirall, LLC*,
  960 F.3d 1368 (Fed. Cir. 2020) .................................................................................................. 8

*Berti v. Santa Barbara Beach Props.*,
  145 Cal. App. 4th 70 (2007) ....................................................................................................... 8

*Carnes v. Zamani*,
  488 F.3d 1057 (9th Cir. 2007) .................................................................................................... 8

*Central Soya Co. v. Geo. A. Hormel & Co.*,
  723 F.2d 1573 (Fed. Cir. 1983) .................................................................................................. 5

*Fox v. Vice*,
  563 U.S. 826 (2011) .................................................................................................................... 2

*G & G Fire Sprinklers, Inc. v. Bradshaw*,
  156 F.3d 893 (9th Cir. 1998), *vacated on other grounds, sub nom.
  Bradshaw v. G & G Fire Sprinklers, Inc.*, 526 U.S. 1061 (1999) ...................................... 8

*Goodyear Tire & Rubber Co. v. Haeger*,
  581 U.S. 101 (2017) .................................................................................................................... 2

*Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*,
  995 F.2d 414 (3d Cir. 1993) ....................................................................................................... 8

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) .................................................................................................................... 8

*In re PersonalWeb Techs. LLC*,
  961 F.3d 1365 (Fed. Cir. 2020) .................................................................................................. 4

*In re PersonalWeb Techs. LLC*,
  No. 2020-1566, 2021 WL 3557196 (Fed. Cir. Aug. 12, 2021) .......................................... 5

*In re Rembrandt Techs. LP Pat. Litig.*,
  899 F.3d 1254 (Fed. Cir. 2018) .................................................................................................. 2

*Ketchum v. Moses*,
  24 Cal. 4th 1122 (2001) .............................................................................................................. 8

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*,
  719 F.3d 1367 (Fed. Cir. 2013) .................................................................................................. 4

MOT. AND MPA ISO
SUPP. FEES (MAY 2023)                                ii                       CASE NOS.: 5:18-md-02834-BLF;
                                                                              5:18-cv-00767-BLF; 5:18-cv-05619-BLF

*Mathis v. Spears*,
  857 F.2d 749 (Fed. Cir. 1988) ........................................................................................ 8

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*,
  726 F.3d 1359 (Fed. Cir. 2013) ...................................................................................... 7

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014) ........................................................................................................ 9

*PersonalWeb Techs., LLC v. Patreon, Inc.*,
  142 S. Ct. 2707 (2022) .................................................................................................... 4

*PPG Indus., Inc. v. Celanese Polymer Specialties Co.*,
  840 F.2d 1565 (Fed. Cir. 1988) ...................................................................................... 8

**Statutes & Rules:**

35 U.S.C. § 285 ................................................................................................................. *passim*

Cal. Code Civ. P. § 685.040 ........................................................................................................ 8

**Other Authorities:**

18A Charles A. Wright, *Fed. Prac. and Proc.* § 4435 (2d ed. 2002) ............................................ 4

MOT. AND MPA ISO
SUPP. FEES (MAY 2023)   iii   CASE NOS.: 5:18-md-02834-BLF;
5:18-cv-00767-BLF; 5:18-cv-05619-BLF

**NOTICE OF MOTION AND MOTION FOR SUPPLEMENTAL ATTORNEY FEES TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on October 5, 2023, at 9:00 a.m. at the United States District Court for the Northern District of California, 280 South First Street, San Jose, California, in the courtroom of the Honorable Beth L. Freeman, Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon") will and hereby do move the Court for an order granting Amazon its further supplemental attorney fees and non-taxable costs. Amazon bases its motion on this notice, the accompanying memorandum of points and authorities, the supporting declarations of Todd R. Gregorian, Steven K. Davidson, and Stephen B. Kinnaird, and their accompanying exhibits, all pleadings and documents on file in this action, and such other materials or argument as the Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On March 20, 2020, Amazon moved for "the full amount of attorney fees and non-taxable costs that [it] incurred in defending this exceptional case." (Dkt. 593 at 16.) On March 2, 2021, the Court granted Amazon its reasonable fees and costs for work on this matter between January 2018 through February 2020. (Dkt. 648.) Amazon then requested its supplemental fees and costs to account for work on this matter between March 2020 and February 2021 by submitting a declaration substantiating those fees. (Dkt. 649.) The Court awarded Amazon its reasonable supplemental fees and costs but denied recovery of fees related to a pending Federal Circuit appeal, without prejudice to Amazon renewing its request after the appeal had concluded. (Dkt. 656.)

Since that time, the parties have stipulated to extend the deadline for Amazon to request further supplemental fees, to avoid burdening the Court with serial requests. On May 5, 2023, Amazon timely submitted declarations for further supplemental fees for work on this matter between March 2021 and March 2023. (Dkts. 873-875.) On May 8, 2023, the Court ordered Amazon to file a motion for supplemental fees. (Dkt. 876.) Amazon now moves for its further supplemental fees and costs as set forth in its declarations and asks that the Court award the full amount requested. The requested fees are recoverable, and Amazon has already reduced its request by hundreds of thousands of dollars to ensure reasonableness.

I.     **THE REQUESTED FEES ARE RECOVERABLE.**

Amazon requests supplemental fees and costs for work performed between March 2021 and March 2023. This work resulted from PersonalWeb's prolonging this case by pursuing three appeals and cycling through a litany of schemes to avoid paying the judgment. The Court has already found the case exceptional on five separate grounds:

> (1) PersonalWeb's infringement claims related to Amazon S3 were objectively baseless and not reasonable when brought because they were barred due to a final judgment entered in the Texas Action; (2) PersonalWeb frequently changed its infringement positions to overcome the hurdle of the day; (3) PersonalWeb unnecessarily prolonged this litigation after claim construction foreclosed its infringement theories; (4) PersonalWeb's conduct and positions regarding the customer cases were unreasonable; and (5) PersonalWeb submitted declarations that it should have known were not accurate.

(Dkt. 636 at 33.)

While the amount of a fee award under Section 285 "must bear some relation to the extent of the misconduct," a calculation of fees "does not require a tedious, line-by-line investigation of the hours" expended. *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1279-80 (Fed. Cir. 2018). In other words, "'[t]he essential goal' in shifting fees[] is 'to do rough justice, not to achieve auditing perfection.'" *Id.* at 1280 (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017)). "The court may decide, for example, that all (or a set percentage) of a particular category of expenses—say, for expert discovery—were incurred solely because of a litigant's bad-faith conduct." *Id.* Ultimately, determining reasonable fees remains an exercise of the district court's discretion. *See id.* at 1278, 1280. And full fees may be warranted when a party engages in "extensive misconduct [] enough to comprise an abusive pattern or a vexatious strategy that was pervasive enough to infect the entire litigation." *Id.* at 1279 (internal quotations omitted).

The Court previously ruled that for fee-shifting under Section 285, the required "'causal connection' … between the misbehavior and the legal fees imposed [ ] 'is most appropriately framed as a but-for test: The complaining party ... may recover "only the portion of his fees that he would not have paid but for" the misconduct.'" (Dkt. 648 at 4 (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)). As explained in greater detail below, Amazon's supplemental fees relate to three basic categories: (a) defense of PersonalWeb's multiple meritless appeals; (b) the motion to recover fees

under Section 285 and related work, including the defense of PersonalWeb's appeal of the fee award; and (c) work performed attempting to secure or enforce the fee award. Amazon would not have incurred these supplemental fees and costs but for PersonalWeb's exceptional conduct. And even more, the bad-faith tactics employed by PersonalWeb and its principals and agents to avoid paying the judgment—which this Court has repeatedly noted—provide another basis to find that PersonalWeb's exceptional conduct pervaded the entire case.

### A.   The Court should award Amazon fees for the multiple meritless appeals.

Amazon seeks fees based on the following two appeals: (1) PersonalWeb's petition for certiorari of the Federal Circuit's decision affirming this Court's *Kessler* ruling; and (2) PersonalWeb's appeal of this Court's rulings on claim construction and non-infringement. The Court previously denied Amazon's request for fees concerning the claim construction and non-infringement appeal in the amount of $106,291.43 without prejudice to renewal after the Federal Circuit's decision. (*See* Dkt. 656 at 2-3.) Amazon renews its request for those fees along with the additional fees it has incurred defending the appeal since.

The first appeal of claim preclusion/*Kessler* doctrine issues followed the Court's grant of summary judgment, holding that claim preclusion barred PersonalWeb's claims up to the date of final judgment in the earlier Texas Action, and that the *Kessler* doctrine barred PersonalWeb's post-judgment claims. (Dkt. 394 at 23, 26.) The Court has *already found* the fees Amazon incurred for claim preclusion/*Kessler* issues, including on appeal, to be recoverable and awarded them. (Dkt. 648 at 22 ("The Court determines Amazon is entitled to $135,720.79 in attorneys' fees for 271.1 hours of work related to the federal circuit appeal."); Dkt. 656 at 3-4 ("Defendants request reimbursement for additional fees in the amount $98,019.07 incurred defending the appeal of the Claim Preclusion/*Kessler* Doctrine …. The requested amount[] will be granted.").)

The Court ruled originally that the "uncorroborated and self-serving" nature of the declarations that PersonalWeb submitted did not create a genuine dispute of material fact about the subject matter of the Texas Action in light of the "plain meaning of the Texas Complaint, infringement contentions, and discovery requests." (Dkt. 394 at 18.) On appeal, PersonalWeb persisted in its arguments that "claim preclusion is inapplicable [to the claim in the Northern

FENWICK & WEST LLP
ATTORNEYS AT LAW

District of California] because the Texas case involved a different feature of Amazon's S3 system, and therefore a different cause of action, than the feature that is at issue [in this suit]" and that "the with-prejudice dismissal of the action against Amazon in the Texas case did not constitute an adjudication of non-infringement and is therefore insufficient to trigger the *Kessler* doctrine." *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1374 (Fed. Cir. 2020).

The Federal Circuit agreed with this Court, upholding the order and rejecting both challenges. *Id.* It held that PersonalWeb had indeed accused the same feature of Amazon's S3 system in the Texas case as in the Northern District of California case and "PersonalWeb's assertion … is thus at odds with the representations PersonalWeb made in the Texas case." *Id.* at 1376. Second, the panel "reject[ed] PersonalWeb's contention that the issue of non-infringement must be 'actually litigated' in order to invoke the *Kessler* doctrine. PersonalWeb's stipulated dismissal with prejudice in the Texas case operated as an adjudication on the merits for claim preclusion purposes." *Id.* at 1379 (citing *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1372–73 (Fed. Cir. 2013); 18A Charles A. Wright, *Fed. Prac. and Proc.* § 4435 (2d ed. 2002)). The Federal Circuit's reliance on PersonalWeb's *own* representations and proffered legal authority to reject its appeal should have made it apparent to PersonalWeb that its appeal would be unsuccessful. Moreover, before suing, PersonalWeb relied on a first opinion of counsel that did not consider the *Kessler* doctrine at all. (Dkt. 608-1 ¶ 4.) It also obtained a second opinion (Dkt. 608-8), which concluded that *Kessler* preclusion was unlikely to apply, despite acknowledging that under this Court's precedent it requires only a "final judgment," not that the infringement issues were "actually litigated" in the earlier case. (*Id.* at 9-10.) The appeal on claim preclusion/*Kessler* doctrine was more of the same "objectively baseless" and "unreasonable" positions that the Court found made the case exceptional. Undeterred, PersonalWeb appealed the claim preclusion/*Kessler* doctrine issue to the Supreme Court forcing Amazon to incur even more fees. *PersonalWeb Techs., LLC v. Patreon, Inc.*, 142 S. Ct. 2707 (2022). The Supreme Court summarily denied the writ. *Id.* Regardless of these appeals on the claim preclusion/*Kessler* doctrine, the Court's separate claim construction and non-infringement rulings in favor of Amazon foreclosed relief for PersonalWeb making this appeal moot. The Court should, consistent with its past finding that PersonalWeb's

exceptional conduct was a "but for" cause of Amazon incurring similar appeal fees, award the supplemental fees as well.

PersonalWeb's second appeal concerned the claim construction and non-infringement orders, specifically focusing on the claim term "unauthorized or unlicensed." *In re PersonalWeb Techs. LLC*, No. 2020-1566, 2021 WL 3557196 (Fed. Cir. Aug. 12, 2021). This Court had found PersonalWeb's position that Amazon was reading out claim language in its proposed construction was based on arguments with only "superficial appeal," "without support," and "without merit," as the Court relied on the plain language and intrinsic record to grant Amazon's construction. (Dkt. 485.) In its opinion, the Federal Circuit stated "PersonalWeb's primary argument on appeal is the same as its primary argument before the district court, namely, that the court's construction fails to give meaning all of the words in the claim." *In re PersonalWeb Techs.*, 2021 WL 3557196, at *4. The panel in a brief six-page opinion disposed of the appeal, ruling the Court's claim construction was "correct" and that the Court "correctly granted summary judgment in favor of Amazon." *Id.* at *4, 6. PersonalWeb on appeal recycled arguments this Court had rejected. Amazon incurred fees defending this appeal because of PersonalWeb's exceptional conduct as well, as PersonalWeb presented substantively weak positions, and that appeal followed years of PersonalWeb changing its infringement theories, assertions about what technologies were accused, and attempts to reinterpret the Court's claim constructions. While the Court previously partially reduced "claim construction" and "non-infringement" fees (Dkt. 648 at 18-21), a full award is warranted here for these reasons, as well as because PersonalWeb has continued to engage in pervasive misconduct.

**B.     The Court should award fees that Amazon incurred on the fee award.**

The second category of fees relate to the motion to recover fees under Section 285 and related work, including responding to PersonalWeb's appeal of the fee award. As this Court has previously explained, § 285 allows "for the recovery of fees for time spent on the issue of attorneys' fees itself." Dkt. 648 at 23 (citing *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). The additional fees that Amazon incurred in seeking fees, including responding to the appeal of the fee order, are likewise recoverable, and the Court should grant them. The

Court's exceptional case order and fee award remain pending on appeal with oral argument scheduled for June 9, 2023. These fees total $292,505.92. (Dkt. 873 ¶ 12.) To avoid further motion practice, Amazon requests that the Court award these fees now rather than deferring them to after resolution of the appeal. But for the Court's convenience, Amazon has segregated these fees in the Gregorian Declaration.

### C. The Court should award fees for attempting to enforce the judgment.

#### 1. The Court should award fees for PersonalWeb's judgment avoidance tactics in this Court.

PersonalWeb, its principals, and its agents have engaged in bad-faith tactics to avoid paying the fee award, and those tactics further support awarding supplemental fees. At seemingly every opportunity, PersonalWeb, its principals, and its agents engaged in a bid to frustrate post-judgment discovery and prevent enforcement of the judgment—creating substantially more work for Amazon (and this Court) and causing Amazon to incur additional fees. These tactics included PersonalWeb's having its Stubbs Alderton litigation counsel claim that it couldn't be served with post-judgment discovery. (Dkt. 659-1.) After the Court ruled that Stubbs Alderton could indeed be served, Stubbs Alderton attempted to withdraw as counsel *six* times. (*See* Dkts. 674, 678, 679, 683, 688, 728.) Even *after* the Court had specifically instructed that Stubbs Alderton could not withdraw without substitute counsel (Dkt. 694), PersonalWeb and Stubbs Alderton still filed *another* unilateral notice of withdrawal, apparently trying to induce the Clerk of Court to approve withdrawal notwithstanding this Court's specific instructions. (Dkt. 678.) PersonalWeb refused to produce documents and information about its finances, forcing Amazon to twice move to compel and the Court to order compliance. (Dkts. 664, 704.) In response, PersonalWeb made a small document production (collected without meaningful supervision by its counsel of record) and provided interrogatory responses that asserted objections the Court had already declared waived and otherwise incorporated the entire document production by reference instead of providing compliant responses. (Dkt. 717-9.) Then, mere hours after committing in writing that it would take additional steps to comply, PersonalWeb's counsel at Stubbs Alderton sent an email reversing

Mot. and MPA ISO
Supp. Fees (May 2023)

6

Case Nos.: 5:18-md-02834-BLF;
5:18-cv-00767-BLF; 5:18-cv-05619-BLF

course arguing that PersonalWeb need no longer comply with this Court's orders at all because a California state court had appointed a receiver over PersonalWeb's assets. (Dkt. 717-10.)

The Court ruled that PersonalWeb's manipulation of its counsel of record, "along with the chameleon-like efforts of PersonalWeb to use this time to make itself judgment proof, amount to a concerted effort to thwart collection of the judgment ordered by this Court." (Dkt. 694 at 3-4.) The above actions (as well as others reflected in the record) are more of the same type of pernicious conduct that seeks to undermine the Court's authority. The fees Amazon incurred countering these bad-faith tactics and seeking to enforce the judgment are recoverable. *See* Dkt. 648 at 23 ("The compensatory purpose of § 285 is best served if the prevailing party is allowed to recover his reasonable expenses in prosecuting the entire action."). But PersonalWeb's latest actions also provide an *independent* reason to find this case exceptional, justifying awarding fees to Amazon.

### 2. The Court should award fees for PersonalWeb's attempt to use a separate state court proceeding to undermine this Court's jurisdiction over its judgment.[1]

Amazon also seeks fees that it has incurred in the parallel California state court actions seeking to enforce the judgment. Amazon was forced to intervene in state court after PersonalWeb and its related parties threatened Amazon that it would be in contempt of the state court receivership and preliminary injunction if it continued to seek post-judgment discovery in this Court. These actions were simply an extension of PersonalWeb's judgment avoidance scheme—a wrongful attempt to shift judgment enforcement issues away from this Court to what PersonalWeb believed would be a more favorable forum. That conduct should be deterred and not rewarded.

Fees for Amazon's intervention in these state court receivership proceedings are recoverable on at least two independent grounds. *First*, exceptional case fee awards under Section 285 may include work performed for a related or ancillary case or administrative proceeding. *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1369-70 (Fed. Cir. 2013) (affirming

---

[1] Amazon has a pending request in California Superior Court for its fees related specifically to opposing two anti-SLAPP motions. Amazon will submit an update to the Court on this request so that there is not double recovery of these fees.

award of fees for a related ITC action); *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988) (reversing the trial court's denial of fees for related administrative proceedings because it held that the "entire work product was necessary to the case"). In this way, Section 285 is consistent with other federal fee-shifting statutes. *See G & G Fire Sprinklers, Inc. v. Bradshaw*, 156 F.3d 893, 907-08 (9th Cir. 1998), *vacated on other grounds, sub nom. Bradshaw v. G & G Fire Sprinklers, Inc.*, 526 U.S. 1061 (1999); *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993). Here, because there would have been no state court actions "but-for" PersonalWeb principals' exceptional conduct before this Court—and because Amazon's involvement in these actions was necessary to enforce *this* Court's judgment—the Court may award fees expended for these actions. *See Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) (ruling that the prevailing party is entitled to recovery for all work reasonably and necessarily performed for the defense (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)); *see also Amneal Pharms. LLC v. Almirall, LLC*, 960 F.3d 1368, 1371 (Fed. Cir. 2020) (§ 285 may authorize fees "incurred during, in close relation to, or as a direct result of, judicial proceedings").

*Second*, Amazon may recover fees as part of the costs incurred enforcing the judgment under California state law. Federal Rule of Civil Procedure 69 requires the district court to apply local state law to proceedings supplementary to and in aid of a judgment. *See Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007). In California, the "Enforcement of Judgments Law ('EJL') provides that a 'judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment.'" *Id.* (quoting Cal. Code Civ. P. § 685.040). Recoverable costs, in turn, include attorney fees otherwise allowed by law. Cal. Code Civ. P. § 685.040; *see also Carnes*, 488 F.3d at 1060 (stating that recoverable costs may include attorney fees incurred in enforcing the judgment when the prevailing party was entitled to attorney's fees in the underlying action); *Berti v. Santa Barbara Beach Props.*, 145 Cal. App. 4th 70, 77 (2007) (stating that "Code of Civil Procedure section 685.040 authorizes postjudgment fees provided by law"). Indeed, the Supreme Court of California has explained that "attorney fees incurred in enforcement efforts" are "a permissible item of costs" under section 685.040 when "*there is some other legal basis for such an award.*" *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 n.6 (2001) (emphasis in original). Such is the case here.

The Court has already held that Section 285 and *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014) authorize the award of attorneys' fees to Amazon for this exceptional case. (*See* Dkt. 636 at 32-33.) Thus, the Court's award under Section 285 entitles Amazon under the California statute to recover its additional fees seeking to secure and enforce the judgment.

The facts of the case also warrant a full award of these fees, as discovery has revealed that PersonalWeb's misconduct in seeking to make itself judgment-proof spans a decade and pervades this case. PersonalWeb's principals structured their "investment" in PersonalWeb as secured debt to ensure that they would never have to pay any unwanted creditors.[2] The scheme worked as follows: The investors[3] never capitalized PersonalWeb for its anticipated business. Instead, they paid expenses as they arose, and promptly removed and distributed to themselves the proceeds of any litigation settlements. The investors did not expect "repayment" on the loans, and instead, repeatedly extended their maturity dates so that they would not come due. The result is that the investors could keep PersonalWeb perpetually insolvent—unable to pay creditors unless they specifically chose to do so. The investors could also at any point use their secured loans to claim priority to any PersonalWeb assets, leaving unsecured creditors with nothing. When PersonalWeb sued over 85 Amazon customers on legally barred claims, it had only $347,000 in the bank yet "owed" these investors $8.2 million. And PersonalWeb was paying as much as $400,000 *per month* to its lawyers, yet Mr. Bermeister testified that it would be unable pay a fee award without additional "investment."

As soon as Amazon asked about securing the judgment, Murray Markiles, PersonalWeb's outside corporate counsel, partial owner of ECA, *and* managing agent for both ECA and Claria, announced to PersonalWeb's counsel and other principals: "*it begins*." He then began pressing to

---

[2] Documentary evidence from which the following facts are drawn appears at Dkt. 871-7.

[3] Brilliant Digital Entertainment, Inc., Claria Innovations, LLC ("Claria"), Europlay Capital Advisors, LLC ("ECA"), and Monto Holdings Pty Ltd., and their principals include Kevin Bermeister, Anthony Neumann, and Murray Markiles, who personally directed PersonalWeb's litigations while referring to PersonalWeb's nominal President Michael Weiss as "an empty suit."

trigger the asset protection scheme. The investors demanded that PersonalWeb immediately repay the secured loans in full even though they were not scheduled to mature for over a year. The investors also orchestrated PersonalWeb's "refusal" to pay in response to this demand. Then in California state court the investors filed to place PersonalWeb in receivership for their benefit and obtain an injunction that prevented any other creditor from collecting. In their filings, they presented themselves as arms' length creditors—concealing from the court that they already *own* and *control* PersonalWeb (and thus had personally caused its "refusal" to pay and had no need for a receiver to manage the estate for them), and that PersonalWeb had a legitimate creditor in Amazon. *After* the fee award, the investors also quickly rewrote their loan agreements to include the patent litigations against Amazon and other technology companies as "collateral" *securing the loans*. The receivership thus allowed the investors to continue to fund those litigations without paying or securing the judgment. The receivership delayed post-judgment discovery and further attempts to enforce the judgment for more than a year. Over two years later, PersonalWeb has not paid a penny, despite these same principals spending *millions* of dollars on litigation.

## II.     THE REQUESTED FEES ARE REASONABLE.

The fees Amazon incurred defending the Court's orders in response to PersonalWeb's multiple appeals and in attempting to enforce the Court's judgment are reasonable. (*See* Dkts. 873-875.) As the supporting declarations explain, a matter of this breadth and complexity justifies the level and amount of work performed. (*See* Dkt. 873 ¶¶ 22, 26-33; Dkt. 874 ¶¶ 15-17; Dkt. 875 ¶ 5.) Moreover, even though the fees sought in this request is for work that occurred over multiple years (2021-2023), with billing rates increasing with the market each year, Amazon is only requesting fees at the timekeepers' 2021 discounted rates. (Dkt. 873 ¶¶ 5, 9, 19.) Amazon also excluded all time billed by timekeepers who contributed fewer than 30 hours during the supplemental fee period. (*Id.,* ¶ 11.) These reductions totaled $764,774.17. (*Id.*, ¶ 19.) Thus, while Amazon incurred $3,896,112.40 in fees for work between March 2021 and March 2023, it is only requesting reimbursement of $3,131,338.23 for that period for 4,845.8 hours of work, plus $106,291.43 of its previous appeal fees, for a total request of: $3,237,629.66. (Dkt. 873 ¶¶ 19, 21.)

Fenwick & West LLP
Attorneys at Law

Mot. and MPA ISO
Supp. Fees (May 2023)

10

Case Nos.: 5:18-md-02834-BLF;
5:18-cv-00767-BLF; 5:18-cv-05619-BLF

| | | |
|---|---|---|
| 1 | Dated: May 23, 2023 | FENWICK & WEST LLP |
| 2 | | By: /s/ Todd R. Gregorian |
| 3 | | Todd R. Gregorian |
| 4 | | Attorney for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC. |

FENWICK & WEST LLP
ATTORNEYS AT LAW