# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE PERSONALWEB TECHNOLOGIES, LLC ET AL. PATENT LITIGATION. | Case No. 18-md-02834-BLF<br><br>**ORDER DENYING SECURED CREDITORS' ADMINISTRATIVE MOTION FOR LIMITED INTERVENTION**<br><br>[Re: ECF No. 883] |

On June 27, 2023, non-party movants Europlay Capital Advisors LLC, Claria Innovations LLC, Brilliant Digital Entertainment Inc., and Monto Holdings Pty. Ltd. (collectively, "Movants") filed an administrative motion for limited intervention for the purpose of opposing the further supplemental fee request. ECF No. 883 ("Mot."). Amazon.com, Inc.; Amazon Web Services, Inc.; and Twitch Interactive, Inc. (collectively, "Amazon") filed a response. ECF No. 885 ("Resp.").

The Court first notes that a motion for intervention is not properly filed as an administrative motion. *See* Civ. L.R. 7-11 (explaining an administrative motion may be brought for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge"). Intervention is governed by Federal Rule of Civil Procedure 24, as Movants cite in their moving papers. *See* Mot. at 3-6. The motion should have been filed as a noticed motion, and Movants could have filed a motion to shorten time to address any concerns about the timing of this motion vis-á-vis the fee motion. *See* Civ. L.R. 6-3. Further, the Court notes that Movants exceeded the five-page limit for administrative motions. *See* Civ. L.R. 7-11(a). And, as the Court noted in a previous Order, Movants failed to comply with the Court's Standing Order Re Civil Cases. *See* ECF No. 884. That being said, the Court has

received a response and will consider the motion on the merits.

Movants are investors in PersonalWeb. Mot. at 1; Resp. at 1. There is currently a state court action between Movants and Amazon, in which the parties are litigating whether Movants are alter egos of PersonalWeb. *See* Mot. at 1; Resp. at 1; Declaration of Michael Shipley, ECF No. 883-1 ("Shipley Decl.") ¶ 1, Ex. 1. Movants seek limited intervention to oppose Amazon's further supplemental fee request. *See* Mot. They argue that they satisfy the standards for both mandatory and permissive intervention. *Id.* at 3-6. Amazon does not oppose intervention only if Movants commit to liability for a supplemental fee award; otherwise, Amazon opposes intervention. Resp. at 1.

An applicant seeking to intervene as of right under Rule 24(a) must "make four showings to qualify under this Rule: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks and citation omitted).

Amazon argues that Movants have not satisfied the fourth element. *See* Resp. at 1-3. A court "consider[s] three factors in deciding whether a present party adequately represents the interests of a prospective intervenor." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022). These factors are:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). "If the proposed intervenor's interest is 'identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation.'" *Id.* at 1020-21 (quoting *Arakaki*, 324 F.3d at 1086). Movants and PersonalWeb have an identical interest: avoiding the imposition of further fees. *See* Resp. at 2. Movants have not made the compelling showing required to demonstrate

2

1  that PersonalWeb would not adequately represent its interests.

2  PersonalWeb is under the control of a receiver, which was appointed in state court. *See*
3  Mot. at 2; Shipley Decl. ¶ 3, Ex. 3. Movants argue that their interests cannot be adequately
4  represented by PersonalWeb because it is insolvent, and therefore, PersonalWeb/the receiver
5  "have little motive to vigorously contest the [] enhanced demand." Mot. at 4. Movants' attorney
6  states in a Declaration that it is his understanding that the receiver's counsel stated on June 20,
7  2023 that "the receivership estate had less than $25,000 cash on hand, with most of that taken up
8  by accounts already payable." Shipley Decl. ¶ 4. He further states that he has been informed by
9  counsel for PersonalWeb that "absent an infusion of additional cash into the receivership estate,
10 PersonalWeb likely lacks funds to pay its counsel to oppose the fee motion." *Id.* ¶ 5.

11 Amazon argues that the Movants are controlled by the same individuals who operated
12 PersonalWeb, and these individuals merely want to stop funding the receiver because doing so is
13 no longer to their advantage. Resp. at 1. Amazon also asserts that the individuals who control the
14 Movants also still control PersonalWeb, despite the existence of the receivership. *Id.* at 2-3.
15 Amazon argues that PersonalWeb has counsel, who is already preparing an opposition to the fee
16 request. *Id.* at 2. And Amazon provides that Movants are "creating a false impression" that
17 PersonalWeb has insufficient funds, as "[t]he receiver last reported nearly $50,000 in cash on hand
18 as of its last report in April and may issue up to $1,000,000 in receiver certificates," Resp. at 3
19 (citing Shipley Decl., Ex 3), of which $225,000 remains to be called, *id.* They conclude that the
20 Movants' "desire to stop paying for PersonalWeb's lawyers is not a valid basis for them to
21 intervene in this case." *Id.*

22 The Court concludes that Movants have not made the compelling showing required to
23 demonstrate that PersonalWeb would not adequately represent their interests. The Court
24 determines that Movants have an "identical" interest to PersonalWeb and that PersonalWeb can
25 adequately represent this interest. Movants have not made a compelling showing that
26 PersonalWeb/the receiver would fail to or are unable to do so. The two cases cited by Movants
27 are distinguishable. In both, the courts were deciding whether to amend a judgment to add
28 additional judgment debtors. *See Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d

3

1143, 1149 (9th Cir. 2004); *NEC Elecs. Inc. v. Hurt*, 208 Cal. App. 3d 772, 780 (1989). In *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, the Ninth Circuit determined that the district court erred in finding that Sommer, an individual, was an alter ego of the defendant corporation and erred in adding Sommer to the judgment without finding his interests were protected in the underlying action. 394 F.3d at 1149. The Ninth Circuit looked to *NEC Electrics Inc. v. Hurt*, 208 Cal. App. 3d 772 (1989). *Katzir's Floor & Home Design*, 394 F.3d at 1149-50. The Ninth Circuit summarized *NEC* as follows:

> In *NEC,* the Court of Appeals of California reversed the Santa Clara County Superior Court's judgment adding a shareholder to a judgment against his wholly-owned corporation where the shareholder's individual interests were not represented in the lawsuit. The corporation did not appear at trial or defend itself, despite a colorable defense, because it was on the verge of bankruptcy. The court reasoned that the sole shareholder, who was not a named party to the suit and had no personal liability, had no duty to intervene. . . . It further found that the shareholder's interests were not represented during the lawsuit where the corporation had no incentive to, and in fact did not, defend given its pending bankruptcy.

*Katzir's Floor & Home Design*, 394 F.3d at 1150 (citation omitted). The Ninth Circuit determined that Sommer could not be added to the judgment, noting that doing so "without allowing [him] to litigate any questions beyond [his] relation to the allegedly alter ego corporation would patently violate [due process]." *Id.* (quoting *Motores De Mexicali, S.A. v. Sup. Ct. In & For Los Angeles Cnty.*, 51 Cal. 2d 172, 176 (1958)). First, these courts were looking at whether a potential alter ego's interests were adequately represented by a business for a completely different purpose—adding them to the judgment. Second, in both of these cases, the defendant company in fact did not defend the action. That makes it distinguishable from the case here, as Amazon represents that PersonalWeb will be opposing the further supplemental fee request. *See* Resp. at 2. Movants are not entitled to intervention as of right.

Even where intervention as of right is unavailable, courts may still permit intervention under Rule 24(b). "Under Federal Rule of Civil Procedure 24(b), a district court has discretion to permit intervention when the movant presents '(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Callahan*, 42 F.4th at 1022 (quoting *Freedom from Religion Found., Inc. v.*

4

*Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)). If those initial conditions are met, a district court "is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention." *Id.* (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). These additional factors include:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Id.* (quoting *Spangler*, 552 F.2d at 1329).

The Court determines that the initial factors are met here. The first factor is not relevant where, as here, the movants bring no new claims. *Geithner*, 644 F.3d at 844. As to timeliness, the supplemental fees motion was filed on May 23, 2023, this motion was filed on June 27, 2023, and in the interim Movants were speaking with Amazon in an attempt to obtain consent to intervene. *See* ECF No. 880; Mot.; Shipley Decl. ¶ 2, Ex. 2. The motion is timely. As to the third factor, the issues of law and fact raised by Movants are the same as at issue in the underlying motion— whether Amazon is entitled to supplemental fees. *See* Resp. at 5.

The Court thus turns to the *Spangler* factors, and it determines that they weigh against intervention. For the reasons discussed above, the Court determines that Movants' interests "are adequately represented by other parties"—PersonalWeb. *See Spangler*, 552 F.2d at 1329. The Court also determines that Movants will not "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.* Movants argue that they satisfy this factor because "PersonalWeb lacks the interest and resources to thoroughly litigate the Fee Motion," but the Court already rejected this argument. *See* Mot. at 6. As to the first factor, the Court is concerned that Movants are asserting that they have a real economic interest in the outcome of the supplemental fee motion while also asserting in state court that they are not alter egos of PersonalWeb. *See id.* As argued

5

by Amazon, the Movants have only an indirect interest in the outcome of the further supplemental fee motion if they are not alter egos of PersonalWeb.  *See* Opp. at 1.  The Court declines to grant permissive intervention.

For the reasons explained above, the Court DENIES Movants' motion for limited intervention for the purpose of opposing the further supplemental fee request.

**IT IS SO ORDERED.**

Dated:  July 7, 2023

_____
BETH LABSON FREEMAN
United States District Judge